UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION         Case Number 22-md-03040
                                      Honorable David M. Lawson
MDL No. 3040                          Magistrate Judge Elizabeth S. Stafford

_____/

**PRETRIAL ORDER NO. 5: APPOINTMENT OF MEDIATOR**

In the interest of facilitating the prompt resolution of the above-captioned multidistrict litigation proceeding, with the voluntary consent of all parties, including the nomination of the mediator, it is **ORDERED** that this matter is hereby referred to facilitative mediation, which shall be conducted in accordance with the rules and procedures set forth below. The Court grants permission for Thomas G. McNeill, Esquire, 355 South Old Woodward Avenue, Suite 100, Birmingham, Michigan 48009, 313-615-2436, to serve as Mediator to facilitate the mediation.

It is further **ORDERED** as follows:

1. The Mediator will schedule an organizational conference call with counsel for the defendant and lead and liaison counsel for the plaintiff as soon as is feasible, but no later than **January 9, 2023**. Mr. McNeill will notify the Court and the parties if any potential conflicts of interest arise during the mediation procedure.

2. Mr. McNeill's authority shall extend to facilitating settlement discussions regarding all issues raised by the pleadings in all cases transferred to the undersigned in this multidistrict litigation proceeding. Mr. McNeill will not adjudicate, or assist the Court with adjudicating, any issues in these proceedings.

3. The Settlement Process

a. As Mediator, Mr. McNeill has the authority to schedule at his discretion any settlement discussions; to decide who shall participate in the discussions, including what party representatives are needed; and to choose where and how the discussions are to occur. Upon the direction of Mr. McNeill, all parties or individuals with settlement authority and their respective counsel of record are required to attend the facilitative mediation sessions.

b. Mr. McNeill, all counsel and parties, and any other persons participating in settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. "Confidential information" shall not be:

(i) Disclosed to anyone not involved in the litigation;

(ii) Disclosed to the Court; or

(iii) Used for any purpose, including impeachment, in any pending or future proceeding.

All information disclosed during the mediation sessions, including the conduct and demeanor of the parties and their counsel during the proceedings, shall remain confidential, and shall not be disclosed to any other party or to this Court, without the consent of the party about whom the information is disclosed. The Mediator shall not be called as a witness, nor may the Mediator's records be subpoenaed or used as evidence.

c. The Mediator, who may meet jointly or separately with the parties, serves as a facilitative mediator only and does not decide issues or make findings of fact. *See Judge's*

*Deskbook on Court ADR*, National ADR Institute for Federal Judges, Harvard Law School, November 12-13, 1993, p.3.  The Mediator determines the length and timing of the session(s) and the order in which issues are presented, and he shall send a notice of the agreed upon time and place to all participating parties.  To facilitate settlement discussions, Mr. McNeill may have *ex parte* communications with any party and party representative.  If a party does not want Mr. McNeill to share any of the contents of an *ex parte* communication with another party, the sharing party shall make that desire clear to Mr. McNeill.

        d.        Notwithstanding paragraph 3(b)(ii) above, upon the agreement of all participating parties, Mr. McNeill may communicate "confidential information" to the Court without violating this Order or the rules governing confidentiality of settlement discussions.  Mr. McNeill may otherwise communicate with the Court regarding non-confidential matters, including procedural issues and updates on the progress of settlement communications; but, as explained above, he shall not communicate any substantive settlement matters to the Court absent the parties' agreement.

        4.        Appointment of a mediator will not delay or modify any time period relating to the disposition of this case, and no case management deadlines will be extended without express order of the Court.  Unless otherwise ordered, parties are not precluded from filing pretrial motions or pursuing discovery.

        5.        The plaintiffs, defendant, and other participants jointly shall compensate Mr. McNeill and any personnel working under his direction at a rate and schedule to be agreed upon by counsel for the parties and Mr. McNeill in advance of the commencement of the undertaking.  The agreement may allow that Mr. McNeill incur necessary expenses and costs at reasonable

amounts to permit him to fully facilitate settlement of this action. Such costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts. However, the Court will not determine the amount or rate of compensation to be paid to the Mediator. Except for disputes regarding the allocation of payment of such fees and costs among the parties, the Court will not determine disputes concerning compensation, costs and expenses, unless the parties and the Mediator agree to present such disputes to the Court for resolution.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: December 23, 2022