# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION,<br><br>MDL No. 3040 | Case No.: 22-md-03040<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

---

## DEFENDANT FCA US LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED MASTER COMPLAINT

---

**KLEIN THOMAS & LEE LLC**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

**THOMPSON COBURN LLP**

Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri 63101
T: (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

*Attorneys for FCA US LLC*

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................1

II.   ARGUMENT.........................................................................1

    A.   The Implied Warranty Claims Fail. ....................................1

        (a)   The Applicable Statutes of Limitations Bar Certain Claims. .................................................................1

        (b)   Certain Claims Fail For Lack of Privity Lack of Privity. ...........2

        (c)   The Allegations Establish The Vehicles Are Merchantable..................................................4

    B.   The Express Warranty Claims Fail. ....................................5

        1.   Design Defects, Like Those Alleged Here, Are Not Covered. ..................................................5

        2.   No Allegations of Breach.........................................7

        3.   Statute of Limitations (Counts B.2.XI and B.15.XLII). ............7

    C.   The MMWA Claim. .........................................................8

    D.   The Fraud Claims. ...........................................................8

        1.   Rule 9(b). ..............................................................8

        2.   No Pleaded Facts Establish a Duty to Disclose. .........................8

        3.   Failure to Plead Facts Showing Pre-Sale Knowledge. .............11

        4.   The Economic Loss Doctrine Bars Certain Claims.................13

        5.   The Statute of Limitations Bars Certain Fraud-Based Claims. ..................................................14

        6.   State-Specific Reasons for Dismissal. .......................................14

            a.   Omissions Inactionable Under Certain Laws.................14

       b.     Class Action Bars. ...........................................................14

E.     Notice (Warranty and Consumer Protection Claims). .......................16

F.     Unjust Enrichment...................................................................................17

     1.     The Express Warranty and the Presence of Legal Remedies. ..............................................................................17

     2.     The Plaintiffs Have Conferred No Direct Benefit. ..................18

     3.     The Applicable Statutes of Limitations Bar Certain Claims. ...................................................................................18

     4.     Standalone Cause of Action.....................................................19

G.     The Nationwide Claims...........................................................................19

CONCLUSION .......................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Nissan N. Am., Inc.*, 395 F.Supp.3d 838 (S.D.Tex. 2018) ......................18

*Albers v. Mercedes-Benz USA, LLC*, 2020 WL 1466359 (D.N.J. 2020)..................9

*Am. Fed'n of State Cnty. & Mun. Emps v. Ortho-McNeil-Janssen Pharm., Inc*, 2010 WL 891150 (E.D.Pa. 2010) ...................................17

*Am. W. Enters., Inc. v. CNH, LLC*, 316 P.3d 662 (Idaho 2013) ...............................4

*Armstrong v. Deere & Co.*, 2017 WL 4168485 (S.D.Ind. 2017) ...........................10

*Auto. Components Holdings, LLC v. Konal Eng'g & Equip., Inc.*, 2013 WL 2242451 (E.D.Mich. 2013)....................................13

*Benedict v. Altria Grp., Inc.*, 241 F.R.D. 668 (D.Kan. 2007)................................15

*Block v. Jaguar Land Rover N. Am., LLC*, 2017 WL 902860 (D.N.J. 2017) ......................................................................2

*Blue Cross Blue Shield Ass'n v. GlaxoSmithKline LLC*, 417 F.Supp.3d 531 (E.D.Pa. 2019) ......................................................................2

*Bossart v. Gen. Motors LLC*, 2021 WL 5278191 (E.D.Mich. 2021) .....................12

*Chapman v. Gen. Motors LLC*, 531 F.Supp.3d 1257 (E.D.Mich. 2021)................12

*Crawford v. FCA US LLC*, 2021 WL 3603342 (E.D.Mich. 2021)..........................18

*Cunningham v. Ford Motor Co.*, 2022 WL 17069563 (E.D.Mich. 2022) ......................................................................15, 17

*Davidson v. Apple, Inc.*, 2017 WL 3149305 (N.D.Cal. 2017)................................6

*Doll v. Ford Motor Co.*, 814 F.Supp.2d 526 (D.Md. 2011) .....................................2

*Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021)....................................................13

*Epperson v. Roloff*, 719 P.2d 799 (Nev. 1986)......................................................9

*Faber v. CIOX Health, LLC*, 2017 WL 5957206 (W.D.Tenn. 2017)......................16

*Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605 (E.D.Mich. 2001) ............................6

*Flores v. FCA US LLC*, 2021 WL 1122216 (E.D.Mich. 2021).........................6, 16

*Flores v. One West Bank*, 172 F.Supp.3d 391 (D.Mass. 2016).........................16, 19

*Ford v. Hyundai Motor Am.*, 2021 WL 7448507 (C.D.Cal. 2021) .........................6

*Forrester v. Clarenceville Sch. Dist.*, 537 F.Supp.3d 944 (E.D.Mich. 2021).................................................................................................................2

*Francis v. Gen. Motors, LLC*, 504 F.Supp.3d 659 (E.D.Mich. 2020)..............4, 6, 7

*Frontier AG, Inc. v. Nuseed Americas Inc.*, 2019 WL 3219334 (D.Kan. 2019) ................................................................................................3

*Gallagher v. Funeral Source One Supply & Equip. Co.*, 2015 WL 6738733 (D.N.H. 2015) .....................................................................................19

*Garcia v. Gen. Motors LLC*, 2018 WL 6460196 (E.D.Cal. 2018) ...........................2

*Gonzalez v. Pepsico, Inc.*, 489 F.Supp.2d 1233 (D.Kan. 2007) ...............................3

*Ham v. Swift Transportation Co., Inc.*, 2011 WL 13350069 (W.D.Tenn. 2011) ..............................................................................................16

*Harrison v. General Motors, LLC*, 2023 WL 348962 (E.D.Mich. 2023) .................................................................................................15, 20

*Heater v. Gen. Motors, LLC*, 568 F.Supp.3d 626 (N.D.W.Va. 2021).......................6

*Heldenbrand v. Multipoint Wireless, LLC*, 2012 WL 5198479 (D.Nev. 2012) ....................................................................................................9

*Hindsman v. Gen. Motors LLC*, 2018 WL 2463113 (N.D.Cal. 2018) ......................6

*Hinkle v. Cont'l Motors, Inc.*, 2017 WL 4776992 (D.S.C. 2017) .............................3

*Hornberger v. Gen. Motors Corp.*, 929 F.Supp. 884 (E.D.Pa. 1996) ........................2

*In re Anthem, Inc. Data Breach Litig.*, 162 F.Supp.3d 953 (N.D.Cal. 2016) ...............................................................................................15

*In re Cardizem CD Antitrust Litig.*, 105 F.Supp.2d 618 (E.D.Mich. 2000) ...................................................................................................18

*In re Chevrolet Bolt EV Battery Litig.*, 2022 WL 4686974 (E.D.Mich. 2022) ..............................................................................................17, 20

*In re: Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730 (D.N.J. 2015) ...................................................................................................13

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F.Supp.3d 975 (E.D.Mich. 2017) ...............................................................................6, 14

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F.Supp.3d 582 (E.D.Mich. 2018) ...................................................................................14

*In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.,* 2022 WL 551221 (E.D.Mich. 2022) ...........................15, 16

*In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 406 F.Supp.3d 618 (E.D.Mich. 2019) ...........................................................9

*In re Grand Theft Consumer Litig.*, 251 F.R.D. 139 (S.D.N.Y. 2008)...................15

*In re MyFord Touch Consumer Litig.*, 46 F.Supp.3d 936 (N.D.Cal. 2014) ...................................................................................................10

*In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61 (D.Mass. 2005)...........................................................................................15

*In re Riddell Concussion Reduction Litig.*, 121 F.Supp.3d 402 (D.N.J. 2015) ...................................................................................................19

*In re Shop-Vac Mkt. & Sales Practices Litig.*, 2014 WL 3557189 (M.D.Pa. 2014) ...................................................................................17

*Jurista v. Aminox Processing, Inc.*, 492 B.R. 707 (D.N.J. 2013).........................19

*K.B. v. Inter-Cont'l Hotels Corp.*, 2020 WL 8674188 (D.N.H. 2020)...................19

*Kempf v. Lumber Liquidators, Inc.*, 2017 WL 4288903 (W.D.Ky. 2017) ...................................................................................................15

*Koski v. Carrier Corp.*, 347 F.Supp.3d 1185 (S.D.Fla. 2017)................................14

*Lincoln Elec. Co. v. Technitrol, Inc.*, 718 F.Supp.2d 876 (N.D.Ohio 2010) ........................................................................................17

*Lohr v. Nissan N. Am., Inc.*, 2017 WL 1037555 (W.D.Wash. 2017) .......................3

*MacKenzie v. Farmers Texas Cnty. Mut. Ins. Co.*, 2022 WL 951028 (Tex.App. 2022) ....................................................................................19

*Matanky v. Gen. Motors LLC*, 370 F.Supp.3d 772 (E.D.Mich. 2019) .....................6

*Matter of Connect Transp., L.L.C.*, 825 Fed.App'x 150 (5th Cir. 2020) ...............19

*McCabe v. Daimler AG*, 948 F.Supp.2d 1347 (N.D.Ga. 2013).................................9

*McCracken v. R.J. Reynolds Tobacco Co.*, 2018 WL 3130402 (E.D.Pa. 2018)..........................................................................10, 14, 16

*McGuire v. BMW of N. Am., LLC*, 2014 WL 2566132 (D.N.J. 2014) ...................19

*McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751 (E.D.Mich. 2019)........................6

*Milisits v. FCA US LLC*, 2021 WL 3145704 (E.D.Mich. 2021) ...........................16

*Miller v. Ford Motor Co.*, 2022 WL 3229503 (E.D.Cal. 2022) ...............................3

*Miller v. Gen. Motors, LLC*, 2018 WL 2740240 (E.D.Mich. 2018) ........................7

*Monopoli v. Mercedes-Benz USA LLC*, 2022 WL 409484 (N.D.Ga. 2022) ...................................................................................12

*Morris v. Osmose Wood Preserving*, 667 A.2d 624 (Md.Ct.App. 1995) ...................................................................................13

*Northrop Corp. v. Gen. Motors Corp.*, 807 N.E.2d 70 (Ind.Ct.App. 2004) .....................................................................................9

*Oxford Fin. Companies, Inc. v. Velez*, 807 S.W.2d 460 (Tex.App. 1991) (Austin) ................................................................................19

*Parcell v. Wright Med. Tech., Inc.*, 2012 WL 2675258 (D.Ariz. 2012)...................1

*Persad v. Ford Motor Co.*, 2018 WL 3428690 (E.D.Mich. 2018).................5, 6, 10

*Philips v. Ford Motor Co.*, 2015 WL 4111448 (N.D. Cal. 2015) ............................2

*Ponzio v. Mercedes-Benz USA, LLC*, 447 F.Supp.3d 194 (D.N.J. 2020) ........................................................................................12

*Powers v. Lycoming Engines*, 272 F.R.D. 414 (E.D.Pa. 2011) ..................................3

*RAM Constr. Servs. of Cleveland, LLC v. Key Constr., Inc.*, 2022 WL 3699390 (N.D. Ohio 2022) ...............................................................13

*Rembrandt Const., Inc. v. Butler Mfg.*, 2006 WL 3375249 (Mich.Ct.App. 2006) .....................................................................2

*Robinson v. Gen. Motors LLC*, 2021 WL 3036353 (D.Del. 2021) ........................12

*Roe v. Ford Motor Co.*, 2019 WL 3564589 (E.D.Mich. 2019) ................................7

*Roe v. Ford Motor Co.*, 2021 WL 2529825 (E.D.Mich. 2021) ................................9

*Romano v. Site Acquisitions, LLC*, 2017 WL 2634643 (D.N.H. 2017) ..................19

*Schutte v. Ciox Health, LLC*, 574 F.Supp.3d 618 (E.D.Wis. 2021) .........................4

*Shawnee Cnty., Kan. v. Daimler Trucks N. Am. LLC*, 2015 WL 1299355 (D.Kan. 2015) .....................................................................3

*Tucker v. BMW of N. Am. LLC*, 2020 WL 5701844 (W.D.Wash. 2020) .................2

*Uzelac v. Mercedes-Benz USA, LLC*, 2020 WL 13577557 (E.D.Mich. 2020) ........................................................................................5

*Varner v. Domestic Corp.*, 2017 WL 3730618 (S.D.Fla. 2017) ..............................4

*Veasman v. Nuance Commc'ns, Inc.*, 2022 WL 2964411 (C.D.Cal. 2022) ........................................................................................19

## Statutes and Constitutional Provisions

K.S.A. §§ 50-634(b) .................................................................................15

## Rules

Rule 9 .......................................................................................................8

Rule 23 ....................................................................................................16

# I.   **INTRODUCTION**

Plaintiffs purchased their model-year 2017-2018 Chrysler Pacifica Hybrid vehicles years ago, and with the exception of one, used those vehicles for years without incident.  They now try to rewrite history and argue, based on information FCA US learned ***post-sale*** and voluntarily disclosed as part of a recall, that FCA US engaged in fraud and breached warranties at the time of sale.  But whether Plaintiffs plead viable fraud-based claims is judged by the allegations of what FCA US knew and did ***at the time of sale***.  Those allegations are lacking.  And, contrary to Plaintiffs' other arguments, vehicle warranties expire, and an unjust enrichment claim is not viable under the facts pleaded here.  The Court should dismiss the Consolidated Master Complaint ("CMC") in its entirety.

# II.   **ARGUMENT**

**A.   The Implied Warranty Claims Fail.**

**(a)   The Applicable Statutes of Limitations Bar Certain Claims.**

*Discovery Rule*: Plaintiffs cite no authority for the notion a discovery rule applies under Maryland, Michigan, New Hampshire, New Jersey, or Washington law.[1]  In Arizona and Michigan, the discovery rule does not apply to implied warranty claims.  *Parcell v. Wright Med. Tech., Inc.*, 2012 WL 2675258, *4 (D.Ariz.

---

[1] *See* Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Consolidated Master Complaint, ECF #39 ("Pl. Opp.), pp. 4-5 (PgID.1339-40).

2012); *Rembrandt Const., Inc. v. Butler Mfg.*, 2006 WL 3375249, *2 (Mich.Ct.App. 2006). In Pennsylvania, the rule applies, but only to vehicle leases, *i.e.* not here. *Hornberger v. Gen. Motors Corp.*, 929 F.Supp. 884, 888 n.2 (E.D.Pa. 1996); CMC, ¶ 106 (PgID.327-28). And California recognizes the rule but requires alleging "the time and manner of discovery" and "inability to have made earlier discovery despite reasonable diligence." *Philips v. Ford Motor Co.*, 2015 WL 4111448, *7-8 (N.D. Cal. 2015). Plaintiffs do not do this. *See* CMC, ¶¶ 27-54 (PgID.267-82).

<u>*Fraudulent Concealment Tolling*</u>: Plaintiffs cite no Arizona or New Hampshire cases involving fraudulent concealment tolling. California, Michigan, New Jersey, Pennsylvania, and Washington recognize the doctrine, but require allegations of affirmative acts designed to prevent discovery. *See, e.g., Garcia v. Gen. Motors LLC*, 2018 WL 6460196, *7 (E.D.Cal. 2018).[2] There are no such allegations here. And, Maryland requires alleging a duty to disclose, which Plaintiffs fail to do. *Doll v. Ford Motor Co.*, 814 F.Supp.2d 526, 537 (D.Md. 2011).

**(b)    Certain Claims Fail For Lack of Privity Lack of Privity.**

Plaintiffs cite no contrary Arizona, Iowa, or Kentucky law and thus effectively concede the claims under these states' laws fail. Pl. Opp., pp. 5-8 (PgID.1340-43).

---

[2]*See also Forrester v. Clarenceville Sch. Dist.*, 537 F.Supp.3d 944, 954 (E.D.Mich. 2021); *Block v. Jaguar Land Rover N. Am.*, LLC, 2017 WL 902860, *4 (D.N.J. 2017); *Blue Cross Blue Shield Ass'n v. GlaxoSmithKline LLC*, 417 F.Supp.3d 531, 552 (E.D.Pa. 2019); *Tucker v. BMW of N. Am. LLC*, 2020 WL 5701844, *5 (W.D.Wash. 2020).

Plaintiffs posit Colorado, Kansas, Minnesota, and South Carolina have no privity requirement.  Pl. Opp., pp. 5-6 (PgID.1340-41).  Not so.  **Colorado**: *Miller v. Ford Motor Co.*, 2022 WL 3229503, *10 (E.D.Cal. 2022), cites to Colorado authority disclaiming the *horizontal*, not vertical, privity requirement and is thus inapposite. **Kansas**: *Gonzalez v. Pepsico, Inc*., 489 F.Supp.2d 1233 (D.Kan. 2007) suggests privity is not **always** required, but says nothing about claims against remote sellers. Yet, "Kansas courts have rejected breach of implied warranty claims against 'remote sellers.'" *Frontier AG, Inc. v. Nuseed Americas Inc.*, 2019 WL 3219334, *6 (D.Kan. 2019).  In fact, "[p]rivity is required even for inherently dangerous products." *Shawnee Cnty., Kan. v. Daimler Trucks N. Am. LLC*, 2015 WL 1299355, *5 (D.Kan. 2015). **Minnesota**: *Powers v. Lycoming Engines*, 272 F.R.D. 414, 420 n.12 (E.D.Pa. 2011) disclaims the privity requirement in a conflict-of-law footnote but cites no Minnesota authority contravening FCA US's on-point authority.  **South Carolina**: *Hinkle v. Cont'l Motors, Inc.,* 2017 WL 4776992, *3 (D.S.C. 2017) is about *horizontal*, not vertical, privity, and is thus inapposite.

Plaintiffs concede Connecticut, Florida, Idaho, Oregon, Washington, and Wisconsin require privity but invoke a third-party beneficiary exception.  Pl. Opp., p. 6 (PgID.1341-42).  To invoke the exception, however, the law requires pleading facts about the relationship among the manufacturer, seller, and buyer.  *See, e.g., Lohr v. Nissan N. Am., Inc.*, 2017 WL 1037555, at *7 (W.D.Wash. 2017) ("Plaintiffs can demonstrate they are third-party beneficiaries where a manufacturer knew a

- 3 -

purchaser's identity, knew the purchaser's purpose for purchasing the manufacturer's product, knew a purchaser's requirements for the product, delivered the product, and/or attempted repairs of the product in question.").[3]  But, Plaintiffs plead no facts about any interactions among themselves, FCA US, and any dealership.  Nor do they identify the supposed contract to which they claim to be beneficiaries.  CMC, ¶ 249 (PgID.390) (alleging only in conclusory fashion that Plaintiffs are "intended third-party beneficiaries").[4]

> **(c)  The Allegations Establish The Vehicles Are Merchantable.**

Plaintiffs mischaracterize FCA US's argument – that Plaintiffs' claims fail due to their "prolonged use of the[ir] vehicle[s] without substantial issue" (ECF #30, p. 30 (PgID.1202)) – as "simply another way of arguing that, because the vehicles provided transportation, [the] implied warranty claims fail" (Pl. Opp., pp. 8-9 (PgID.1343-44)).  But these are distinct arguments.  FCA US's argument is that Plaintiffs' allegations show their vehicles provided *safe* transportation for a prolonged period.  Plaintiffs essentially admit as much, arguing only their vehicles present a "risk."  Pl. Opp., pp. 9-10 (PgID.1344-45).  But, in the half-decade since

---

[3]*See also, e.g., Schutte v. Ciox Health, LLC*, 574 F.Supp.3d 618, 624 (E.D.Wis. 2021); *Varner v. Domestic Corp.*, 2017 WL 3730618, *12 (S.D.Fla. 2017); *Am. W. Enters., Inc. v. CNH, LLC*, 316 P.3d 662, 668–69 (Idaho 2013).

[4]Plaintiffs also argue privity should be resolved at the summary judgement stage.  But, the arguments can be addressed at the pleadings stage.  *See, e.g.*, *Francis v. Gen. Motors, LLC*, 504 F.Supp.3d 659, 676-78 (E.D.Mich. 2020).

the first Plaintiff purchased a class vehicle, fifty-seven of the them (all but one) never experienced the alleged risk prior to the recall.  *See* CMC, ¶¶ 26-128 (PgID.266-344).  This undermines all but a single Plaintiff's implied warranty claim.

Relatedly, and with the one exception, Plaintiffs' claims still fail for lack of a manifestation allegation.  "The majority of courts to address this question have found that a car owner does not have a viable products liability claim, even for solely benefit-of-the-bargain damages, when the alleged automotive defect does not manifest itself."  *Uzelac v. Mercedes-Benz USA, LLC*, 2020 WL 13577557, **3-4 (E.D.Mich. 2020) (citing cases).  In *Uzelac*, the court distinguished the same cases Plaintiffs rely on here, saying:  "cases to the contrary … are limited to situations where there is a probability that the latent defect will manifest itself during the useful life of the vehicle, ***and*** other drivers have been injured or killed as a result of the latent defect … [involving] ***many*** documented cases of ***personal injuries and fatalities***."  *Id.* at *3 (emphases added).  Plaintiffs' allegations do not come close.

## B.    The Express Warranty Claims Fail.

### 1.    Design Defects, Like Those Alleged Here, Are Not Covered.

Similar warranties do ***not*** cover design defects.  The case relied on by Plaintiffs – *Persad v. Ford Motor Co*., 2018 WL 3428690 (E.D.Mich. 2018) – is a clear outlier, exclusively citing out-of-circuit authority and overlooking applicable

in-circuit authority.[5]  *See id.* at \*5.  And, in *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F.Supp.3d 975 (E.D.Mich. 2017) ("*Monostable*"), this Court found a manufacturing and design defect was alleged based on complaint-specific allegations about vehicles "spontaneously" exhibiting a defect.  The allegations here, however, are all about a supposed design issue.

Indeed, Plaintiffs say a defect exists because FCA US chose to use large battery cells rather than smaller battery cells with less flammable materials.  *See, e.g.*, CMC, ¶ 150 (PgID.352).  "As numerous courts have recognized, a manufacturer's choice of certain material to construct a product is a 'design decision,' not a defect in 'materials and workmanship.'"  *Davidson v. Apple, Inc.*, 2017 WL 3149305, \*21 (N.D.Cal. 2017) (citing cases).[6]

Plaintiffs also argue alleging a uniform, class-wide defect does not put a design at issue.  Pl. Opp., p. 14 (PgID.1349).  But this Court disagrees.  *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 614 (E.D.Mich. 2001) ("Design defect claims [are] … generally alleged when a defect is apparent in all like products manufactured in conformance with a design ….").  And *Francis v. Gen. Motors, LLC*, 504

---

[5]*See, e.g.*, *Flores v. FCA US LLC*, 2021 WL 1122216, \*\*8-9 (E.D.Mich. 2021); *McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751 (E.D.Mich. 2019); *Matanky v. Gen. Motors LLC*, 370 F.Supp.3d 772 (E.D.Mich. 2019).

[6]*See also, e.g.*, *Heater v. Gen. Motors, LLC*, 568 F.Supp.3d 626, 635 (N.D.W.Va. 2021); *Ford v. Hyundai Motor Am.*, 2021 WL 7448507, \*12 (C.D.Cal. 2021); *Hindsman v. Gen. Motors LLC*, 2018 WL 2463113, \*7 (N.D.Cal. 2018).

F.Supp.3d 659 (E.D.Mich. 2020) found otherwise only because "[the] complaint expressly disclaim[ed] any theory of origin for the … defect." *Id.* at 673.

### 2. No Allegations of Breach.

Plaintiffs argue FCA US breached a warranty when "several" Plaintiffs presented their vehicles for an insufficient repair. Pl. Opp., p. 15 (PgID.1350). But none allege ***when*** they did so, other than "[s]oon after receiving notification from FCA that a 'repair was available.'" *See, e.g,* CMC, ¶ 28 (PgID.269). A warranty claim cannot stand absent allegations of presentment for repair ***within*** the warranty period. *See Miller v. Gen. Motors, LLC,* 2018 WL 2740240, *7 (E.D.Mich. 2018).

Furthermore, the "failure of essential purpose" doctrine does not help Plaintiffs plead a breach. Pl. Opp., p. 17 (PgID.1352). The doctrine just deals with the "remedy" available on a breach – it is ***not*** a substitute for pleading a breach. *Roe v. Ford Motor Co.,* 2019 WL 3564589, *11 (E.D.Mich. 2019) ("And if Plaintiffs never brought their vehicles in for repair during the express-warranty period, Ford's failure to repair the water pump does not show that the warranty failed its essential purpose … To the contrary: the express warranty had already fulfilled its essential purpose by the time Plaintiffs sought repairs….").

### 3. Statute of Limitations (Counts B.2.XI and B.15.XLII).

Plaintiffs concede Olsen's and Kitzman's claims are time-barred, but contend Olsen's is saved by the discovery rule and Kitzman's by fraudulent concealment tolling. Pl. Opp., pp. 18-19 (PgID.1353-54). Neither is saved. *See* § II.A.1., above.

**C.      The MMWA Claim.**

The parties agree the MMWA claim rises or falls with the state-law warranty

claims.  Because the warranty claims fall, so does the MMWA claim.

**D.      The Fraud Claims.[7]**

**1.      Rule 9(b).**

FCA US argued Plaintiffs were required to plead ***when and where*** the

purportedly omitted information should (or could) have been revealed such that they

would have seen or heard it, ***the persons responsible*** for the failure to disclose, or

the ***context of the omissions***.  ECF #30, pp. 7-8 (PgID.1179-80).  Plaintiffs do not

dispute this, and offer no explanation of how they have satisfied their burden.  *See*

Pl. Opp., pp. 28-29 (PgID.1363-64).  Nor do they even pretend to have adequately

alleged reliance.  *Id.*  Rather, they insinuate reliance is not required for omission-

based claims.  *Id.*  But it is.  ECF #30, pp. 6-7 (PgID.1178-79).

**2.      No Pleaded Facts Establish a Duty to Disclose.[8]**

<u>*No Duty To Disclose Based On Safety Defects*</u>: Plaintiffs argue several states

impose an unequivocal duty to disclose safety defects.  Pl. Opp., pp. 20-21

(PgID.1355-56).  But, this Court recently found this is not the law in Illinois and

---

[7]Plaintiffs abandon their claims to the extent they are based on supposed misrepresentations.  *See* Pl. Opp., p. 20 (PgID.1355).

[8]Plaintiffs mischaracterize FCA US's arguments in contending it argued ***all*** fraud-based claims require a "special relationship."  FCA US said only some do. FCA US does not address Plaintiffs' counterarguments to arguments it did not make.

New Jersey.  *Roe v. Ford Motor Co.*, 2021 WL 2529825, \*9 (E.D.Mich. 2021).

Likewise, Plaintiffs' citations to multistate class actions often cite other multistate

class actions that never cite actual, in-state authority for this proposition.[9]  In any

event, logically, one can only disclose what it knows, and here, there are no

allegations FCA US knew of any purported "defect" prior to Plaintiffs' purchases.

ECF #30, pp. 8-14 (PgID.1180-86); *see also* § II.D.3, below.

<u>*Superior Knowledge*</u>: The parties disagree about whether superior knowledge

suffices under Florida, Georgia, Indiana, Kansas, Nevada, New Jersey,

Pennsylvania, South Carolina, and Tennessee law.  Plaintiffs' arguments, however,

ignore more recent authorities that undermine their position.  *Compare* ECF #30,

pp. 15-21 (PgID.1187-93), *with* Pl. Opp., pp. 35-37 (PgID.1369-72).  Moreover, the

Indiana, Nevada, New Jersey, and Pennsylvania authorities Plaintiffs rely on are

inapposite.  **Indiana**: *Northrop Corp. v. Gen. Motors Corp.*, 807 N.E.2d 70, 78

(Ind.Ct.App. 2004) analyzes the duty to disclose requirement under California law.

**Nevada**: *Epperson v. Roloff*, 719 P.2d 799 (Nev. 1986) and *Heldenbrand v.*

*Multipoint Wireless, LLC*, 2012 WL 5198479, \*4 (D.Nev. 2012) require **exclusive**,

not superior, knowledge where the parties lack a special relationship.  **New Jersey**:

---

[9]For instance, *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 406 F.Supp.3d 618, 639 (E.D.Mich. 2019) cites to *McCabe v. Daimler AG*, 948 F.Supp.2d 1347, 1371 (N.D.Ga. 2013), which fails to cite any California authority requiring an unequivocal duty to disclose a safety-related defect.

*Albers v. Mercedes-Benz USA, LLC*, 2020 WL 1466359, *12 (D.N.J. 2020) overlooks that there is no duty to disclose where a defect manifests post-warranty, and there has been no in-warranty manifestation here.  **Pennsylvania**: Plaintiffs' Michigan case (*Persad*, 2018 WL 3428690, *3), cites a California case (*In re MyFord Touch Consumer Litig.*, 46 F.Supp.3d 936, 960 (N.D.Cal. 2014)) that says nothing about a duty to disclose under Pennsylvania law.  In any event, Plaintiffs do not plead facts showing superior knowledge here.  ECF #30, pp. 8-14 (PgID.1180-86); *see also* § II.D.3, below.

*Partial Disclosures*: The parties agree misleading partial disclosures suffice under some states' laws.[10]  In arguing partial disclosures are enough in Indiana and Pennsylvania, Plaintiffs rely on decades-old cases (Pl. Opp., p. 37 (PgID.1372)), while ignoring more recent authority finding that a special relationship is required to trigger a duty based on misleading partial disclosures.  *Armstrong v. Deere & Co.*, 2017 WL 4168485, *7 (S.D.Ind. 2017); *McCracken v. R.J. Reynolds Tobacco Co.*, 2018 WL 3130402, *5 (E.D.Pa. 2018).  In any event, even where partial disclosures suffice, Plaintiffs must allege that they saw and relied upon such disclosures.  ECF #30, pp. 19-20 (PgID.1191-92).  Plaintiffs do not.  In fact, they ignore this argument.  Pl. Opp., pp. 35-36 (PgID.1370-71).

---

[10]Those states are:  Arizona, California, Connecticut, Idaho, Iowa, Kentucky, Maryland, Massachusetts, Minnesota, Missouri, Virginia, and Washington.

### 3.     Failure to Plead Facts Showing Pre-Sale Knowledge.

Plaintiffs contend they are subject to a lower knowledge pleading standard because knowledge was ***exclusively within FCA US's control***.  Pl. Opp., pp. 21 (PgID.1356).  Yet, they contend FCA US had pre-sale knowledge based on a number of ***public*** articles, reports, and complaints.  *Id.* at pp. 21-23 (PgID.1356-58).  They never explain the obvious contradiction.  And where Plaintiffs engage FCA US's arguments (they simply choose to ignore many), they come up short.

*First*, Plaintiffs contend their allegations about testing are bolstered by allegations that "fires and explosions began almost immediately following release of the Pacificas."  Pl. Opp., p. 26 (PgID.1361).  But Plaintiffs plead FCA US received reports of fires "from April 23, 2019 to December 14, 2021," which was long after the "release" of the vehicles in 2017.  CMC, ¶ 202 (PgID.371).  In making the argument, Plaintiffs are apparently relying on reports of alleged "engine" fires (*see id.* ¶ 198 (PgId.367-68)), which are obviously different and do not indicate knowledge of a battery defect.  In any event, the cases Plaintiffs rely on actually say that pre-sale testing allegations may be sufficient to plead knowledge where plaintiffs "extensively detail the testing" defendant performed, *i.e.* they "list 'specific tests' and describe 'how the test would have revealed the [defect]."  Pl. Opp., p. 26 n.6 (PgID.1361) (citing cases).  And, as Plaintiffs admit, their complaint only "describes the wide range of safety standards and testing protocols that were ***available*** to FCA [US]."  *Id.* at pp. 24-25 (PgID.1359-60) (emphasis

added).  Plaintiffs fail to plead specific tests, like *Monopoli v. Mercedes-Benz USA LLC*, 2022 WL 409484, *8 (N.D.Ga. 2022), or allege that FCA US "would have been required" to perform such tests, like *Ponzio v. Mercedes-Benz USA, LLC*, 447 F.Supp.3d 194, 227-28 (D.N.J. 2020).  *See generally* CMC.

*Second*, Plaintiffs argue "there is 'no bright line rule requiring a particular number of consumer complaints to plausibly allege pre-sale knowledge of a defect.'" Pl. Opp., p. 25 (PgID.1360) (citing *Robinson v. Gen. Motors LLC*, 2021 WL 3036353, *6 (D.Del. 2021)).  Perhaps not.  But, Plaintiffs cite **no case** where a court found a mere **_4_** complaints, out of tens of thousands of products, was sufficient, *i.e.* the number alleged here.  Pl. Opp., p. 25 (PgID.1360).  Even Plaintiffs' own case – *Robinson*, a non-binding Delaware decision – indicates **_20_** aggregate complaints as a lower bound.  *Robinson*, 2021 WL 3036353, *6.  And, it bears repeating that the **_4_** complaints alleged here post-date the purchases of many Plaintiffs.[11]

---

[11]Plaintiffs acknowledge this fact but argue it is immaterial under *Bossart v. Gen. Motors LLC*, 2021 WL 5278191, *11 (E.D.Mich. 2021).  Pl. Opp., p. 28 (PgID.1363).  But, the *Bossart* Plaintiffs alleged **_44_** consumer complaints, not **_4_**, thus the court found the knowledge allegations sufficient even if "some" complaints (the court never gave a number) post-dated certain plaintiffs' purchases.  2021 WL 5278191, *10-11.  Nor is *Chapman v. Gen. Motors LLC*, 531 F.Supp.3d 1257, 1290 (E.D.Mich. 2021) relevant where, unlike here, the complaint included allegations of a large-scale NHTSA investigation and extensive field data.  *Id.* at 1288-90.

### 4.     The Economic Loss Doctrine Bars Certain Claims.

For California, Florida, Michigan, Texas, Virginia,[12] and Wisconsin, Plaintiffs invoke a fraudulent inducement exception.    Pl. Opp., pp. 31-32 (PgID.1366-67).   For the exception to apply, Plaintiffs must plead a standalone fraudulent inducement claim or, at minimum, demonstrate it "stands alone, separate from allegations that support plaintiff's contractual claims."   *Auto. Components Holdings, LLC v. Konal Eng'g & Equip., Inc.*, 2013 WL 2242451, *2 (E.D.Mich. 2013).   Plaintiffs do not.

For Ohio and Pennsylvania, Plaintiffs invoke an intentional tort exception that neither state recognizes.   *See RAM Constr. Servs. of Cleveland, LLC v. Key Constr., Inc.*, 2022 WL 3699390, *10 (N.D. Ohio 2022); *Earl v. NVR, Inc.*, 990 F.3d 310, 312–13 (3d Cir. 2021).

For Colorado, Georgia, New Hampshire, and South Carolina, Plaintiffs invoke an "independent duty" exception.   Pl. Opp., pp. 30-33 (PgID.1365-68).   But they never explain ***what*** purported independent duty FCA US owed to them.

For Maryland, Plaintiffs invoke a "serious safety defect" exception, but "mere possibilities [of harm is] legally insufficient." *Morris v. Osmose Wood Preserving*, 667 A.2d 624, 633 (Md.Ct.App. 1995).   Yet, that is all Plaintiffs allege.

---

[12]Plaintiffs' argument that FCA US invokes no VCPA authority is wrong. *See In re: Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, *21 (D.N.J. 2015).

For Florida, Plaintiffs' argument the rule is limited to products liability cases is incorrect.  *See Koski v. Carrier Corp.*, 347 F.Supp.3d 1185, 1198 (S.D.Fla. 2017).

**5.     The Statute of Limitations Bars Certain Fraud-Based Claims.**

Plaintiffs do not dispute their claims are untimely, but argue the discovery rule or fraudulent concealment tolling saves them.  Pl. Opp., pp. 37-38 (PgID.1373-74).  Regardless of whether these doctrines are available for the fraud-based claims, Plaintiffs plead insufficient facts to invoke them.  *See* § II.A.1., above.

**6.     State-Specific Reasons for Dismissal.**[13]

a.     *Omissions Inactionable Under Certain Laws.*

<u>California FAL</u>: Plaintiffs argue the claim may proceed where a defendant made a statement but omits information undermining its truth.  But the case Plaintiffs rely on shows this is a narrow exception, available only when a party speaks to ***the particular issue*** and not when a party speaks generally.  Regardless, Plaintiffs point to no allegations that would bring their claims within the exception.

b.     *Class Action Bars.*

<u>Colorado</u>: Contrary to Plaintiffs' assertions, *In re Monostable* did not examine the Colorado class action bar.  *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F.Supp.3d 582 (E.D.Mich. 2018).

<u>Georgia</u>: While it is accurate *In re Monostable* and *Reynolds* found no class

---

[13]Plaintiffs do not dispute FCA US's extraterritoriality arguments.  *See* ECF #30, p. 24 (PgID.1996).

- 14 -

action bar, a uniform line of in-district cases since then has emerged holding to the contrary. *Harrison v. General Motors, LLC*, 2023 WL 348962, *20 (E.D.Mich. 2023); *Cunningham v. Ford Motor Co.*, 2022 WL 17069563, *11 (E.D.Mich. 2022); *In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, 2022 WL 551221, *19 (E.D.Mich. 2022) ("*Ranger*").

*Kansas*: Plaintiffs do not specify which of the KCPA's two potentially applicable provisions they invoke: K.S.A. §§ 50-634(b) *or* (d).  CMC, p. ¶ 700 (PgID.501).  Section (d) authorizes class actions but imposes an individualized reliance requirement that Plaintiffs do not attempt to plead.  *See Benedict v. Altria Grp., Inc.*, 241 F.R.D. 668, 679 (D.Kan. 2007); *see also,* CMC, ¶ 75 (PgID.301-02).  Section (b) imposes no reliance requirement but forbids class actions.  Thus, the KCPA claim may proceed as an individual claim or a class claim for injunctive relief.

*Kentucky*: The parties' cases conflict.[14]  But three courts have agreed with FCA US's position – none with Plaintiffs'.  *See Target*, 66 F.Supp.3d at 1163; *In re Grand Theft Consumer Litig.*, 251 F.R.D. 139, 160 (S.D.N.Y. 2008); *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 84 (D.Mass. 2005).

*Ohio*: If the Ohio statute did not bar class actions, Plaintiffs would have been able to cite a case in support.  They do not.

---

[14]*Compare Kempf v. Lumber Liquidators, Inc*., 2017 WL 4288903, *4 (W.D.Ky. 2017) (class actions barred); *In re Anthem, Inc. Data Breach Litig*., 162 F.Supp.3d 953, 1001 (N.D.Cal. 2016) (not barred).

_Tennessee_: Plaintiffs' sole authority, _Reynolds_, 546 F.Supp.3d at 657, neither examined the TCPA nor cited any case that did.  The weight of authority holds TCPA class actions are **_not_** permitted.  _See, e.g._, _Faber v. CIOX Health, LLC_, 2017 WL 5957206, *7 (W.D.Tenn. 2017); _Ham v. Swift Transportation Co., Inc._, 2011 WL 13350069, *3 (W.D.Tenn. 2011).

_Virginia_: Indeed, _Milisits v. FCA US LLC_, 2021 WL 3145704, *12 (E.D.Mich. 2021) found VCPA's bar procedural and displaced by Rule 23.  But, _Ranger_, 2022 WL 551221, *19 reached the opposite conclusion a year later, despite being entirely aware of _Milisits_.  _See also Flores_, 2021 WL 1122216, *24.

## E.    Notice (Warranty and Consumer Protection Claims).

_First_, Plaintiffs cite their March 8, 2022 letter to show pre-suit notice. Pl. Opp., p. 41 (PgID.1376).  But, this is an MDL consisting of seven consolidated actions, and the letter relates only to **_one_** of them, _Huntington_, which is presumably why Plaintiffs do not even allege pre-suit notice for many of claims.  Regardless, the letter was sent **_the same day_** _Huntington_ was filed, and does not suffice.

_Second_, Plaintiffs argue, without any supporting law, that consumer complaints and testing allegations suffice.  Pl. Opp., p. 41 (PgID.1376).  But, as FCA US explained, the law makes clear that notice required is **_of the breach_**, not of the defect.  _See, e.g._, ECF #30, p. 34-35 (PgID.1206-07).

_Third_, Plaintiffs contend filing a lawsuit is enough in Ohio and Pennsylvania. Pl. Opp., p. 41 (PgID.1376).  But, "Ohio courts and federal courts applying Ohio law

have continued to hold that a plaintiff must notify a defendant of the alleged breach prior to the complaint." *Lincoln Elec. Co. v. Technitrol, Inc.*, 718 F.Supp.2d 876, 883 (N.D.Ohio 2010) (citing cases).  And in Pennsylvania, pre-suit notice is "to allow the seller an opportunity to resolve the dispute regarding an alleged breach ***before*** the buyer initiates a lawsuit." *Am. Fed'n of State Cnty. & Mun. Emps v. Ortho-McNeil-Janssen Pharm., Inc*, 2010 WL 891150, *6 (E.D.Pa. 2010) (emphasis added); *see also In re Shop-Vac Mkt. & Sales Practices Litig.*, 2014 WL 3557189, *8 (M.D.Pa. 2014).

Finally, relying on *In re Chevrolet Bolt EV Battery Litig.*, 2022 WL 4686974, *34 (E.D.Mich. 2022) ("*Chevy Bolt*"), Plaintiffs argue adequacy of notice issues are better left unaddressed at the pleadings stage where plaintiffs "allege providing at least some notice"  Pl. Opp., p. 42 (PgID.1377).  But, here, the dispute is not about adequacy, because Plaintiffs do not allege providing any ***pre-suit*** notice at all.

## F.   Unjust Enrichment

### 1.   The Express Warranty and the Presence of Legal Remedies.

This is not an alternative pleading issue.  Plaintiffs outright admit there was an express contract (warranty) governing how the risks and responsibilities for vehicle defects would be allocated.  Even if that contract does not cover the alleged defect the way Plaintiffs desire, it is still a contract expressly allocating those risks.  Plaintiffs cannot now pretend the contract does not exist and ask for a different contract to be implied in law.  *See Cunningham v. Ford Motor Co.*, 2022 WL

17069563, at *9 (E.D.Mich. 2022) (rejecting "pleading in the alternative" arguments where "there is no dispute that the express warranty exists and that it governs the subject matter of which repairs [manufacturer] has agreed to perform and under what circumstances [manufacturer] would conduct the repairs").

### 2.     The Plaintiffs Have Conferred No Direct Benefit.

Plaintiffs argue they only need to confer "*a* benefit," not a direct benefit, to state a claim.  Pl. Opp., pp. 41-44 (PgID.1213-16).  But they cite no Colorado, Idaho, Kentucky, or Maryland authority contrary to FCA US's authorities.  As for the remaining states for which FCA US raised this issue, Plaintiffs cite a handful of cases to suggest a direct benefit is not required.  Pl. Opp., p. 45 (PgID.1380).  But their argument is primarily based on a nearly 50-year-old law journal article, cited originally in *In re Cardizem CD Antitrust Litig.*, 105 F.Supp.2d 618, 671 (E.D.Mich. 2000) ("*Cardizem*"), and is not based on any state-by-state analysis of the state-specific law.  The state-specific analysis shows a direct benefit is required.  ECF #30, pp. 41-44 (PgID.1213-16).  And Plaintiffs' argument they conferred a direct benefit to FCA US when they purchased from dealership has been expressly rejected. *Crawford v. FCA US LLC*, 2021 WL 3603342, *12 (E.D.Mich. 2021).

### 3.     The Applicable Statutes of Limitations Bar Certain Claims.

Plaintiffs argue fraudulent concealment tolling saves their claims.  Pl. Opp., p. 46 (PgID.1381).  But they do not plead facts to invoke the doctrine.  *See* § II.A.1., above; *Adams v. Nissan N. Am., Inc.*, 395 F.Supp.3d 838, 847-47 (S.D.Tex. 2018).

### 4.   Standalone Cause of Action.

Even Plaintiffs' own case acknowledges unjust enrichment is ***not*** a standalone

cause of action in California.   *Veasman v. Nuance Commc'ns, Inc*., 2022 WL

2964411, *7 (C.D.Cal. 2022).   More recent Massachusetts authority explains unjust

enrichment is "not an independent cause of action" there.   *Flores v. One West Bank*,

172 F.Supp.3d 391, 396 (D.Mass. 2016).   The authorities Plaintiffs rely on for New

Hampshire and New Jersey are outliers when the weight of the authority is

considered.[15]   And, while Texas appellate courts are split (*Matter of Connect*

*Transp., L.L.C.*, 825 Fed.App'x 150, 154 (5th Cir. 2020)), the courts sitting where

Plaintiffs reside have found unjust enrichment is ***not*** a standalone cause of action.

*See MacKenzie v. Farmers Texas Cnty. Mut. Ins. Co.*, 2022 WL 951028, *5 n.3

(Tex.App. 2022) (Dallas); *Oxford Fin. Companies, Inc. v. Velez*, 807 S.W.2d 460,

465 (Tex.App. 1991) (Austin).

### G.   The Nationwide Claims.

Plaintiffs argue "[c]ourts in this District and others have repeatedly explained

that plaintiffs can pursue claims on behalf of a nationwide class."   Pl. Opp., p. 48

---

[15]*See, e.g.*, *K.B. v. Inter-Cont'l Hotels Corp.*, 2020 WL 8674188, *7 (D.N.H. 2020); *Romano v. Site Acquisitions, LLC*, 2017 WL 2634643, *9 (D.N.H. 2017); *Gallagher v. Funeral Source One Supply & Equip. Co.*, 2015 WL 6738733, *9 (D.N.H. 2015); *In re Riddell Concussion Reduction Litig.*, 121 F.Supp.3d 402, 423 (D.N.J. 2015); *McGuire v. BMW of N. Am., LLC*, 2014 WL 2566132, *3 (D.N.J. 2014); *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 754 (D.N.J. 2013).

(PgID.1383).   Yet courts in this District routinely find precisely the opposite, including again less than a month ago.  *See, e.g.*, *Harrison v. General Motors*, 2023 WL 348962, *4 (E.D.Mich. 2023).   Furthermore, *Chevy Bolt* declined to strike nationwide class claims because it had not been shown there were enough differences in states' laws.  But the briefing on FCA US's motion to dismiss alone establishes there are many, outcome determinative differences in just the states' laws the named Plaintiffs invoke.

## CONCLUSION

For the reasons set forth herein and in its opening brief, Defendant FCA US LLC respectfully requests the Court grant its Motion to Dismiss.

Respectfully submitted,

**KLEIN THOMAS & LEE LLC**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

**THOMPSON COBURN LLP**

By: */s/ Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO154961)
Thomas L. Azar, Jr. (MO156634)
Scott H. Morgan (MO161853)
One US Bank Plaza
St. Louis, Missouri 63101
T: (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

*Attorneys for Defendant FCA US LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s/ Stephen A. D'Aunoy*