# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION, <br><br> MDL No. 3040 | Case No.: 22-cv-03040 <br><br> Hon. David M. Lawson <br><br> Magistrate Judge Elizabeth A. Stafford |

**<u>DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION AND MEDIATION</u>**

Plaintiffs admit they signed valid arbitration agreements with valid delegation clauses. *See* Opp'n 7, 9. Yet they try to avoid arbitration by rehashing arguments the Sixth Circuit and this Court have repeatedly rejected, contending a nonsignatory cannot enforce the agreements and that delegation clauses do not cover their claims.

Plaintiffs simply dispute whether their claims are arbitrable. Their arbitration agreements, however, have a delegation clause, and Plaintiffs "do not argue that the delegation [clause] is invalid." Opp'n 7. That ends the matter. "A valid delegation clause precludes courts from resolving any threshold arbitrability disputes, even those that appear 'wholly groundless.'" *Swiger v. Rosette*, 989 F.3d 501, 505 (6th Cir. 2021) (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, -- U.S. --, 139 S. Ct. 524, 529 (2019)). The Court should therefore send Plaintiffs to arbitration.[1]

## I.      The Arbitration Agreements Contain Clear Delegation Clauses.

Plaintiffs claim the agreements for "eleven plaintiffs contain arbitration clauses that do not delegate arbitrability to an arbitrator." Opp'n 3. That's clearly wrong. The eleven agreements (plus one more) say that any disputes about "the arbitrability of [a] claim or dispute" shall be resolved in arbitration. ECF No. 46-3,

---

[1] Plaintiffs seem to have overlooked parts of FCA US's motion. For example, they claim FCA US "does not mention the terms of Plaintiffs' sales contracts," Opp'n 3, but FCA US quoted the contracts at length, *see* Mot. 2-4, including in its arbitrability argument, *see id.* at 10. Plaintiffs also claim FCA US "does not cite a single case" requiring arbitration of disputes about whether a nonsignatory can enforce an arbitration agreement, Opp'n 5, but FCA US cited several such cases, including *Becker v. Delek US Energy, Inc.*, 39 F.4th 351 (6th Cir. 2022); *see also* Mot. 8-11.

1

PageID.1495 (Bryan); *see also* ECF No. 46-4, PageID.1500 (Christie); ECF No. 46-5, PageID.1504 (Dorn); ECF No. 46-6, PageID.1510 (Findeiss); ECF No. 46-7, PageID.1514 (Fong); ECF No. 46-8, PageID.1530 (Hoffman); ECF No. 46-9, PageID.1537 (Kappes); ECF No. 46-10, PageID.1544 (Keeth); ECF No. 46-11, PageID.1555 (Messeguer); ECF No. 46-12, PageID.1562 (Olsen); ECF No. 46-13, PageID.1569 (Shusta); ECF No. 46-15, PageID.1577 (Ventura). That language "plainly delegates to the arbitrator full authority to determine the scope and enforceability of the arbitration clause." *Harper v. GM, LLC*, 2023 U.S. Dist. LEXIS 47532, at *14 (E.D. Mich. Mar. 21, 2023) (Lawson, J.) (considering same language).

The remaining three agreements also clearly delegate arbitrability disputes to arbitration. Plaintiffs Berzanskis and Wilensky agreed to arbitrate disputes regarding the agreement's "validity, enforceability or scope." ECF No. 46-2, PageID.1487. That language "clearly and unmistakably show[s] that the parties agreed to arbitrate issues of arbitrability." *Swiger*, 989 F.3d at 506 (considering same language). Plaintiff Spruance's delegation provision is similar. *See* ECF No. 46-14, PageID.1574 ("validity, scope, and interpretation"). And Plaintiff Voss's agreement incorporates the AAA Rules, *see* ECF No. 46-16, PageID.1583, which "shows that the parties 'clearly and unmistakably' agreed that the arbitrator would decide questions of arbitrability." *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 846 (6th Cir. 2020); *see also* Mot. 11 (citing cases).

2

Plaintiffs next make versions of the argument that a nonsignatory cannot enforce an arbitration agreement. They argue that the "delegation clause does not encompass [their] claims;" that their agreements cover only claims between "the parties" or "between you and us;" and that FCA US is not a "party," "you," or "us." Opp'n 4-5. Those arguments are quintessential "coverage" and "enforceability" challenges that the delegation clauses send to arbitration. *Becker*, 39 F.4th at 355-56 (requiring arbitration of dispute over "[w]hether a non-signatory can enforce a delegation clause"); *see also Swiger*, 989 F.3d at 506-07 (requiring arbitration of dispute over whether a contractual third party can compel arbitration).

Plaintiffs consistently conflate the threshold question of "*who should decide* whether the parties have to arbitrate the merits" with the secondary question of "*whether* the parties have to arbitrate the merits." *Blanton*, 962 F.3d at 852 (emphasis in original). Plaintiffs claim they have not "agreed to arbitrate their claims against" FCA US, Opp'n 8, and that FCA US must prove that they have "agreed to arbitrate the arbitrability of the *particular* dispute," *id.* at 2 (emphasis in original). But requiring "a court [to] first determine whether the agreement covers a particular claim" would render the delegation clause "superfluous." *Blanton*, 962 F.3d at 847 (rejecting similar argument). Whether Plaintiffs agreed to arbitrate "their claims" is an arbitrability dispute. And the delegation clauses—which Plaintiffs admit are valid, *see* Opp'n 7—make clear *who* must resolve those disputes: an arbitrator.

3

## II.     Plaintiffs Fail To Distinguish On-Point Precedents.

Plaintiffs say *Swiger* is "inapposite," Opp'n 10, but the parties there, as here, "disagree[d] on whether they must arbitrate their dispute," *Swiger*, 989 F.3d at 503. And because there, as here, "an unchallenged provision delegat[ed] that question to an arbitrator," arbitration was required. *Id.*  *Swiger* explained that "[o]nly a specific challenge to a delegation clause brings arbitrability issues back within the court's province," *id.* at 505, and Plaintiffs here "make no such challenges," Opp'n 9.[2]

Plaintiffs also try to brush *Becker* aside as "inapposite," noting the plaintiff there sought to avoid a delegation provision by arguing that the defendant "is a non-signatory." Opp'n 7.  But Plaintiffs try the same failed avoidance tactic here, arguing throughout their brief that FCA US cannot compel arbitration because it is a nonsignatory of, and a nonparty to, the agreements. *See, e.g.*, *id.* at 4-5, 8, 13.

As for *Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394 (6th Cir. 2017), the delegation clause there covered disputes about "the application, enforceability, or interpretation" of the agreement. *Id.* at 398 (emphasis omitted).  That language parallels the Berzanskis and Wilensky agreement, *see* ECF No. 46-2, PageID.1487

---

[2] The *Swiger* plaintiff unsuccessfully made many of the same arguments in the Sixth Circuit that Plaintiffs make here, including that (i) she "neither consented nor intended to arbitrate" her claims against the defendant; (ii) the defendant "is *not* a party to" the arbitration agreement; (iii) the defendant is "nowhere mentioned or described in" the agreement; and (iv) the defendant was not "within the ambit" of the agreement.  *See* Ex. A at 2, 25-26, 32-37 (Br. of Pl.-Appellee in *Swiger*).

("validity, enforceability or scope"), and, if anything, is *less* clear than the delegation clauses in the other agreements that expressly cover "arbitrability" disputes.

Following these and other Sixth Circuit cases, district courts in this circuit have repeatedly rejected the argument that a nonsignatory cannot enforce a delegation clause in an arbitration agreement, including because the nonsignatory is not a "party" to the agreement or an entity within the contractual definition of "you" or "us." *See, e.g.*, *In re Chevrolet Bolt EV Battery Litig.*, 2022 U.S. Dist. LEXIS 179604, at *40-46 (E.D. Mich. Sept. 30, 2022); *Bossart v. GM, LLC*, 2022 U.S. Dist. LEXIS 149465, at *6-7, *11-13 (E.D. Mich. Aug. 19, 2022).

Unable to distinguish these cases, Plaintiffs say the cases "misconstrue" Sixth Circuit law. Opp'n 10. According to Plaintiffs, the cases wrongly compelled arbitration because the underlying contracts did "not clearly and unmistakably delegate the arbitrability issue to an arbitrator *as to th[e] claims*" at issue. *Id.* at 12 (emphasis added). But again, the threshold issue is not *whether* the claims are arbitrable but *who* decides arbitrability. And the Sixth Circuit has "repeatedly held" that the "who" question is for an arbitrator "when the agreement has a delegation clause." *In re Chevrolet Bolt*, 2022 U.S. Dist. LEXIS 179604, at *45.

Plaintiffs also say the district court cases are "inconsistent" with *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), which recognized that arbitration is a matter of "consent." Opp'n 12-13. Plaintiffs, however, *consented to*

5

*the delegation clauses*. So, if anything, *not* enforcing those clauses—and failing to compel arbitration—would be "inconsistent" with *Stolt-Nielsen*.

## III. Arbitration Is Required Even If This Court Addresses Arbitrability.

On the secondary issue of *whether* Plaintiffs must arbitrate the merits of their claims, Plaintiffs again focus on the fact that FCA US did not sign the arbitration agreements and is not a party to them. *See* Opp'n 14-15. But FCA US has never argued otherwise. Instead, FCA US argued that the sweeping language of the agreements, including language covering disputes about the "condition" of the vehicle and resulting relationships with "third parties," shows that the agreements encompass disputes beyond just those between the signatories. *See* Mot. 15-17.

Plaintiffs heavily rely on *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942 (9th Cir. 2022), but no court in this circuit has followed that case or even cited it—for good reason. *Swiger*, *Blanton*, and other Sixth Circuit precedents control the issues addressed in *Ngo*. Further, under the *Erie* doctrine, the *Ngo* federal case does not control whether a nonsignatory can use equitable estoppel to compel a signatory to arbitration under California law. *See* Mot. 20. The California Court of Appeal has answered that question, compelling consumers to arbitrate claims against FCA US in a case involving the same language as many of the agreements here, including the "you" and "us" language. *See Felisilda v. FCA US LLC*, 53 Cal. App. 5th 486, 490 (2020). Plaintiffs note that some cases have distinguished *Felisilda* on the basis that

6

the dealership in that case was also a defendant and moved to compel arbitration. *See* Opp'n 15-16. The dealership, however, was dismissed from the case *before* the appeal, *see Felisilda*, 53 Cal. App. 5th at 491, and so the appellate court focused solely on whether the plaintiffs had to arbitrate their claims against FCA US.[3]

Plaintiffs say the equitable estoppel cases "do not support" compelling arbitration, Opp'n 23, but Plaintiffs do not dispute that all relevant states have adopted equitable estoppel and that courts in many of the states have used the doctrine to compel a signatory to arbitrate claims against a nonsignatory, *see* Mot. 22-24. Plaintiffs quibble with the "but for" standard, *see* Opp'n 18-19, but that strawman attack only distracts from the fact that Plaintiffs assert claims that stem from and are "intertwined with" the underlying contracts containing the arbitration agreements. *Felisilda*, 53 Cal. App. 5th at 496-97.

Finally, FCA US does not argue it is a third-party beneficiary because it "incidentally" benefited from the agreements. Opp'n 25. Rather, many agreements require arbitration of disputes related to a "third party" or a resulting "relationship." *See* Mot. 25. Those agreements require arbitration of claims against FCA US, conferring direct benefits on the company and making it a third-party beneficiary.

---

[3] To be sure, California law on this point is unsettled. Plaintiffs cite *Ford Motor Warranty Cases*, 89 Cal. App. 5th 1324 (2023), which disagreed with *Felisilda*. Given this conflict between two state appellate courts, the defendant in *Ford Warranty Cases* has petitioned for review in the California Supreme Court. *See Ford Motor Warranty Cases*, No. S279969 (Cal. Sup. Ct.).

7

Respectfully submitted,

By: */s/ Brandon L. Boxler*
Stephen A. D'Aunoy
Thomas L. Azar, Jr.
Scott H. Morgan
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, Missouri 63101
T: (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
**KLEIN THOMAS LEE & FRESARD**
101 W. Big Beaver Rd., Ste. 1400
Troy, Michigan 48084
T: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

Brandon L. Boxler
**KLEIN THOMAS LEE & FRESARD**
919 E. Main St., Ste. 1000,
Richmond, VA 23219
T: (703) 621-2109
brandon.boxler@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

8

**CERTIFICATE OF SERVICE**

I certify that on July 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Brandon L. Boxler