# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION <br><br> MDL No. 3040 | Case No. 2:22-cv-03040-DML <br><br> Hon. David M. Lawson |

## JOINT MOTION TO AMEND THE PRETRIAL SCHEDULE

Plaintiffs and Defendant FCA US LLC ("FCA US"), by and through their undersigned counsel, submit this Motion to amend the pretrial schedule. As outlined in detail in the accompanying brief, the Parties have been working on discovery, including resolving discovery disputes that have arisen through numerous meet and confers and email exchanges, since the June 7, 2023 status conference. Also, since that time, the Parties have continued mediation on a separate track, having had additional conferences with the Court-appointed mediator and informally exchanging additional information to further the mediation. But, due to the volume of discovery being undertaken, the Parties' disputes over the appropriate scope and burden of ESI, and because FCA US believes rulings on the currently-pending motions directed at the pleadings will likely impact discovery, expert reports, and class certification briefing, the Parties request that the Court extend the deadlines.

There is good cause to extend all pretrial deadlines. The Parties are aware of, and are attempting to abide by, the Court's desire that this case be litigated without delay. Thus, the deadlines being proposed include a deadline of November 15, 2023 for FCA US to substantially complete its document production, which, while agreeing to it, FCA US believes is extremely aggressive given the volume of documents to be collected and reviewed prior to production. The proposed deadlines that follow—such as ten weeks for Plaintiffs to review the produced documents, take necessary depositions, and allow Plaintiffs' experts to prepare their reports in support of class certification—are, in Plaintiffs' view, similarly aggressive considering the complex technical issues involved and in comparison to other, similar cases. The proposed deadlines will also only extend the entire schedule by five months, with the last deadline occurring approximately one year from now, on September 11, 2024.

Dated: August 28, 2023

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*_____
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**HAGENS BERMAN SOBOL
SHAPIRO LLP**
Steve W. Berman
Thomas E. Loeser
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE &
McCARTHY**
Niall McCarthy
Karin Swope
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK
FRANCAVILLA BLATT &
PENFIELD LLP**
Gayle Blatt
Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811

gmb@cglaw.com

*Interim Plaintiffs' Steering Committee
for Plaintiffs and the Proposed Class*


**THOMPSON COBURN LLP**

 */s/ Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri  63101
T:  (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

**KLEIN THOMAS & LEE LLC**
Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T:  (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| | Hon. David M. Lawson |
| MDL No. 3040 | |

## BRIEF IN SUPPORT OF JOINT MOTION TO
## <u>AMEND THE PRETRIAL SCHEDULE</u>

i

## **TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED ................................................................. iii

TABLE OF AUTHORITIES ........................................................................ iv

TABLE OF MOST CONTROLLING AUTHORITIES ........................................... v

  I.    INTRODUCTION AND BACKGROUND ...................................................1

    A.  The Court's Pretrial Schedule ........................................................1

    B.  Discovery Since the Status Conference ...........................................1

    C.  The Parties' Mediation Efforts .....................................................9

  II.  LEGAL STANDARD ......................................................................10

  III.   ARGUMENT ..............................................................................11

    A.  Good Cause Exists to Extend the Pretrial Schedule.................................11

    B.  The Parties Will Be Prejudiced if an Extension is Not Granted .................12

    C.  The Proposed Amended Pretrial Schedule is Reasonable and Will Not Needlessly Delay the Resolution of this Case .................................................15

  IV.  CONCLUSION ...........................................................................16

## <u>STATEMENT OF ISSUE PRESENTED</u>

1. Whether there is good cause to amend the schedule since the Parties have diligently engaged in discovery but, despite their efforts, and because of the complexity of the issues and volume of data, have been unable to meet the current deadlines and the current deadlines risk prejudicing the Parties since no ESI discovery has been produced thus far?

   Parties' Answer: Yes

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Catrinar v. Wynnestone Communities Corp.*,
   2017 WL 4349284 (E.D. Mich. Sept. 30, 2017) ...................................................12

*First Place Bank v. Main*,
   2010 WL 3908659 (E.D. Mich. Oct. 1, 2010).......................................................11

*Gaines v. Cnty. of Wayne*,
   2021 WL 5997980 (E.D. Mich. Dec. 20, 2021) ...................................................10

*Gatza v. DCC Litig. Facility, Inc.*,
   717 F. Appx. 519 (6th Cir. 2017) .........................................................................11

*Inge v. Rock Fin. Corp.*,
   281 F.3d 613 (6th Cir. 2002) ...............................................................................11

*Innovation Ventures, L.L.C. v. Aspen Fitness Prods., Inc.*,
   2014 WL 1365522 (E.D. Mich. Apr. 7, 2014) ....................................................12

*Leary v. Daeschner*,
   349 F.3d 888 (6th Cir. 2003) ...............................................................................11

*Morgan v. Blust & Driscoll Holdings, LLC*,
   2010 WL 1524002 (E.D. Mich. Apr. 15, 2010) ..................................................11

*Trek, Inc.  v. ITR America, LLC*,
   2017 WL 11533312 (E.D. Mich. Dec. 4, 2017) ..................................................12

**Rules**

Fed. R. Civ. P. 16(b)(4).............................................................................................10

## <u>TABLE OF MOST CONTROLLING AUTHORITIES</u>

*First Place Bank v. Main*, 2010 WL 3908659 (E.D. Mich. Oct. 1, 2010)

*Gatza v. DCC Litig. Facility, Inc.*, 717 F. Appx. 519 (6th Cir. 2017)

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003)

Fed. R. Civ. P. 16(b)(4)

I.      **INTRODUCTION AND BACKGROUND**

    **A. The Court's Pretrial Schedule**

On October 17, 2022, the Court issued Pretrial Order No. 1: Initial Scheduling Benchmarks and Appointment of Lead Counsel. ECF No. 17 ("PTO 1"). PTO 1 established a pretrial schedule, including a July 5, 2023 deadline for Plaintiffs' class certification expert reports and the October 2, 2023 close of discovery on class issues deadline. *Id.*, at PageID.193.  In light of the fact that mediation efforts were ongoing and FCA had not yet begun the ESI search and collection process, the Court extended these two deadlines to September 11, 2023 and October 2, 2023, respectively, at the June 7, 2023 status conference.

The Court remarked at that conference that, if the June 21, 2023 mediation was unsuccessful, FCA US "better get going with [its] production." *See* Exhibit 1, June 7, 2023 Status Conference Tr., at 12:20-21.

    **B. Discovery Since the Status Conference**

Immediately after the status conference ended on June 7, 2023, Plaintiffs' counsel emailed counsel for FCA US, and stated:

> Given the Court's instructions today, we should schedule a meet and confer to further discuss the search terms and custodians. As part of this process, we would ask that FCA provide us with its organizational charts (requested on Feb. 3) and its thoughts on our proposed set of search terms (sent on March 10). Once we receive that information, we can set a call for next week to make progress on an agreement. This will help ensure that ESI searches can begin immediately if the June 21

1

mediation is unsuccessful and there is no unnecessary delay with the production of those documents.

*See* Exhibit 2, June 7, 2023 email from D. Lienhardt. Plaintiffs' counsel sent three follow-up emails on June 15, June 28, and July 6. *See* Exhibit 3, July 6, 2023 email chain from S. Morgan.

While the Parties made progress, the case was not settled during the June 21 mediation. Then, after FCA US exhausted its search for the requested organizational charts, FCA US sent an email to Plaintiffs on July 6, 2023 to confirm it had not located any organizational charts and to attempt to negotiate the 55 unique search strings Plaintiffs proposed following FCA US's initial proposal on January 30, 2023. *See id.*

On Tuesday, July 11, 2023, Plaintiffs requested that since no organizational charts were being produced that, in addition to the fifteen custodians FCA US had identified, FCA US identify seven new individuals who filled certain roles in the relevant time period pre-dating the custodians offered by FCA US. Also, due to Plaintiffs' disagreement with FCA US's edits to the proposed search terms, Plaintiffs asked FCA US to generate hit reports of Plaintiffs' proposed search terms "once we agree on this initial set of custodians" so the Parties could determine if the proposed terms would be over-inclusive or burdensome on FCA US. *See* Exhibit 4, July 11, 2023 email from D. Lienhardt.

On July 13, 2023, counsel for FCA US responded and offered to meet and confer on July 20, 2023.  Plaintiffs agreed to that date and reiterated their request for "predecessor" information for five of the custodians FCA US had identified. Plaintiffs also asked that FCA US "compile hit reports on our proposed terms (without FCA US's edits) with your presently listed custodians" as well as supplement its responses to certain requests for production in the meantime. *See* Exhibit 5, July 13, 2023 email from D. Lienhardt.

On July 20, 2023, the Parties participated in a meet and confer on the search terms and custodians. During that discussion, FCA US agreed to: 1) supplement its ESI disclosures to add certain custodians, predecessor and otherwise; 2) run Plaintiffs' search terms over the custodians (including both the custodians identified by FCA US and the custodians requested by Plaintiffs) and produce a hit count report for Plaintiffs' ESI search strings by the week of July 31, 2023; 3) run certain "Agreed Upon Search Terms" over the FCA US identified and Plaintiffs' requested custodians and produce documents by the week of July 31, 2023; and 4) produce certain financial and engineering documents pursuant to certain of Plaintiffs' RFPs without running search terms by the week of July 24, 2023. *See* Exhibit 6, July 20, 2023 email from K. Swope. On July 27, 2023, counsel for FCA US informed Plaintiffs by email that "FCA US is diligently working on the hit count reports that plaintiffs demand. We informed your side previously the search terms were

overbroad, which obviously slows down the process. We are being told that it will likely be next week before hit counts are known." *See* Exhibit 7, July 27, 2023 email from S. Morgan. (Plaintiffs' counsel does not agree that the breadth of a search term causes any difficulty in generating a hit report, it simply causes the number of hits reported to be higher.). Counsel for FCA US also explained why all but one of the non-custodial sources could not be searched with key word searches and that those sources could be searched using the relevant part numbers, which FCA US planned to do. *Id.* And, as it related to the one non-custodial source that could be searched using key words (a customer complaint database), FCA US explained why Plaintiffs' search terms would be inefficient and proposed a set of terms "that customers would be using." *Id.*

Counsel for Plaintiffs responded on August 2, 2023 asking for another "hit count report" run on the customer complaint database with an "augment[ed]" set of search terms, which FCA US said it would compile if Plaintiffs would agree to remove the duplication in the search strings. *See* Exhibit 8, August 2, 2023 email from K. Swope; *see also* Exhibit 9, August 3, 2023 email from S. Morgan.

On August 7, 2023, Plaintiffs: (1) asked for the volume of customer complaint documents and suggested that search terms may not even be necessary, and (2) asked again for an update on when FCA US would be producing its supplemental ESI

disclosures, hit count report, and further document production. *See* Exhibit 10, August 7, 2023 email from K. Swope.

On August 8, 2023, FCA US produced approximately 500 documents consisting of warranty claim reports, window stickers, CAIRs, warranty booklets, owners' manuals, and videos of advertisements. The production did not include any hit reports, financial documents, or ESI material requested three weeks earlier during the July 20, 2023 meet and confer.

On August 10, 2023, FCA US produced its supplemental ESI disclosures, which identified five new custodians, some of which resolved Plaintiffs' inquiries made on July 11, 2023, for a total of twenty custodians. Thereafter, on August 15, 2023, Plaintiffs' counsel again followed-up on her August 7, 2023 email and asked for the status of FCA US's hit reports and ESI production.  *See* Exhibit 11, August 15, 2023 email from K. Swope.

While these exchanges were occurring, FCA US was working diligently to interview potential custodians, collect documents, and run the search strings Plaintiffs requested against voluminous data. On August 17, 2023, counsel for FCA US provided the hit report from four custodians. FCA US's counsel stated the hit report for other original custodians would be produced "likely next week," and the hit report for the newer custodians would be produced "after that." *See* Exhibit 12, August 17, 2023 email from S. Morgan. Concerning the ESI production,

with the exception of two search strings, counsel for FCA US reiterated that the Parties had not yet reached an agreement on search terms: "FCA US proposed a compromise on terms and Plaintiffs demanded their search terms be used without FCA US's input, which brought us to running a hit report." And, concerning non-ESI production, FCA US had produced "CAIRs, recall reports, Cherwell reports, VIDRs, owner information reports, warranty claim summaries, and service contract claim summaries for Plaintiffs' vehicles, as well as the glove box materials for the subject vehicles, applicable TSBs, CSNs, and other dealer communications, service manuals, advertising materials and sales brochures, records management and corporate process guidelines, and the code guides for the subject vehicles." *Id.* The Parties understood they had fundamental disagreements concerning the scope and burden of ESI, so they immediately scheduled a meet and confer to take place the following day.

During the August 18, 2023 meet and confer, Plaintiffs' counsel explained that the production of piecemeal hit reports was neither efficient nor productive since many of the documents would be duplicates of each other, preventing the Parties from knowing the total amount of unique hits until after the final hit report was produced. Plaintiffs also inquired as to the delay in the production of hit reports, given that the harvesting of custodian ESI data and generating the hit reports is in their view a very common, quick process that can be done within days, rather than

the weeks FCA US had taken to produce only a subset of the requested hit report.

Counsel for FCA US stated their view that Plaintiffs' perception of how quickly reports can be generated for large numbers of custodians (with computers available at intermittent and varying times), and large amounts of data, was incorrect, and that FCA US was working diligently on a "global" hit report for all custodians and that it was producing the data derived from the custodians who had been run so far so the parties could see the results, which, at that point, were approximately 65,000 unique hits from the included custodians. *See* Exhibit 13, August 17, 2023 email from S. Morgan. The Parties dispute whether a partial hit report provides any meaningful insight into the breadth of a search term query.

After the call, Plaintiffs' counsel again sent FCA US a list of five custodians for whom "predecessor" information had been previously requested. *see* Exhibit 14, August 18, 2023 email from D. Lienhardt, and an invitation to meet and confer on the custodians on August 21, 2023.

During the August 21, 2023 meet and confer, Plaintiffs again asked for information as to why these employees had not been included in FCA US's ESI disclosures. FCA US responded that not all positions had "predecessors" and not all "predecessors" were likely to have relevant information and that, in any event, it believed it had produced a set of custodians in the roles covering every aspect of the claims Plaintiffs had put at issue (*e.g.*, vehicle design and development, battery

design and development, and safety and product investigation). Counsel for FCA US also volunteered to, and did, send a chart showing how the custodians FCA US believes are most likely to have relevant information entirely cover the time period at issue. Plaintiffs explained that if FCA US could confirm that there are no "predecessors" in certain roles or could confirm, if they do exist, that they would not have unique, relevant information compared to the other custodians, this could resolve Plaintiffs' inquiries and the Parties may be able to agree to omit those individuals from the custodian list.

On August 24, 2023, FCA US produced 85 non-ESI documents and the hit reports from five additional custodians. FCA US is working on the hit reports for the remaining 11 of the 20 agreed custodians. For the nine custodians for whom hit reports had been produced, the data showed "192,583 unique hits among (ii) nearly 1.8M documents and (iii) more than 2.7M documents counting families." *See* Exhibit 15, August 24, 2023 email chain. Plaintiffs' counsel do not believe that partial hit reports are useful or provide any insight that can be used in search term negotiations.

Counsel for FCA US reiterated its position that it had already identified "the individuals who are most likely to have relevant information relating to the claims Plaintiffs put at issue in this case." *Id.* Counsel for FCA US explained that FCA US is continuing work to complete the comprehensive hit report for all custodians under

consideration.

Plaintiffs' counsel responded, explaining that Plaintiffs are willing to negotiate certain search strings if they are burdensome and omit certain custodians if they do not have unique, relevant information. *Id.* Plaintiffs reiterated that they are requesting full hit reports and the predecessor identities to be produced by September 1, 2023. *Id.*

While their differences are many, the Parties have been diligently working to resolve their disputes relating to the scope of custodians and search strings. They are hopeful that custodians and search strings will be resolved in the next 1-2 weeks, so that the production of custodial ESI can begin.

### C. The Parties' Mediation Efforts

The Parties' June 21, 2023 mediation was not successful. But the Parties agreed to exchange a narrow set of discovery requests to further mediation efforts. On July 11, 2023, Plaintiffs served a list of three questions to the mediator and FCA US.  The following day, on July 12, 2023, Plaintiffs served their Second Set of RFPs (totaling eight discovery requests). Plaintiffs believe the production of more information is critical before any further progress could be made at a mediation. For that reason, and because no responsive information had yet been produced, the mediation scheduled for July 18, 2023 was cancelled.

On August 1, 2023, mediator Tom McNeil convened a zoom status conference between the Parties. The discussion focused on when FCA US would be producing the requested information. The Parties and the mediator agreed to wait to schedule a mediation session until after the information was produced and Plaintiffs had a chance to review those documents.

On August 10, 2023, FCA US served responses to Plaintiffs' three questions in furtherance of mediation. Plaintiffs then served seven more questions. On August 11, 2023, FCA US served written responses to Plaintiffs' Second Set of RFPs, and it has explained that certain of the documents are in the possession of a supplier, FCA US has produced some responsive documents, but is still searching to determine whether there are documents responsive to other requests.

## II.    LEGAL STANDARD

"The Federal Rules of Civil Procedure afford district courts broad authority and discretion to manage the discovery process in cases and control their dockets." *Gaines v. Cnty. of Wayne*, 2021 WL 5997980, at *1 (E.D. Mich. Dec. 20, 2021). "To facilitate case and docket management, Rule 16(b) requires district courts to issue a scheduling order in each case." *Id.* Rule 16(b)(4) permits this Court to amend or modify deadlines in a pretrial scheduling order upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

When considering a motion to amend a scheduling order, the court should examine "(1) whether the moving party has shown 'good cause,' . . . and (2) whether the modification will cause the opposing party to experience possible prejudice." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. Appx. 519, 521 (6th Cir. 2017); *see also First Place Bank v. Main*, 2010 WL 3908659, at *1 (E.D. Mich. Oct. 1, 2010) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) ("The Sixth Circuit holds that the Court's discretion in amending scheduling orders should be guided by consideration of the moving party's diligence in attempting to meet deadlines provided by the Court, and the possibility of prejudice to the other party.").

## III.   <u>ARGUMENT</u>

### A. Good Cause Exists to Extend the Pretrial Schedule

"In order to establish 'good cause,' parties must show that 'despite their diligence they could not meet the original deadline.'" *Morgan v. Blust & Driscoll Holdings, LLC*, 2010 WL 1524002, at *2 (E.D. Mich. Apr. 15, 2010) (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)).

Since the inception of this matter, the Parties have diligently engaged in discovery regarding issues related to pending claims, as well as discovery related to class certification and defenses that FCA US may assert. However, despite their efforts, and because of the complexity of the issues and volume of data, as well as their ongoing efforts to resolve disputes about the proper scope of ESI searches, the

Parties are unable to meet the current deadlines, such as Plaintiffs' September 11, 2023 expert disclosures and October 31, 2023 motion for class certification deadlines.

## B. The Parties Will Be Prejudiced if an Extension is Not Granted

The production of documents is necessary before the parties can reasonably serve expert reports and prepare for class certification. *See, e.g.*, *Trek, Inc.  v. ITR America, LLC*, 2017 WL 11533312, at *1 (E.D. Mich. Dec. 4, 2017) (extending deadline for expert witness disclosures due to delay in document production in order to "allow the parties to fully analyze the production once it is made"); *Innovation Ventures, L.L.C. v. Aspen Fitness Prods., Inc.*, 2014 WL 1365522, at *4 (E.D. Mich. Apr. 7, 2014) ("Without doubt, the Plaintiff has been prejudiced by the delay in the production of relevant documents…"); *Catrinar v. Wynnestone Communities Corp.*, 2017 WL 4349284, at *4 (E.D. Mich. Sept. 30, 2017) (holding that extension of discovery cures prejudice of delay in party's document production).

The Parties have been diligently engaged in discovery and meet and confer efforts. And while FCA US has made rolling productions of non-ESI documents, ESI documents (that Plaintiffs believe compose the large majority of relevant discovery) have not yet been produced. To further discovery, FCA US has been interviewing custodians and potential custodians, collecting documents, and running hit reports, and Plaintiffs have been reviewing that data and engaging in frequent

communications with FCA US, all in an effort to: (1) agree on a reasonable set of custodians who have relevant information about the claims and defenses in this case, (2) agree on a reasonable and adequate set of search terms to run against the set of custodians, and (3) produce relevant documents.

Furthermore, FCA US filed a motion to dismiss directed at all claims in the Consolidated Master Complaint on December 19, 2022, and the motion was fully briefed on February 13, 2023. FCA US also filed a motion to compel arbitration as to fourteen named Plaintiffs on May 1, 2023, and that motion was fully briefed on July 6, 2023. The motion to dismiss is currently scheduled for hearing on September 27, 2023 and the motion to compel arbitration is currently scheduled for hearing on October 25, 2023. FCA US believes that the outcomes of these motions will have a direct bearing on the scope of discovery going forward (including depositions), as well as the scope and content of expert opinions, summary judgment motions, and class certification briefing. Plaintiffs do not believe that the pending motions are relevant to the Parties' efforts to achieve substantial completion of discovery as soon as possible.

While the Parties have been engaging in good faith in discovery on the claims currently pled, FCA US believes that the scope of discovery would be significantly altered if, for example, the Court were to dismiss certain of Plaintiffs' claims. By way of example, in order to defend itself against the claims in this case, FCA US has

indicated it plans to take the deposition of each named Plaintiff whose claims (1) survive beyond the pleading stage and (2) are not compelled to arbitration. Ideally, FCA US plans to take these depositions prior to its experts having to serve their reports, because the information from those depositions is likely to provide evidence for the experts' opinions. But it would be inefficient and wasteful for FCA US to depose currently named Plaintiffs if their claims do not survive the motion to dismiss. And, worse yet, FCA US risks waiving its right to compel arbitration if it were to depose the named Plaintiffs for whom FCA US contends an order compelling arbitration is necessary. Furthermore, because the rulings on the motions may affect the Parties' expert reports if any claims are dismissed, for efficiency and to avoid wasting resources, the Parties would prefer that their expert reports be tailored to the claims and Plaintiffs whose claims survive the initial challenges to the pleadings. Considering the next steps in this case, it would also be wasteful of the Court's and the Parties' resources to prepare for and engage in briefing on whether a class should be certified for claims or issues that could be disposed of at the pleadings stage.

To be clear, the Parties are continuing to engage in discovery and they do not seek a stay of discovery. What the Parties request is that the Court adjust all deadlines in a way that allows the Parties to take into account the rulings on the

14

pending motions in serving expert reports, and briefing summary judgment and class certification issues.

### C. The Proposed Amended Pretrial Schedule is Reasonable and Will Not Needlessly Delay the Resolution of this Case

The requested amended schedule, shown below, seeks an approximate four-month extension of the deadlines to serve expert disclosures on class certification issues. The other deadlines are extended by approximately five months only because the prior order extending class certification expert disclosure deadlines (ECF No. 50) did not include a similar extension for subsequent deadlines. The proposed schedule below aligns those future dates with similar timeframes as initially included in the Court's original pretrial schedule.

Thus, even with the requested extension, the deadline for dispositive motions is set for approximately a year from now and less than five months after the original deadline.

| Event | Current Date | Proposed Date |
|---|---|---|
| Substantial completion of FCA's Document Production | n/a | November 10, 2023 |
| Plaintiffs' expert disclosures on class certification issues | September 11, 2023 | January 19, 2024 |
| Defendant's expert disclosures on class certification issues | October 2, 2023 | February 9, 2024 |
| Discovery on class issues completed | October 2, 2023 | March 22, 2024 |

| Motions challenging the admissibility of expert witness testimony on class issues | October 24, 2023 | April 3, 2024 |
| Plaintiffs' Motion for Class Certification filed | October 31, 2023 | April 10, 2024 |
| Plaintiffs' expert disclosures on merits issues | December 18, 2023 | May 22, 2024 |
| Defendant's expert disclosures on merits issues | January 29, 2024 | July 3, 2024 |
| All discovery on merits issues must be completed | March 15, 2024 | August 14, 2024 |
| Motions challenging the admissibility of expert witness testimony on merits issues | April 15, 2024 | September 11, 2024 |
| Dispositive Motions | April 15, 2024 | September 11, 2024 |

## IV.   <u>CONCLUSION</u>

For the reasons detailed herein, the Parties respectfully request that the Court amend the pretrial schedule.

Dated: August 28, 2023                Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**HAGENS BERMAN SOBOL
SHAPIRO LLP**
Steve W. Berman
Thomas E. Loeser
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE &
McCARTHY**
Niall McCarthy
Karin Swope

17

840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK
FRANCAVILLA BLATT &
PENFIELD LLP**
Gayle Blatt
Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
gmb@cglaw.com

*Interim Plaintiffs' Steering Committee
for Plaintiffs and the Proposed Class*


**THOMPSON COBURN LLP**

 _/s/ Stephen A. D'Aunoy_____
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri  63101
T:  (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

**KLEIN THOMAS & LEE LLC**
Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T:  (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2023, I electronically filed the forgoing

document(s) using the electronic filing system, which will serve and notify all parties

of record.

/s/ *E. Powell Miller*_____
E. Powell Miller (P39487)
**The Miller Law Firm, P.C**.
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
