# Exhibit 15

# Dennis A Lienhardt

| | |
|---|---|
| **From:** | Dennis A Lienhardt |
| **Sent:** | Thursday, August 24, 2023 6:03 PM |
| **To:** | Morgan, Scott H.; Karin B. Swope |
| **Cc:** | D'Aunoy, Stephen A.; Thomas Loeser; Jeanine Acosta |
| **Subject:** | RE: Meet and Confer Follow Up 7/20/23 |

Scott,

We have told you repeatedly that we seek additional information on five specific proposed custodians. We seek this information because they appear to occupy critical roles within FCA related to the Class Vehicles and subject batteries, but have only been in those roles at the end of the relevant time period (for example, Sherine Elakkad is the "Chief Engineer – PHEV Batteries" from 2021-present, but you have not disclosed who was in that role prior to Ms. Elakkad). Specifically, we are seeking the names of their predecessors and the reasoning why they were omitted from FCA's ESI disclosures.

As we explained on Monday's call, if there is good reason to omit those individuals (i.e., they were not involved with the subject batteries or would have nearly entirely duplicative information as another custodian), we would seriously consider agreeing to omit them from these negotiations. But it has now been many months since we have asked for this information, which should have only taken days to produce. Ms. Elakkad, for example, is a current employee of FCA. Simply asking her who preceded her in that role would have been extremely easy for FCA to accomplish. But instead, you provide us with generalities such as, "it does not mean that these supervisors, subordinates, predecessors or successors are going to have any additional information relevant to the claims at issue." But is that the case? Can you confirm to us, like we requested, that they do not have additional relevant information?

It is also simply untrue that you cannot perform collection and review of ESI documents for agreed-upon custodians while the parties continue to negotiate on the last remaining potential custodians. Indeed, this is what Section VI.F of our stipulated ESI Protocol specifies. If additional custodians are agreed-upon at a later time, you can run the searches, collect the documents, and then, through your hosting software, exclude all previously produced documents. FCA will not need to review the same documents for a second time.

We also continue to be perplexed by the delay – more than a month now – in compiling hit reports for the custodians, and we are still waiting on hit reports for a majority of them.

As of now, it appears that there are approximately 192,583 unique documents among the nine custodians. While we are happy to discuss whether this volume is burdensome or not, the purpose of hit reports is to analyze whether any specific search strings are hitting on an exorbitant number of documents and we are, slowly, making progress towards that goal. Many of the search strings result in a few hundred or thousand unique documents – certainly reasonable numbers – while only 7 search strings hit on more than 10,000 unique documents (and total approx. 157,000 hits), which we are happy to discuss further with you.

We reiterate our request that FCA provide: (1) the hit reports for the remaining 11 custodians and (2) the identities of the five unknown predecessors (or a reason why they do not have relevant information) by the end of next week.

Thanks,

**Dennis A. Lienhardt, Jr.**
*Partner* | The Miller Law Firm, P.C. | dal@millerlawpc.com

1

**From:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Sent:** Thursday, August 24, 2023 1:45 PM
**To:** Dennis A Lienhardt <DAL@millerlawpc.com>; Karin B. Swope <KSwope@cpmlegal.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; Thomas Loeser <TomL@hbsslaw.com>; Jeanine Acosta <JAcosta@cpmlegal.com>
**Subject:** RE: Meet and Confer Follow Up 7/20/23

Dennis,

During Monday's call, Plaintiffs indicated their opinion that the now twenty potential custodians the parties have been discussing are still deficient in scope and number. FCA US obviously disagrees. Months ago, FCA US identified the individuals who are most likely to have relevant information relating to the claims Plaintiffs put at issue in this case. From that point forward, all Plaintiffs have done is demand more and more, with no basis other than these individuals might have had supervisors, subordinates, predecessors or successors. While that might be true, it does not mean these supervisors, subordinates, predecessors or successors are going to have any additional information relevant to the claims at issue. Despite believing Plaintiffs' demands have been harassing and unreasonable, FCA US, purely in an effort to compromise, agreed to add additional custodians to get the parties to the current twenty under consideration. But this whole process, entirely necessitated by Plaintiffs' never-ending demands, has caused serious delays. FCA US cannot possibly do an efficient and systematic review of the documents until the universe of potentially responsive documents is collected. That cannot happen until the parties agree on custodians, otherwise FCA US will be reviewing the same documents over and over again. We are now at the point where Plaintiffs are demanding even more without even knowing what they are already getting. This is inefficient and harassing.

I'll reiterate what I said in the call about the flawed notion that supervisors, subordinates, predecessors, or successors will necessarily have unique responsive documents. For some of these people we've been discussing, there is not even a direct progression of linear titles working on the same project or task over time—employees have different projects and responsibilities varying from model vehicle and model-year, and positions and corresponding titles are created, closed, or modified along the way.

Furthermore, although Plaintiffs indicated they weren't interested in receiving iterative updates on hit reports, the nine custodians whose mailboxes have been run against Plaintiffs' proposed search strings so far (*i.e.*, Mark Chernoby, Ron Leach, Kayla Tunajek, Sherine Elakkad, Jesse Brown, Imran Rauf, Kent Lin, Catalina Coada, and Kevin Snyder) have returned (i) 192,583 unique hits among (ii) nearly 1.8M documents and (iii) more than 2.7M documents counting families. Even accounting for de-duplication, running Plaintiffs' strings against the remaining eleven custodians will substantially increase these figures even farther.

FCA US is willing to continue these discussions, but Plaintiffs need to give serious consideration to what it is they actually want. Do they want to continue to fight about supervisors, subordinates, predecessors or successors, or do they want to start the process of narrowing the search terms and reviewing documents from the twenty custodians? So we are on the same page, attached is the chart

I referred to during our last call, which details the custodians and their roles (*e.g.*, vehicle design/development, battery design/development, and safety/product investigations), titles held, and the relevant time period.

FCA US is continuing work to complete the comprehensive hit report for all twenty custodians under consideration, but after yesterday's call, it seems to make little sense to do that if, despite the data yielded so far, Plaintiffs *already* intend to demand additional custodians and hit reports, especially without having actually identified any actual shortcoming in FCA US's anticipated ESI production.

**Scott H. Morgan**
smorgan@thompsoncoburn.com
P: 314 552 6283
F: 314 552 7000
M: 314.602.6283

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Dennis A Lienhardt <DAL@millerlawpc.com>
**Sent:** Friday, August 18, 2023 4:30 PM
**To:** Karin B. Swope <KSwope@cpmlegal.com>; Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; Thomas Loeser <TomL@hbsslaw.com>; Jeanine Acosta <JAcosta@cpmlegal.com>
**Subject:** RE: Meet and Confer Follow Up 7/20/23

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Scott,

Thanks for the call today. In advance of Monday's call, below are a few discussion points after revieing the supplemental ESI disclosures.

- From the face of the document, it doesn't appear that predecessors for Jesse Brown, Sherine Elakkad, or Kent Lin are listed. Or at least no individuals with those titles for an earlier time period seem to be present. Is that correct?

- Can you confirm that Joe LoGrasso is the predecessor for Imran Auf? Their titles vary a bit, so we would like confirmation. As for Kevin Snyder, it appears that newly identified Andrew Best has the same title as him for the period 2020-present. Who was in that role before them?

- You identify Carrie Okma. Was this in response to one of our requests for predecessors or is this a new custodian that FCA is identifying after internal discussions? I notice that she started in her role in 2020. Who was in that role earlier in the relevant period?

- Thank you for identifying John Nulty and Jeff Roselli as model responsible for the RU and for including Thomas McCarthy and Mark Chernoby.

Talk on Monday.

3

Thanks,

**Dennis A. Lienhardt, Jr.**
*Partner* | The Miller Law Firm, P.C. | dal@millerlawpc.com

---

**From:** Karin B. Swope <KSwope@cpmlegal.com>
**Sent:** Thursday, August 17, 2023 2:47 PM
**To:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; Dennis A Lienhardt <DAL@millerlawpc.com>; Thomas Loeser <TomL@hbsslaw.com>; Jeanine Acosta <JAcosta@cpmlegal.com>
**Subject:** RE: Meet and Confer Follow Up 7/20/23

Yes, let's meet at 1 pm ET tomorrow.  We will want to discuss timing of a full hit count report for all the custodians and FCA's view of what is an overbroad production, among other things.  We will send out a Zoom invite.

**From:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Sent:** Thursday, August 17, 2023 11:33 AM
**To:** Karin B. Swope <KSwope@cpmlegal.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** RE: Meet and Confer Follow Up 7/20/23

Yes, the 629K hits is the total of the "Documents with Hits" in Column D.  And, yes, the 957K figure is for the "Documents with Hits, including Family" in Column E.  The number of unique hits can be totaled by adding the figures in Column F, labeled "Unique Hits."  When that's done, the sum is 65K for just this initial group of custodians.  How many of those are "exact duplicates" subject to deduplication is unknown right now.  FCA US believes this shows Plaintiffs' search terms and custodians are overbroad, overinclusive, and not particularly targeted, so running them isn't coming up with a tailored set of core, responsive documents.

As to the call Plaintiffs still want to have about the hit report, I could be available at 1:00 ET tomorrow, but please let me know beforehand what questions there are so I can try to get that information from the vendor.


**Scott H. Morgan**
smorgan@thompsoncoburn.com
P: 314 552 6283
F: 314 552 7000
M: 314.602.6283

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

---

**From:** Karin B. Swope <KSwope@cpmlegal.com>
**Sent:** Thursday, August 17, 2023 10:58 AM
**To:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** Re: Meet and Confer Follow Up 7/20/23

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Scott,

We will review.  However, your number of 629K hits is not on your spreadsheet -- is it the total of Column D.  Is the number of 957K for documents including families the total of Column E?  If this case, then it includes duplicates, as the unique hit count indicates.  Can you please ask your vendor to provide us with the total number of unique (not duplicate) documents and documents including family?   Thank you, Karin.

**From:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Sent:** Thursday, August 17, 2023 8:51 AM
**To:** Karin B. Swope <KSwope@cpmlegal.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com <DAL@millerlawpc.com>; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** RE: Meet and Confer Follow Up 7/20/23

Karin,

A hit report from custodians Mark Chernoby, Kayla Tunajek, Jesse Brown, and Kevin Snyder is attached.  Likely next week, we'll update the report to include the hits from Sherine Elakkad, Kent Lin, Imran Rauf, Catalina Coada, and Ron Leach.  Counts for the remaining custodians will be run after that.  For just those four individuals so far, Plaintiffs' search terms have returned 629K hits (a potential 956K documents with families).  Adding the overbroad number of custodians Plaintiffs have demanded to Plaintiffs' already overbroad search terms makes for, as we indicated early on, a prolonged process.

I'm not sure what Plaintiffs are referring to with "agreed upon search terms."  FCA US proposed a compromise on terms and Plaintiffs demanded their search terms be used without FCA US's input, which brought us to running a hit report.

Concerning the identification and production of documents without search terms, I'm not sure what Plaintiffs are asking about.  Just last week FCA US produced bates-stamped documents 9674-16530 in response to RFPs 75, 85 and others, consisting of CAIRs, recall reports, Cherwell reports, VIDRs, owner information reports, warranty claim summaries, and service contract claim summaries for Plaintiffs' vehicles, as well as the glove box materials for the subject vehicles, applicable TSBs, CSNs, and other dealer communications, service manuals, advertising materials and sales brochures, records management and corporate process guidelines, and the code guides for the subject vehicles.  FCA US's diligent efforts to continue to identify, collect, review, and produce additional responsive documents in these targeted searches are ongoing.

Lastly, we can arrange for another call on this, but I don't know what value it would have since I won't have any more information to convey this afternoon or Friday than what's already stated above.

5

**Scott H. Morgan**
smorgan@thompsoncoburn.com
P: 314 552 6283
F: 314 552 7000
M: 314.602.6283

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Karin B. Swope <KSwope@cpmlegal.com>
**Sent:** Tuesday, August 15, 2023 2:46 PM
**To:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** Re: Meet and Confer Follow Up 7/20/23

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Scott,

I'm following up on the below.  We would like
   a. When will you provide a hit count report
   b. When will you produce the documents with both the agreed upon search terms and the documents that we specified do not need to be located via search terms?
2. You promised all of this the week of July 31, which was last week, and we have not received a single document or hit count report.

What is your availability to meet and confer on these items either Thursday afternoon after 2 pm ET or Friday 10 am -4 pm ET?

**From:** Karin B. Swope <KSwope@cpmlegal.com>
**Sent:** Monday, August 7, 2023 11:26 AM
**To:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com <DAL@millerlawpc.com>; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** Re: Meet and Confer Follow Up 7/20/23

Scott:

2. How many CAIR documents in the first place?  We think it may not be necessary for search terms.
3. You have not addressed the remainder of my email inquiry:
   a. When will you provide an updated ESI Disclosure sheet with additional custodians?
   b. When will you provide a hit count report
   c. When will you produce the documents with both the agreed upon search terms and the documents that we specified do not need to be located via search terms?

4. You promised all of this the week of July 31, which was last week, and we have not received a single document or hit count report.

   Please tell us when we can expect the items in (2)a-c above.

Thank you, Karin.

---

**From:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Sent:** Thursday, August 3, 2023 1:50 PM
**To:** Karin B. Swope <KSwope@cpmlegal.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com <DAL@millerlawpc.com>; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** RE: Meet and Confer Follow Up 7/20/23

Karin,

DealerConnect does not lend itself to strings of search terms; rather, communications are filtered by vehicle and/or recall number and then reviewed individually for responsiveness. That search, collection, and review process is underway and, when it's completed, those responsive DealerConnect documents will be produced.

For CAIRs, the terms "Compl* OR problem* OR suggest* OR improv*" aren't at all tailored to yield anything responsive. Again, these are records of customer calls, and obviously the reason for many calls to customer assistance would be because of some "complaint" or "problem" with any of the thousands of components that make up the vehicles at issue. And no doubt some of these callers also have a "suggestion" about, or request for some kind of "improvement" to, whatever condition they're calling about. If a customer is having a problem with their battery, or calling about a fire, or they have a question about the recall, they're going to use those words.

We don't have a problem with Plaintiffs' other additions, except that including "(Recall AND Z11)" in the first string and then again separately in a second string is only going to return duplicates. The same is true for "(Defect AND (Battery or Fire))" since the more-inclusive terms "Battery" and "Fire" are already in the string.

In light of the above, we propose the following:

1. (Pacifica OR RU OR Minivan OR Van) AND ((~~Compl* OR problem* OR suggest* OR improv* OR~~ Battery OR Charg* OR Fire OR Explosion OR *heat* OR Park ~~OR (Recall AND Z11) OR (Defect AND (Battery OR Fire))~~))
2. Recall AND Z11

If that's acceptable, please confirm the same and we'll apply those strings to the CAIR documents.

**Scott H. Morgan**
smorgan@thompsoncoburn.com
P: 314 552 6283
F: 314 552 7000
M: 314.602.6283

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Karin B. Swope <KSwope@cpmlegal.com>
**Sent:** Wednesday, August 2, 2023 2:24 PM
**To:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** Re: Meet and Confer Follow Up 7/20/23

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Scott,

In additional to the Consumer Complaint database, we believe the shared database of DealerConnect (dealer communications) is an appropriate noncustodial source for search terms. Can you please confirm and suggest search terms for the dealerconnect database, per the ESI Protocol?

For the Customer Assistance Inquiry Record Database (customer complaints), we augment your suggested search string with the following two strings:

1. (Pacifica OR RU OR Minivan OR Van) AND ((Compl* OR problem* OR suggest* OR improv* OR Battery OR Charg* OR Fire OR Explosion OR *heat* OR Park OR (Recall AND Z11) OR (Defect AND (Battery OR Fire))))
2. (recall and Z11)

Please either run these and produce documents or explain with a hit count report as too why these strings are too burdensome.

Please provide the hit count report on all the search terms we requested and your search terms, combined in a global hit count report so we can identify unique hits, by this week.

Thanks, Karin.

**From:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Sent:** Thursday, July 27, 2023 3:44 PM
**To:** Karin B. Swope <KSwope@cpmlegal.com>
**Cc:** D'Aunoy, Stephen A. <SDAunoy@thompsoncoburn.com>; dal@millerlawpc.com <DAL@millerlawpc.com>; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** RE: Meet and Confer Follow Up 7/20/23

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Karin,

8

As we discussed, FCA US is diligently working on the hit count reports that plaintiffs demand.  We informed your side previously the search terms were overbroad, which obviously slows down the process.  We are being told that it will likely be next week before hit counts are known.

As for non-custodial sources, these aren't systems that can be interrogated with key word searches.  And it's likely hit counts would be meaningless as to the search terms plaintiffs have suggested.  The sources can be searched by using things like part numbers, which FCA US plans to do.  As for the CAIR system, it stores customer service contacts.  Applying plaintiffs' proposed search terms to that data set would, in FCA US's opinion, be a huge waste of time.  The parties need to agree upon a set of terms that customers would be using.  In this regard, FCA US proposes (Pacifica OR RU OR Minivan) AND (Battery OR Charg* OR Fire OR Explosion OR (Recall AND Z11).

**Scott H. Morgan**
smorgan@thompsoncoburn.com
P: 314 552 6283
F: 314 552 7000
M: 314.602.6283

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Karin B. Swope <KSwope@cpmlegal.com>
**Sent:** Tuesday, July 25, 2023 1:28 PM
**To:** Morgan, Scott H. <SMorgan@thompsoncoburn.com>
**Cc:** dal@millerlawpc.com; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** Re: Meet and Confer Follow Up 7/20/23

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Scott,

I'm checking in.  Please confirm you will be serving a hit count report by this Thursday, as we requested in our meet and confer last Friday.

Thanks, Karin.

**From:** Karin B. Swope <KSwope@cpmlegal.com>
**Sent:** Friday, July 21, 2023 10:01 AM
**To:** smorgan@thompsoncoburn.com <SMorgan@thompsoncoburn.com>
**Cc:** dal@millerlawpc.com <DAL@millerlawpc.com>; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** Re: Meet and Confer Follow Up 7/20/23

Scott:

I'm following up on our call of 7/20 because we did not discuss non-custodial sources.  Plaintiffs request that FCA follow the same protocol for non-custodial sources that you said FCA would follow for custodial sources.  Specifically, please run Plaintiffs' search terms across the following non-custodial sources (identified by FCA) and produce a hit count report for non-custodial sources in accordance with the ESI Protocol.  These are the non-custodial sources:

1.      Shared Drives (design and testing documents; investigations; recalls and campaigns; meeting minutes and materials; presentations and summaries)

2.      Global Claims System ("GCS") (vehicle sales and warranty data)

3.      NX-Team Center (engineering drawings)

 4.     beSTandard Database (engineering standards)

5.       Web CN Database (change notices)

6.      QTAP/PGTIS Databases (durability test reports)

7.      DealerConnect (dealer communications)

8.      Customer Assistance Inquiry Record Database (customer complaints)

Additionally, please provide us an updated ESI Disclosures with the additional custodians you said FCA agreed to add by next week or 7/28.

Best, Karin.

---

**From:** Karin B. Swope
**Sent:** Thursday, July 20, 2023 12:09 PM
**To:** smorgan@thompsoncoburn.com <SMorgan@thompsoncoburn.com>
**Cc:** dal@millerlawpc.com <DAL@millerlawpc.com>; Thomas Loeser <TomL@hbsslaw.com>
**Subject:** Meet and Confer Follow Up 7/20/23

Scott,

I'm writing to confirm the following that we discussed on our meet and confer call today:

1. FCA agreed to add custodians, predecessor and otherwise, as identified in our 2/28 list, which I have attached again here for your reference.

4.  FCA agreed to run the search terms as requested by Plaintiffs (without the RU string delimiter) over the custodians, (including both the custodians identified by FCA and the custodians requested by

   Plaintiffs) and produce a hit count report for the "Disputed Terms" in the format agreed upon in our ESI Protocol Section IV.C.4 & IV.G.

5. Plaintiffs requested FCA produce the above-referenced hit count report in one week, by 7/27.  You said you would produce it the week of July 31 but would check to see if you could produce it by 7/27.  We asked that you tell us by tomorrow.  You said you would try to do so.

6. Plaintiffs requested FCA produce financial and engineering documents under the RFPs, including the design, engineering and manufacturing folders for the Class Vehicles, and including but not limited to, RFPs Nos. 75, 85 and 96, without running search terms.  You agreed to do so, and said you would produce documents next week, the week of July 24 but said that FCA does not have org charts and will not be producing any.

7. Plaintiffs requested you run the "Agreed Upon Search Terms"  Nos. 4 & 5 over the FCA identified and Plaintiffs' requested custodians and produce documents.  You agreed and said you would produce documents under the Agreed Upon Search Terms for all the custodians by the week of July 31.

Please let me know if I missed anything or if any of the above is not consistent with our conversation.

Thank you, Karin.
   8.


**Karin Swope**
*Partner*
**COTCHETT PITRE & McCARTHY LLP**
**999 N. Northlake Way, Suite 215**
**Seattle, WA 98103**
Tel: (206) 778-2123  |  Fax:  (650) 697-0577  |  Email: kswope@cpmlegal.com

CONFIDENTIALITY NOTICE:  This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.  This email and any documents accompanying this email contain legally privileged and confidential information belonging to the sender.   The information is intended only for the use of the individual or entity named above.   If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email communication is strictly prohibited.  If you have received this email in error, please notify us immediately by telephone or email and permanently delete the email, any attachments, and all copies thereof from any networks, drives, cloud, or other storage media and please destroy any printed copies of the email or attachments.  Neither this email nor the contents thereof are intended to nor shall create an attorney-client relationship between Cotchett, Pitre & McCarthy, LLP and the recipient(s), and no such attorney-client relationship shall be created unless established in a separate, written retainer agreement or by court order.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.