## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION <br><br> MDL No. 3040 | Case No. 2:22-cv-03040-DML-EAS <br><br> Hon. David M. Lawson <br> Magistrate Judge Elizabeth A. Stafford |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AN
### AMENDED CONSOLIDATED MASTER COMPLAINT

Plaintiffs, by and through their undersigned counsel, respectfully move for leave to file an Amended Consolidated Master Complaint for the purpose of repleading their fraudulent concealment, fraudulent omission, and unjust enrichment claims under state law. As more fully set forth in the accompanying Brief in Support, permitting leave is both appropriate and consistent with the purposes of Federal Rule of Civil Procedure 15(a)(2).

In accordance with Rule 15(a) and L.R. 7.1(a), Plaintiffs' counsel sought the concurrence of Defendant's counsel in the relief sought by this Motion on January 5, 2024. Defendant declined to consent to the filing of an Amended Consolidated Master Complaint with state law fraudulent concealment, fraudulent omission, and unjust enrichment claims and opposes this Motion.

Dated: January 18, 2024

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*_____
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**HAGENS BERMAN SOBOL
SHAPIRO LLP**
Steve W. Berman
Thomas E. Loeser
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE &
McCARTHY**
Niall McCarthy
Karin Swope

840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK
FRANCAVILLA BLATT &
PENFIELD LLP**
Gayle Blatt
Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
gmb@cglaw.com

*Interim Plaintiffs' Steering Committee
for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML-EAS<br><br>Hon. David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
## TO FILE AN AMENDED CONSOLIDATED MASTER COMPLAINT

## <u>STATEMENT OF ISSUE PRESENTED</u>

1.    Whether the Court should grant leave to file an Amended Consolidated Master Complaint that repleads Plaintiffs' fraudulent concealment, fraudulent omission, and unjust enrichment claims under state law, where leave to amend a complaint should be "freely given" in the absence of (1) bad faith by the amending party, (2) undue delay, (3) dilatory motive, and (4) futility of amendment, none of which are present in this case.

Plaintiffs' answer: Yes.

## <u>MOST CONTROLLING AUTHORITIES</u>

*Foman v. Davis*,
  371 U.S. 178 (1962)

*In re Chevrolet Bolt EV Battery Litig.*,
  633 F. Supp. 3d 921 (E.D. Mich. 2022)

*Klein by Klein v. Caterpillar Inc.*,
  581 F. Supp. 3d 912 (E.D. Mich. Jan. 12, 2022)

*Morse v. McWhorter*,
  290 F.3d 795 (6th Cir. 2002)

## **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................1

II.   STATEMENT OF FACTS ...........................................................................2

  A.  Procedural Background ...........................................................................2

  B.  Proposed Amendments to the Consolidated Master Complaint.....................3

III.   LEGAL STANDARD ..................................................................................4

IV.   ARGUMENT................................................................................................5

  A.  Plaintiffs' Proposed ACMC Complies With the Court's Guidance................6

  B.  Plaintiffs' Proposed Amendments Are Not Futile ........................................8

  C.  There Is No Undue Delay, Bad Faith, or Dilatory Motive ...........................11

  D.  The Proposed Amendments Do Not Prejudice FCA ....................................11

V.   CONCLUSION .............................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Asher v. Clay Cnty. Board of Educ.*,
  585 F. Supp. 3d 947 (E.D. Ky. 2022) ....................................................................13

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
  582 U.S. 255 (2017)...............................................................................................9

*Carson v. U.S. Office of Special Counsel*,
  633 F.3d 487 (6th Cir. 2011) .................................................................................5

*Foman v. Davis*,
  371 U.S. 178 (1962)...............................................................................................5

*In re Chevrolet Bolt EV Battery Litig.*,
  633 F. Supp. 3d 921 (E.D. Mich. 2022) ............................................................3, 7

*Klein by Klein v. Caterpillar Inc.*,
  581 F. Supp. 3d 912 (E.D. Mich. Jan. 12, 2022) ................................ 7, 11, 12, 13

*Miller v. Calhoun Cnty.*,
  408 F.3d 803 (6th Cir. 2005) .................................................................................8

*Moore v. City of Paducah*,
  790 F.2d 557 (6th Cir. 1986) .................................................................................8

*Morse v. McWhorter*,
  290 F.3d 795 (6th Cir. 2002) .................................................................................4

*Northeast Ohio Coalition for the Homeless v. Husted*,
  837 F.3d 612 (6th Cir. 2016) .................................................................................7

*Parchman v. SLM Corp.*,
  896 F.3d 728 (6th Cir. 2018) .................................................................................4

*Roth Steel Prods. v. Sharon Steel Corp.*,
  705 F.2d 134 (6th Cir. 1983) ...............................................................................12

*United States ex rel. Lynn v. City of Detroit*,
  2022 WL 163616 (E.D. Mich. Jan. 18, 2022) .......................................................8

**Other Authorities**

Wright & Miller, 6 Fed. Prac. & Pro. Civ. § 1474 (3d ed.) (2023) ...........................5

**Rules**

Fed. R. Civ. P. 15(a)(2)...............................................................................................4

## I.   INTRODUCTION

Plaintiffs seek leave to file an Amended Consolidated Master Complaint ("ACMC") to replead their fraudulent concealment, fraudulent omission, and unjust enrichment claims under the law of each state where a Plaintiff resides. Defendant opposes such amendment. Plaintiffs also seek to add certain factual allegations that have only recently become known, remove state law claims that this Court dismissed in its Opinion and Order on Defendant's Motion to Dismiss ("Opinion and Order") (ECF No. 67), and remove the Maltz Plaintiffs' claims. Defendant does not oppose these amendments. As a result, this Motion is focused on the repleading of state law fraudulent concealment, fraudulent omission, and unjust enrichment claims.

In its December 11, 2023 Opinion and Order, this Court expressed approval of pleading these claims individually under the laws of the states represented by Plaintiffs, and even analyzed and denied FCA's Motion to Dismiss as to essential elements of fraudulent concealment and fraudulent omission claims, i.e., pre-sale knowledge and duty to disclose.

Given that Rule 15 liberally allows amendments of complaints and there is no delay, bad faith, or prejudice in connection with this request, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the ACMC. Plaintiffs' proposed ACMC is attached as Exhibit 1 and a redlined copy comparing the proposed ACMC

to the operative Consolidated Master Complaint ("CMC") (ECF No. 24) is attached as Exhibit 2.

## II.    STATEMENT OF FACTS

### A. Procedural Background

On November 4, 2022, Plaintiffs filed their CMC against Defendant FCA, the manufacturer responsible for the design, marketing, and sale of 2017-2018 Chrysler Pacifica Hybrid Plug-in vehicles ("Class Vehicles") that contain a defect that can cause the hybrid powertrain battery packs to spontaneously enter a thermal runaway state resulting in catastrophic fires or explosions (the "Spontaneous Fire Risk"). *See* CMC ¶¶ 1-22. On December 19, 2022, FCA filed a Motion to Dismiss Plaintiffs' CMC pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 30) and oral argument was held on September 27, 2023.

On December 11, 2023, this Court issued its Opinion and Order, which dismissed *without prejudice* Plaintiffs' nationwide claims for fraudulent concealment, fraudulent omission, and unjust enrichment (Counts II, III, and IV). *See* ECF No. 67, PageID.2053-2056, 2100-2101. The Court dismissed these nationwide claims due to potential standing, choice of law, forum, jurisdictional, and case management problems associated with permitting these nationwide claims to proceed as pled in Plaintiffs' CMC. *Id.* at PageID.2053-2056.

However, this Court did not dismiss *with* prejudice or otherwise bar fraudulent concealment, fraudulent omission, or unjust enrichment claims. Instead, the Court explained that to determine the viability of these claims, "the Court must parse the elements of those claims under the common law of each state." *See id.* at PageID.2054. In doing so, the Court distinguished this case from *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921 (E.D. Mich. 2022), where the complaint "pleaded both 'nationwide' common law claims *and* individualized common law counts of their various causes of action for every state where such claims were raised." *Id.* at PageID.2056. This is precisely what Plaintiffs seek leave to do here.

### B. Proposed Amendments to the Consolidated Master Complaint

Plaintiffs' proposed ACMC contains the following amendments:

*First*, the ACMC removes Plaintiffs' claims for fraudulent concealment, fraudulent omission, and unjust enrichment on behalf of a nationwide class and repleads these claims under state law. Defendant does not oppose the removal of the nationwide claims but does oppose amendment to replead those claims on a state-by-state basis.

*Second*, the ACMC adds a small number of factual allegations that have recently become known, long after Plaintiffs' operative complaint was filed. Defendant does not oppose this amendment.

*Third*, the ACMC removes the state law claims that this Court dismissed in its Opinion and Order on Defendant's Motion to Dismiss. Defendant does not oppose this amendment.

*Fourth*, the ACMC removes Massachusetts Plaintiffs Alicia and David Maltz's claims, as they no longer wish to proceed with their claims. Defendant does not oppose this amendment.

Following the issuance of the Opinion and Order, Plaintiffs' counsel wrote Defendant's counsel on January 5, 2024, informing Defendant of Plaintiffs' intention to file their ACMC with the foregoing amendments. On January 8, 2024, Defendant's counsel informed Plaintiffs that while Defendant is agreeable to amendments adding factual allegations, removing dismissed state law claims, and removing the Maltz Plaintiffs' claims, it is not amenable to Plaintiffs pleading fraudulent concealment, fraudulent omission, and unjust enrichment claims under state law, necessitating the filing of this Motion.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has held that "Rule 15 plainly embodies a liberal amendment policy." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing

amendments to a complaint.") (quotation marks omitted). Courts routinely grant parties leave to amend their complaints to include additional claims. *See* Wright & Miller, 6 Fed. Prac. & Pro. Civ. § 1474 (3d ed.) (2023).

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*; *see also Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011).

## IV.   ARGUMENT

The proposed ACMC will preserve judicial economy by keeping claims arising from the same course of conduct in a single complaint, instead of requiring the filing of multiple duplicative cases under the laws of several states. The proposed amendments are not futile, they are not filed in bad faith or for any improper motive, and there is no prejudice to FCA by granting Plaintiffs leave to amend at this early stage in the litigation.

5

**A. Plaintiffs' Proposed ACMC Complies With the Court's Guidance**

Plaintiffs' proposed ACMC does not bring *new* claims. Rather, it simply seeks to replead claims for fraudulent concealment, fraudulent omission, and unjust enrichment under the laws of the states represented by Plaintiffs—precisely what this Court expressed openness to in its Opinion and Order.

While the Court dismissed the nationwide claims without prejudice, the Court did not rule that claims for fraudulent concealment, fraudulent omission, and unjust enrichment could not be brought under the laws of the several states represented by Plaintiffs. Indeed, the Court made clear that it did not engage in any such analysis of the viability of these claims under state law:

> "[T]o determine if Counts II, III, and IV of the CMC state viable claims, the Court *must parse the elements of those claims under the common law of each state*. The plaintiffs have eschewed such an analysis by pleading their nationwide theories, which are untethered to any particular body of state-specific law."

*Id.* at PageID.2054 (emphasis added); *see also id.* at PageID.2055 ("entertaining the claims in the posture that they take in the consolidated pleading would pose insurmountable jurisdictional concerns, as well as irreconcilable case management problems when the constituent cases proceed to trial.").

Further, this Court recognized that pleading these claims individually under the laws of the states represented by Plaintiffs is appropriate in large automotive class action litigation. This Court differentiated Plaintiffs' pleading of nationwide

claims in its CMC from the plaintiffs' pleading of "both 'nationwide' common law claims *and* individualized common law counts" in *In re Chevrolet Bolt*, 633 F. Supp. 3d at 941-45. *See* ECF No. 67, PageID.2056. The amendments proposed in Plaintiffs' ACMC are aimed squarely at addressing the deficiencies identified by this Court. Plaintiffs' ACMC pleads individualized common law counts of fraudulent concealment, fraudulent omission, and unjust enrichment under the laws of the states represented by Plaintiffs—just as was pled and sustained in *In re Chevrolet Bolt*.

Thus, Plaintiffs' "proposed amendment[s] do[] not change the nature of the case, but rather just clarif[y] the allegations that [they] had already made in [their] original complaint." *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. Jan. 12, 2022) (quotation omitted) (granting leave to amend complaint). Denying leave to amend would delay this case's speedy resolution. Were this Court to deny Plaintiffs leave to amend, their only avenue for relief would be to file one or more separate cases to replead those claims. The cases would likely be consolidated with the present matter, which would lead to the inefficient use of this Court's and the Parties' resources. *Northeast Ohio Coalition for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) (where "a new complaint [is] the likely alternative, allowing supplemental pleadings before a court already up to speed is often the most efficient course"). As a result, allowing Plaintiffs to file their ACMC "would avoid piecemeal litigation between essentially the same parties on substantially identical

issues." *United States ex rel. Lynn v. City of Detroit*, 2022 WL 163616, at \*4 (E.D. Mich. Jan. 18, 2022) (citation omitted); *see also Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (reversing district court's denial of amendment where same set of facts supported both original and amended complaint).

### B. Plaintiffs' Proposed Amendments Are Not Futile

An amendment "is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). None of Plaintiffs' proposed amendments are futile.

As discussed above, the Court did not hold that common law claims for fraudulent concealment, fraudulent omission, and unjust enrichment could not be sustained in this case. To the contrary, the Court expressed openness to allowing such claims to proceed on a state-by-state basis, rather than as nationwide claims. The Court stated that it must "parse the elements of those claims under the common law of each state." *See* Section IV.A, *supra*.

Plaintiffs' proposed amendments also address the other standing, choice of law, forum, jurisdictional, and case management problems identified by this Court. *See* ECF No. 67, PageID.2053-2056. This Court expressed concern with how a plaintiff "with a distinct claim under the law of a specific state could derive standing to represent other persons on claims arising from the purchases of class vehicles in other states by other entirely separate plaintiffs." *See id.* at PageID.2054. Repleading

fraudulent concealment, fraudulent omission, and unjust enrichment claims under the laws of the states represented by Plaintiffs eliminates any such standing concerns. *See id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264-65 (2017)) ("What is needed — and what is missing here — is a connection between the forum and the specific claims at issue."). The same can be said with respect to this Court's choice of law, forum, jurisdictional, and case management concerns. For instance, in light of Plaintiffs' proposed amendments, this Court will no longer be required to address nationwide claims incorporating the laws of several states, nor will it be tasked with identifying a federal forum in which those nationwide claims could be tried. *See id.*

Further, this Court addressed and denied FCA's arguments as to pre-sale knowledge and duty to disclose, which are foundational elements of many of the fraudulent concealment and fraudulent omission claims. *See, e.g.*, ECF No. 67, PageID.2062 ("The allegations here leave room for considerable debate about precisely when FCA became aware of the fire risk, but pinning down the chronological threshold for liability is a task better taken up at the summary judgment stage, with the benefit of a fully developed record."); *Id.* at PageID.2070-2072 ("The plaintiffs' allegations are satisfactory under those various alternative rules of law in every contested jurisdiction to satisfy this [duty to disclose] element of their consumer fraud claims"); *see also id.* at PageID.2072-2074 (finding that "the

CMC sufficiently pleads that the defendant had 'superior' and 'exclusive' knowledge of the fire risk defect"); *id.* at PageID.2075 ("[T]he CMC plausibly alleges that the defendant made 'partial disclosures' explicitly touting the superior performance and utility of the plug-in hybrid feature of the class vehicles, without disclosing information about the serious fire risk which allegedly renders the touted features and performance both essentially useless and unreasonably dangerous in ordinary usage. In all of the above jurisdictions, those allegations are sufficient to establish a duty to disclose knowledge about the fire risk.").

In fact, the Parties briefed numerous state-specific arguments concerning fraudulent concealment, fraudulent omission, and unjust enrichment claims. *See, e.g.*, FCA's Motion to Dismiss (ECF No. 30, PageID.1211-1220) (raising state law arguments and case law for the dismissal of the unjust enrichment claims). This is because Plaintiffs' nationwide claims were pled "on behalf of the Nationwide Class or, in the alternative, the State Subclasses." ECF No. 24, PageID.242. Thus, if the Court grants leave for Plaintiffs to file the ACMC, subsequent motion to dismiss briefing should not be necessary, or at the very least will necessarily be narrowly tailored to abide the law of the case. This is especially true since the Opinion and Order on the pre-sale knowledge and duty to disclose arguments makes clear that many, if not all, of these claims (pled on a state-by-state basis) would survive any such motion to dismiss.

**C. There Is No Undue Delay, Bad Faith, or Dilatory Motive**

Amending the CMC at this early stage of the litigation is certainly not the result of any undue delay. In fact, Plaintiffs' diligence in seeking leave to amend is evident from the fact that Plaintiffs provided Defendant with notice of Plaintiffs' proposed amendments—and the proposed ACMC itself—approximately four weeks (including the holiday season) following the issuance of the Opinion and Order. *See Klein*, 581 F. Supp. 3d at 918 (finding "[t]here is no reason to deny Plaintiff leave to amend" where the plaintiff did not delay in filing and provided notice to the defendant). The Parties are currently engaged in discovery and the filing of the ACMC would not affect the scope of discovery or delay the progression of the case.

Nor do Plaintiffs request leave for any bad faith or dilatory motive. Plaintiffs seek to amend their CMC to specifically address the deficiencies the Court found and explained in its Opinion and Order. Plaintiffs' efforts to replead these claims under the laws of the states represented by Plaintiffs are not evidence of bad faith, especially when this Court expressly approved of pleading such claims in this manner. *See* Section IV.A, *supra*.

**D. The Proposed Amendments Do Not Prejudice FCA**

Finally, the filing of the ACMC would not prejudice Defendant. Examples of prejudice include "insufficient time to conduct discovery," being "unfairly surprised by the change in theories," or otherwise showing an inability to now "rebut the

plaintiff's new theory." *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). No such prejudice exists here.

Plaintiffs' "proposed amendment[s] do[] not change the nature of the case, but rather just clarif[y] the allegations that [they] had already made in [their] original complaint." *Klein*, 581 F. Supp. 3d at 919. Plaintiffs' CMC alleged nationwide (or in the alternative statewide) claims for fraudulent concealment, fraudulent omission, and unjust enrichment. The proposed amendments refine these claims by pleading allegations under the laws of the states represented by Plaintiffs in accordance with this Court's Opinion and Order. Defendant cannot claim to be "surprised by [a] change in theories" or an inability to respond to them—the theories have not changed and FCA has already responded to them in its initial Motion to Dismiss, in which the Court addressed the merits of some of these arguments, such as pre-sale knowledge and duty to disclose.

Nor can Defendant claim that it has insufficient time to conduct discovery, as discovery has been ongoing and the repleading of these claims does not affect the scope of discovery. In fact, the status of only a single Plaintiff, Tiffany Rodriguez (Wisconsin), would change with the filing of the ACMC. All of the Wisconsin state law claims were dismissed in the Opinion and Order, but the ACMC would replead some of those claims resulting in Ms. Rodriguez remaining as a Plaintiff. But Plaintiffs have long since provided discovery responses for Plaintiff Rodriguez so

the *only* additional piece of discovery Defendant would need to conduct is her deposition. This factor supports granting leave to file the ACMC. *See Asher v. Clay Cnty. Board of Educ.*, 585 F. Supp. 3d 947, 957 (E.D. Ky. 2022) ("[N]o undue delay, unfair prejudice, or unfair surprise arises because the amendment was filed early in the litigation and largely recites the same claims as the First Amended Complaint."); *Klein*, 581 F. Supp. 3d at 918.

## V.   CONCLUSION

Plaintiffs' ACMC repleads their claims for fraudulent concealment, fraudulent omission, and unjust enrichment under the laws of the states represented by Plaintiffs. In the interests of justice, and in the absence of delay, bad faith, or prejudice, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the ACMC, attached as Exhibit 1.

Dated: January 18, 2024                Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*_____
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
Thomas E. Loeser
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE & McCARTHY**
Niall McCarthy
Karin Swope
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
Gayle Blatt
Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
gmb@cglaw.com

14

*Interim Plaintiffs' Steering Committee*
*for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 18, 2024, the foregoing document was electronically filed using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com

16