## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to: ALL CASES* | Case No. 2:22-MD-03040-DML-EAS<br><br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

## DEFENDANT FCA US LLC'S UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' EXHIBITS FOR PLAINTIFFS' RULE 23(d) MOTION

Plaintiffs have informed Defendant FCA US LLC that they plan to file a motion under Fed. R. Civ. P. 23(d) seeking to send a notice to putative class members prior to class certification; and that, in support of the motion, Plaintiffs plan to attach as exhibits four documents FCA US has produced in discovery and designated "Confidential" under the Protective Order (ECF #34) entered by the Court.

Pursuant to the Protective Order and the Local Rules, FCA US moves—unopposed—for an order allowing to be filed under seal narrowly designated portions of three of those exhibits and the other in its entirety:

*Plaintiffs' Exhibit* 1:   A spreadsheet reflecting Customer Assistance Inquiry Record ("CAIR") communications between FCA US and vehicle owners (FCA_Pacifica_MDL-017935).

*Plaintiffs' Exhibit* 2:   A PowerPoint slide deck authored by LG and concerning LG's "analysis status" of the recall remedy (FCA_Pacifica_MDL-093890).

*Plaintiffs' Exhibit* 3:   An email exchange between FCA US and LG concerning a vehicle incident field report (FCA_Pacifica_MDL-121637).

*Plaintiffs' Exhibit* 4:   A PowerPoint slide deck concerning FCA US's investigation into a vehicle incident field report (FCA_Pacifica_MDL-122713).

Pursuant to E.D. Mich. LR 7.1(a), on January 23, 2024 FCA US's counsel conferred with Plaintiffs' counsel by telephone about the relief sought in this motion, and Plaintiffs did not oppose the relief requested in this motion.

Pursuant to E.D. Mich. LR 5.3(b), proposed redacted versions of Plaintiffs' Exhibits 1, 3, and 4 and a placeholder cover sheet for Exhibit 2 are publicly filed with this motion.  Unredacted versions of Exhibits 1, 3, and 4 and a full version of Exhibit 2 are provisionally filed under seal, with cover sheets, for the limited purpose of resolving this motion.

In further support of its motion, FCA US adopts and incorporates herein by reference its accompanying Brief in Support.

FOR RELIEF, Defendant FCA US LLC respectfully requests that this Court grant its motion and direct that the proposed redacted versions of Plaintiffs'

Exhibits 1, 3, and 4 be used in any public filing and allow Exhibit 4 to be filed under seal.

Respectfully submitted,

**THOMPSON COBURN LLP**

 */s/  Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri 63101
T:  (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

*-and-*

**KLEIN THOMAS LEE & FRESARD LLC**
Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T:  (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Attorneys for FCA US LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 26, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Stephen A. D'Aunoy*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to: ALL CASES* | Case No. 2:22-MD-03040-DML-EAS<br><br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

## DEFENDANT FCA US LLC'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' EXHIBITS FOR PLAINTIFFS' RULE 23(d) MOTION

# **TABLE OF CONTENTS**

**Page**

ISSUE PRESENTED .................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iv

INDEX OF DOCUMENTS WHICH ARE PROPOSED FOR SEALING ............... v

I. INTRODUCTION ....................................................................1

II. BACKGROUND ....................................................................1

III. ARGUMENT ........................................................................3

    A. The Compelling Reasons In Support Of Nondisclosure............3

    B. Why The Interests Supporting Public Access Are Less Compelling. ....................................................................4

    C. The Requested Seal Is No Broader Than Necessary. ................5

IV. CONCLUSION .....................................................................5

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013) ........................................................................................4

*Hamama v. Adducci*, 2018 WL 5262679 (E.D.Mich. 2018) ...............................3, 4

*In re Flint Water Cases*, 2020 WL 8671924 (E.D.Mich. 2020)...........................3, 5

*In re Gen. Motors Air Conditioning*, 2023 WL 319922 (E.D.Mich. 2023) ........................................................................................4

*Jonna v. GIBF, Inc.*, 2023 WL 3244832 (E.D.Mich. 2023) ....................................4

**Rules**

E.D. Mich. LR 5.3(b) ...........................................................................1, 3

Fed. R. Civ. P. 5.2 ...............................................................................3, 4

Fed. R. Civ. P. 23(d) ................................................................................1

## <u>ISSUE PRESENTED</u>

1.  Should the Court allow portions of Plaintiffs' Exhibits 1, 3, and 4 to be filed under seal, and Plaintiffs' Exhibit 2 entirely under seal, when (i) redactions are applied only to the Personally Identifiable Information ("PII") and entirely irrelevant information in Exhibits 1, 3, and 4; and (ii) Exhibit 2 contains the proprietary and commercially sensitive information of non-party LG?

    The Court should respond "Yes."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

1.    Fed. R. Civ. P. 5.2

2.    *In re Gen. Motors Air Conditioning Mktg. & Sales Prac. Litig.*, 2023 WL
       319922 (E.D.Mich. 2023).

3.    *Jonna v. GIBF, Inc.*, 2023 WL 3244832 (E.D.Mich. 2023).

## INDEX OF DOCUMENTS WHICH ARE PROPOSED FOR SEALING

| Exhibit | Description | Produced "Confidential" by FCA US | Plaintiffs Object to Sealing? |
|---|---|---|---|
| **Plaintiffs' Exhibit 1** (redacted) / **1-A** (unredacted, provisionally filed under seal) | Spreadsheet reflecting CAIR communications between FCA US and vehicle owners (FCA_Pacifica_MDL-017935) | YES | NO |
| **Plaintiffs' Exhibit 2** (blank cover sheet) / **2-A** (provisionally filed under seal) | PowerPoint slide deck authored by LG and concerning LG's "analysis status" of the recall remedy (FCA_Pacifica_MDL-093890) | YES | NO |
| **Plaintiffs' Exhibit 3** (redacted) / **3-A** (unredacted, provisionally filed under seal) | Email exchange between FCA US and LG concerning a vehicle incident field report (FCA_Pacifica_MDL-121637) | YES | NO |
| **Plaintiffs' Exhibit 4** (redacted) / **4-D** (unredacted, provisionally filed under seal) | PowerPoint slide deck concerning FCA US's investigation into a vehicle incident field report (FCA_Pacifica_MDL-122713) | YES | NO |

# I.  <u>INTRODUCTION</u>

Plaintiffs have informed Defendant FCA US LLC that they plan to file a motion under Fed. R. Civ. P. 23(d) seeking to send a notice to putative class members prior to class certification; and that, in support of the motion, Plaintiffs plan to attach as exhibits four documents FCA US has produced in discovery and designated "Confidential" under the Protective Order (ECF #34) entered by the Court.  FCA US will file an opposition to the motion.  At this time, pursuant to E.D. Mich. LR 5.3(b), FCA US moves for an order to seal only portions of three exhibits, and the entirety of the other.

# II.  <u>BACKGROUND</u>

Plaintiffs' counsel has informed FCA US that they plan to include four documents FCA US produced in discovery and marked as "Confidential" in an upcoming filing.  Those exhibits are:

***Plaintiffs' Exhibit* 1**:  This is a spreadsheet reflecting Customer Assistance Inquiry Record ("CAIR") communications between FCA US and vehicle owners (FCA_Pacifica_MDL-017935).  For Plaintiffs' Exhibit 1, FCA US seeks to redact only the <u>PII of the putative class members and the six records of communications about issues entirely unrelated to Plaintiffs' claims</u>.  *Compare attached* Ex. A, *with* Ex. A-1.

***Plaintiffs' Exhibit* 2**:  This is a PowerPoint slide deck that non-party LG authored concerning its investigation into the "analysis status" of the recall remedy (FCA_Pacifica_MDL-093890).  FCA US seeks to file Plaintiffs' Exhibit 2 under seal in its <u>entirety</u>.  LG authored the document and marked it "Confidential" in LG's sharing of the document with FCA US.  It reflects and describes LG's analysis and investigation procedures/strategies, component/system testing data and analyses, and actual and contemplated component and system changes and modifications.  *See attached* Ex. B-1.

***Plaintiffs' Exhibit* 3**:  This reflects an email exchange between FCA US and LG about a vehicle incident field report (FCA_Pacifica_MDL-121637).   In Plaintiffs' Exhibit 3, FCA US seeks only to <u>redact the employees' last names, email addresses, and telephone numbers</u> in order to protect these individuals from potential harassment.  *Compare attached* Ex. C, *with* Ex. C-1.

***Plaintiffs' Exhibit* 4**:  This is a PowerPoint slide deck concerning FCA US's investigation into a vehicle incident field report (FCA_Pacifica_MDL-122713).  For this last exhibit, FCA US seeks only to redact <u>the individualized VIN</u> of the vehicle identified therein in order to protect the owner of that vehicle from potential harassment.

### III.  **ARGUMENT**

The standard in this District for filing documents or information under seal is a finding of "compelling reasons."  *See*, *e.g.*, E.D. Mich. LR 5.3(b)(3)(C)(i).   In deciding whether documents or information should be sealed, a court considers "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary."  *In re Flint Water Cases*, 2020 WL 8671924, *1 (E.D.Mich. 2020).

### A.    **The Compelling Reasons In Support Of Nondisclosure.**

The PII in Plaintiffs' Exhibits 1, 3 and 4 is appropriately redacted and should be filed under seal.  *See* Fed. R. Civ. P. 5.2.  And the same is true for the six irrelevant sets of communications in Plaintiffs' Exhibit 1.  *See*, *e.g.*, *Hamama v. Adducci*, 2018 WL 5262679, *7 (E.D.Mich. 2018) (finding that "irrelevant information … shall be sealed and shall remain redacted in public filings).

As for Plaintiffs' Exhibit 2, consisting of an LG internal document it marked confidential—reflecting, *inter alia*, (i) its analyses of testing data, as well as the actions taken in response thereto; (ii) its data, analyses, and internal investigations regarding both actual and contemplated component and system changes, including the decision-making processes for such changes; and (iii) confidential analysis of field data—this is the exact type of "proprietary or commercially sensitive information," including competitively valuable information, the protective order

was intended to shield from public disclosure.  *See* ECF #34, p. 2 (PageID.1276). FCA US has informed LG that Plaintiffs are planning to file its "confidential" document in connection with a motion, and LG has indicated that it plans to supplement this motion with its own arguments as to why the document should be sealed.

## B.    <u>Why The Interests Supporting Public Access Are Less Compelling.</u>

There is no legitimate public interest, at all, in the materials FCA US seeks to seal in this motion.  As it relates to the redacted portions of Plaintiffs' Exhibits 1, 3, and 4, such redactions apply only to PII and communications about issues irrelevant to this litigation.  *See*, *e.g.*, Fed. R. Civ. P. 5.2; *Hamama*, 2018 WL 5262679 at \*7. And, for Plaintiffs' Exhibit 2, courts agree protecting sensitive business information clearly outweighs any possible public interest in disclosure.  *See*, *e.g.*, *In re Gen. Motors Air Conditioning*, 2023 WL 319922, \*2, 4 (E.D.Mich. 2023) (automaker's interest in protecting competitively sensitive information "outweighs the public interest"); *Jonna v. GIBF, Inc.*, 2023 WL 3244832, \*2 (E.D.Mich. 2023) (granting motion to seal because ***"there is minimal public interest"*** where "[t]he details of the communications … ***are not important to understanding Latinum's motion or the Court's ruling on the matter*** … [s]o there is little weighing against sealing the documents" (emphasis added)); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (while acknowledging the importance "of

protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings," that interest "***does not extend to mere curiosity*** about the parties' confidential information ***where that information is not central to a decision on the merits***" (emphasis added)).

## C.   <u>The Requested Seal Is No Broader Than Necessary.</u>

FCA US's request is also narrowly tailored, and no broader than necessary. For three documents, FCA US is only moving to seal specific portions through narrow redactions applied to portions of the documents that contain PII and six specific recorded communications involving issues entirely unrelated to any claim in this case.  And, for Plaintiffs' Exhibit 4, FCA US simply seeks to protect LG's competitively sensitive information that it shared with FCA US, and FCA US understands that LG will be further supporting this request.  Thus, the requested sealing is clearly "no broader than necessary."  *See In re Flint Water Cases*, 2020 WL 8671924, at *1.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant FCA US LLC respectfully requests that this Court grant its motion and issue an order directing that (i) any publicly filed version of Plaintiffs' Exhibits 1, 3, or 4 be redacted as set forth herein and that (ii) Plaintiffs' Exhibit 2 be under seal.

Respectfully submitted,

**THOMPSON COBURN LLP**

 */s/  Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri 63101
T:  (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

*-and-*

**KLEIN THOMAS LEE & FRESARD LLC**
Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T:  (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Attorneys for FCA US LLC*


## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 26, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

 */s/ Stephen A. D'Aunoy*