UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-3040
Honorable David M. Lawson

_____/

### ORDER DIRECTING PARTIES AND NON-PARTIES TO RESPOND

On January 26, 2024, the plaintiffs filed an unopposed motion for leave to file under seal certain exhibits presented in support of their motion to compel the defendant to send a revised recall notice to potential class members informing them that the remedy instituted by the defendant's voluntary recall does not eliminate the dangers posed by the subject vehicles. The plaintiffs want to file under seal several internal documents discussing the defendant's investigations of field reports of vehicle incidents, along with communications between the defendant and non-party LG Energy Solutions discussing LG's investigation and analysis of lithium ion battery pack thermal runaway issues.

The Court has reviewed the unopposed motion and is not persuaded presently that compelling reasons have been presented to justify the requested closure of court records. "The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden is a heavy one," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "Moreover, the greater the public interest in the litigation's subject matter, the greater the

showing necessary to overcome the presumption of access." *Ibid.* Nevertheless, it is well settled that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

The primary grounds for sealing articulated in the motion are that the documents in question were designated as "confidential" by the defendant during discovery, and that the safety investigation reports reveal unspecified "confidential and proprietary" details about LG's battery pack designs. The assertion that the product information in question includes the sort of proprietary details typically shielded from public disclosure during litigation is not supported by further specific facts or any fully developed legal argument. The plaintiffs note in the motion, however, that non-party LG Energy Solutions may want to be heard on the issue, and perhaps th defendant may want to weigh in as well. The Court will permit the parties and non-party LG to supply more details in support of the sealing request.

Accordingly, it is **ORDERED** that if the parties and non-party LG Energy Solutions want to file responses to the plaintiffs' motion to seal (ECF No. 75), they must do so **on or before February 14, 2024**. Plaintiffs' counsel promptly shall serve copies of this order on LG's counsel.

                                                                          s/David M. Lawson  
                                                                          DAVID M. LAWSON  
                                                                          United States District Judge

Dated:   January 31, 2024