# UNITED STATES DISTRICT COUR
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to:* ALL CASES | Case No. 2:22-MD-03040-DML-EAS<br><br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

# DEFENDANT FCA US LLC'S OPPOSITION
# TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
# AN AMENDED CONSOLIDATED MASTER COMPLAINT

# **TABLE OF CONTENTS**

**Page**

ISSUE PRESENTED ................................................................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. iv

I.  INTRODUCTION ...........................................................................................1

II. RELEVANT FACTS .......................................................................................1

     A.     Plaintiffs' Claims In The Underlying Cases. .........................................1

     B.     The Court's Order. ................................................................................3

     C.     Present Case Status ................................................................................4

III.  ARGUMENT ..................................................................................................4

     A.     The Governing Legal Standard. ............................................................4

     B.     The Consequences Of Plaintiffs' Undue Delay. ...................................4

IV.  CONCLUSION ...............................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Lotus Indus., LLC v. City of Detroit*,
    2019 WL 13199721 (E.D.Mich. 2019) .......................................................... 4, 7

## **ISSUE PRESENTED**

1. Does "undue delay" preclude Plaintiffs from amending the Consolidated Master Complaint to assert what amounts to new claims, new elements, and new defenses under state law at this late stage of the case?

   The Court should respond: "Yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 15(a)(2)

*Lotus Indus., LLC v. City of Detroit*, 2019 WL 13199721, *1 (E.D.Mich. 2019).

# I. INTRODUCTION

Defendant FCA US LLC would not (and does not) oppose amending the Consolidated Master Complaint for clean-up purposes.[1] But Plaintiffs' motion goes beyond that, seeking to plead anew their dismissed claims—for fraudulent concealment, fraudulent omission, and unjust enrichment—as claims premised on state law and hoping they pass without any Rule 12(b)(6) challenge at this later stage of the case.[2] But, Plaintiffs started this litigation pleading state-law claims, and then made the intentional and strategic choice to abandon those state-law claims and instead assert "nationwide" claims.

Now that the Court has dismissed the nationwide claims, Plaintiffs should not be given leave to file new claims, subject to further Rule 12(b)(6) challenges, in the proposed Amended Consolidated Master Complaint ("ACMC").

## II. RELEVANT FACTS

**A.  Plaintiffs' Claims In The Underlying Cases.**

Before consolidation, Plaintiffs in the underlying *Huntington* matter had already filed three different complaints. In the first two, the unjust enrichment

---

[1] *See*, *generally*, Consolidated Master Complaint ("CMC") (ECF #24) (PageID.237-685).

[2] *See*, *generally*, Plaintiffs' Motion for Leave to File an Amended Consolidated Master Complaint ("Motion") (ECF #72) (PageID.2247-2270).

claims were asserted under state law and Plaintiffs chose not to assert any common law fraud claims.[3] In *Schumann,* Plaintiffs also originally asserted their unjust enrichment claims under state law and asserted no "common law" fraud claims.[4] In *Bagley*, Plaintiffs filed their common law fraud and unjust enrichment claims under state law.[5] For both of the complaints filed in *Olsen*, Plaintiff alleged their fraud claims under state law.[6] Plaintiffs in *Reilman*, *Lawrence*, *Macias*, *Trovato*, and *Do* all did the same.[7]

When filing the CMC, however, Plaintiffs intentionally chose ***not*** to plead any common law fraud or unjust enrichment claims premised on state-specific law. *See, generally*, CMC (PageID.237-685).

---

[3] *See Huntington v. FCA US LLC*, Case No. 4:22-cv-10508 (E.D.Mich.) (ECF ##1, 8, 18).

[4] *See Schumann v. FCA US LLC*, Case No. 4:22-cv-10771 (E.D.Mich.) (ECF #1, 10, 12).

[5] *See Bagley v. Fiat Chrysler Automobiles (FCA) US LLC*, Case No. 5:22-cv-01797 (E.D.Penn.) (ECF #1).

[6] *See Olsen v. Fiat Chrysler Automobiles (FCA) US, LLC*, Case No. 3:22-cv-00368 (S.D.Cal.) (ECF ##1, 13).

[7] *See Reilman v. FCA US LLC*, Case No. 8:22-cv-00811 (C.D.Cal.) (ECF #1); *Lawrence v. Fiat Chrysler Automobiles FCA US LLC*, Case No. 3:22-cv-023752 (N.D.Cal.) (ECF #1); *Macias v. Fiat Chrysler Automobiles (FCA) US LLC*, Case No. 30-2022-01261851 (Cal. Sup. Ct.) (ECF #1); *Macias v. Fiat Chrysler Automobiles (FCA) US LLC*, Case No. 30-2022-01261851 (Cal. Sup. Ct.) (ECF #1); *Trovato v. Fiat Chrysler Automobiles (FCA) US LLC*, Case No. CVRI-2202212 (Cal. Sup. Ct.) (ECF #1); *Do v. FCA US LLC*, Case No. 3:22-cv-04497 (N.D.Cal.) (ECF #1).

### B. The Court's Order.

Plaintiffs' choice to not plead "any state-by-state" fraud, concealment, or unjust enrichment claims in the CMC was a "novel course" that was "problematic for several reasons." *See* Order, p. 12 (PageID.2053) ("In this case, the CMC pleads no common law claims state by state, but instead pleads only the generalized 'nationwide' claims untethered to the law of any state.").

*First*, no legal authority supported the nationwide common law approach because, plainly, there is "no federal general common law." *Id.* (citing *Matrix Distributors, Inc. v. Nat'l Ass'n of Bds of Pharmacy*, 34 F.4th 190, 197 (3d Cir. 2022)).

*Second*, Plaintiffs did not reconcile the "missing" connection between them and "the purchases of class vehicles in other states" by other consumers. *Id.* at p. 13 (PageID.2054) (citing *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264-65 (2017)).

*Third*, the Sixth Circuit has expressly held that Plaintiffs' nationwide class claims "may not proceed" since they incorporate the laws of several states. *Id.* (citing *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011); *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1085 (6th Cir. 1996)).

Despite those reasons and others (*e.g.*, "no identifiable [trial] forum," "insurmountable jurisdictional concerns," and "irreconcilable case management

- 3 -

problems"), Plaintiffs still chose to abandon their originally pleaded state-law claims and move forward with "their supposed 'nationwide' common law claims." *Id.* at pp. 14-15 (PageID.2055-56).

**C.     Present Case Status.**

Plaintiffs' motion for class certification is due by April 10, 2024. *See* ECF #61, p. 1 (PageID.1915).

### III.  ARGUMENT

**A.     The Governing Legal Standard.**

Leave to amend a complaint should be given freely when justice requires it. *See* Fed. R. Civ. P. 15(a)(2). Denying leave is appropriate when the leave sought comes after "undue delay." *See Lotus Indus., LLC v. City of Detroit*, 2019 WL 13199721, *1 (E.D.Mich. 2019).

**B.     The Consequences Of Plaintiffs' Undue Delay.**

In their underlying cases, Plaintiffs originally asserted common law state claims. *See* § II.A, *supra*. But, when those underlying cases were consolidated and Plaintiffs filed the CMC, Plaintiffs chose to change tactics and set forth instead their "nationwide theories which are untethered to any particular body of state-specific law." *See* Order, p. 13 (PageID.2054).

The Court dismissed those nationwide claims though (*see* § II.B, *supra*), and now, while Plaintiffs characterize their proffered state law claims in the proposed

- 4 -

ACMC as simply a "repleading" (*see*, *e.g.*, Motion, p. 1 (PageID.2255)), it is more than that. To be sure, the elements of the causes of action for "'fraudulent concealment,' 'fraudulent omission,' and 'unjust enrichment' may overlap from state to state," but to determine whether such claims could be viable "the Court must parse the elements of those claims under the common law of each state." *See* Order, p. 13 (PageID.2054).

In the CMC, Plaintiffs purposely chose to "eschew[]" any state-by-state analysis and present their "nationwide theories" instead. *See* Order, p. 13 (PageID.2054). With the dismissal of that "novel course" they charted, Plaintiffs now ostensibly want a chance to return to their state law claims, but this time without having to withstand any scrutinizing "test" under Rule 12(b)(6). *Id.* at p. 11 (PageID.2052); *see also* Motion, p. 10 (PageID.2264) (arguing that "subsequent motion to dismiss briefing should not be necessary").

Obviously, however, a Rule 12(b)(6) motion **would** be necessary. For the common law fraud claims, just by way of example, while the Court has already ruled on the Rule 9(b), pre-sale knowledge, and duty to disclose issues (which FCA US would not re-argue in its motion to dismiss directed at the ACMC), the Court analyzed the economic loss doctrine in the context of statutory consumer protection claims and "fraudulent inducement" theories—the Court did **not** "parse" economic

- 5 -

loss holdings and established exceptions for claims of omission and concealment premised on state law. *See, e.g.*, Order, pp. 21-28 (PageID.2062-69).

And, as it relates to the dismissed unjust enrichment action, the Court did not need go further than the fact that Plaintiffs "ha[d] failed to identify any appropriate source of law for the claim, and … ha[d] not cited any legal authority endorsing the pleading in gross of such a purported 'national claim' under an unspecified body of common law." *Id.* at p. 58 (PageID.2099).

Plaintiffs complain that denying leave to amend "would delay this case's speedy resolution" because their "only avenue for relief" at that point "would be to file one or more separate cases to replead those claims," and then "th[ose] cases would likely be consolidated with the present matter, which would lead to the inefficient use of this Court's and the Parties' resources." *See* Motion, p. 7 (PageID.2261). But, if that were to transpire, such would be the consequence of Plaintiffs' own doing.

Plaintiffs have ***already*** filed "one or more separate cases" pleading their common law fraud and unjust enrichment claims under state law. *See* § II.A, *supra*. Then, when consolidated, Plaintiffs chose ***not*** to replead those claims and went instead with claims for which they had no standing and for which there was "no federal general common law" in support. *See* § II.B, *supra*. Plaintiffs thus ***already*** made a conscious choice ***not*** to replead their state law. Having "eschewed" the

- 6 -

burden of any analysis of "the elements of those claims under the common law of each state" (*see* Order, p. 13 (PageID.2054)), they should not be given leave to re-do their pleadings now. *See*, *e.g.*, *Lotus* 2019 WL 13199721 at *2 ("Williams is seeking to amend his complaint nearly a year-and-a-half after he first filed it, and as the discovery period is nearing its end. He provides no explanation for this delay, other than Judge Patti's ruling, which articulated well-settled law.").

## IV.  CONCLUSION

For the foregoing reasons, Defendant FCA US LLC respectfully requests that this Court deny Plaintiffs' Motion.

Respectfully submitted,

**THOMPSON COBURN LLP**

 /s/  Stephen A. D'Aunoy
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri 63101
T:  (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

-and-

**KLEIN THOMAS LEE & FRESARD LLC**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T:  (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 1, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

 /s/ *Stephen A. D'Aunoy*
