# Exhibit A




ROCHESTER
950 WEST UNIVERSITY DR., SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

Dennis A. Lienhardt, Jr.
dal@millerlawpc.com

January 16, 2024

***Via E-Mail***

***In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, Case No. 2:22-cv-03040**
**Re: Plaintiff Depositions**

Scott,

We write as a follow-up to our meet-and-confer on January 10, 2024. As stated during the call, Plaintiffs ask that their depositions be conducted remotely via Zoom rather than requiring them to travel hundreds or thousands of miles and incur substantial out-of-pocket costs (such as childcare, lost income, etc.), all while placing them at a heightened risk of contracting COVID-19, the flu, RSV, or other communicable diseases. Given the accessibility and wide-ranging use of Zoom to conduct depositions, hearings, and even trials, that mechanism should be used here to alleviate the burden and hardships posed by cross-country travel. FCA itself has taken dozens of plaintiff depositions by Zoom in other cases in this District and Plaintiffs' counsel is not aware of a single time where a follow-up in-person deposition was requested or necessary because the Zoom deposition was insufficient.

During our call, you confirmed that FCA is willing to take the depositions of those Plaintiffs who filed suit in California and Pennsylvania (before being transferred to Michigan) in-person within those jurisdictions. While we still request that they be taken remotely, we would be amenable to present those Plaintiffs in-person as multi-day travel, and the health risks and costs that go along with it, would not be required. This would apply to Plaintiffs Lawrence and Gomez (N.D. Cal.), Plaintiffs Macias and Reilman (C.D. Cal.), Plaintiff Olsen (S.D. Cal.), and Plaintiffs Erika and James Bagley (E.D. Pa.).

Below you will find Plaintiff-specific hardships for many of the remaining Plaintiffs. Please note that while we include details for Plaintiffs subject to FCA's pending motion to compel arbitration, those Plaintiffs will not be appearing for a deposition until the Court rules on the motion and any mandatory arbitration proceedings have concluded. This would apply to Plaintiffs James and Alicia Kappes, Veronica Bryan, Alexander Shusta, Scott Olsen, Andrew Berzanskis, Margaret Wilensky, Diahann Messeguer, John Spruance, Michael Keeth, Chirstopher Dorn, Ruth Hoffman, Chad Fong, Michael Christie, Meagan and Cal Findeiss, and Andrew Ventura.

To be clear, Plaintiffs are willing and eager to fulfill their responsibilities as class representatives and provide testimony in support of their claims. However, Plaintiffs do object to the unnecessary and added burdens posed by multi-day travel to give such testimony when a viable




ROCHESTER
950 WEST UNIVERSITY DR., SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

alternative is readily available. We are hopeful that the Parties can work cooperatively to resolve these concerns and conduct the depositions quickly and efficiently.

- ***James and Alicia Kappes:*** Both Plaintiffs are employed full-time and have three school-aged children at home to take care of. Additionally, Mr. Kappes is in a training program for a new job that requires travel back and forth from Arizona to Dallas for at least the next two months. Mr. Kappes also has time commitments to the United States Air Force as a Traditional Reservist.

- ***Scott Carney:*** Mr. Carney and his wife are both physicians in an underserved and understaffed area. It would put stress on the medical care in the community if Mr. Carney is forced to take time off work to travel to a deposition in Detroit. Additionally, the Carneys have two small children and do not have any assistance with childcare as they recently had to move his mother-in-law into assisted living. Mr. Carney and his wife work opposite shifts to ensure someone is home to care for them every day.

- ***Sean Clancy:*** Mr. Clancy is a substitute teacher and gets paid only for the shifts he works. Given that travel to Detroit for a deposition would likely constitute three missed days of work, Mr. Clancy would lose approximately $1,050 in lost income.

- ***Kent Schumann***: Mr. Schumann and his wife care for six teenagers at home (five children and one exchange student). Currently, Mr. Schumann's wife is recovering from both brain surgery and a broken ankle so Mr. Schumann leaving for three days is not feasible.

- ***Alexander Shusta:*** Mr. Shusta and his wife have three school-aged children who need to be driven to school and other activities. They do not have any family in the area to assist them. Mr. Shusta also does not have any PTO saved up as he used it during the holidays with his family. As a result, traveling would cause financial stress on the family.

- ***Andrew Berzanskis and Margaret Wilensky:*** The Plaintiffs have a medically fragile child who requires a lot of attention and care in addition to the Plaintiffs' other two children and their full-time jobs.

- ***Kelsey and Peter Keef:*** The Keefs have two school-aged (Kindergarten and Pre-K) children and do not have family nearby to care for them. Their oldest child has a disability and cannot miss school as it would mean missing speech and physical therapy for his disability. Mrs. Keef works in higher education and is only able to take a one-off vacation day to participate in a deposition; she cannot take multiple days off in a row. Mr. Keef is a small business owner and February is one of the busiest months of the year for his business.

- ***John Latacki:*** Mr. Latacki works full-time on a commission basis so every day he misses work he does not get paid. A multi-day trip to Michigan for a deposition would be financially burdensome.



**ROCHESTER**
950 WEST UNIVERSITY DR., SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

- ***Diahann Messeguer:*** Ms. Messeguer has chronic pain that makes traveling difficult. She also serves as a homeschool teacher to her two children so a multi-day trip would interfere greatly with their schooling. She also is a part-time caretaker of her 78-year-old diabetic mother where she is the sole person responsible for her insulin pump.

- ***James Quattropani:*** Mr. Quattropani is the sole caretaker for his 95-year-old mother who recently was discharged from the hospital, making a multi-day trip to Detroit impossible.

- ***Michael Keeth:*** Mr. Keeth is largely unavailable to travel at all until the third week of March as the project he is working on at work is in a critical stage and requires shifting schedules, extended hours, and limited availability to take any time off.

- ***Devlin Su:*** Plaintiff Su would be largely unavailable for a multi-day trip to Detroit for a deposition until the beginning of March due to unavoidable work conflicts.

- ***Spence Voss:*** Mr. Voss and his wife have two young children (ages 2 and 4). A multi-day trip to Michigan would unnecessarily burden his wife to solely care for their children and transport them to school, dance class, swimming lessons, etc.

- ***Christine Winter:*** A multi-day trip to Michigan would require Ms. Winter to take off multiple days of work which would be burdensome for her.

- ***Tim Banas:*** A multi-day trip to Michigan would impose unnecessary childcare expenses on Mr. Banas as well as require him to take days off of work.

- ***Salyi Vu:*** Ms. Vu is currently recovering from a car accident in a non-class vehicle and her treatment has caused her severe motion sickness and nausea. She also receives physical therapy twice a week for her ankle. Additionally, Ms. Vu's husband's job sends him out of town periodically, leaving Ms. Vu to be the sole parent at home. Additionally, Ms. Vu's son recently broke his ankle, requiring Ms. Vu to transport him to doctor appointments and physical therapy appointments after they start in early 2024.

- ***Christopher Dorn:*** Mr. Dorn is currently seeking employment and the ability to attend and travel to interviews scheduled on short notice is critical for Mr. Dorn's job search. A multi-day trip to Michigan could impact his ability to obtain employment.

- ***Michael Natale:*** Traveling to a deposition in Michigan would be very difficult as his wife is disabled and his two children are both on the autism spectrum. A multi-day trip creates a large amount of stress as they have a regimented routine that enables their family to function. Mr. Natale is also on medication that classifies him as immunocompromised so he would like to avoid travel that increases his risk of catching diseases.



ROCHESTER
950 WEST UNIVERSITY DR., SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

- ***Javin Olson:*** Mr. Olson and his wife have two children and his wife travels for work regularly. They would not be able to find childcare for their children without incurring substantial expense.

- ***Lauren Huntington:*** Traveling to Michigan for a deposition would be difficult as Ms. Huntington cares for her children (who are 4 and 7 years of age).

- ***Elizabeth Niemioja:*** Ms. Niemioja is the primary caregiver for her three children. She is also required by law to attend training for her role on her local school board and works as a substitute teacher, which provides her with an erratic work schedule. Finally, Ms. Niemioja is the only daughter of her elderly and frail parents who frequently rely on her for assistance, including delivering items to them as needed.

- ***R. Scott Perry:*** Mr. Perry is concerned about the harm to the environment that travelling to Michigan for a deposition would cause when remote options are easily accessible. Environmental concern was one of the reasons Mr. Perry purchased his hybrid class vehicle in the first place.

- ***Matthew Bergantino:*** Mr. Bergantino just began a new job at the beginning of January after recently being laid off from his last job. As a result, he does not have flexibility with taking time off. Additionally, he has two young children that are difficult to take care of without both parents being present. The last two times Mr. Bergantino traveled he contracted COVID-19 and is worried about catching it again if forced to travel to Michigan.

- ***Nicole and Stephen Costa:*** The Costas have young children with no other available caregivers to watch them if the Costas are forced to travel. Mr. Costa also has two elderly parents with disabilities that have both had recent health downturns and require close personal care. In addition, Mr. Costa has an exceedingly busy job workload this quarter, while Mrs. Costa is required to work on-site at her job with limited time off.

- ***Chad Fong:*** Mr. Fong works full-time to support his wife and three children. The lost time, having to take time off work, and the increased childcare expenses would all impose burdens on his family. Additionally, with having young children at home, Mr. Fong is seriously concerned about traveling during the winter and contracting COVDI-19.

- ***Jared Gadomski Littleton:*** Traveling to a deposition would be burdensome on Mr. Littleton as he has very limited paid time off and works as the only staff chaplain at a hospital. A remote deposition would allow him to provide testimony without compromising the needs of his patients or family.

- ***Ronan Murphy:*** Mr. Murphy is employed full-time and is the primary parent responsible for childcare of his two school-aged children. Mr. Murphy's wife works as a physician and needs ample advance notice if Mr. Murphy has to travel for work – which will make him



ROCHESTER
950 WEST UNIVERSITY DR., SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

largely unavailable during the month of March. Finally, Mr. Murphy volunteers with Civil Air Patrol (USAF Auxiliary) as a medical officer and teaches aerospace. He is teaching classes throughout February, and he supervises the medical needs of about 60 cadets and 20 adults every Thursday. Traveling for a deposition would place a tremendous burden on his career, family, and volunteer work.

- ***Michael Christie:*** Mr. Christie believes that traveling for a deposition in Michigan would risk his employment. He currently works several part-time jobs and cannot easily get time off from the different employers. He simply cannot afford to lose these jobs. Mr. Christie is also at high risk, due to medical issues, for complications from any future COVID infections. This is why he and his family did not travel over the holidays and does not plan to travel again until the current surge subsides.

- ***Clea and Ladd Van Tol:*** The Van Tols have three children (4, 6, and 13 years of age) and do not have family nearby to care for them if they are forced to travel. Thus, sending their kids to family to watch them would result in significant difficulty and cost.

- ***Erika and James Bagley:*** Traveling to Michigan would be a significant hardship for the Bagleys as Mrs. Bagley has a full-time job and cares for their two kids who are in school and after-school activities while Mr. Bagley works in the ICU at the local hospital.

- ***Helen Bartek:*** Mrs. Bartek works full-time and also cares for her two young children while her husband works in law enforcement on a mandatory evening schedule. She does not have childcare resources or family that can put her children to bed every night. Traveling for Mrs. Bartek would not only require her to take time off work, but also her husband to take time off work, which creates financial constraints.

- ***Michael Carbajales-Dale:*** Traveling to Michigan would be burdensome because Mr. Carbajales-Dale has four children that he cares for.

- ***Meagan and Cal Findeiss:*** Mr. and Mrs. Findeiss have two small children and do not have family nearby to care for them while they travel. Additionally, in February, Mrs. Findeiss will be having foot surgery, which will render her immobile for a period of time and will also require Mr. Findeiss to be home to care for the children.

- ***Patricia Ransom:*** Traveling to Michigan for a deposition would be burdensome for Ms. Ransom as she would have to incur costs for childcare and the time away from her family and work would be difficult.

- ***Richard Golland:*** There are multiple reasons why traveling to Michigan for a deposition would pose significant hardship for Mr. Golland. First, he is a public school teacher and cannot take off work for any significant time. Second, multiple illnesses of him and his children since COVID leave was rescinded has left him with very little sick leave left,




ROCHESTER
950 WEST UNIVERSITY DR., SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

forcing him to take unpaid time off to travel. Third, he and his wife have two children at home and his wife works very long hours and does not have enough time off to cover any absence from Mr. Golland. Fourth, Mr. Golland has been in a state of extreme fatigue and stress for a long time due to the rigors of teaching during and in the aftermath of COVID, as well as raising their children.

- ***Andrew Ventura:*** Mr. Ventura and his wife just welcomed a new baby to their family last month, so leaving his wife with two elementary school-aged boys and a newborn would be extremely difficult and burdensome. Plus, depending on when the deposition takes place, his wife may be back at work full time at the hospital she works at where scheduling flexibility is very difficult and sometimes can result in her patient caseload being cancelled and patients missing out on scheduled treatment sessions.

- ***Ami Benzur:*** Plaintiff Benzur is the primary caregiver of his two children (ages 10 and 12) and their care includes transportation to/from school, weekly therapy for ADHD, and various other after-school activities. Second, the Plaintiff's spouse travels often for work and works long hours when not traveling, so they would not be able to cover childcare in Plaintiff's absence. Plaintiff Benzur also cares for his elderly parents who live nearby. Finally, Plaintiff Benzur has concerns about contracting COVID. When Plaintiff had COVID in the past, it was a terrible experience and Plaintiff needed an inhaler to help him breathe. Since then, Plaintiff is very careful not to contract COVID – by not traveling, going to events with large crowds, or closed indoor activities.

Please let us know if FCA will agree to take these Plaintiffs' depositions via Zoom or if we are at an impasse.

Sincerely,

*/s/ Dennis A. Lienhardt*
Dennis A. Lienhardt, Jr.
THE MILLER LAW FIRM, P.C.