# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML-EAS<br><br>Hon. David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN AMENDED CONSOLIDATED MASTER COMPLAINT**

It is well settled that in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendment, undue prejudice, or futility of amendment—none of which are present in this case—leave to amend should be freely given. *See* Fed R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011); *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint."). FCA's Opposition (ECF No. 81) mentions no factor other than undue delay. Yet, as Plaintiffs' Motion explains, Plaintiffs have been diligent in seeking leave to amend (*see* ECF No. 72, PageID.2265 (describing how Plaintiffs provided Defendant with notice of Plaintiffs' proposed amendments, including the proposed ACMC itself, approximately four weeks, including the holiday season, following the issuance of the Opinion and Order)) and the Court's December 11, 2023 Opinion and Order ("Opinion") (ECF No. 67) ruled only that Plaintiffs' claims were not properly pled, not that they are dismissed on their merits.

*First*, contrary to FCA's Opposition, Plaintiffs are not seeking to "file new claims." Plaintiffs' Consolidated Master Complaint (ECF No. 24) pled common law claims for fraudulent concealment, fraudulent omission, and unjust enrichment "on behalf of the Nationwide Class or, in the alternative, the State Subclasses." ECF No. 24, PageID.242. The Court's Opinion did not reach the merits of these claims nor

rule that they could not be sustained in this case. *See* ECF No. 67, PageID.2054. Instead, the Court held only that these claims were improperly pled.

FCA focuses on the fact that some of the underlying complaints filed prior to MDL consolidation pled these common law claims on a state-by-state basis. That is irrelevant. Plaintiffs' decision to alternatively plead these claims on behalf of the Nationwide Class stemmed from the similarities and overlapping elements under the Plaintiffs' respective states' laws. *See, e.g.*, CMC (ECF No. 24) at ¶¶ 255-56 ("[T]he elements of a fraudulent concealment (or 'fraud by concealment') claim are virtually identical in all states."); *id.* at ¶ 279 ("[T]he elements of unjust enrichment are uniform in all the states."); *Speerly v. Gen. Motors, LLC*, 343 F.R.D. 493, 518 (E.D. Mich. 2023) ("The predominant elements of claims for consumer fraud…are consistent across all jurisdictions."); *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 693 (E.D. Mich. 2020) ("The parties do not identify any material distinctions in the rules of decision on [unjust enrichment] among the various states.").

However, Plaintiffs are cognizant of and respect this Court's decision and reasoning as to how pleading in this fashion is problematic. This is why Plaintiffs immediately began drafting a proposed amended complaint and sent it to FCA for its consent. But now, FCA wishes to simply avoid potential liability pursuant to those claims altogether without the Court addressing their merits, contrary to well-established jurisprudence favoring decisions based on merits as opposed to mere

technicalities. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *see also id.* at 181-82 ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.") (quotation marks omitted). The Court's Opinion implicitly recognizes this principle by dismissing these claims *without prejudice*. ECF No. 67, PageID.2101.

Plaintiffs' decision to plead the common law claims in this manner does not constitute undue delay, but rather a technical pleading deficiency that Courts commonly allow plaintiffs to correct by amendment. Even if this Court were to accept FCA's argument and find delay on Plaintiffs' part, this Court has recognized that "delay alone does not justify denial of a motion brought under Rule 15(a)." *Custard Hut Franchise LLC v. H&J Jawad LLC*, 2023 WL 6622276, at *4 (E.D. Mich. Oct. 11, 2023); *see also Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995) ("Delay alone, however, does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail."). FCA does not argue that

3

it would be prejudiced if Plaintiffs were granted leave to file their ACMC, and "'[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.'" *Titus v. Operating Eng'r Local 324 Pension Fund*, 2017 WL 2793962, at *3 (E.D. Mich. June 28, 2017) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 561-62 (6th Cir. 1986)).

FCA's reliance on *Lotus Indus., LLC v. City of Detroit*, 2019 WL 13199721, at *1 (E.D. Mich. May 15, 2019) does not contradict this principle. In *Lotus*, the plaintiff's "sole justification for his proposed amendment [wa]s his recent realization that he [could not] compel the production of tax returns from [the defendant's] company without a request for punitive damages." *Id.* Here, there is no such bad-faith motive behind Plaintiffs' request for leave; Plaintiffs simply seek to replead their common law fraud and unjust enrichment claims so that they can litigate the claims on their merits.

*Second*, Plaintiffs are not attempting to avoid any "scrutinizing 'test'" under Rule 12(b)(6). Plaintiffs' Motion explains that subsequent motion to dismiss briefing *should* not be necessary given that the Parties have already briefed numerous state-specific arguments concerning fraud and unjust enrichment claims. *See* ECF No. 72, PageID.2265. However, Plaintiffs do not argue that limited briefing should be prohibited, only that it should be limited to a narrow set of issues. *See id.* FCA itself

4

recognizes that any such briefing would entail a small number of arguments. *See* ECF No. 81, PageID.4244 ("…while the Court has already ruled on the Rule 9(b), pre-sale knowledge, and duty to disclose issues (which FCA US would not re-argue in its motion to dismiss directed at the ACMC), the Court analyzed the economic loss doctrine in the context of statutory consumer protection claims and "fraudulent inducement" theories—the Court did ***not*** "parse" economic loss holdings and established exceptions for claims of omission and concealment premised on state law"). Given that this Court has already analyzed and ruled on many of these legal arguments in prior cases, *see, e.g.*, *Francis*, 504 F. Supp. 3d at 687-94; *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d 975, 1005-09 (E.D. Mich. 2017); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 590-601 (E.D. Mich. 2018), any subsequent briefing in this case would likely be minimal.

Given FCA's failure to show any undue delay by Plaintiffs—let alone prejudice FCA has suffered as a result—leave to amend should be granted. The merits of Plaintiffs' claims should be addressed rather than forever dismissed due to a pleading deficiency.

5

Dated: February 8, 2024 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**THE MILLER LAW FIRM, P.C.**

　　　　　　　　　　　　　　　　　　　　/s/ *E. Powell Miller*_____
　　　　　　　　　　　　　　　　　　　　E. Powell Miller (P39487)
　　　　　　　　　　　　　　　　　　　　Dennis A. Lienhardt (P81118)
　　　　　　　　　　　　　　　　　　　　Dana E. Fraser (P82873)
　　　　　　　　　　　　　　　　　　　　950 West University Drive, Suite 300
　　　　　　　　　　　　　　　　　　　　Rochester, MI 48307
　　　　　　　　　　　　　　　　　　　　Telephone: (248) 841-2200
　　　　　　　　　　　　　　　　　　　　epm@millerlawpc.com
　　　　　　　　　　　　　　　　　　　　dal@millerlawpc.com
　　　　　　　　　　　　　　　　　　　　def@millerlawpc.com

　　　　　　　　　　　　　　　　　　　　**HAGENS BERMAN SOBOL SHAPIRO LLP**
　　　　　　　　　　　　　　　　　　　　Steve W. Berman
　　　　　　　　　　　　　　　　　　　　Thomas E. Loeser
　　　　　　　　　　　　　　　　　　　　1301 Second Avenue, Suite 2000
　　　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　　　Telephone: (206) 623-7292
　　　　　　　　　　　　　　　　　　　　steve@hbsslaw.com
　　　　　　　　　　　　　　　　　　　　toml@hbsslaw.com

　　　　　　　　　　　　　　　　　　　　*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

　　　　　　　　　　　　　　　　　　　　**BARRACK RODOS & BACINE**
　　　　　　　　　　　　　　　　　　　　Stephen R. Basser
　　　　　　　　　　　　　　　　　　　　Samuel M. Ward
　　　　　　　　　　　　　　　　　　　　600 W Broadway, Suite 900
　　　　　　　　　　　　　　　　　　　　San Diego, CA 92101
　　　　　　　　　　　　　　　　　　　　Telephone: (619) 230-0800
　　　　　　　　　　　　　　　　　　　　sbasser@barrack.com

　　　　　　　　　　　　　　　　　　　　**COTCHETT, PITRE & McCARTHY**
　　　　　　　　　　　　　　　　　　　　Niall McCarthy
　　　　　　　　　　　　　　　　　　　　Karin Swope

840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
Gayle Blatt
Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
gmb@cglaw.com

*Interim Plaintiffs' Steering Committee for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2024, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ *E. Powell Miller*_____
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com