# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to: ALL CASES* | Case No. 2:22-MD-03040-DML-EAS<br><br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

## DECLARATION OF DAVID CASE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CURATIVE NOTICE PURSUANT TO RULE 23(d)

I, David Case, hereby declare as follows:

1. I am over 21 years of age and if called as a witness I would testify competently to the matters set forth herein. This declaration is based on personal experience and knowledge of the facts set forth, which includes my review of the books and records that FCA US LLC keeps in the ordinary course of its business, as well as information that persons on whom I regularly rely in the ordinary course of my duties have provided.

2. I have been employed as a Senior Specialist in the Product Analysis group with FCA US since 2019. I have been employed by FCA US since the company began operations in June 2009. Prior to June 2009, and since June 1995, I was employed by Chrysler LLC and its predecessors.

3. My position at FCA US requires that I remain familiar with product testing and analysis, both in the context of engineering and design, as well as the

troubleshooting process for possible defects. I am also generally familiar with the investigation and recall process of the Office of Defect Investigation of the National Highway Traffic Administration ("NHTSA").

4. As it relates to this case, I am familiar with its underlying circumstances and facts through the regular course of my employment.

5. On August 31, 2021, FCA US's Technical Safety and Regulatory Compliance group detected a potential trend in certain model-year 2017 and 2018 Chrysler Pacifica Plug-In Hybrid Electric Vehicles ("PHEVs") where a fire could occur while the vehicle was parked. Up until that point, vehicle owners had reported a total of two vehicle fires. While the investigation was ongoing, FCA US identified another ten potentially related vehicle fires for a total of twelve.

6. Based on its investigation, FCA US announced it would initiate a voluntary safety recall. On February 11, 2022, FCA US submitted its "Part 573 Safety Recall Report," pursuant to 49 C.F.R § 573, to the National Highway Traffic Administration ("NHTSA")'s Office of Defect Investigation. A copy of the Safety Defect Report is attached as **Exhibit A**.

7. FCA US reported to the NHTSA that the root cause of these fires was still being investigated and that an underlying defect had not yet been identified. Within a business day, the NHTSA (i) acknowledged FCA US's report, (ii) advised that FCA US's recall would be "conducted pursuant to Federal law," and

(iii) formally initiated NHTSA Recall No. 22V-077. A copy of the NHTSA's February 14, 2022 acknowledgment letter to FCA US is attached as **Exhibit B**.

8. Both as a general matter and specifically as it relates to Recall No. 22V-077, the NHTSA is responsible for reviewing and approving a manufacturer's planning and execution of recall campaigns, including updates and additional notices along the way. *See, e.g.*, 49 U.S.C. §§ 30118-30119; 49 CFR § 1.94(b). And, for those notices, the rules require that the NHTSA review and approve the communications to vehicle owners about recall-related information. *See, e.g., id.* at § 30119(d)(3).

9. The NHTSA also corroborates the manufacturer's compliance with the relevant legal requirements, including, for instance, (i) investigating and verifying the root cause of the problem giving rise to the recall, (ii) determining which vehicles are or may be subject to the recall, (iii) identifying and implementing the appropriate remedy, (iv) planning and coordinating the remedy's roll-out to the field, and (v) using the specific text and content that the NHTSA has reviewed and approved for the manufacturer's communications with owners of the affected vehicles. *See, e.g., id.* at § 30118(c); *id.* at § 30119; *id.* at § 30120(c)(3), (d); *see also* 49 CFR § 1.94(b).

10. For the recall at issue here, FCA US sent notices under the NHTSA's purview to authorized dealers about the problem it had identified and advised

vehicle owners that a remedy for the condition was not yet available, but that vehicle owners should "refrain from recharging [the vehicles], and to park them away from structures and other vehicles." A copy of the initial owner notification letter is attached as **Exhibit C**.

11. As its investigation continued, for the twelve fires it had identified, FCA US concluded that the components involved were part of the vehicles' battery pack assemblies, but no uniform defect or cause for the fires could be determined. Thus, FCA US sent another notice, under the NHTSA's purview, updating vehicle owners again. A copy of the follow-up owner notification letter is attached as **Exhibit D**.

12. NHTSA Recall No. 22V-077 applies to the model-year 2017-2018 Chrysler Pacifica PHEVs that were produced between August 12, 2016 and August 7, 2018. There are 16,741 vehicles that are subject to NHTSA Recall No. 22V-077.

13. As of January 2024, of a total recall population of 16,741 vehicles: (i) 12,584 have undergone the recall remedy, (ii) 204 could not be contacted, and (iii) 1,010 were either scrapped, stolen, or exported. A copy of FCA US's January 23, 2024 Recall Quarterly Report is attached as **Exhibit E**.

14. On January 16, 2024, the NHTSA opened its own independent investigation into reports it received of post-recall thermal events, including the two

referred to in the two declarations that Plaintiffs submitted with their motion. These two vehicles account for 0.015% of all vehicles that have undergone the recall remedy up to this point and 0.011% of all vehicles that are subject to the recall.

15. Any member of the public may petition the NHTSA to commence a proceeding to decide whether it needs to issue an order concerning a particular recall, including the scope of the recall, the remedy, or whether a recall schedule should be accelerated. *See* 49 U.S.C. § 30118(e).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Flint, Michigan on February 8, 2024.

_David Case_
David Case