UNITED STATES DISTRICT COUR
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to:* ALL CASES | Case No. 2:22-MD-03040-DML-EAS<br><br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

### DEFENDANT FCA US LLC'S MOTION TO STAY PROCEEDINGS PENDING APPEAL OF OPINION AND ORDER DENYING MOTION TO COMPEL ARBITRATION AND MEDIATION

Pursuant to *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), Defendant FCA US LLC moves the Court to enter an order staying all proceedings pending appeal of the order denying FCA's motion to compel arbitration and mediation. FCA noticed its appeal earlier today. *See* Dkt. 87 (PageID.4392). In support of this motion, FCA relies on the attached brief.

Pursuant to Local Rule 7.1(a), counsel for FCA US conferred with counsel for Plaintiffs, explained the nature and legal bases of this motion, and requested—but did not obtain—concurrence in the relief sought.

Respectfully submitted,

**THOMPSON COBURN LLP**

*/s/ Brandon L. Boxler*
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri 63101
T: (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

*-and-*

**KLEIN THOMAS LEE & FRESARD**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste. 1400
Troy, Michigan 48084
T: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

Brandon L. Boxler (VSB 81884)
919 E. Main St., Ste. 1000
Richmond, Virginia 23219
T: (703) 621-2109
brandon.boxler@kleinthomaslaw.com

*Attorneys for FCA US LLC*

# UNITED STATES DISTRICT COUR
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to: ALL CASES* | Case No. 2:22-MD-03040-DML-EAS<br><br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**DEFENDANT FCA US LLC'S BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF OPINION AND ORDER DENYING MOTION TO COMPEL ARBITRATION AND MEDIATION**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ISSUE PRESENTED .............................................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... iv

INTRODUCTION ..................................................................................................... 1

BACKGROUND ....................................................................................................... 1

DISCUSSION ............................................................................................................ 2

    I.     FCA Is Entitled To An Interlocutory Appeal. ................................................ 2

    II.    A Stay Of Proceedings Is Mandatory And Automatic Under *Coinbase*....... 3

CONCLUSION ......................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atkins v. CGI Techs. & Sols., Inc.*,
  724 F. App'x 383 (6th Cir. 2018)..................................................................2

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023)............................................................................ 1, 2, 3, 4

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982)...................................................................................2, 3

*Harrington v. Cracker Barrel Old Country Store Inc.*,
  2024 U.S. Dist. LEXIS 15828 (D. Ariz. Jan. 30, 2024) .........................4

*Hitachi Constr. Mach. Co., Ltd. v. Weld Holdco, LLC*,
  2024 U.S. Dist. LEXIS 12282 (S.D.N.Y. Jan. 23, 2024).........................4

*Manrique v. United States*,
  581 U.S. 116 (2017)..................................................................................2

*Mochan v. Madison Reed, Inc.*,
  2023 U.S. Dist. LEXIS 225108 (S.D. Fla. Aug. 10, 2023) ....................4

*Russell v. Citigroup, Inc.*,
  748 F.3d 677 (6th Cir. 2014)....................................................................2

*Sarah Car Care, Inc. v. LogistiCare Sols., LLC*,
  2023 U.S. App. LEXIS 22008 (3d Cir. Aug. 22, 2023).........................4

**Statutes & Rules**

9 U.S.C. § 16(a)(1).............................................................................. 1, 2, 3

Fed. R. Civ. P. 26(f)...................................................................................1

## **ISSUE PRESENTED**

Should the Court enter an order effectuating the automatic stay required by *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), because the automatic stay applies when, as here, a party appeals an order denying a motion to compel arbitration?

The Court should respond "Yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

9 U.S.C. § 16(a)(1)

*Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023)

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982)

# INTRODUCTION

Earlier today, FCA appealed the Opinion and Order Denying Motion to Compel Arbitration. *See* Dkt. 82 (PageID.4248) (Opinion & Order). The Federal Arbitration Act authorizes interlocutory appeals of orders denying motions to compel arbitration, *see* 9 U.S.C. § 16(a)(1), and "a district court *must stay its proceedings* while the interlocutory appeal on arbitrability is ongoing," *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (emphasis added). The stay is "automatic," and continuing with district court proceedings pending appeal would improperly "defeat[ ] the point of the appeal." *Id.* at 743 (quotation marks omitted).

The Court should follow *Coinbase* and enter an order effectuating this automatic stay pending FCA's interlocutory appeal under § 16(a).

# BACKGROUND

Plaintiffs in this MDL proceeding filed a Consolidated Master Complaint in November 2022. *See* Dkt. 24 (PageID.237). They assert overlapping claims under the laws of various states, including claims for breach of express warranty, breach of implied warranty, and violation of consumer protection statutes.

FCA moved to dismiss the complaint in December 2022. *See* Mot. to Dismiss, Dkt. 30 (PageID.1149). The parties then filed a joint Rule 26(f) report and started conducting discovery. When early discovery efforts revealed that many Plaintiffs had signed agreements requiring arbitration or mediation of their claims, FCA

1

moved to compel arbitration and mediation. *See* Dkt. 46 (PageID.1442). Plaintiffs opposed the motion. *See* Dkt. 51 (PageID.1639).

On February 5, 2024, the Court entered an order denying FCA's motion to compel, finding FCA had waived its right to arbitrate. *See* Dkt. 82 (PageID.4248). FCA timely noticed an appeal of that order. *See* Dkt. 87 (PageID.4392)

## DISCUSSION

### I. FCA Is Entitled To An Interlocutory Appeal.

The Federal Arbitration Act provides that "[a]n appeal may be taken from" an order denying a request "to order arbitration to proceed." 9 U.S.C. § 16(a)(1). "Section 16(a) creates a rare statutory exception to the usual rule that parties may not appeal before final judgment." *Coinbase*, 599 U.S. at 740; *see also Atkins v. CGI Techs. & Sols., Inc.*, 724 F. App'x 383, 387 (6th Cir. 2018) ("Under 9 U.S.C. § 16, the denial of a motion to compel arbitration, albeit interlocutory, is immediately reviewable." (citing *Russell v. Citigroup, Inc.*, 748 F.3d 677, 679 (6th Cir. 2014))).

FCA's notice of appeal transferred adjudicatory authority "from the district court to the court of appeals." *Manrique v. United States*, 581 U.S. 116, 120 (2017). The notice was "an event of jurisdictional significance" that conferred "jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).

## II.     A Stay Of Proceedings Is Mandatory And Automatic Under *Coinbase*.

The Supreme Court recently confirmed that district courts must stay proceedings pending resolution of an appeal under § 16(a). In *Coinbase*, after the district court denied the defendant's motion to compel arbitration, the defendant noticed an appeal and moved to stay proceedings in the district court pending the appeal. 599 U.S. at 739. The district court—and then the court of appeals—denied the stay, *id.*, but the Supreme Court reversed. The Supreme Court explained that Congress enacted § 16(a) "against a clear background principle" that an appeal, "including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 740 (quoting *Griggs*, 459 U.S. at 58). Because arbitrability disputes concern whether a case may proceed in court, "the entire case is essentially involved" in a § 16(a) appeal. *Id.* at 741 (quotation marks omitted). Thus, when a party appeals the denial of a motion to compel arbitration, "the district court *must stay its proceedings* while the interlocutory appeal on arbitrability is ongoing." *Id.* at 741 (emphasis added)

This "automatic stay of district court proceedings" reflects "common sense." *Coinbase*, 599 U.S. at 743. If the district court "could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost." *Id.* Further, without a stay, "parties could

3

be forced to settle to avoid the district court proceedings (including discovery and trial)," and this potential coercion "is especially pronounced in class actions." *Id.* Courts, too, would "waste scarce judicial resources" on proceedings might "ultimately head to arbitration." *Id.* 743. An automatic stay thus avoids the "worst possible outcome for parties and the courts: litigating a dispute in the district court only for the court of appeals to reverse and order the dispute arbitrated." *Id.* (internal quotation omitted).

Since *Coinbase*, courts have consistently recognized that district-court proceedings must be stayed when, as here, a party appeals an order denying a motion to compel arbitration. *See, e.g.*, *Sarah Car Care, Inc. v. LogistiCare Sols., LLC*, 2023 U.S. App. LEXIS 22008, at *3 n.4 (3d Cir. Aug. 22, 2023) (recognizing that "district courts cannot move forward with pre-trial and trial proceedings while the appeal on arbitrability is ongoing" (cleaned up)); *Harrington v. Cracker Barrel Old Country Store Inc.*, 2024 U.S. Dist. LEXIS 15828, at *34 (D. Ariz. Jan. 30, 2024) (explaining that *Coinbase* requires a district court "to stay its proceedings when a party appeals the denial of [a] motion to compel arbitration); *Hitachi Constr. Mach. Co., Ltd. v. Weld Holdco, LLC*, 2024 U.S. Dist. LEXIS 12282, at *2 n.1 (S.D.N.Y. Jan. 23, 2024) (similar); *Mochan v. Madison Reed, Inc.*, 2023 U.S. Dist. LEXIS 225108, at *2 (S.D. Fla. Aug. 10, 2023) (similar).

4

A stay is especially sensible in this case given the status of this putative class action. Plaintiffs have moved for leave to file an Amended Consolidated Master Complaint, *see* Dkt. 72 (PageID.2247), and a hearing on that motion is set for June 12, 2024, *see* Dkt. 74 (PageID. 3614). Additionally, Plaintiffs' motion for class certification is due by April 10, 2024; discovery closes on August 14, 2024; and *Daubert* and dispositive motions are due by September 11, 2024. *See* Dkt. 61 (PageID.1915). Absent a stay, the parties will dedicate substantial resources to brief those issues and meet those deadlines, even though the Sixth Circuit might ultimately decide that many Plaintiffs must resolve their claims in arbitration and, therefore, cannot be class representatives or litigate in this Court. Further, whether certain Plaintiffs and putative class members must arbitrate their claims will be a focus of the class certification briefing. It makes no sense to start that briefing before the Sixth Circuit provides guidance on the arbitrability issue.

## **CONCLUSION**

The Court should stay all proceedings pending resolution of FCA's appeal of the order denying its motion to compel arbitration and mediation.

Respectfully submitted,

**THOMPSON COBURN LLP**

 /s/  Brandon L. Boxler
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri 63101
T: (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

-and-

**KLEIN THOMAS LEE & FRESARD**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste. 1400
Troy, Michigan 48084
T: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

Brandon L. Boxler (VSB 81884)
919 E. Main St., Ste. 1000
Richmond, Virginia 23219
T: (703) 621-2109
brandon.boxler@kleinthomaslaw.com

*Attorneys for FCA US LLC*

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 12, 2024, the foregoing was electronically filed using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Brandon L. Boxler*