# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to: ALL CASES* | Case No. 2:22-MD-03040-DML-EAS<br><br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**DEFENDANT FCA US LLC'S RESPONSE IN SUPPORT OF ITS UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' EXHIBITS FOR PLAINTIFFS' RULE 23(d) MOTION**

# **TABLE OF CONTENTS**

                                                                                                           **Page**

TABLE OF AUTHORITIES ................................................................................... ii

ISSUE PRESENTED .............................................................................................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................v

     I.     INTRODUCTION .................................................................................1

     II.    FURTHER ARGUMENT IN SUPPORT .............................................1

           A.     The PII ...........................................................................................2

           B.     Information Unrelated To Plaintiffs' Claims ...............................4

           C.     Proprietary Document of Non Party LGES. ................................5

     III.   CONCLUSION ......................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013) ...................................................................................................... 5, 8

*Bodenhamer v. Met. Life Ins. Co.*, 2021 WL 6275231 (E.D.Tenn. 2021) ......................................................................................................... 3

*Chelsey Nelson Photo. LLC v. Louisville/Jefferson County Metro Gov't*, 2022 WL 1814260 (W.D.Ky. 2022) ............................................. 3

*Cincinnati Ins. Co. v. Richfield Corp.*, 2017 WL 5957765 (E.D. Mich. 2017) ............................................................................................ 7

*Detillion v. Ohio Dept. of Rehab. and Correc.*, 2023 WL 4925415 (S.D.Ohio 2023) .......................................................................................... 2

*Hamama v. Adducci*, 2018 WL 5262679 (E.D.Mich. 2018) ........................................ 4

*In re Davol, Inc./C.R.Bard, Inc. Polypropylene Hernia Mesh Products Liability Litig.*, 2021 WL 1085286 (S.D.Ohio 2021) ............................................ 7

*In re Gen. Motors Air Conditioning Mktg. & Sales Prac. Litig.*, 2023 WL 319922 (E.D.Mich. 2023) ................................................................... 7, 8

*Jonna v. GIBF, Inc.*, 2023 WL 3244832 (E.D.Mich. 2023) ........................................ 4

*McClure v. Leafe*, 2019 WL 13201174 (E.D.Mich. 2019) ......................................... 8

*NFocus Consult. Inc. v. Uhl*, 2020 WL 6791232 (S.D.Ohio 2020) ............................ 3

*Ohio A. Phillip Randolph Inst. v. Householder*, 2019 WL 3287985 (S.D.Ohio 2019) .......................................................................................... 3

*PennEnvironment, Inc. v. U.S. Steel Corp.*, 2021 WL 3603397 (W.D.Penn. 2021) ........................................................................................ 7

*Tecnomatic S.p.A. v. ATOP S.p.A.*, 2020 WL 9211185 (E.D.Mich. 2020) ......................................................................................................... 7

**Rules**

Federal Rule of Civil Procedure 23(d) ........................................................................ 1

## **ISSUE PRESENTED**

1. Should the Court allow portions of Plaintiffs' Exhibits 4, 5, and 6 to be filed under seal by way of redaction when those redactions are applied only to the Personal Identifying Information and entirely irrelevant communication records they contain?

    The Court should respond "Yes."

2. Should the Court allow Plaintiffs' Exhibit 7 to be filed under seal when it contains confidential, trade secret information of a non-party and that non-party has provided evidence of the harms that would result from public disclosure?

    The Court should respond "Yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

1.  *In re Gen. Motors Air Conditioning Mktg. & Sales Prac. Litig.*, 2023 WL 319922 (E.D.Mich. 2023).

2.  *Jonna v. GIBF, Inc.*, 2023 WL 3244832 (E.D.Mich. 2023).

3.  *Hamama v. Adducci*, 2018 WL 5262679, *7 (E.D.Mich. 2018)

## I. INTRODUCTION

Upon notice that Plaintiffs would file their Motion for Curative Notice Pursuant to Rule 23(d) (*see* ECF #77 (PageID.3984-4177)), and pursuant to this Court's protective order and the Local Rules, Defendant FCA US LLC moved to seal by redaction the Personal Identifying Information ("PII") in three exhibits (Plaintiffs' Exhibits 4, 5 and 6) and the entirety of a fourth exhibit (Plaintiffs' Exhibit 7) because it contains proprietary information of non-party LG Energy Solution, Ltd. ("LGES").[1] Plaintiffs' Exhibit 5 also contained six communications recorded between vehicle owners and FCA US about issues entirely unrelated to not just Plaintiffs' planned motion, but their overall claims as well. FCA US moved to seal by redaction that irrelevant information too.

After Plaintiffs filed their redacted Motion for Curative Notice, the Court ordered that any responses by the parties or by non-party LG were to be filed on or before February 14, 2024. *See* ECF #80 (PageID.4233-4234).

## II. FURTHER ARGUMENT IN SUPPORT

Pursuant to the Court's Order, FCA US submits the following further argument in support of sealing the PII contained in Plaintiffs' Exhibit 4 (*see* ECF #77-5 (PageID.4025-4035)); the PII and irrelevant communications in

---

[1] *See* FCA US LLC's Unopposed Motion to Seal Portions of Plaintiffs' Exhibits For Plaintiffs' Rule 23(d) Motion ("Motion to Seal"), ECF #75 (PageID.3615-3784).

Plaintiffs' Exhibit 5 (*see* ECF #77-6 (PageID.4036-4165)); and the PII contained in Plaintiffs' Exhibit 6 (*see* ECF #77-7 (PageID.4166-4176)). FCA US is also submitting, at the request of LGES, the Declaration of Nam Il Jo setting forth the proprietary and trade-secret nature of certain PII and Plaintiffs' Exhibit 7 (*see* ECF #77-8 (PageID.4177). *See* Exhibit A, February 14, 2024 Declaration of Nam Il Jo ("Jo Decl.").

**A.     The PII.**

The PII in Plaintiffs' Exhibits 4, 5, and 6 consist of the last names and domains in individual email addresses of company employees, as well as phone numbers and last names in signature blocks; phone numbers, email addresses, home addresses, employers, and last names of vehicle owners; and individualized vehicle identification numbers ("VINs") that correspond to a specific individual. *See* ECF #77-5 (PageID.4026-4029, 4031-4034); ECF #77-6 (PageID.4037-4044, 4047-4048, 4052-4059, 4061-4097, 4099-4101, 4103-4106, 4108-4132, 4135, 4137-4145, 4147-4165); ECF #77-7 (PageID.4167-4176)).

None of this PII has any bearing on the issues to be decided, it has no relevance to Plaintiffs' overall claims, and, if put on the public docket, such information could be used for, just by way of example, harassment, potential identity theft, and the invasion of privacy interests. *See* Jo Decl., ¶ 14; *see also*, *e.g.*, *Detillion v. Ohio Dept. of Rehab. and Correc.*, 2023 WL 4925415, *2 (S.D.Ohio 2023) (finding

- 2 -

compelling reasons existed to seal **email addresses** to avoid "expos[ing] individuals to risks of harassment and identity theft") (emphasis added); *Chelsey Nelson Photo. LLC v. Louisville/Jefferson County Metro Gov't*, 2022 WL 1814260, *4 (W.D.Ky. 2022) ("courts in this circuit routinely seal[] **addresses, phone numbers, and names of third parties**") (emphasis added); *Bodenhamer v. Met. Life Ins. Co.*, 2021 WL 6275231, *2 (E.D.Tenn. 2021) (directing **redaction of PII from briefing where it was not "absolutely necessary for the Court to understand the issues presented**" and rule on the motion) (emphasis added); *NFocus Consult. Inc. v. Uhl*, 2020 WL 6791232, *2 (S.D.Ohio 2020) (acknowledging that "district courts regularly find **good cause exists for allowing redactions in court filings in order to protect personal identifying information, including phone numbers**" and finding that "[r]edacting this personal phone number, rather than sealing broad swaths of the record is appropriate) (emphasis added); *Ohio A. Phillip Randolph Inst. v. Householder*, 2019 WL 3287985, *2 (S.D.Ohio 2019) (noting that "[d]istrict courts regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information, including **email addresses and phone numbers**" and finding that "the **public does not have a legitimate interest in accessing the contact information** of LWVO members") (emphasis added); .

For these reasons, compelling reasons exist to keep this PII redacted.

### B.     Information Unrelated To Plaintiffs' Claims.

Plaintiffs' Exhibit 5 is a spreadsheet reflecting Customer Assistance Inquiry Record ("CAIR") communications between FCA US and vehicle owners. *See* ECF #77-6 (PageID.4036-4165). Within it are six recorded communications that are wholly unrelated to any issue in Plaintiffs' motion and any issue in this case. *See id.* at PageID.4042, 4044-4046, 4049-4052, 4054, 4059-4061.

Just by way of example, three of the communications relate to a catalytic converter (not at issue in this case) (*id.* at PageID.4042, 4051-4052, 4059-4061); a fourth communication relates to the engine battery (not at issue, not the hybrid battery) (*id.* at PageID.4044-4046); a fifth relates to an exhaust manifold (not at issue) (*id.* at PageID.4049-4050); and a sixth relates to an exhaust pipe (not at issue) (*id.* at PageID.4054).

These communications have nothing to do with the Court's ruling on Plaintiffs' motion, nor do they have anything to do with any issue in this case—as such, these communications are wholly irrelevant and the public has no interest in them. *See, e.g.*, *Jonna v. GIBF, Inc.*, 2023 WL 3244832, *2 (E.D.Mich. 2023) (granting motion to seal because ***"there is minimal public interest"*** where "[t]he details of the communications … ***are not important to understanding Latinum's motion or the Court's ruling on the matter*** … [s]o there is little weighing against sealing the documents") (emphasis added); *Hamama v. Adducci*, 2018 WL 5262679,

- 4 -

\*7 (E.D.Mich. 2018) (finding that "***irrelevant information … shall be sealed and shall remain redacted*** in public filings) (emphasis added); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (while acknowledging the importance "of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings," that interest "***does not extend to mere curiosity*** about the parties' confidential information ***where that information is not central to a decision on the merits***" (emphasis added)).

Here too, because these communications are irrelevant to the issues in the case, compelling reasons exist to keep them redacted.

**C.     Proprietary Document of Non Party LGES.**

As set forth in the Jo Declaration, Plaintiffs' Exhibit 7 (FCA Pacifica MDL-093890-99) is a document prepared by LGES in connection with a root cause analysis regarding reported thermal events.  *See* Jo Decl., ¶ 6.  It contains "manufacturing, testing and other processes used by LGES and its affiliates in the manufacture and sale of batteries for FCA and other Original Equipment Manufacturers ("OEMs")" and it "is proprietary in nature and contains confidential business information that LGES takes considerable precautions to make certain is at all times protected from disclosure to competitors and the public." *Id.* at ¶ 7; *see also id.* at ¶ 8.  Public disclosure of the document would harm non-party LGES because it "would inevitably chill communications between LGES and OEMs like FCA and

would otherwise inhibit the flow of information and ideas between LGES and OEMs, which is essential to addressing issues as they arise" and disclosure would "undermine [LGES's] efforts to ensure prompt investigation and remediation of potential safety issues with respect to its products." *Id.* at ¶ 9.

Public disclosure of the document "would also place LGES at a competitive disadvantage in the marketplace." *Id.* at ¶ 10. "Because disclosure would impede LGES's communications with its business partners, it would threaten LGES's current business relationships and undermine future business relationships." *Id.* "Additionally, public disclosure of the [document] would allow LGES's competitors to obtain and benefit from the proprietary information included in the [document] without expending any of the significant resources LGES has expended in developing, refining and applying the processes outlined in the [document]." *Id.*

Due to these threats of harm, LGES has taken steps to ensure confidentiality and prevent the disclosure of documents such as the one at issue, including confidentiality markings, dissemination of confidentiality policies, password-protections, restricting access and log-in authentication to ensure the protection of its confidential information. *Id.* at ¶ 11-12. "LGES derives economic value from its confidential information and disclosure of the information would cause competitive harm to LGES." *Id.* at ¶ 11.

Courts in this District permit redacted and "under seal" filings where confidential and competitively sensitive information is at issue, as is the case here. *See, e.g.*, *In re Gen. Motors Air Conditioning Mktg. & Sales Prac. Litig.*, 2023 WL 319922, *4 (E.D.Mich. 2023) (finding "GM has a compelling interest in the confidentiality of its development and testing information," and granting motion to seal because "courts have repeatedly found a compelling interest in sealing this kind of internal, confidential information that would have value to a party's competitor"); *Tecnomatic S.p.A. v. ATOP S.p.A.*, 2020 WL 9211185, *1 (E.D.Mich. 2020) (granting motion to seal where records were designated "confidential" under protective order and "likely to significantly harm one's competitive position"); *Cincinnati Ins. Co. v. Richfield Corp.*, 2017 WL 5957765, *1 (E.D. Mich. 2017) (sealing "confidential documents containing commercially sensitive information that, if filed publicly, could harm the business interests of General Motors and other businesses in the automotive industry with which it contracts"); *see also In re Davol, Inc./C.R.Bard, Inc. Polypropylene Hernia Mesh Products Liability Litig.*, 2021 WL 1085286, *2 (S.D.Ohio 2021) ("This Court has repeatedly recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." (internal marks omitted)); *PennEnvironment, Inc. v. U.S. Steel Corp.*, 2021 WL 3603397, *2 (W.D.Penn. 2021) (granting motion to seal and finding that

"[w]hile the kinds of information courts protect from disclosure is narrow, courts do protect from disclosure information that could potentially pose a security risk, reveal trade secrets, or otherwise harm a litigant's competitive standing").

This Court should similarly find there are compelling reasons to maintain the confidentiality of Plaintiffs' Exhibit 7. Furthermore, courts agree that a party's interest in protecting information that could harm its competitive standing easily outweighs any possible public interest in disclosure. *See, e.g.*, *Samsung Elecs.*, 727 F.3d at 1228 ("While protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."). This is particularly true where the information is highly technical and "not necessary" for the public to generally understand the "alleged wrongdoing in th[e] case." *In re Gen. Motors Air Conditioning*, 2023 WL 319922 at \*4; *see also McClure v. Leafe*, 2019 WL 13201174, \*2 (E.D.Mich. 2019) (granting motion to seal because a party's interest in maintaining the confidentiality of its information outweighs public interest, since "detailed internal data and business information is not necessary for the public to understand any alleged wrongdoing").

Lastly, the request is also narrowly tailored, and no broader than necessary to protect non-party LGES. Of the four discovery documents Plaintiffs attached as Exhibits, the parties are requesting that only one be sealed.

### III. CONCLUSION

Defendant FCA US LLC respectfully requests that this Court issue an order directing that the publicly filed versions of Plaintiffs' Exhibits 4, 5, and 6 remain in their redacted form, and that Plaintiffs' Exhibit 7 remain sealed.

Respectfully submitted,

**THOMPSON COBURN LLP**

 /s/ Stephen A. D'Aunoy
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
One US Bank Plaza
St. Louis, Missouri 63101
T: (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com
smorgan@thompsoncoburn.com

-and-

**KLEIN THOMAS LEE & FRESARD LLC**
Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Attorneys for FCA US LLC*

- 9 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Stephen A. D'Aunoy*