# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML<br><br>Hon. David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT FCA US LLC'S MOTION TO STAY PROCEEDINGS PENDING APPEAL OF OPINION AND ORDER DENYING MOTION TO COMPEL <u>ARBITRATION AND MEDIATION</u>

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ....................................................................................... ii
TABLE OF AUTHORITIES ................................................................................ iii
STATEMENT OF ISSUE PRESENTED .............................................................. iv
CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... v
    I.   INTRODUCTION ..................................................................................... 1
    II.  BACKGROUND ....................................................................................... 2
    III. ARGUMENT ............................................................................................ 3
        1.   FCA Misinterprets *Coinbase* ........................................................ 3
        2.   This Litigation Can and Should Proceed While the Claims Subject to FCA's Motion to Compel Arbitration are on Appeal ................................. 7
    IV. CONCLUSION ......................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023) .................................................................................. passim
*Green Leaf Nursery v. E.I. DuPont Nemours & Co.*,
  341 F.3d 1292 (11th Cir. 2003) ...................................................................... 5
*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982) ............................................................................... 2, 4, 5
*Harrington v. Cracker Barrel Old Country Store Inc.*,
  2024 WL 342440 (D. Ariz. Jan. 30. 2024) .................................................. 6, 7
*Hitachi Constr. Mach. Co., Ltd. v. Weld Holdco, LLC*,
  2024 WL 263229 (S.D.N.Y. Jan. 23, 2024) ..................................................... 6
*Knox v. City of Royal Oak*,
  2007 WL 1775369 (E.D. Mich. June 20, 2007) ............................................... 5
*Krycinski v. Packlowski*,
  556 F. Supp. 2d 740 (W.D. Mich. 2008) .......................................................... 5
*Landis v. North American Co.*,
  299 U.S. 248 (1936) ......................................................................................... 8
*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir.2005) ........................................................................... 8
*Mobley v. City of Detroit*,
  938 F. Supp. 2d 688 (E.D. Mich. 2013) ........................................................... 8
*Mochan v. Madison Reed, Inc.*,
  2023 WL 8634482 (S.D. Fla. Aug. 11, 2023) .................................................. 6
*Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Division*,
  565 F.2d 393 (6th Cir.1977) ............................................................................. 8
*Sarah Car Care, Inc. v. LogistiCare Sols., LLC*,
  2023 WL 5378845 (3rd Cir. Aug. 22, 2023) .................................................... 6
*Sun Pacific Mktg Co-op., Inc. v. DiMare Fresh, Inc.*,
  2007 WL 1174651 (E.D. Cal. Apr. 19, 2007) .................................................. 8

**Other Authorities**

16A C. Wright, A. Miller, E. Cooper, & C. Struve, Federal Practice and Procedure
  § 3949.1, pp. 68–69 (5th ed. 2019) .................................................................. 5

## **STATEMENT OF ISSUE PRESENTED**

1. Whether the claims not subject to FCA's motion to compel arbitration and the Court's subsequent opinion on that motion should proceed since FCA's appeal does not divest this Court of jurisdiction and the outcome of the appeal will not affect the claims?

    Plaintiffs answer: Yes.

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023)

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982)

*Knox v. City of Royal Oak*,
  2007 WL 1775369 (E.D. Mich. June 20, 2007)

*Krycinski v. Packlowski*,
  556 F. Supp. 2d 740 (W.D. Mich. 2008)

*Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Division*,
  565 F.2d 393 (6th Cir.1977)

## I.     INTRODUCTION

The Consolidated Master Complaint ("CMC") (ECF No. 24) includes claims brought by 69 Plaintiffs under the laws of 31 states. Defendant FCA US LLC ("Defendant" or "FCA") moved to compel 17 of these Plaintiffs to arbitration. *See* ECF No. 46, PageID.1442-43. The Court denied the motion in its entirety and ruled that FCA had waived or forfeited its right to compel arbitration by waiting to file its motion until after FCA "actively engaged with the merits of the case and filed a motion to dismiss challenging all of the pleaded claims on the merits." ECF No. 82, PageID.4257. Now, FCA seeks to stay the case in its entirety, *even the claims of the 51 Plaintiffs who were not subject to the motion to compel arbitration or the Court's subsequent order denying the motion*. (Wisconsin Plaintiff Tiffany Rodriguez's claims were dismissed in their entirety in the motion to dismiss opinion (ECF No. 67) and leave has not yet been granted to replead those claims). To be clear, FCA's appeal of that order will in no way affect, nor will the Sixth Circuit have jurisdiction over, the claims of those 51 Plaintiffs.

FCA's motion to stay is premised on a fundamental misreading of the Supreme Court's holding in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). *Coinbase* does not hold that this Court is divested of jurisdiction over *all* proceedings or that this Court must stay *all* proceedings pending FCA's interlocutory appeal. In fact, *Coinbase* acknowledges that "the district court may still proceed with matters that

1

are not involved in the appeal." *Id*. at 740 n.2. This is because an interlocutory appeal "divests the district court of its control over *those aspects of the case involved in the appeal*." *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (emphasis added). In *Coinbase*, however, the defendant sought to compel *all* of the plaintiff's claims to arbitration; meaning the entire case was "involved in the appeal," and the resolution of that appeal would determine "whether the litigation may even go forward in the district court." *Id*. at 741.

Nothing in the *Coinbase* holding can be read to divest this Court of the jurisdiction over the claims of the remaining 51 Plaintiffs or that this Court must stay *all* proceedings. Accordingly, this Court should deny FCA's motion to stay the case in its entirety.

## II.     BACKGROUND

On November 4, 2022, Plaintiffs filed their CMC. On December 19, 2022, FCA filed a motion to dismiss the CMC and briefing was completed in February 2022. On May 1, 2023, FCA moved to compel to arbitration the claims of 17 of the 69 Plaintiffs based on dealership purchase agreements. ECF No. 46.

On December 11, 2023, the Court granted in part and denied in part FCA's motion to dismiss Plaintiffs' CMC. ECF No. 67.

On February 5, 2024, the Court denied FCA's motion to compel arbitration, concluding that FCA waived its right to compel arbitration of Plaintiffs' claims. ECF

No. 82. On February 12, 2024, FCA filed its notice of appeal of the Court's order. ECF No. 87. On the same day, FCA filed its motion to stay all proceedings pending its appeal to the Sixth Circuit. ECF No. 89.

### III. ARGUMENT

**1. FCA Misinterprets *Coinbase***

FCA is not entitled to a stay of all proceedings under *Coinbase*. The holding in *Coinbase* is specific to the circumstances in that case—a case in which the arbitrability of all claims was at issue on appeal. *Coinbase* does not address the circumstances present here where the vast majority of the claims are unrelated to the issue on appeal. As discussed below, *Coinbase* mandates that only a small portion of the proceedings here be stayed—those at issue in FCA's interlocutory appeal. Nothing in *Coinbase* divests this Court of jurisdiction over the remaining claims, or mandates that this Court must stay *all* proceedings.

In *Coinbase* a single plaintiff brought a putative class action against defendant, an online platform used to buy and sell cryptocurrencies, after a scammer fraudulently gained access to plaintiff's Coinbase user account and stole the funds in the account. Defendant moved to compel all of plaintiff's claims to arbitration based on the arbitration provision in defendant's User Agreement. *Coinbase*, 599 U.S. at 738-39. The district court denied defendant's motion to compel arbitration. Pursuant to Section 16(a) of the Federal Arbitration Act, defendant filed an interlocutory appeal to the Ninth Circuit on the issue of arbitrability. *Id.* at 739.

3

Defendant then moved to stay the district court proceedings pending appeal. Both the district court and the Ninth Circuit declined to stay the proceedings. *Id*. The U.S. Supreme Court granted certiorari on the issue of whether a §16(a) interlocutory appeal automatically stays the district court proceedings.

The Supreme Court reversed the district court's denial of defendant's motion to stay, holding that the district court was required to stay all proceedings. The Court came to this conclusion by applying the principle set forth in *Griggs* that "[a]n appeal, including an interlocutory appeal, divests the district court of its control over *those aspects of the case involved in the appeal*." *Id.* (quoting *Griggs*, 459 U.S. at 58) (emphasis added). Accordingly, under the facts of *Coinbase* where defendant sought to compel all claims to arbitration, all aspects of the proceedings were "involved in the appeal." As the Court noted, the "question on appeal is whether the case belongs in arbitration or instead in the district court," and therefore, "the entire case is essentially 'involved in the appeal.'" *Id*. In other words, "the question of whether 'the case should be litigated in the district court ... is the mirror image of the question presented on appeal.'" *Id*. Thus, the district court was divested of jurisdiction and required to stay all proceedings.

*Coinbase* is not a case such as here, where the vast majority of the claims are not involved in the appeal. The holding in *Coinbase* governs only a small portion of the proceedings in this matter—those claims, and related proceedings, which FCA

4

seeks to compel to arbitration. Plaintiffs do not dispute that this Court must stay the claims of those 17 Plaintiffs pending the resolution of FCA's interlocutory appeal.

Contrary to FCA's contentions, however, *Coinbase* acknowledges the common principle that the "the district court may still proceed with matters that are not involved in the appeal[.]" *Coinbase*, 599 U.S. at 741, n.2 (citing 16A C. Wright, A. Miller, E. Cooper, & C. Struve, Federal Practice and Procedure § 3949.1, pp. 68–69 (5th ed. 2019)). This is because "a district court is divested of jurisdiction over only those 'aspects of the case involved in the appeal.'" *Krycinski v. Packlowski*, 556 F. Supp. 2d 740 (W.D. Mich. 2008) (quoting *Griggs*, 459 U.S. at 58). *See also Knox v. City of Royal Oak*, 2007 WL 1775369, at *2 (E.D. Mich. June 20, 2007) (rejecting defendants' argument that the court was "required to enter a stay on all proceedings based on Defendants' appeal of two of the six total claims" because *Griggs* only "divests the district court of its control *over those aspects of the case involved in the appeal*" and defendants would not be prejudiced if they had to proceed with the remaining claims which were "not a part of the motion for summary judgment, much less a part of the appeal") (emphasis in original); *Green Leaf Nursery v. E.I. DuPont Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (holding that the district court retained jurisdiction to adjudicate a Rule 12(c) motion directed at a federal RICO and spoliation claim because those claims were not related to the state law claims on appeal). *Coinbase* does not alter the well-established

5

principle that a district court may proceed with claims that are not involved in the appeal.

The post-*Coinbase* cases FCA cites as support (ECF No. 89, PageID.4406) are all distinguishable as they do not address whether claims that are non-arbitrable and unrelated to the issues on appeal must be stayed. Several of these cases involve only a single individual's claims. *See Hitachi Constr. Mach. Co., Ltd. v. Weld Holdco, LLC*, 2024 WL 263229 (S.D.N.Y. Jan. 23, 2024) (proceedings stayed following defendant's interlocutory appeal of the court's order denying defendant's motion to compel individual plaintiff to arbitrate claims); *Mochan v. Madison Reed, Inc.*, 2023 WL 8634482, at *1 (S.D. Fla. Aug. 11, 2023) (granting the unopposed motion to stay proceedings pending appeal of the court's order denying defendant's motion to compel an individual plaintiff's claims to arbitration); *Sarah Car Care, Inc. v. LogistiCare Sols., LLC*, 2023 WL 5378845, at *1 (3rd Cir. Aug. 22, 2023) (noting that the district court proceedings had been stayed pending appeal of the order denying defendant's motion to compel a single plaintiff's claims to arbitration).

FCA's reliance on *Harrington v. Cracker Barrell Old Country Store Inc.*, 2024 WL 342440 (D. Ariz. Jan. 30. 2024) also lacks merit. In *Harrington*, the district court certified for interlocutory appeal two questions arising out of the court's order conditionally granting a collective action under the Fair Labor Standards Act—(1)

whether the district court "may allow sending a notice under Section 216(b) of the FLSA to individuals whom the Court has determined to be bound by an enforceable arbitration agreement," and (2) whether the district court was prevented from "sending notice under Section 216(b) of the FLSA to individuals over whom the Court lacks specific personal jurisdiction." *Id*. at *10-11. The court concluded that a stay of proceedings was required because "whether this litigation may move forward in this Court is precisely what the Ninth Circuit must decide." *Id*. at *13. The court reasoned that its "control over dissemination of notice to the putative collective is divested because fundamental questions regarding arbitration and personal jurisdiction in FLSA collective actions stand to be resolved on interlocutory appeal." *Id.* Here, there is no dispute that the claims of 51 Plaintiffs will proceed regardless of the outcome in the Sixth Circuit, and this Court retains jurisdiction and control of the claims not subject to FCA's appeal.

2. **This Litigation Can and Should Proceed While the Claims Subject to FCA's Motion to Compel Arbitration are on Appeal**

Whether FCA's appeal is successful or not will have no bearing on the vast majority of claims and Plaintiffs in this case. As stated above, there are 51 Plaintiffs with claims not subject to FCA's motion to compel arbitration, the Court's subsequent order, or the forthcoming appeal. In fact, of the 31 states represented in the CMC, FCA's appeal covers all Plaintiffs in only 6 states (Arizona, Colorado,

7

Georgia, Idaho, Kentucky, North Carolina). The remaining states have at least one other Plaintiff with claims not at issue in the arbitration appeal.

Plaintiffs, who allege that their Class Vehicles can spontaneously catch on fire due to the defective hybrid powertrain batteries, have a strong interest in proceeding with their claims and reaching a resolution. *See Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir.1977) (The party seeking "a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936))); *Mobley v. City of Detroit*, 938 F. Supp. 2d 688 (E.D. Mich. 2013) (The "burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." (quoting *Ohio Envtl. Council*, 565 F. 2d at 396)); *Sun Pacific Mktg Co-op., Inc. v. DiMare Fresh, Inc.*, 2007 WL 1174651, at *5 (E.D. Cal. Apr. 19, 2007) ("A stay may be disfavored where the suit includes allegations of ongoing or future harms as opposed to one dealing solely with past harms." (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir.2005))). This Spontaneous Fire Risk, which still exists to this day despite FCA's battery monitoring recall, has led to Plaintiffs being stuck with a ticking time bomb for a vehicle. In fact, two of the Plaintiffs' vehicles have experienced catastrophic fires after receiving the recall.

8

For these reasons, Plaintiffs recently filed a Motion for Curative Notice Pursuant to Rule 23(d) so that putative class members can receive a warning that the recall did not remedy the Spontaneous Fire Risk and take appropriate precautions. *See* ECF No. 77.

Thus, not only would a stay of all claims be improper and unnecessary, but it would also ensure that Plaintiffs and putative class members will remain at risk of the Spontaneous Fire Defect for many more months while a Sixth Circuit appeal is pending.

## IV. CONCLUSION

Plaintiffs do not oppose a stay of the Plaintiffs' claims subject to FCA's motion to compel arbitration and the Court's order on that motion. However, all other claims should be allowed to proceed.

Dated: February 22, 2024

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*_____
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

9

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
Thomas E. Loeser
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
toml@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE & McCARTHY**
Niall McCarthy
Karin Swope
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
Gayle Blatt
Camille Guerra
110 Laurel Street

        San Diego, CA 92101-1486
        Telephone: (619) 238-1811
        gmb@cglaw.com

*Interim Plaintiffs' Steering Committee for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2024, I electronically filed the foregoing document(s) using the electronic filing system which will send electronic notices of same to all counsel of record.

Respectfully submitted,

By: /s/ *E. Powell Miller*
E Powell Miller
