UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-3040
Honorable David M. Lawson

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY

On February 5, 2024, the Court issued an opinion denying the defendant's motion to compel 18 of the individual plaintiffs involved in this multidistrict litigation to submit their claims to binding arbitration. The defendant filed a notice of appeal, and on February 12, 2024 it filed a motion to stay "all proceedings" in this matter pending the outcome of the appeal. The plaintiffs oppose the motion, conceding that a stay is appropriate for proceedings involving those 18 plaintiffs whose claims are implicated by the motion to compel arbitration, but arguing that a stay of the claims of all the other plaintiffs not involved in the appeal is not required. The Court agrees, and it therefore will grant the defendant's motion, but only in part.

It is well settled that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control *over those aspects of the case involved in the appeal*.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (emphasis added). In *Coinbase*, the Supreme Court took up a case where a single plaintiff had sued on behalf of a class, and where a motion to compel arbitration of the entire controversy was denied. The Court held, with little fanfare, that the entire proceeding must be stayed while an interlocutory appeal on the question of arbitrability was pending. *Id.* at 741 ("The *Griggs* principle resolves this case. Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'").

However, the Court also acknowledged that the district court could continue with proceedings on "matters not involved in the appeal." *Id.* at 741 n.2 ("Coinbase concedes that the district court may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees.").

The defendant here contends that the entire multidistrict "proceeding" must be stayed even as to the claims of the 51 plaintiffs for whom the defendant does not seek diversion to the arbitral forum. However, as this Court previously has recognized, it is well settled that cases consolidated in a multidistrict litigation maintain their distinct character throughout the pretrial proceedings and continue to remain distinct until remanded eventually to the transferor districts for trial. *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, No. 22-MD-03040, 2023 WL 8602971, at *7 (E.D. Mich. Dec. 11, 2023) ("Cases consolidated by the JPML retain their separate character [and] [c]onsolidation must not affect the parties' substantive rights, particularly where consolidated cases originating in different jurisdictions may require application of different rules of law.") (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)). In a relatable context, other courts in this district have denied motions to stay proceedings where only two out of six total claims were the subject of an interlocutory appeal. *E.g.*, *Knox v. City of Royal Oak*, No. 06-10428, 2007 WL 1775369, at *2 (E.D. Mich. June 20, 2007) ("Defendants only asserted the defense of qualified immunity with respect to the two claims that were appealed. The remaining claims were not a part of the motion for summary judgment, much less a part of the appeal. Thus, there is no prejudice to Defendants if they go to trial on the four separate claims that were not a part of their appeal, and for which they have not even asserted qualified immunity."). Similarly in this instance, there are no good grounds to delay the progress of the litigation on the claims of the 51 distinct parties whose claims are not implicated in any way by either the motion

- 3 -

to compel arbitration or the defendant's pending appeal of the ruling denying that motion. Moreover, much is yet to be done to bring this case to a resolution. There is no good reason to halt the core proceedings of this MDL while an ancillary matter involving a minority of the plaintiffs works its way through the appellate process.

Accordingly, it is **ORDERED** that the defendant's motion to stay (ECF No. 89) is **GRANTED IN PART**. The proceedings on the claims brought by plaintiffs Andrew Berzanskis, Margaret Wilensky, Veronica Bryan, Michael Christie, Christopher Dorn, Meagan Findeiss, Cal Findeiss, Chad Fong, Ruth Hoffman, James Kappes, Alicia Kappes, Michael Keeth, Diahann Messeguer, Scott Olsen, Alexander Shusta, John Spruance, Andrew Joseph Ventura, and Spence Voss are **STAYED** pending the outcome of the defendant's interlocutory appeal or until further order of the Court. The motion is **DENIED** in all other respects, and proceedings on the claims of all other named plaintiffs shall proceed according to the scheduling benchmarks previously established.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  February 28, 2024