UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-md-03040
Honorable David M. Lawson
Magistrate Judge Elizabeth S. Stafford

_____/

### PRETRIAL ORDER NO. 7: SECOND AMENDMENT OF CASE MANAGEMENT BENCHMARKS

On October 17, 2022, the Court issued Pretrial Order No. 1, which established certain case management benchmarks in this multidistrict litigation. On October 4, 2023, the Court entered Pretrial Order No. 6, which granted a joint motion by the parties to extend certain deadlines. On March 6, 2024, the parties filed a stipulation in which they jointly requested that the Court again extend the outstanding case management benchmarks. On March 26, 2024, the Court held a status conference on the record with counsel for the parties. During the conference, plaintiffs' counsel indicated that the plaintiffs' review of more than 83,000 pages of documents produced by the defendant took significantly longer than expected, but should be completed within two weeks. Plaintiffs' counsel also indicated that the depositions of numerous named plaintiffs have not yet been scheduled because the plaintiffs' motion for a protective order to prevent them from having to travel to Michigan for depositions has not yet been resolved. Plaintiffs' counsel also indicated that due to scheduling conflicts with several of the plaintiffs' retained experts the completion of the plaintiffs' expert reports relevant to class certification was delayed unavoidably. The parties also jointly indicated that they hoped to avoid potential complications of the class certification process due to the pending appeal of the ruling on the defendant's motion to compel arbitration.

After hearing the parties' presentations, the Court announced from the bench its decision to grant the parties' request for a schedule adjustment.

Accordingly, the following is **ORDERED**:

**I.     Case Management Plan**.  The case management plan is modified and **ORDERS** the following scheduling benchmarks:

**Class Certification and Related Discovery.**  All discovery on class issues must be completed **on or before May 22, 2024**.  The plaintiffs must file their motion for class certification **on or before September 11, 2024**.  The defendant's response to the class certification motion must be filed **on or before October 11, 2024**, and the plaintiffs' reply must be filed **on or before November 1, 2024**.

**General Discovery.**  Expert disclosures on merits issues under Federal Rule of Civil Procedure 26(a)(2) must be served by the plaintiffs **on or before November 8, 2024**, and by the defendant **on or before December 20, 2024**.  All discovery on merits issues must be completed **on or before January 31, 2025**.  If the parties encounter discovery difficulties or disputes, including scheduling disputes, they promptly shall contact Magistrate Judge Elizabeth S. Stafford to schedule a telephone conference to address those disputes.  If the dispute remains unresolved, the parties should file an appropriate motion promptly.

**Motions Challenging Expert Witnesses.**  Motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703 or 705 on class issues must be filed **on or before June 3, 2024**.  The parties' respective oppositions to any such motions must be filed **on or before July 1, 2024**, and replies must be filed **on or before July 22, 2024**.  Motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703 or 705 on merits issues must be filed **on or before February 28, 2025**.  Responses and replies to such motions will be governed by E.D. Mich. LR 7.1.  If any motion challenging expert testimony requires a testimonial hearing, it should be filed within sufficient time to permit scheduling a hearing so as not to interfere with the trial date.  All such motions must include specific references to the witness's deposition and attach pertinent excerpts of the depositions, and all other record material needed to establish the foundation for the motion.

**Dispositive Motions.**  Dispositive motions must be filed **on or before February 28, 2025**.  No party may file more than one motion for summary judgment without obtaining leave of Court.  Challenges to multiple counts of a complaint must be brought in a single motion.  Briefs in support of motions for summary judgment must contain a recitation of the undisputed facts with specific references to the record.  If facts are disputed, the moving party must explain how the fact is not material to the dispute.  Responses and replies for all dispositive motions will be governed by E.D. Mich. LR 7.1.

-3-

      II.      Although separate deadlines have been established for completion of discovery relating to class certification and merits issues, the Court will not countenance objections to production of any discoverable material on the basis that the requested information relates to only one category of issues or the other.

      III.      All provisions of Pretrial Order No. 1 and Pretrial Order No. 6 that have not been modified by this order remain in force.

                                    s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated: March 26, 2024