UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 22-cv-03040<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER (ECF NO. 83)**

**A.**

In this class-action, plaintiffs allege that Defendant FCA US, LLC manufactured and sold them Chrysler Pacifica Hybrid plug-in minivans that were defective and could combust.[1] ECF No. 24. Plaintiffs move for a protective order under Federal Rule of Civil Procedure 26(c)(1) to allow nearly 60 of them to be deposed by videoconference rather than in-person. ECF No. 83. FCA opposes the motion. ECF No. 95. After a hearing on April 8, 2024, the Court grants the motion, but under Rule 26(b)(2)(C) rather than Rule 26(c)(1).

---

[1] The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 84.

**B.**

Generally, a party noticing a deposition may select the place of the deposition, and plaintiffs must attend depositions that are noticed to take place in the forum district. Fed. R. Civ. P. 30(b)(1); *Brasfield v. Source Broadband Servs.*, LLC, 255 F.R.D. 447, 449 (W.D. Tenn. 2008); *Steele v. Norfolk S. Ry. Co.*, No. 18-13946, 2019 WL 13109924, at *2 (E.D. Mich. Dec. 5, 2019). But "[w]hen a dispute arises as to the location of a deposition, the court has wide discretion regarding designation of the time and place of the deposition." *Brasfield*, 255 F.R.D. at 449. "In exercising such discretion, courts consider the cost, convenience and litigation efficiency." *Gross v. Lunduski*, 304 F.R.D. 136, 163 (W.D.N.Y. 2014). These considerations align with the mandate that courts and parties construe the Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Litigation efficiency is of special concern in a collective action, which provides plaintiffs with "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "[This] advantage would be significantly reduced or even eliminated if the proposed deponents are required to travel

hundreds of miles for their depositions." *Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124, at *2 (N.D. Cal. Nov. 15, 2011); *see also Brasfield*, 255 F.R.D. at 449; *Forauer v. Vermont Country Store, Inc.*, No. 5:12-CV-276, 2014 WL 2612044, at *5–7 (D. Vt. June 11, 2014). For litigation efficiency here, the Court grants plaintiffs' motion to protect them from having to travel to this district to be deposed.

## C.

While granting plaintiffs' motion, the Court rejects their request for a protective order under Rule 26(c)(1). To show good cause for a protective order under that rule, the movant must "articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (cleaned up). "Good cause cannot be established upon some general or speculative alleged harm." *Flagg v. City of Detroit*, No. 05-74253, 2010 WL 3070104, at *3 (E.D. Mich. Aug. 4, 2010).

Plaintiffs cite the COVID virus as warranting a protective order for each of the nearly 60 deponents, but the United States declared the pandemic over in May 2023. Although some plaintiffs may have preexisting conditions that would make COVID especially dangerous to

3

their health, the Court will not enter a protective order based on a general finding that travel would expose all plaintiffs to serious harm.

Rather than making a finding that each plaintiff would face serious harm, the Court on its own motion relies on Rule 26(b)(2)(C).  That rule requires the Court to limit the extent of discovery when it can be obtained from a less burdensome and expensive source:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(2)(C).  The decision to grant plaintiffs' motion to allow them to be deposed by videoconference is also supported by this Court's wide discretion.  *Brasfield*, 255 F.R.D. at 449.

### D.

FCA alleges that it will be prejudiced by having to conduct depositions remotely.  It says that a remote deposition will limit its counsel's ability to assess the deponents' credibility and demeanor, and that there is a danger that the deponents may be coached improperly during the depositions.  ECF No. 95, PageID.4499-4505.  To address those concerns,

4

the Court orders that (1) the court reporting service recording each deposition position the camera in proximity to the deponent's face to allow counsel to view the deponents' facial expressions; (2) plaintiffs' counsel be in a different physical room from the deponent during the deposition (but plaintiffs' counsel and the deponent may engage in permissible communication in a Zoom room); and (3) except for a court reporter, the deponent must be alone in a room during the deposition.

**IT IS ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: April 8, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2024.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager