## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION,<br><br>MDL No. 3040 | Case No.: 22-md-03040<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

---

## FCA US LLC'S APPEAL AND OBJECTIONS TO JUDGE STAFFORD'S ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

---

**KLEIN THOMAS LEE & FRESARD**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T: 602.935.8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*-and-*

Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste 1600
St. Louis, Missouri 63102
T: 314.888.2970
stephen.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... ii

ISSUE PRESENTED ................................................................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... v

I.  INTRODUCTION ...............................................................................1

II.  NON-WAIVER STATEMENT ...........................................................2

III.  RELEVANT FACTS ........................................................................3

IV.  ARGUMENT ....................................................................................5

       A.      The Governing Legal Standards............................................5

       B.      Error In Ignoring Sixth Circuit Precedent, Including This
              Court's Past Findings As To The Law And Its Application In
              Class Actions..........................................................................6

       C.      Error In Misapplying The Procedural Rules. .....................10

       D.      Error In *Sua Sponte* Ruling. ...............................................13

V.  CONCLUSION ................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Boumediene v. Bush*, 553 U.S. 723 (2008) ................................................................11

*Brasfield v. Source Broadband Servcs.,* 225 F.R.D. 447 (W.D.Tenn. 2008) ........7, 8

*Cage v. Beard*, 2024 WL 580862 (E.D.Mich. 2024) ..................................................6

*Carducci v. Regan*, 714 F.2d 171 (D.C.Cir. 1983) ..................................................13

*Catania v. United Fed. of Teachers*, 2023 WL 1962533 (S.D.N.Y. 2023) .............14

*Comau LLC v. Blue Cross Blue Shield*, 2021 WL 4635910 (E.D.Mich. 2021) .. 6, 12

*Cone v. Bell*, 556 U.S. 449 (2009) ...........................................................................13

*Crawford v. FCA US LLC*, 2022 WL 15898431 (E.D.Mich. 2022) .........................12

*Flagg v. City of Detroit*, 2010 WL 3070104 (E.D.Mich. 2010) ................................7

*Forauer v. Vermont Country Store, Inc.,* 2014 WL 2612044 (D.Vt. 2014) ....... 8, 12

*Galvan v. Alaska Dept. of Corr.*, 397 F.3d 1198 (9th Cir. 2005) ...........................13

*Gee v. Suntrust Mortg., Inc*., 2011 WL 5597124 (N.D.Cal. 2011) ...........................8

*Greenlaw v. United States*, 554 U.S. 237 (2008) .....................................................13

*Gross v. Lunduski*, 304 F.R.D. 136 (W.D.N.Y. 2014) ..............................................8

*Grundy v. FCA US LLC*, 2022 WL 909351 (E.D.Mich. 2022) ................................12

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) .......................................8

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 4216193 (E.D.Mich. 2017) ........................................................................................................ 6, 7, 9

*LaCroix v. Nachtreib*, 2023 WL 8649816 (E.D.Mich. 2023) ...................................5

*Llewellyn-Jones v. Metro Prop. Grp.,* 2014 WL 12659589 (E.D.Mich. 2014) ......12

*Milisits v. FCA US LLC*, 2022 WL 995282 (E.D.Mich. 2022) .................................6

*New Paradigm Promotional Mktg., Inc. v. ACF Glob. Imports, LLC*, 2015 WL 6865738 (E.D.Mich. 2015) ....................................................................................6

*Nix v. Sword*, 11 Fed.Appx. 498 (6th Cir. 2001) .......................................................6

*Rennenger v. Aquawood, LLC*, 2022 WL 20854177 (S.D.Iowa 2022) ...................12

*Reynolds v. FCA US, LLC*, 2022 WL 21842693 (E.D.Mich. 2022) ........................12

*Russello v. United States*, 464 U.S. 16 (1983) .........................................................11

*Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012) ............................................6

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 833 Fed.Appx. 430 (6th Cir. 2021) .................................................................................................................... 9

*Steele v. Norfolk S. Railway Co.*, 2019 WL 13109924 (E.D.Mich. 2019) ............... 6

**Rules**

Fed. R. Civ. P. 26 ................................................................. 6, 7, 10, 11, 12

Fed. R. Civ. P. 30 ............................................................................................ 6

Fed. R. Civ. P. 72 ............................................................................................ 5

## ISSUE PRESENTED

1.    Should this Court overrule the Magistrate Judge's order granting Plaintiffs' Motion for Protective Order (ECF #116) and deny such motion (ECF #83) on grounds that the Magistrate Judge erroneously (i) ignored Sixth Circuit precedent, including this Court's Past Findings as to the law and its application in class actions, (ii) misapplied the applicable procedural rules, and (iii) ruled *sua sponte*?

The Court should answer "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
    833 Fed.Appx. 430, 431 (6th Cir. 2021)

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
    2017 WL 4216193 (E.D.Mich. 2017)

*Comau LLC v. Blue Cross Blue Shield of Mich.*,
    2021WL 4635910 (E.D.Mich. 2021)

Fed. R. Civ. P. 26(c)(1)

Fed. R. Civ. P. 30(b)(1)

# I.  INTRODUCTION

Federal Rule of Civile Procedure 30(b)(1) allows the examining party to specify the time and place of a deposition in the corresponding notice.  For a plaintiff's deposition, the general rule is that the district where the litigation is pending will be the appropriate forum for the deposition.  If the plaintiff objects to appearing there, however, they move for a protective order under Rule 26(c), and upon a showing of good cause—predicated on *specific facts* showing a *clearly defined and serious injury*—a court may substitute some other location to protect against undue burden or expense.  That has long been the law in this District.

FCA US served notices for certain of the Plaintiffs' in-person depositions and specified a location in Detroit for them to take place.  Plaintiffs then moved for a protective order under Rule 26(c) seeking to preclude in-person appearances and have FCA US take their depositions remotely instead.[1]

Although Magistrate Judge Elizabeth Stafford denied Plaintiffs' motion under Rule 26(c)(1), the court entered an order "on its *own* motion" finding that "litigation efficiency" warranted remote depositions under Rule 26(b)(2)(C).[2]  The order errs

---

[1] *See* "Plaintiffs' Motion for a Protective Order From Requiring Plaintiffs to Travel to the Eastern District of Michigan for In-Person Depositions," ECF #83 (PageID.4258).

[2] *See* April 8, 2024 "Order Granting Plaintiffs' Motion for Protective Order (ECF No. 83)," ECF #116 (PageID.4683).

in its reliance on generalized "efficiency" considerations under Rule 26(b)(2)(C) rather than established Sixth Circuit precedent and Rule 26(c)(1) principles.  What is perceived as "efficient" has not been the test for a protective order that requires a remote deposition, and this Court should not acquiesce in changing the law.  Indeed, if the order is allowed to stand, in-person depositions will effectively be over in this District, at least for cases involving multiple plaintiffs, because any party wanting to avoid an in-person deposition would simply argue remote depositions are more "efficient."

## II.  NON-WAIVER STATEMENT

FCA US acknowledges under E.D. Mich. LR 72.2 that Judge Stafford's order "remains in full force and effect" until this Court stays the ruling or sets it aside.  The order, however, essentially stands for the proposition that in-person depositions involving any sort of travel can no longer take place solely because of supposed "inefficiency."  FCA US objects to such a finding as it plainly contradicts Sixth Circuit law.  But, because the parties also must comply with the case management deadlines set forth in Pretrial Order No. 7, Plaintiffs and FCA US have, over FCA US's continuing objection, started the process of scheduling Plaintiffs' remote depositions in the meantime.

### III.  RELEVANT FACTS

When FCA US requested Plaintiffs' availability for their in-person depositions, their counsel replied that essentially none of the plaintiffs would agree to appear for their depositions in Michigan because of health concerns or childcare or work schedule situations.[3]  ECF #95 (PageID.4480-81).  FCA US explained it would consider remote depositions for any Plaintiff who provided a declaration attesting that because of those circumstances they (i) already had not been traveling, (ii) were not presently traveling, and (iii) had no plans for future travel, including for in-person appearances at other case-related proceedings.  *Id.*

Plaintiffs declined and moved under Rule 26(c)(1)(B) for a protective order to preclude in-person appearance depositions.[4]  ECF #83 (PageID.4258).  This Court referred the matter to Judge Stafford, ECF #84 (PageID.4330), and the parties fully briefed the motion, ECF ##83, 95, 99 (PageID.4258, 4471, 4547).

Judge Stafford heard argument on April 8, 2024 and later that day issued a written order granting Plaintiffs' motion.  ECF #116 (PageID.4683).  In the order,

---

[3]The only exceptions were Plaintiffs who had filed cases in other states, who agreed to appear for in-person depositions in the forums where they filed.  ECF #95 (PageID.4482).

[4]Just three plaintiffs offered any specificity about a particular hardship, and FCA US agreed to the remote depositions of those individuals so long as they verified their circumstances with a declaration and confirmed that such circumstances, if they persisted through trial, would preclude travel there too. ECF #95 (PageID.4482).

Judge Stafford acknowledged that "[g]enerally, a party noticing a deposition may select the place of the deposition, and plaintiffs must attend depositions that are noticed to take place in the forum district." *Id.* at PageID.4684. The court also acknowledged that a movant seeking a protective order "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* at PageID.4685. On that basis, Judge Stafford determined that, with "the pandemic over in May 2023," she would "not enter a protective order based on a general finding that travel would expose all plaintiffs to serious harm." *Id.* at PageID.4685-86.

"Rather than making a finding that each plaintiff would face serious harm," however, "the Court on its own motion relie[d] on Rule 26(b)(2)(C)," and determined the rule "requires the Court to limit the extent of discovery when it can be obtained from a less burdensome and expensive source." *Id.* at PageID.4686. In the name of "litigation efficiency" then, Judge Stafford relied on out-of-district authority in "collective action" cases asserted under the Fair Labor Standards Act ("FLSA") for the notion that those kinds of actions provide opt-in plaintiffs "with the advantage of lower individual costs to vindicate rights by the pooling of resources," such that "proposed deponents" should *not* be made to travel to the litigation's forum district for their individual depositions. *Id.* at PageID.4684-85.

- 4 -

In other words, the court (i) acknowledged the Sixth Circuit's general rule governing in-person deposition appearances and the proper standard for the protective order Plaintiffs sought and (ii) determined Plaintiffs had not satisfied that standard but (iii) nevertheless held that an *efficiency* finding under a separate standard in a different rule that no party raised should supplant both Sixth Circuit precedent and Rule 26(c)(1) principles.

## IV.  ARGUMENT

### A.    The Governing Legal Standards.

"The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to legal conclusions.  *LaCroix v. Nachtreib*, 2023 WL 8649816, *2 (E.D.Mich. 2023).

The reviewing court reverses findings of fact when it "is left with the definite and firm conviction that a mistake has been committed," and it reverses legal conclusions when they "fail to apply or misapply relevant statutes, case law, or rules of procedure."  *Id.*  The "contrary to law" standard "requires the court to exercise its *independent judgment* … and overturn any conclusions of law which contradict or ignore applicable precepts of law."  *Cage v. Beard*, 2024 WL 580862, *1 (E.D.Mich. 2024) (emphasis added).

**B.     Error In Ignoring Sixth Circuit Precedent, Including This Court's Past Findings As To The Law And Its Application In Class Actions.**

Rule 30(b)(1) allows the party noticing a deposition to initially select its location. *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 4216193, *3 (E.D.Mich. 2017).  The general rule is that the proper location for a plaintiff's deposition "is in the forum where the litigation is pending." *Id.*; *see also Milisits v. FCA US LLC*, 2022 WL 995282, *2 (E.D.Mich. 2022) (same); *Steele v. Norfolk S. Railway Co.*, 2019 WL 13109924, *2 (E.D.Mich. 2019) (same); *New Paradigm Promotional Mktg., Inc. v. ACF Glob. Imports, LLC*, 2015 WL 6865738, *3 (E.D.Mich. 2015) (same).  Overcoming this general rule puts the burden on the moving party, *i.e.*, Plaintiffs here, to show "good cause" under Rule 26(c).  *In re Monostable*, 2017 WL 4216193 at *1.

"Good cause exists if specific prejudice or harm will result from the absence of a protective order." *Id.*  And demonstrating "specific prejudice or harm" requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.*; *see also Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (same); *Nix v. Sword*, 11 Fed.Appx. 498, 500 (6th Cir. 2001) (same); *Comau LLC v. Blue Cross Blue Shield of Mich.*, 2021WL 4635910, *2-3 (E.D.Mich. 2021) ("[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not satisfy the Rule 26(c) test"); *Flagg v. City of Detroit*, 2010 WL 3070104, *3 (E.D.Mich. 2010) (same).  Significantly, good

cause is *not* established "merely by showing that discovery may involve inconvenience and expense." *In re Monostable*, 2017 WL 4216193 at *3.

Here, no Plaintiff made any such "particular and specific demonstration of fact" relating to their individual circumstances or "COVID virus" concerns, and Judge Stafford identified none. *See*, *generally*, ECF #116 (PageID.4683-87). Moreover, Judge Stafford *expressly* rejected Plaintiffs' "request for a protective order under Rule 26(c)(1)." *Id.* at PageID.4685. Thus, *granting* Plaintiffs' motion for a protective order despite the court's Rule 26(c) finding errs in still precluding the in-person depositions FCA US had appropriately noticed without the requisite, substantiated showing of "good cause" under Rule 26(c)(1).

Judge Stafford's order relies on *Brasfield v. Source Broadband Servs., LLC*, 225 F.R.D. 447, 449 (W.D.Tenn. 2008) for the notion that "the court has wide discretion" on the time and place of a deposition. ECF #116, (PageID.4684). But, as *Brasfield* itself acknowledges, this broad discretion "*derive*[*s*] *from*" Rule 26(c) and its "good cause" standard. 225 F.R.D. at 449 (emphasis added). Because Judge Stafford held that Plaintiffs had not met that standard, ECF #116, (PageID.4685-86), *Brasfield* gives no basis to disregard Rule 26(c) as a matter of discretion. In other words, a court only has that "wide discretion" concerning a deposition *after* a party demonstrates good cause—with its concomitant "particular and specific" facts—not the other way around.

- 7 -

*Brasfield* is also distinguishable because the plaintiffs there were "opt-in" plaintiffs in an FLSA case, *i.e.*, a *collective action*, meaning they "did not choose the forum; the forum was chosen for them."  225 F.R.D. at 450.  The same is true for the other authorities Judge Stafford cites for the order's "litigation efficiency" premise.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989) (collective action brought under ADEA and discussing discovery directed at "potential members of the class"); *Forauer v. Vermont Country Store, Inc.,* 2014 WL 2612044 (D. Vt. 2014) (noting that depositions taken by remote means "*may* be appropriate in a FLSA [collective] action") (emphasis added); *Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124 (N.D.Cal. 2011) (court did not require the three named plaintiffs and twenty-five "opt-in" plaintiffs to travel to the Northern District of California for in-person depositions, but it ordered that the defendant could take the in-person depositions of these individuals in any of the fourteen cities the plaintiffs had proposed as more convenient).[5]

In stark contrast, Plaintiffs here (i) are named plaintiffs (ii) who seek to represent a putative class (iii) in a forum ***they affirmatively chose***, and (iv) they are

---

[5]Judge Stafford also cites *Gross v. Lunduski*, 304 F.R.D. 136, 163 (W.D.N.Y. 2014) for the proposition that the court's discretion includes considerations of "cost, convenience and litigation efficiency."  ECF #116 (PageID.4684).  But there too, those considerations were applied to *specific*, *individualized* facts relating to staffing of certain medical personnel at a prison facility.  *Gross*, 304 F.R.D. at 163-64.

attempting to escape in-person depositions while reserving their rights for in-person participation in every other aspect of this case (*e.g.*, hearings and trial) where it may benefit them.[6]  And, when faced with the exact same type of efficiency claims that formed the basis of Judge Stafford's order, *this* Court soundly reasoned "that argument carries little weight [here]."  *In re Monostable*, 2017 WL 4216193 at *4.

> [N]o class has yet been certified … and the only depositions presently contemplated are those of the named individual plaintiffs, some or all of whom presumably will seek to be approved as class representatives. The individual plaintiffs chose to sue the defendant in the Eastern District of Michigan, and … presumably contemplated the costs and inconvenience to them that could result from their choice of forum. Moreover, as to those individual plaintiffs who may be designated to serve as class representatives, *the cost and burden of the litigation for them due to their individual involvement in discovery and other pretrial proceedings can be addressed by appropriate individual incentive awards if the litigation results in a beneficial class recovery.*

*Id.* (emphasis added); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 833 Fed.Appx. 430, 431 (6th Cir. 2021) (noting that payments to named plaintiffs for "service awards" correlated to the "substantial amount of time" they spent advancing the litigation).[7]

---

[6]As mentioned above, FCA US agreed to take the in-person depositions of those plaintiffs who originally filed their claims in other states in those states. ECF #95 (PageID.4482).

[7]Plaintiffs aver that they are adequate class representatives because they "intend to prosecute this action vigorously."  ECF #24, ¶ 235 (PageID.386).  Thus, it should not come at a surprise to any of them that they would have to appear in the forum they selected for a deposition.

Because Judge Stafford's order ignores well-established Sixth Circuit case law and is otherwise premised on cases inapposite to the facts at hand, this Court should set aside Judge Stafford's order and deny Plaintiffs' motion.

## C. Error In Misapplying The Procedural Rules.

Judge Stafford's ruling on Plaintiffs' motion was made on the court's "own motion" under Rule 26(b)(2)(C).  But that rule does not govern here, and even a brief glance at its text shows why.

Rule 26(b)(2)(C) allows a court to "limit the *frequency* or *extent* of discovery otherwise allowed" when, for example, such discovery "can be obtained from some *other source* that is more convenient, less burdensome, or less expensive." (Emphasis added.)  The rule does *not* require—or even permit—a court to change the method, means, or place of discovery to something other than what the party seeking discovery has chosen.

When the method, means, or place of discovery is disputed, the text of Rule 26(c)(1) governs.  Unlike the "frequency or extent" language in Rule 26(b)(2), Rule 26(c)(1) expressly permits a court—upon a showing of "good cause"—to issue an order "prescribing a discovery method other than the one selected by the party seeking discovery."  Fed. R. Civ. P. 26(c)(1)(C).  It also expressly permits a court— again, upon a showing of "good cause"—to "specify[ ] terms, including time and place" for discovery.  Fed. R. Civ. P. 26(c)(1)(B).

- 10 -

These textual differences matter.  Only Rule 26(c)(1) speaks to limits on the "method," "terms," and "place" of discovery.  Rule 26(b)(2) does not.  The subparts have different scopes and empower district courts to do different things in different situations.  *See, e.g.*, *Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

Had the drafters of Rule 26(b)(2) intended *that* subpart to empower courts to issue order specifying the "method," "terms," and "place" of discovery—as Judge Stafford did here—then Rule 26(b)(2) "would have used language similar to what [is] used" in Rule 26(c)(1).  *Boumediene v. Bush*, 553 U.S. 723, 777 (2008).  But it does not.  Instead, a protective order specifying the "method," "terms," and "place" of discovery must be issued under Rule 26(c)(1) upon a showing of "good cause"— which Judge Stafford did not find here.

Nor did Plaintiffs ask to limit the "frequency" or "extent" of their depositions under Rule 26(b)(2); rather, they asked for a restriction on the *place* of discovery, seeking to appear remotely instead of in-person and in the Eastern District of Michigan.  ECF ##83, 95, 99 (PageID.4258, 4471, 4547).  That is why Plaintiffs moved under Rule 26(c)(1)(B) for their requested relief and *not* Rule 26(b)(2)(C). ECF #83 (PageID.4258).

- 11 -

And the case law Plaintiffs cite in their motion only bolsters the conclusion that the appropriate subpart is Rule 26(c)(1). *See*, *e.g.*, *Reynolds v. FCA US, LLC*, 2022 WL 21842693 (E.D.Mich. 2022) (invoking Rule 26(c)(1) to grant motion for protective order and never mentioning Rule 26(b)(2)(c)); *Crawford v. FCA US LLC*, 2022 WL 15898431 (E.D.Mich. 2022) (same); *Grundy v. FCA US LLC*, 2022 WL 909351 (E.D.Mich. 2022) (same); *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 2014 WL 12659589 (E.D.Mich. 2014) (same).

Even more convincing though are the cases that reference *both* Rule 26(b)(2)(C) and Rule 26(c)(1)(B), including *Forauer*, which Judge Stafford relied on.  ECF #116 (PageID.4685).  In those cases, the correct procedural process is clear and reflects the textual differences in the rule: Rule 26(b)(2)(C) addresses *whether* a movant may take a deposition at all and Rule 26(c)(1)(B) addresses *how* it may be conducted.  *See Forauer*, 2014 WL 2612044 at *5-6; *see also Rennenger v. Aquawood, LLC*, 2022 WL 20854177, *2-4 (S.D.Iowa 2022) (applying Rule 26(b)(2) to request to limit the *number* of depositions and Rule 26(c)(1) to request that depositions be taken *remotely*).

Rule 26(b)(2)(C) does not bear on whether to grant a motion for a protective order limiting in-person depositions.  Judge Stafford erred in applying the wrong procedural rule to grant Plaintiffs' requested relief.  And, under the correct

procedural rule, Rule 26(c)(1), Plaintiffs cannot establish good cause with the requisite specific facts to justify the relief requested.  ECF No. 95 (PageID.4471).

**D.    Error In *Sua Sponte* Ruling.**

"'[C]ourts generally do not decide issues not raised by the parties.'"  *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring) (quoting *Galvan v. Alaska Dept. of Corr.*, 397 F.3d 1198, 1204 (9th Cir. 2005)).  That is because "courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."  *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir. 1983) (Scalia, J.); *see also Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (recognizing the "principle of party presentation").

Neither party raised Rule 26(b)(2)(C) as a basis to grant or deny Plaintiffs' motion to preclude their in-person appearances at a deposition.  ECF ##83, 95, 99.  Yet, the Magistrate Judge's order invoked Rule 26(b)(2)(C) as its ***sole*** basis for granting Plaintiffs' motion and ordering remote depositions.  ECF #116 (PageID.4686-87).  This alone provides grounds to set aside Judge Stafford's order, as district courts have done when reviewing similar orders.

For instance, in *Catania v. United Fed. of Teachers*, the magistrate judge issued a report and recommendation that "determined that the case should be stayed under [the *Colorado River*] doctrine."  2023 WL 1962533, *2 (S.D.N.Y. 2023).  But, as the district court recognized, and even the magistrate judge acknowledged, "this

argument was not raised by the parties." *Id.* As a result, the district court declined to adopt the recommendation because, again, "[c]ourts generally do not decide issues not raised by the parties." *Id.* This Court should not accept Judge Stafford's basis for entering a protective order that denies FCA US of its appropriately noticed in-person depositions.

## V.  CONCLUSION

For the reasons set forth herein, Defendant FCA US LLC respectfully requests that the Court sustain these objections, set aside Judge Stafford's order, and deny Plaintiffs' Motion for Protective Order.

Respectfully submitted,

**KLEIN THOMAS LEE & FRESARD**

 */s/ Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste 1600
St. Louis, Missouri 63102
T: 314.888.2970
steve.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*-and-*

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T: 602.935.8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s/ Stephen A. D'Aunoy*