# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION,<br><br>MDL No. 3040 | Case No.: 22-md-03040<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

## FCA US LLC'S REPLY IN SUPPORT OF ITS APPEAL AND OBJECTIONS TO JUDGE STAFFORD'S ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

**KLEIN THOMAS LEE & FRESARD**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
T: 602.935.8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*-and-*

Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste 1600
St. Louis, Missouri 63102
T: 314.888.2970
stephen.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.  INTRODUCTION .........................................................................................1

II. ADDITIONAL FACTS RELEVANT TO PLAINTIFFS' OPPOSITION..........1

III. ARGUMENT .................................................................................................3

    A.    Error In Ignoring Sixth Circuit Precedent, Including This Court's Past Findings As To The Law And Its Application In Class Actions. ......................................................................................3

    B.    Error In Misapplying The Procedural Rules. .......................................5

    C.    Error In *Sua Sponte* Ruling. .................................................................6

III. CONCLUSION..............................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Charvat v. Travel Svcs.*, 110 F.Supp.3d 894, 897 (N.D.Ill. 2015) ...........................7

*Concerned Pastors for Soc. Action v. Khouri,* 2016 WL 3055624 (E.D.Mich. 2016) ...............................................................................................................................5

*Crawford v. FCA US LLC*, 2022 WL 15898431 (E.D. Mich. 2022) .........................5

*Eight Mile Style, LLC v. Spotify USA Inc.*, 2022 WL 20936608 (M.D.Tenn. 2022) 4

*Golden v. Quality Life Svcs., LLC*, 2023 WL 8664336, *2 (D.N.M. 2023) ..............4

*Griffin v. Gregoline*, 727 Fed.Appx.397, 398 (9th Cir. 2018) ..................................6

*Griffin v. Unknown Gregoline*, Case No. 2:15-cv-01496 (D.Ariz.) ..........................6

*Grundy v. FCA US LLC*, 2022 WL 909351 (E.D. Mich. 2022) ................................5

*Laethem Equip. Co. v. Deere & Co.*, 2008 WL 11399032, *1 (E.D.Mich. 2008) ....7

*Llewellyn-Jones v. Metro Prop. Grp., LLC*, 2014 WL 12659589 (E.D. Mich. 2014) ...............................................................................................................................6

*Mancia v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354, 363-65 (D.Md. 2008) ......6

*Ocean Sky Int'l, LLC v. The LIMU Co., LLC*, 2020 WL 4927516, *4 (W.D.La. 2020) ...............................................................................................................................5

*Radiant Global Logistics, Inc. v. BTX Air Express of Detroit, LLC*, 2020 WL 1933818, *1 (E.D.Mich. 2020) ............................................................................3

*Rennenger v. Aquawood, LLC*, 2022 WL 20854177, at *2-4 (S.D. Iowa 2022) .......6

*Reynolds v. FCA US, LLC*, 2022 WL 21842693 (E.D.Mich. 2022) .........................5

*Smith v. County of Wayne*, 2023 WL 4830585, *2-3 (E.D.Mich. 2023) ...................6

**Rules**

Rules 26(b)(1) .............................................................................................................4

Rule 26(b)(2) ............................................................................................................... 5, 6

Rule 26(b)(2)(C) ................................................................................................. 1, 4, 5, 6

Rule 26(c) .........................................................................................................................5

Rule 26(c)(1) ....................................................................................................... 2, 4, 5, 6

Rule 30(a)(2) ...................................................................................................................3

Rule 45(d)(3)(A) ..............................................................................................................6

# I. INTRODUCTION

Plaintiffs cite no case in which a court has found that, or even discussed whether, the deposition of a named plaintiff should be taken by remote means under Rule 26(b)(2)(C) in the name of "litigation efficiency."[1] Judge Stafford's order stands alone, and its ruling is contrary to law.

# II. ADDITIONAL FACTS RELEVANT TO PLAINTIFFS' OPPOSITION

*The Declarations FCA US Requested*: Plaintiffs attempt to portray FCA US as unreasonable for requesting declarations that a "Plaintiff had not been or would not travel for any reason" before agreeing to a remote deposition for that Plaintiff. *See* Pl. Opp., p. 3 (PageID.4759). But if a Plaintiff is traveling, or planning to travel, for things like vacations or work, then travel for an in-person deposition would be no different in terms of generalized hardships or burdens. Plaintiffs are engaging in gamesmanship whereby they are trying to preserve their ability to travel to Michigan for trial, while also claiming travel to Michigan for a deposition is just too burdensome. FCA US explained in parties' meet-and-confer communications how it would be "unfairly prejudicial for FCA US to forego the benefits and insight of an in-person deposition because of general illness risks or claims of hardship only to have Plaintiffs show up in-person and *en masse* for trial." ECF #95-3 (PageID.4513)

---

[1] *See* Opposition to Appeal and Objections to Judge Stafford's Order Granting Plaintiffs' Motion for Protective Order, ECF #126 ("Opposition" or "Pl. Opp.").

*Specificity For Claimed Hardships*: Plaintiffs assert they provided "specific hardships, burden, and expense Plaintiffs would suffer if forced to travel to Michigan." *See* Pl. Opp., p. 8 (PageID.4764). But, just forty-three plaintiffs listed any such claim, all of which consisted of the same types of generic concerns about childcare, expense, or work schedules, *see* ECF #83-2 (PageID.4292-96), which other courts have found are entirely insufficient, *see* ECF #95 (PageID.4490-97).[2] Plaintiffs also claim Judge Stafford "relied on" Plaintiffs' "specific facts detailing the[ir] burden and significant hardships." S*ee* Pl. Opp., p. 2 (PageID.4758). Yet, Judge Stafford made no such finding and expressly rejected Plaintiffs' "request for a protective order under Rule 26(c)(1)," *see* ECF #116 (PageID.4685-86).

*Travel Expense*: Plaintiffs contend "expense is the reason why FCA wishes to take the depositions in Michigan rather than where the Plaintiffs live." *See* Pl. Opp., pp. 9-10 (PageID.4765-66). But there is no support for this in the record. And, having the Parties convene for depositions in the forum district—where many of the parties' counsel are located, and where the rules say the depositions should occur—is obviously more cost effective compared to traveling to seventy-plus different locations across the country.

---

[2]FCA US agreed that three Plaintiffs stated sufficiently specific hardship to warrant remote depositions and asked only that those Plaintiffs verify that, if those hardships persisted through the time of trial, those same circumstances would necessarily preclude travel at that point as well. *See* ECF #83-6 (PageID.4316).

## III.  ARGUMENT

A. **Error In Ignoring Sixth Circuit Precedent, Including This Court's Past Findings As To The Law And Its Application In Class Actions.**

While expressly acknowledging the well-established rule that "plaintiffs must attend depositions that are noticed to take place in the forum district," Judge Stafford erred in finding "litigation efficiency" alone was an applicable exception.  ECF #116 (PageID.4684).  Plaintiffs contend there is no error because other courts have done the same thing.  But, that is not borne out in the authority Plaintiffs rely on, nor did any court in the cases Plaintiffs cite decide a matter involving a named plaintiff appearing for an in-person deposition within their forum district.[3]

In *Radiant Global Logistics, Inc. v. BTX Air Express of Detroit, LLC*, the defendant moved for leave to take more than Rule 30(a)(2)'s permitted ten depositions (*not* for a protective order).  2020 WL 1933818, *1 (E.D.Mich. 2020).  The court denied the motion where, among other things, ***the witnesses were non-parties***, the defendant could have avoided any need to take additional depositions but chose not to, and the additional depositions were "not so much to acquire substantive evidence, but for impeachment purposes," which could be done at trial.  *Id.* at *3-5.  None of those considerations are present here where the issue concerns named Plaintiffs who are asserting, and must prove, their damage claims.

---

[3]Plaintiffs assert that Judge Stafford cited "numerous cases" at oral argument. *See* Pl. Opp., p. 3 (PageID.4759).  She cited two.  *See* ECF #117 (PageID.4705-07).

- 3 -

Contrary to what Plaintiffs say, the court in *Eight Mile Style, LLC v. Spotify USA Inc.*, 2022 WL 20936608 (M.D.Tenn. 2022) did not "rel[y] on Rule 26(b)(2)(C)" to allow a remote deposition, *see* Pl. Opp., p. 6 (PageID.4762). The actual question at hand was whether a protective order should issue to preclude the deposition of a corporate officer of the defendant's parent company. *Id.* at *2. The court explained the basis of its discretion under Rules 26(b)(1) and 26(b)(2)(C), and then *denied* the defendant's motion for the protective order because the officer's deposition testimony was *relevant* (*id.* at *4), the testimony was *proportional* as the most convenient source of the information (*id.* at *6), and the defendant had *not* demonstrated "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought, rather than conclusory statements" under Rule 26(c)(1) (*id.* at *7). And, while not discussed directly, the deposition was remote simply because of the witness's location in Sweden. *Id.* at *2, 7.

In *Golden v. Quality Life Svcs., LLC*, although the defendant had argued Rule 26(b)(2)(C) should be used to "forbid[]" the deposition, efficiency played no role in the court's conclusion "that a witness who even with her ["serious" medical] condition *continues to work* at Defendants' place of employment is stable and sturdy enough to undergo a remote deposition conducted in respectful tones and limited to no more than two hours." 2023 WL 8664336, *2 (D.N.M. 2023) (emphasis in original).

And *Ocean Sky Int'l, LLC v. The LIMU Co., LLC* similarly has nothing to do with a court ordering a remote deposition under Rule 26(b)(2)(C). 2020 WL 4927516, *4 (W.D.La. 2020). There, the plaintiff filed a motion to compel seeking to have its expert "pose questions to LIMU's IT professional to resolve certain ambiguities in LIMU's data," but the court held that Rule 26(b)(2)(C) was not a vehicle for *new* kinds of discovery, and that the plaintiff would need to depose an employee, which the court found, without analysis, "*may*" be done remotely. *Id.*

Finally, in *Concerned Pastors for Soc. Action v. Khouri*, when the Court referred to Rule 26(b)(2), it was discussing the issue of whether *multiple* depositions of the same witnesses would be allowed. 2016 WL 3055624, *1-2 (E.D.Mich. 2016). None of the authorities Plaintiffs cite for support are about a named plaintiff avoiding a deposition appearance in the district where they sued the defendant.

**B.      Error In Misapplying The Procedural Rules.**

Plaintiffs do not address the textual differences between Rule 26(b)(2) and Rule 26(c) as a procedural matter, or the distinctions between their application when issuing discovery-related orders. *See*, *e.g.*, *Reynolds v. FCA US, LLC*, 2022 WL 21842693 (E.D.Mich. 2022) (invoking Rule 26(c)(1) to grant motion for protective order and never mentioning Rule 26(b)(2)(C)); *Crawford v. FCA US LLC*, 2022 WL 15898431 (E.D.Mich. 2022) (same); *Grundy v. FCA US LLC*, 2022 WL 909351 (E.D.Mich. 2022) (same); *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 2014 WL

12659589 (E.D.Mich. 2014) (same); *see also Rennenger v. Aquawood, LLC*, 2022 WL 20854177, *2-4 (S.D.Iowa 2022) (applying Rule 26(b)(2) to request to limit the *number* of depositions and Rule 26(c)(1) to a request that depositions be taken *remotely*).

**C.      Error In *Sua Sponte* Ruling.**

The issue is not "the language of Rule 26(b)(2)(C)," *see* Pl. Opp., p. 12 (PageID.4768), but the displacement of a well-established standard for altering the location and manner of depositions when no party raised even the prospect of upsetting the standard. And, while the cases Plaintiffs cite relate to a court's wide discretion with discovery matters, none of them authorize the kind of "*sua sponte*" action that effects a change in the law and does so without respecting a party's due process right to be meaningfully heard on the issue. *Id.*; *see also Smith v. County of Wayne*, 2023 WL 4830585, *2-3 (E.D.Mich. 2023) (granting motion to quash deposition of mayor referencing Rules 45(d)(3)(A)(iv), 26(b)(2)(C)(i) and (ii), *and* 26(c)(1)); *Griffin v. Gregoline*, 727 Fed.Appx.397, 398 (9th Cir. 2018) (affirming district court's entry of summary judgment and corresponding denial of the plaintiff's request to reopen discovery) [4]; *Mancia v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354, 363-65 (D.Md. 2008) (ordering parties to meet-and-confer on

---

[4]*See also Griffin v. Unknown Gregoline*, Case No. 2:15-cv-01496 (D.Ariz.), ECF #100 at p. 10 n.7.

excessive and overly burdensome written discovery and boilerplate objections); *Charvat v. Travel Svcs.*, 110 F.Supp.3d 894, 897 (N.D.Ill. 2015) (limiting interrogatory where information sought was irrelevant); *Laethem Equip. Co. v. Deere & Co.*, 2008 WL 11399032, *1 (E.D.Mich. 2008) (denying request to depose attorneys after failed showing under Sixth Circuit precedent).

### III.  CONCLUSION

For the reasons set forth in its opening brief and herein, Defendant FCA US LLC respectfully requests that the Court sustain these objections, set aside Judge Stafford's order, and deny Plaintiffs' Motion for Protective Order.

*Respectfully submitted,*

**KLEIN THOMAS LEE & FRESARD**

|  |  |
|---|---|
|  | */s/ Stephen A. D'Aunoy* |
| Fred J. Fresard (P43694) | Stephen A. D'Aunoy (MO/54961) |
| Ian K. Edwards (P82021) | Thomas L. Azar, Jr. (MO/56634) |
| 101 W. Big Beaver Rd., Ste 1400 | Scott H. Morgan (MO/61853) |
| Troy, Michigan 48084 | 100 N. Broadway, Ste 1600 |
| T: 602.935.8300 | St. Louis, Missouri 63102 |
| fred.fresard@kleinthomaslaw.com | T: 314.888.2970 |
| ian.edwards@kleinthomaslaw.com | steve.daunoy@kleinthomaslaw.com |
|  | tom.azar@kleinthomaslaw.com |
|  | scott.morgan@kleinthomaslaw.com |

*Attorneys for FCA US LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                                                    */s/ Stephen A. D'Aunoy*