UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-3040
Honorable David M. Lawson
Magistrate Judge Elizabeth S. Stafford

_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED CONSOLIDATED MASTER COMPLAINT**

The plaintiffs in this multidistrict litigation allege that defendant FCA US LLC manufactured and sold them Chrysler Pacifica Plug-in Hybrid minivans that are defective because they have been known to combust spontaneously. Following the case management plan, lead counsel filed a 1,450-paragraph, 430-page (including attached exhibits) consolidated master complaint (CMC), which pleaded 81 causes of action sounding in breach of express and implied warranties and violations of various state laws governing consumer sales, deceptive marketing, and unfair trade practices. In Counts II, III, and IV of the CMC, the plaintiffs attempted to plead common law theories of liability that did not refer to the laws of any particular state or federal jurisdiction, and they did not identify any nationwide body of common law to support their theories. The defendant responded to the CMC with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted in part, dismissing Counts II, III, and IV. The plaintiffs now have filed a motion for leave to amend the CMC to add those common law theories of liability under the laws of the states from which the respective plaintiffs hail. The defendant opposes the motion on the grounds of untimeliness and prejudice. The Court heard argument from the parties in open court on June 13, 2024. The plaintiffs timely sought leave to amend, and the defendant will not suffer prejudice from the proposed amendment. The motion will be granted.

I.

The factual background of the case is discussed extensively in the Court's opinion granting in part and denying in part the defendant's motion to dismiss, ECF No. 67.

The plaintiffs bring claims of deceptive practices and warranty breaches against defendant FCA, which is the manufacturer of the Chrysler Pacifica Plug-in Hybrid minivan. The plaintiffs say that, either due to defects in their design or problems during the manufacturing process, the large battery plant incorporated into the powertrain of the vehicles has a tendency spontaneously to enter a "thermal runaway" state, resulting in combustion or explosion of the vehicle. The spontaneous ignition of the batteries, the plaintiffs say, may occur unpredictably at any time, even when the vehicles are parked and the ignition is off. Due to the risk of spontaneous fires, the plaintiffs say that they are unable to drive or leave the vehicles unattended with peace of mind, and they are forced to seek parking locations far removed from structures or other vehicles due to the risk of damage to any nearby property if the vehicles suddenly burst into flames. The plaintiffs acknowledge that FCA conducted a voluntary recall of the class vehicles based on the fire risk, but they allege that the measures implemented by the recall are insufficient to cure the problem, because the recall remedy consists merely of a software patch intended to "monitor" the battery system for conditions that may lead to thermal runaway, and no repair or replacement of the battery pack is offered unless Chrysler deems it "necessary" after an inspection. It appears that the defendant did not determine that replacement was a necessary measure for any of the plaintiffs' vehicles (or, apparently, for almost all of the other thousands of class vehicles currently in service).

This multidistrict litigation was initiated on August 3, 2022 by an order of the Judicial Panel on Multidistrict Litigation (JPML) transferring to this Court for pretrial proceedings four civil actions pending in various districts for consolidation with three cases filed in this district.

Subsequent orders by the JPML transferred more cases raising the same claims, which altogether comprise 11 putative class actions with 69 named plaintiffs who have pleaded, cumulatively, more than 81 counts under the laws of 31 states. On October 17, 2022, the Court consolidated the related cases and established initial deadlines for filing and challenging consolidated pleadings. The plaintiffs' CMC was filed on November 3, 2022. On December 19, 2022, the defendant filed its motion under Rule 12(b)(6) challenging the viability of all of the claims pleaded in the CMC.

On November 11, 2023, the Court issued a lengthy opinion addressing the defendant's motion to dismiss, granting the motion in part as to several claims but allowing most of the causes of action to proceed. *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, No. 22-MD-03040, 2023 WL 8602971 (E.D. Mich. Dec. 11, 2023). Notably, the Court dismissed the counts of the CMC purporting to state nationwide common law claims. The plaintiffs filed their motion for leave to file a first amended consolidated master complaint on January 18, 2024.

The Court initially established a timeline for discovery and motion practice relating to class certification and the merits of the claims, and that schedule has been enlarged several times at the parties' joint request. As it stands presently, the schedule calls for the parties to file motions challenging expert witnesses relating to class certification by June 10, 2024 (which has been done), the plaintiffs' motion for class certification to be filed by September 11, 2024, for all discovery to be completed by January 31, 2025, and for dispositive and expert motions concerning merits questions to be filed no later than February 28, 2025.

II.

Motions to amend before trial generally are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain leave of court. Although Rule 15(a)(2) says that "[t]he court should freely give leave [to

amend] when justice so requires," leave may be denied for undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997).

Delay alone does not justify denial of a motion brought under Rule 15(a), *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995), and Rule 15 itself does not establish a deadline within which a party must file a motion to amend, *see Lloyd v. United Liquors Corp.*, 203 F.2d 789, 793-94 (6th Cir. 1953) (reviewing a district court's denial of a motion to amend after the entry of summary judgment). But the party seeking to amend must "act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)). Where "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier," *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001), and courts are especially inclined to deny a motion brought under Rule 15 "if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them," 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (3d ed.); *see also Wade*, 259 F.3d at 459 (finding undue delay where the plaintiff knew the facts forming the basis of the amended claims but failed to plead the claims in the original complaint).

Courts also will deny leave to amend where there is "some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). The Sixth Circuit has found prejudice and affirmed denials of leave to amend late in the life of a suit particularly

where the pleader has no excuse for the tardiness of its efforts to amend, and when the pretrial phase of the litigation has advanced to its later stages. *E.g.*, *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (finding that "amendments on the eve of the close of discovery would be prejudicial to defendants and unduly delay trial"); *Duggins*, 195 F.3d at 834 (denying leave to amend because "discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed"); *Parry*, 236 F.3d at 306-07 (upholding denial of leave to amend complaint where amendment was sought more than a year after original complaint was filed, summary judgment had been granted to defendants two months earlier, and the plaintiff was attempting to add a new legal theory).

The Court's prior opinion on the defendant's motion to dismiss discussed at length the numerous problems with the plaintiffs' attempted pleading of "nationwide" claims. *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, No. 22-MD-03040, 2023 WL 8602971, at *6 (E.D. Mich. Dec. 11, 2023) ("The plaintiffs have not identified in Counts II, III, and IV any source of law for the causes supposedly pleaded — either stemming from federal common law or the common law of the various states involved with the other claims. They also have cited no legal authority for the proposition that any 'nationwide' body of common law exists under which such causes of action could arise. And they have not explained how plaintiffs with distinct state law claims could derive standing to represent each other on claims arising from the purchases of class vehicles in other states by other entirely separate plaintiffs. This is problematic for several reasons."). However, the Court's analysis eschewed any questions bearing on the merits or particular elements of the pleaded claims — or any previously pleaded underlying state-by-state claims. *Id.* at *7 ("The elements of causes of action labeled 'fraudulent concealment,' 'fraudulent omission,' and 'unjust enrichment' may overlap from state to state. But to determine if Counts II, III, and IV of

the CMC state viable claims, the Court must parse the elements of those claims under the common law of each state. The plaintiffs have eschewed such an analysis by pleading their nationwide theories, which are untethered to any particular body of state-specific law."). The question now before the Court is how to address the plaintiffs' desire to reassert the previously pleaded underlying state-by-state claims in a consolidated pleading that will pass muster based on the Court's previous ruling.

One thing is for certain, and as the defendant aptly points out, allowing the amendment at this stage of the case unavoidably will delay the overall progress of this litigation. That is because the defendant must have an opportunity to challenge the pleading of the numerous reasserted state-by-state claims, which it was not able to do (and did not attempt to undertake) in its initial motion to dismiss. Resolving a second pleading challenge likely will require a delay of weeks following the filing of the amended complaint, and necessarily may derail the current (and already previously elongated) schedule for filing the class certification motion, since a settlement of the pleadings must be accomplished before the Court can address the question of which pleaded claims, if any, may be litigated on a class basis. Moreover, the plaintiffs offer no explanation (other than efficiency, which has proven to be misbegotten) for the puzzling decision to omit state-by-state claims from the prior consolidated pleading, and it is difficult to discern any legal authority suggesting to the plaintiffs that pleading of "nationwide" claims such as they posed could have been sound. However, the proceedings inevitably will be delayed for weeks (perhaps by even longer) by the need to await the outcome of the interlocutory appeal on an arbitration dispute, which otherwise would lead to confounded and piecemeal progress of the case depending on the forum in which some or all claims proceed.

Moreover, as the plaintiffs aptly point out, the consequence of denying the amendment at this stage inevitably would be the filing of numerous separate actions that merely would replead the state-by-state claims, and even further delay would result from the likely consolidation of those claims with this MDL proceeding, which eventually would result in reasserting those claims in any further common proceedings.

At any rate, regardless of the cause or extent of the delay, the circumstance of delay alone does not justify denial of a motion brought under Rule 15(a). *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). And mere delay is all that the defendant has pointed to in this instance in resisting the proposed amendment. The defendant has not established that any delay resulting from the amendment would be "undue," and the plaintiffs acted promptly by seeking amendment after receiving the Court's ruling dismissing the nationwide common law claims from their original consolidated complaint.

The defendant does not argue at this point that any of the proposed claims are futile — although it also certainly could stand on its right to challenge an amended pleading through another round of motion practice addressing specific claims not previously pleaded and issues not previously considered or resolved by the Court. It also does not identify any circumstances suggesting that the plaintiffs have acted in bad faith or with any improper motive, and it has not identified any way in which it will be prejudiced other than by being compelled to engage in further motion practice. Generally, where prejudice is found significant enough to disallow an amended pleading, it is where a reformation of pleadings comes much later after discovery has closed and dispositive motions are filed or decided. *E.g.*, *Bridgeport Music*, 410 F.3d at 806 (finding that "amendments on the eve of the close of discovery would be prejudicial to defendants and unduly delay trial"); *Duggins*, 195 F.3d at 834 (denying leave to amend because "discovery had passed,

the dispositive motion deadline had passed, and a motion for summary judgment had been filed"); *Parry*, 236 F.3d at 306-07 (upholding denial of leave to amend complaint where amendment was sought more than a year after original complaint was filed, summary judgment had been granted to defendants two months earlier, and the plaintiff was attempting to add a new legal theory). In this case, discovery has been extended through January 2025, and dispositive motions are not due until February 2025. The defendant points out that it would like some level of certainty on the claims that will survive in the proposed amended CMC when it comes time to address the class certification motion. But on the current pace, it appears that the Court will be able to address the defendant's anticipated Rule 12(b)(6) motion before the filing deadline for the class certification motion presently scheduled. In all events, the case is not presently in such an advanced posture that substantial work already done will have to be cast aside and the entire litigation rebooted in order to allow the amendment.

III.

The defendant's argument essentially is that plaintiffs' counsel should have known better than to attempt a false economy in their pleading, and perhaps it is correct. But it has not demonstrated that the plaintiffs "unduly delayed" moving to amend where their motion was filed within several weeks after the Court's prior ruling was issued. The defendant does not argue that the amendment would be futile, and it has not established that it would be unduly prejudiced by the amendment.

Accordingly, it is **ORDERED** that the plaintiffs' motion for leave to file an amended consolidated complaint (ECF NO. 72) is **GRANTED**.

It is further **ORDERED** that the plaintiffs' amended consolidated master complaint must be filed **on or before June 19, 2024**. The defendant's response to the amended CMC must be filed **on or before July 10, 2024**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 14, 2024