UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-3040
Honorable David M. Lawson

_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO SEAL CERTAIN EXHIBITS**

This matter is before the Court on the defendant's motion to seal certain exhibits. The Court has reviewed the parties' submissions and heard oral argument on June 12, 2024. During the hearing, the Court announced its decision to grant the motion to seal.

Because of the "'strong presumption in favor of openness' as to court records," S*hane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)), a party seeking to seal a court filing faces a formidable task, *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The *Shane Group* case has set the bar high, imposing on the party asking to seal documents the "burden of overcoming that presumption" of openness by "demonstrat[ing] — on a document-by-document, line-by-line basis — that specific information in the court record meets the demanding requirements for a seal." *Shane Group*, 825 F.3d at 305, 308.

Conclusory allegations and references to protective orders will not do. "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* at 305. "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid.*

(quoting *Brown*, 710 F.2d at 1181). That is why "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *Knoxville News*, 723 F.2d at 476).

Relevant to the calculus is the status of the information sought to be shielded from public view as a trade secret. But trade secret status is neither a necessary nor a sufficient condition for sealing. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) ("While the existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents, even if a trade secret does not exist, a court may still find a compelling reason exists; further, even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret."). Even "[w]here a party can show a compelling reason for sealing, the party must [still] show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id.* at 637. "'In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Shane Group*, 825 F.3d at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)); *Brown*, 710 F.2d at 1180 ("In such cases, a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records"). To qualify for protection as a trade secret, "information must (1) derive economic value from the fact that it is not known to others who could make use of it, and (2) be the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 410 (6th Cir. 2006), *abrogated on other grounds by A. K. ex rel. Kocher v. Durham Sch. Servs., LP*, 969 F.3d 625, 630 (6th Cir. 2020). The party seeking trade secret protection "must

identify its trade secrets with a reasonable degree of precision and specificity that is particular enough as to separate the trade secret from matters of general knowledge in the trade or of special knowledge of persons skilled in the trade." *Dow Chem. Canada, Inc. v. HRD Corp.*, 909 F. Supp. 2d 340, 346 (D. Del. 2012); *see also Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F.Supp.3d 224, 258-59 (S.D.N.Y. 2014) (collecting cases).

As to the request to allow expungement of personal information and unrelated customer complaint data from three of the identified exhibits, none of the deleted information implicates the narrative substance of the exhibits in question, which are offered by the plaintiffs merely to support the undisputed assertion that the defendant received reports of vehicle fires which occurred after the defendant's voluntary recall remedy was applied to the vehicles. *See* Proposed Redacted Exhibits 1, 3, 4, ECF No. 75-2, 75-4, 75-5.  Those redactions from the public record are limited in scope and expunge only personally identifying details such as names, email addresses, vehicle identification numbers, and other information that are immaterial to the Court's resolution of the plaintiffs' motion for curative notice.

As to the fourth exhibit, which is a PowerPoint slide deck produced by non-party LG Electrical Systems (LGES), the exact nature of the information in the extensive document is somewhat difficult to discern since non-party LGES has not seen fit to weigh in and assert its own interest in the matter, despite receiving notice and having an opportunity to do so.  The defendant represents that the document is the product of a "defect investigation" and "root cause analysis" by LGES concerning the alleged battery pack defect.  Perusal of an unredacted version of the document reveals what appear to be numerous photographs of internal battery structures, along with technical drawings, diagrams, and specifications, which at first glance appear to include the

sort of details about product design that typically would be regarded as commercially sensitive or secret. *E.g.*, Exhibit 4, ECF No. 76-1, PageID.3954-57, 3959-60.

In a different context, if the information were offered, for example, at the summary judgment stage, as proof to demonstrate that the battery packs have a defect, then the public interest in full disclosure of any proprietary information in the document might override any privacy interest and require the Court to deny the sealing request, as it has done with similar defect investigation reports in other auto defect suits. *E.g.*, Op. & Order Denying Mots' to Seal, *Won v. General Motors, LLC*, No. 19-11044 (E.D. Mich. July 27, 2022); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779 (E.D. Mich. 2019). However, in this instance the document is offered merely to support the plaintiffs' assertions that LGES and the defendant have received reports about vehicle fires that occurred after the recall remedy was applied to class vehicles, and that LGES has engaged in an ongoing investigation of the issue. The Court need not delve into the technical minutiae of battery design that is disclosed by the report in order to resolve the plaintiffs' motion for curative notice. Instead, the only pertinent information in the report is the indication that post-recall fires have been documented and that the defendant and non-parties have engaged in an ongoing investigation of the post-recall fire risk.

Under the circumstances, the public interest in full disclosure of the technical details in the report is minimal at this stage of the case and for the purpose of weighing the outcome of the motion for curative notice. Such information, which plausibly could be viewed as trade secrets, generally is deserving of protection from widespread public dissemination, where disclosure conceivably could injure commercial interests. *See Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 410 (6th Cir. 2006). The sealing request is adequately — if somewhat thinly — justified, for purposes of the instant filings only. The Court, however, reserves the prerogative to reconsider

the propriety of sealing if the same information is offered for a different purpose later in the proceedings, when the balance of interests could shift significantly.

Accordingly, it is **ORDERED** that the defendant's motion to seal certain exhibits (ECF No. 75) is **GRANTED** for the reasons stated on the record.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   June 17, 2024