UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-3040
Honorable David M. Lawson
Magistrate Judge Elizabeth S. Stafford

_____/

**OPINION AND ORDER SUSTAINING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER, VACATING ORDER, AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

The plaintiffs in this multidistrict litigation allege that defendant FCA US LLC manufactured and sold them Chrysler Pacifica Plug-in Hybrid minivans that are defective because they have been known to combust spontaneously. In their 1,450-paragraph, 430-page (including attached exhibits), 81-count consolidated master complaint (CMC), they have identified 69 plaintiffs from 31 states, at least 50 of whom are still actively involved in the litigation. Discovery has been underway since the Court entered a case management order, and the defendant has sought to take the depositions of all of the named plaintiffs, noticing the depositions for locations in Michigan. The plaintiffs then moved for a protective order requiring that the depositions be taken remotely via videoconferencing so that the plaintiffs would be spared the inconvenience of traveling to Michigan to sit for a deposition. The Court referred the motion to the assigned magistrate judge for determination. The magistrate judge entered an order on April 8, 2024 granting the motion, and the defendant filed a timely objection to the order. The Court heard oral argument on the objection in open court on June 13, 2024. The magistrate judge's order is clearly erroneous, and the plaintiffs have not stated adequate grounds for the blanket protective order they seek. However, they are entitled to relief in specific instances, outlined below. The defendant's

objection will be sustained, the magistrate judge's order will be vacated, and the plaintiffs' motion for a protective order will be granted in part and denied in part.

I.

Each of the plaintiffs in this case have alleged that they purchased a Pacifica plug-in hybrid minivan, which, they believe, is defective because of its tendency to combust after a thermal runaway of its battery mechanism. The CMC consolidates the claims of the several plaintiffs from eleven separate lawsuits, some of which were filed directly in this district and the rest of which were filed elsewhere and transferred here by the Panel on Multidistrict Litigation. Of the non-direct-filed actions, six were filed in various federal districts in California and one in the Eastern District of Pennsylvania.

According to the motion papers, counsel for the parties engaged in talks to schedule the depositions of all the named plaintiffs, to be conducted over several weeks. Plaintiffs' counsel insisted that the depositions be taken remotely. The defendant took the position that the depositions should take place in person and occur in this district. Plaintiffs' counsel pointed out that several of the plaintiffs expressed concern over traveling due to general claims of inconvenience. Some, however, cited leftover anxiety over health issues related to infectious diseases, mainly COVID, that they might encounter with air travel and attending a deposition in a closed space. And a few of the named plaintiffs offered specific personal and family reasons that travel to Michigan would cause a hardship.

Defense counsel mostly was unmoved by the pleas of personal inconvenience. For the individuals who cited health concerns, defense counsel said he would acquiesce in a remote deposition if the particular plaintiff signed some sort of pledge to stay away from this district

during trial if the environmental circumstances stayed the same. That response prompted the present motion for a protective order.

The plaintiffs based their motion on Federal Rule of Civil Procedure 26(c)(1), which authorizes the Court to issue remedial orders that limit or regulate discovery upon a showing of good cause. The Court referred the motion to the assigned magistrate judge for decision under 28 U.S.C. § 636(b)(1). After a hearing, the magistrate judge determined that the plaintiffs had not made the requisite good cause showing for relief under Rule 26(c). Instead, the magistrate judge issued a *sua sponte* ruling under the purported authority of Rule 26(b)(2)(C), which provides that the court "must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." The magistrate judge ordered that the plaintiffs' depositions be conducted remotely. To address the plaintiffs' concerns about the expense and burden of traveling to attend depositions in Michigan, and the defendant's objection that remote depositions would interfere with its counsel's ability to gauge the demeanor and context of the deponents' responses, the magistrate judge set certain conditions on conducting the depositions, including camera placement proximate to the deponents' faces, and segregation of any plaintiffs' counsel present in a separate room.

The defendant filed a timely objection to the order.

II.

Under 28 U.S.C. § 636(b)(1), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). A party aggrieved by a magistrate judge's order may file objections to it within two weeks. Fed. R. Civ. P. 72(a). The filing of objections, however, does not stay the

force of the magistrate judge's order, which "remains in full force and effect." E.D. Mich. LR 72.2. Upon receiving objections, the Court reviews an order by a magistrate judge on a nondispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed," *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948), or where the magistrate judge improperly applies the law or employs an erroneous legal standard, *Beck v. Haik*, 377 F.3d 624, 636 (6th Cir. 2004). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

The defendant argues that the discovery order is unsound because the plaintiffs failed to make a showing of good cause (as the magistrate found), which is necessary to trigger remedial court action, and the alternate ground offered by the magistrate judge on her own to regulate the discovery is not authorized by Rule 26(b)(2)(C) under the present circumstances. Disagreeing, the plaintiffs contend that Rule 26(b)(2)(C) is sound authority under which a court may place constraints on the taking of depositions, and, contrary to the magistrate judge's finding, they believe that they have established good cause for their request to have depositions taken remotely by submitting an exhibit listing, for 40 plaintiffs, the specific hardships that they would suffer including lost work, travel expenses, and potential exposure to increased risks of infection from the COVID-19 disease.

To start, the governing rule for the request the plaintiffs have made is Rule 26(c), which deals with the issuance of protective orders. The magistrate judge's reliance on Rule 26(b)(2)(C), which falls under the general rubric of the scope of discovery, is clearly erroneous. The plaintiffs assert that other district courts have relied on Rule 26(b)(2)(C) to grant motions to require the taking of depositions by remote means, per the allowance in Rule 30(b)(4). Such reasoning is difficult to square with the plain text of a rule that provides for orders limiting the "frequency" or "extent" of discovery if the same information reasonably may be obtained from "other sources" that are more convenient or less expensive to produce. *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."). The order in this instance had no bearing on either the "frequency" or "extent" of any discovery, since it did not prohibit the taking of any depositions, nor did it limit the number or duration of any depositions to be taken.

Moreover, the rule plainly contemplates a limitation on taking discovery by certain means when the same information sought may be obtained from some "other source" at greater convenience or lesser expense. But no finding was made that the testimony sought from the plaintiffs could be obtained from any "other source," or that information from any such source could be produced more conveniently or cheaply. Instead, the order plainly "specif[ied] terms, including time and place or the allocation of expenses, for the disclosure or discovery" to be taken, by directing all plaintiff depositions to be conducted by Zoom video conferencing. *See* Fed. R. Civ. P. 26(c)(1)(B). That relief falls squarely within the ambit of a protective order under Rule 26(c), not an order limiting the "extent" or "frequency" of discovery under Rule 26(b)(2)(C).

Moreover, granting what amounts to a protective order on the grounds of convenience or expense, a lesser burden, would render Rule 26(c)'s good cause requirement a dead letter. Confounding the scope of discovery (Rule 26(b)) with protection against abusive discovery practices (Rule 26(c)), as did the magistrate judge's order, is clear error.

Turning back to the plaintiffs' motion brought ostensibly under Rule 26(c), courts have broad discretion to regulate the means by which discovery may be had "to protect a party or entity from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting Fed. R. Civ. P. 26(c)(1)). "To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Ibid.* (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "The enumerated harms available to support a protective order are 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Ibid.* (quoting Fed. R. Civ. P. 26(c)(1)). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Ibid.* (quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011)).

The defendant argues that the magistrate judge should not have granted any type of relief to the plaintiffs because she found that the plaintiffs had not established "good cause" to warrant the requested discovery limitations. Taking a narrow view of the discovery order, the defendant is correct. The magistrate judge explicitly recognized the "good cause" requirement that must be satisfied before a protective order may be issued, *see* Order, ECF No. 116, PageID.4685, she found that the plaintiffs' reliance on COVID risk did not support a finding of good cause, because "the

United States declared the pandemic over in 2023," *ibid.*, and she expressly declined to find that the plaintiffs had established sufficient hardship to justify protective relief, *id.* at 4686.

The plaintiffs contend that they established "good cause" by presenting an exhibit identifying the harms that numerous plaintiffs would suffer if required to attend depositions in-person in the Eastern District of Michigan. *See* Letter dated Jan. 16, 2024, ECF No. 83-2, PageID.4291. With some notable exceptions, the plaintiffs' account of their "hardships" consists almost entirely of generalized assertions that they would suffer inconvenience, expense, or incur unpaid time off from work, and that traveling to Michigan for one to three days to attend a deposition would interfere with routine obligations of their work and family lives. As the magistrate judge aptly observed, none of the inconveniences described amount to a sufficiently specific showing of tangible harm so as to establish good cause for a protective order. "[T]he general rule [is] that the proper location of a plaintiff's deposition . . . is in the forum where the litigation is pending." *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 10-18, 2011 WL 2118765, at *2-3 (S.D. Ohio May 25, 2011) (quotation omitted). And in the absence of a proper showing, the plaintiffs have not demonstrated good cause to depart from the general rule that the forum of suit is an appropriate place for the taking of a party's deposition.

There are sound reasons for enforcing the general rule concerning the location of a plaintiff's deposition. As a formal matter, the party noticing the deposition designates the time and place of the deposition. Fed. R. Civ. P. 30(b)(1). "Pursuant to Federal Rule of Civil Procedure 30(b)(1), the party noticing the deposition initially selects the deposition's location." *Madej v. Maiden*, No. 16-658, 2017 WL 3446489, at *6 (S.D. Ohio Aug. 11, 2017) (citing Fed. R. Civ. P. 30(b)(1); 8A Wright & Miller, Federal Practice & Procedure § 2112 at 73 (2d ed. 1994) ("[T]he examining party may set the place for deposition of another party wherever he or she wishes,

subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.")). As a practical matter, "[t]he basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum." 8A Wright & Miller, Federal Practice & Procedure § 2112 (3d ed. 2010).

So it is here. Many of the plaintiffs who have proposed to act as class representatives elected to file their suits within this district, meaning that the expense and burden of personal participation was foreseeable at the outset of their suits. As potential class representatives, an allowance is made under Rule 23 for individual compensation to be paid to the named plaintiffs to offset the burden and expense incurred by representation of absent class members, in the event that the case proceeds on a class basis, and if they secure a recovery for the benefit of the class. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2017 WL 4216193, at *4 (E.D. Mich. Sept. 22, 2017).

It is true that under Rule 30(b)(4), the parties may stipulate or the Court may order that a deposition may be taken remotely. But that authority has no bearing on the question whether good cause for issuance of a protective order has been shown. "[W]hether the plaintiffs' proposal is reasonable is immaterial to the question whether they have elaborated a sufficiently serious and specific hardship to warrant protective relief from the Court compelling a departure from the general rule that the forum of the litigation is an entirely appropriate location for the taking of party depositions." *Ibid.*

As the plaintiffs point out, some district courts have issued orders requiring the taking of depositions by remote means, for instance, where a deponent's serious medical condition makes attendance at an in-person deposition unreasonably risky. *E.g.*, *Rogers v. Bedford*, No. 22-1737, 2023 WL 6143545, at *2 (D. Md. Sept. 20, 2023) ("Remote depositions have become a standard

tool in litigation since the onset of the COVID-19 pandemic and are sufficiently effective. Particularly given that Mr. Smith appears to have serious health issues, it is appropriate to conduct the deposition remotely via video conference technology."); *see also Mayfield v. City of Madison*, No. 17-514, 2020 WL 13252053, at *2 (S.D. Miss. Dec. 9, 2020) ("[T]he Court finds good cause to order that the depositions of [non-parties] Clark and Barbour be taken by remote means. The Court also finds good cause to order that the court reporter(s) for the Clark and Barbour depositions appear remotely from a separate location than the deponent.").

However, the defendant aptly raises concerns that remote depositions, despite being a more widely used tool in the post-pandemic era, pose unique disadvantages that examining counsel may struggle to overcome in order to achieve an effective examination. Federal courts have recognized such concerns as legitimate. *E.g.*, *Radiant Glob. Logistics, Inc. v. BTX Air Express of Detroit, LLC*, No. 18-12783, 2020 WL 1933818, at *4 (E.D. Mich. Apr. 22, 2020) (Whalen, J.) ("[The defendants'] facile suggestion that the depositions could be held by video conference is unavailing. Where it is posited that the previously deposed corporate officers have given perjured testimony, and that the new depositions will delve into documentary evidence, it would approach legal malpractice for Radiant's counsel to conduct those depositions remotely.").

In any event, the fact that depositions by remote means may be an economical and appropriate tool in some instances, at least where the parties agree on the means, or where extraordinary circumstances such as the medical infirmity of a deponent make an in-person examination unreasonably risky, does not mean that good cause has been shown to compel the taking of depositions by remote means across the board for all plaintiffs, based merely on the routine inconvenience and expense that is incident to participation in litigation by any party who chooses to file suit in a forum distant from their residence.

The magistrate judge here concluded that a blanket claim of inconvenience over travel to this district did not amount to good cause for protection from the discovery demanded by the defendant. The Court agrees, as far as that finding goes. But the record does justify a protective order in two categorical instances. First, for the plaintiffs who filed their cases in their home districts, the general rule that sites the deposition "in the forum where the litigation is pending," *Scooter Store*, 2011 WL 2118765, at *2-3, suggests that their depositions should be taken in their home districts. Their cases were transferred by no actions of their own, and the expense of traveling to a remote district where their case was transferred involuntarily likely was not anticipated at the time of filing. Those plaintiffs have shown good cause that their depositions should be taken in their respective home districts.

Second, despite the magistrate judge's contrary finding, certain plaintiffs have demonstrated personal hardship to satisfy the good cause requirement for relief under Rule 26(c)(2). The following plaintiffs have shown that "specific . . . harm will result," *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236, from having to endure a trip to this district for their depositions:

- Diahann Messeguer: She has chronic pain that makes traveling difficult. She also is a part-time caretaker of her 78-year-old diabetic mother where she is the sole person responsible for her insulin pump.

- James Quattropani: He is the sole caretaker for his 95-year-old mother who recently was discharged from the hospital.

- Salyi Vu: She is currently recovering from a car accident and her treatment has caused her severe motion sickness and nausea. She receives physical therapy twice a week for her ankle, and she cares for her son who recently broke his ankle, requiring her to transport him to doctor appointments and physical therapy appointments.

- Michael Natale: His wife is disabled, and he cares for his two children who are both on the autism spectrum.

- Kent Schumann: He and his wife care for six teenagers at home (five children and one exchange student), and his wife is recovering from both brain surgery and a broken ankle.

These hardships certainly should not deprive the defendant of in-person depositions that it insists is necessary to prepare its case. But these individuals have qualified for a protective order that "specif[ies] the terms, including the time and place," of the deposition. Fed. R. Civ. P. 26(c)(1)(B).

III.

The magistrate judge correctly found that most of the plaintiffs failed to show good cause for issuance of a protective order under Rule 26(c)(1). Issuance of a protective order under Rule 26(b)(2)(C) was clearly erroneous. The failure to find good cause under Rule 26(c)(1) for certain individual plaintiffs also was clear error.

Accordingly, it is **ORDERED** that the defendant's objection to the magistrate judge's discovery order (ECF No. 121) is **SUSTAINED IN PART**.

It is further **ORDERED** that the magistrate judge's discovery order (ECF No. 116) is **VACATED**.

It is further **ORDERED** that plaintiffs' motion for a protective order (ECF No. 83) is **GRANTED IN PART AND DENIED IN PART**. The depositions of the plaintiffs who filed their cases in the transferor districts shall be taken in person in their home districts, and the depositions of plaintiffs Diahann Messeguer, James Quattropani, Salyi Vu, Michael Natale, and Kent Schumann shall be taken in person in the districts in which they reside. By stipulation, the parties may agree to take these depositions remotely. *See* Fed. R. Civ. P. 30(b)(4). The motion is **DENIED** in all other respects.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 18, 2024