UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML<br><br>Hon. David M. Lawson |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Plaintiffs, by and through their undersigned attorneys, move under Fed. R. Civ. P. 26, 33, and 37 for an order compelling Defendant FCA US LLC ("FCA" or "Defendant") to respond to certain Interrogatories issued by Plaintiffs on January 25, 2024. *See* Exhibit 1, Plaintiffs' First Set of Interrogatories.

FCA served its written responses and objections to Plaintiffs' Interrogatories on February 23, 2024. *See* Exhibit 2.

On March 27, 2024, Plaintiffs provided FCA with a deficiency letter that outlined the multiple issues with FCA's responses. *See* Exhibit 3.

On April 15, 2024, the Parties participated in a telephonic meet-and-confer, in which FCA agreed to supplement some of its Interrogatory responses.

Despite numerous attempts by Plaintiffs to obtain those supplemental responses (*see* Exhibit 4), FCA did not issue supplemental responses until May 31, 2024. *See* Exhibit 5.

However, FCA has still failed to respond or produce promised information in response to Interrogatory Nos. 1 and 4.

It has now been more than five months since Plaintiffs issued their Interrogatories and more than three months since Plaintiffs detailed the deficiencies in FCA's responses. Given FCA's repeated failures to provide substantive responses, Plaintiffs have no choice but seek Court intervention.

Pursuant to Fed. R. Civ. P. 37(a)(1) and L.R. 37.1, Plaintiffs' counsel certifies that it has in good faith conferred with Defendant's counsel to obtain the discovery identified above without Court intervention, but the requested discovery has not been provided. Plaintiffs' counsel further certifies pursuant to L.R. 7.1 that it has conferred with Defense counsel via phone conference on multiple occasions, including on April 15, 2024. This Motion is supported by an accompanying Brief in Support and exhibits.

Dated: July 3, 2024                    Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

ii

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rachel E. Fitzpatrick
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 224-2626
rachelf@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE & McCARTHY**
Niall McCarthy
Karin Swope
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
Gayle Blatt

Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
gmb@cglaw.com

*Interim Plaintiffs' Steering Committee
for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML<br><br>Hon. David M. Lawson |

## BRIEF IN SUPPORT OF PLAINTIFFS' <u>MOTION TO COMPEL DISCOVERY</u>

# **TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED.................................................................. iii
MOST CONTROLLING AUTHORITIES ............................................................. iv
TABLE OF AUTHORITIES .....................................................................................v
I. INTRODUCTION..............................................................................................1
II. RELEVANT BACKGROUND ........................................................................1
III. LAW AND ARGUMENT.................................................................................2
   A. Standard of Review ....................................................................................2
   B. FCA has Failed to Substantively Respond to Interrogatory Nos. 1 and 4...3
      1. Interrogatory No. 1 ...................................................................................3
      2. Interrogatory No. 4 ...................................................................................4
CONCLUSION ..........................................................................................................5

## **STATEMENT OF ISSUE PRESENTED**

1.   Whether the Court should enter an order compelling Defendant to provide substantive responses to Plaintiff Interrogatory Nos. 1 and 4 within 7 days?

Plaintiffs' Answer: Yes.

## **MOST CONTROLLING AUTHORITIES**

Fed. R. Civ. P. 26

Fed. R. Civ. P. 33

Fed. R. Civ. P. 37

*Lewis v. ACD Business Servs., Inc.,* 135 F.3d 389 (6th Cir.1998)

# TABLE OF AUTHORITIES

**Cases**

*Lewis v. ACB Bus. Servs.*, 135 F.3d 389 (6th Cir. 1998)............................................3
*Watrobski v. FCA US LLC*, 2017 WL 4073955 (E.D. Mich. Sept. 14, 2017)...........2

**Rules**

Fed. R. Civ. P. 26(b)(1)..................................................................................................3
Fed. R. Civ. P. 33(b)(2)..................................................................................................3
Fed. R. Civ. P. 37(a)(3)(B) ............................................................................................3

## I.    INTRODUCTION

FCA has ignored its discovery obligations and failed to respond to certain Interrogatories issued more than five months ago. As set forth below, both Interrogatories seek highly relevant information that go to the heart of Plaintiffs' allegations. In fact, FCA has even agreed to produce responses to these Interrogatories, but months have now passed with no action by FCA.

## II.    RELEVANT BACKGROUND

Plaintiffs are purchasers and lessees of 2017-2018 Chrysler Pacifica Plug-in Hybrid minivans manufactured by FCA. Plaintiffs allege that the hybrid batteries have a "tendency to enter a 'thermal runaway' state without warning resulting in combustion or explosion of the vehicle." *See* MTD Opinion, ECF No. 67, PageID.2042. This "Spontaneous Fire Risk" "exposes putative class members to an unreasonable risk of accident, injury, death, or property damage if their vehicle catches fire while in operation or, perhaps more commonly, spontaneously ignites while the vehicle is parked at the class member's home, on a public street, or in a public parking lot." *See* Amended Consolidated Master Complaint ("ACMC"), ECF No. 138 ¶ 4.

More than a dozen vehicle fires related to the hybrid propulsion system have been reported since 2019, but it took FCA until February 2022 before issuing a recall of the class vehicles. *Id.* ¶ 9. But, as alleged in the ACMC, the recall remedy

1

is inadequate and does not prevent fires from occurring. *See id.* ¶¶ 10-12, 15-21. Plaintiffs' ACMC contains the detailed accounts of two vehicles that exploded after receiving the recall remedy, *Id.* ¶¶ 213-224, and, as of January 2024, a total of four consumer complaints reporting post-recall vehicle fires have been reported to NHTSA. *See* Exhibit 6, January 2024 NHTSA ODI Resume. In fact, the NHTSA report states that "[f]ollow up meetings with FCA and suppliers in November and December 2023 to discuss the ongoing root cause investigation and post-recall remedy incidents indicated a recent increase in HV battery thermal events. Furthermore, a review of NHTSA complaint data indicated the post-recall HV battery thermal event complaint rate now exceeds pre-recall levels." *Id.*

The Interrogatories at issue in this Motion are directly relevant to Plaintiffs' allegations that the Class Vehicles have a Defect, and the Defect has not been remedied. With the deadline for Plaintiffs' motion for class certification quickly approaching on September 11, 2024, FCA's continued delay in responding to these Interrogatories will hinder Plaintiffs' prosecution of this case.

### III. LAW AND ARGUMENT

#### A. Standard of Review

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Watrobski v. FCA US LLC*, 2017 WL 4073955, at *1 (E.D. Mich. Sept. 14, 2017) (citing *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th

Cir. 1998)). "Parties may obtain discovery on any matter that is not privileged, is relevant to a party's claim or defense, and is proportional to the needs of the case." *Id.* (citing Fed. R. Civ. P. 26(b)(1)). A party receiving interrogatories pursuant to Rule 33 has thirty days to respond with answers or objections. *Id.* (citing Fed. R. Civ. P. 33(b)(2)). "If the party receiving discovery requests under Rules 33 or 34 fails to respond properly…Rule 37 provides the party who sent the discovery…the means to file a motion to compel." *Id.* (citing Fed. R. Civ. P. 37(a)(3)(B)). Further, Fed. R. Civ. P. 37(a)(4) instructs that, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

### B. FCA has Failed to Substantively Respond to Interrogatory Nos. 1 and 4.

Plaintiffs seek to compel substantive responses to two Interrogatories, both of which seek critical and highly relevant information related to the nature of the alleged Defect and the effectiveness of FCA's remedy repair. Despite FCA's agreement to provide this information, it simply has failed to do so.

#### 1. *Interrogatory No. 1*

**INTERROGATORY NO. 1:** Identify any Affected Vehicle in which a fire has occurred after the Recall was performed on the Affected Vehicle and state: (a) the VIN number of the Affected Vehicle, (b) the date the Affected Vehicle caught fire, (c) the date You first became aware of the Affected Vehicle fire, (d) whether You have inspected the Affected Vehicle, and (e) whether You have informed NHTSA of the Affected Vehicle fire.

**ANSWER**: FCA US will compile, and produce under the protective order, a listing of vehicles subject to Recall Z11 (Plug-In Hybrid Electric Vehicle Fires)

3

where it is alleged that a post-Recall fire occurred related to the high voltage battery pack assembly as of the date of this Answer. To the extent it is known, FCA US's listing will provide the VIN, date of incident, date of notice, and whether the vehicle has been inspected to date.

Plaintiffs' Interrogatory No. 1 is clearly relevant to the allegations that FCA's recall remedy ineffective. Acknowledging as much, FCA's response states that it will provide a document showing this information. However, FCA has taken no action since its February 23, 2024 written response. This unacceptable delay has unfortunately necessitated Court involvement.

### 2. *Interrogatory No. 4*

**INTERROGATORY NO. 4:** Identify the root cause of the Defect identified in the Recall.

**ANSWER:** For some thermal events it was impossible to determine a "root cause" because the evidence necessary to determine the "root cause" was consumed or otherwise compromised during the event. Further, FCA US is not aware of a common root cause. That, however, did not prevent FCA US from determining the universe of possible causes, and within that, the smaller universe of likely causes. While some causes were identified as more likely, FCA US did not just address those, but instead developed a fix that addresses all of the potential causes.
FCA US otherwise objects to this Interrogatory as overly broad, vague, disproportional to the needs of the case, seeking information not relevant to any claim or defense in this case, particularly as it fails to identify a particular vehicle or vehicles at issue. FCA US further objects to this Interrogatory as argumentative as to the term "defect."

**SUPPLEMENTAL ANSWER:** FCA US incorporates by reference its original response and objections to this Interrogatory. Without waiving any objection, and pursuant to the parties' meet-and-confer regarding this Interrogatory, FCA US will produce a table of twenty possible issues that, if unaddressed, could lead to a thermal event. The table will characterize the relative risk that any one issue, if present by itself or in combination with another issue, could lead to a thermal event. FCA US's recall fix is comprised of three diagnostic enhancements that

4

operate to detect any one of these issues that may be present before the issue can lead to a thermal event. Together, the diagnostics will provide early detection of the presence of all of the twenty potential issues that could eventually degrade further and cause a thermal runaway event. If any issue is detected, the vehicle operator will receive a warning, the battery plug-in charge will be disabled, and the battery pack will be replaced. LG Energy Solutions Michigan, Inc., the supplier of the high voltage battery pack assemblies in the Subject Vehicles, may have additional information.

Similar to Interrogatory No. 1, FCA's Supplemental Answer agrees to "produce a table of twenty possible issues that, if unaddressed, could lead to a thermal event." But, again, FCA has failed to do so. More than a month has passed since FCA served its supplemental response and more than five months have passed since Plaintiffs issued the highly relevant request for FCA to identify the root cause of the Defect.

## CONCLUSION

Plaintiffs respectfully ask that the Court compel FCA to provide substantive responses to Interrogatory Nos. 1 & 4 within 7 days of the Court's order.

Dated: July 3, 2024                     Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com

5

def@millerlawpc.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rachel E. Fitzpatrick
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 224-2626
rachelf@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE & McCARTHY**
Niall McCarthy
Karin Swope
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**

6

Gayle Blatt
Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
gmb@cglaw.com

*Interim Plaintiffs' Steering Committee
for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 3, 2024, I filed the foregoing document using the electronic filing system which will serve all parties of record.

By: /s/ *Dennis A. Lienhardt*
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM PC**
950 West University Drive,
Rochester, Michigan 48307
(248) 841-2200
dal@millerlawpc.com

8