**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION, | Case No.: 22-cv-03040 |
| | Hon. David M. Lawson |
| MDL No. 3040 | Magistrate Judge Elizabeth A. Stafford |

**<u>DEFENDANT FCA US LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DEFENDANT'S EXPERT DENISE MARTIN</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF ISSUES PRESENTED ........................................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ v

INDEX OF EXHIBITS ..................................................................................... vi

I.  INTRODUCTION ........................................................................................ 1

II.  RELEVANT FACTS ................................................................................... 1

A.  Dr. Martin's Education And Experience .............................................. 1

B.  Plaintiffs' Claims And Dr. Martin's Rebuttal Opinions ...................... 2

1.  Benefit Of The Bargain Damages ................................................... 4

2.  Idled Asset Damages ...................................................................... 4

III.  ARGUMENT .............................................................................................. 5

A.  Governing Legal Standard ................................................................... 5

B.  Dr. Martin's Benefit Of The Bargain Opinions Are Admissible. .......... 6

1.  Dr. Martin's Manifestation Opinions Are Directly Relevant To FCA US's Defense Against Plaintiffs' Claims. ................................................... 6

2.  Dr. Martin Is Qualified To Offer Her Manifestation Rate Opinions, And The Manifestation Rate Is The Product Of A Reliable Methodology ............... 8

3.  Plaintiffs' Argument That Manifestation Is Not Required Is Based On A Misreading Of Cases Addressing Article III Standing, Not The Elements Of Their Claims ................................................................................... 10

C.  Dr. Martin's Idled Asset Period Opinions Are Admissible ............................. 12

IV.  CONCLUSION ......................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AFT Mich. v. Project Veritas*,
  2024 WL 1344642 (E.D.Mich. 2024) ................................................. 8, 10, 14

*Chapman v. GM LLC*,
  531 F.Supp.3d 1257 (E.D.Mich. 2021).........................................................11

*Costa v. FCA US LLC*,
  Case No. 1:20-cv-11810 (D.Mass) ...............................................................7

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)..................................................................... 8, 10

*Hadley v. Chrysler Grp., LLC*,
  624 F. Appx. 374 (6th Cir. 2015).............................................................12

*Hershenow v. Enter. Rent-A-Car Co. of Bos.*,
  445 Mass. 790 (2006) .....................................................................11

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
  2022 WL 4211149 (E.D.Mich. 2022).........................................................12

*In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Products
  Liability Litig.*, 93 F.4th 339 (6th Cir. 2024) ........................................... 6, 10

*In re Scrap Metal Antitrust Litig.*,
   527 F.3d 517 (6th Cir. 2008)...........................................................13

*Kertesz v. Net Transactions, Ltd.*,
  635 F.Supp.2d 1339 (S.D.Fla. 2009) .........................................................11

*Madej v. Maiden*,
  951 F.3d 364 (6th Cir. 2020)................................................................7

*MGE UPS Sys., Inc. v. Power Maintenance Int'l, Inc.*,
  2007 WL 9711470 (N.D.Tex. 2007)...........................................................10

*Nuwer v. FCA US LLC*,
 Case No. 20-cv-60432 (S.D.Fla) ........................................................7

*Pardini v. Unilever United States, Inc.*,
 2021 WL 8153616 (N.D.Cal. 2021) ...............................................11

*Rose v. Truck Ctrs., Inc*,
 388 F.Appx. 528 (6th Cir. 2010)...................................................10

**Rules**

Fed. R. Evid. 702 .......................................................................5, 6

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Whether the Court should deny Plaintiffs' motion when Dr. Martin's opinions are directly relevant to the existence of damages—an element Plaintiffs must prove by a preponderance of the evidence—and whether damages can be determined using a common methodology?

      The Court should say "yes."

2.      Whether the Court should deny Plaintiff's motion when Dr. Martin's idled asset period opinions are consistent with the factual record in this case and based on sound economic theory?

      The Court should say "yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Evid. 702 (2023)

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)

*In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Products Liability Litig.*, 93 F.4th 339 (6th Cir. 2024)

*AFT Mich. v. Project Veritas*, 2024 WL 1344642 (E.D.Mich. 2024)

## INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Excerpts of May 21, 2024 Deposition of Lauren Huntington |
| B | Excerpts of May 20, 2024 Deposition of Javin Olson |
| C | Chakraborty Article |

# I.  INTRODUCTION

Plaintiffs' motion to exclude FCA US's economics expert, Dr. Denise Martin, is premised on the incorrect notion that Plaintiffs need prove neither the existence of damages nor that FCA US's conduct caused Plaintiffs' alleged damages.[1]  And this flawed assumption underlies each of the arguments Plaintiffs make.

The law, however, is clear:  Plaintiffs *must* prove they were damaged by FCA US's alleged concealment of a defect in the Pacifica vehicles at the point of sale.  And Dr. Martin's opinion and testimony are directly relevant to Plaintiffs' inability to prove either the existence of damages or causation.[2]  Plaintiffs' other arguments, *i.e.*, that she is unqualified to offer opinions on manifestation rate and that her idled asset period opinions are inconsistent with the evidence in this case, also fail.  The Court should deny Plaintiffs' motion.

# II.  RELEVANT FACTS

## A.    Dr. Martin's Education And Experience.

Dr. Martin earned a Bachelor of Arts Degree in economics from Wellesley College, and then Masters and Doctorate Degrees, also in economics, from Harvard University.  *See* Martin Rpt., pp. 5-6 (PageID.4954-4955).   While at Harvard,

---

[1] *See*, *generally*, Motion to Exclude Opinions and Testimony of Defendant's Expert Dr. Denise Martin and Brief in Support, ECF #131 ("Motion" or "Pl. Mtn.").

[2] *See* February 19, 2024 Expert Report of Denise N. Martin, Ph.D., ECF #131-2 ("Martin Rpt."), attached to Plaintiffs' Motion as Exhibit 1 (PageID.4946-4978).

Dr. Martin taught classes in microeconomics, industrial organization, and statistics to undergraduate and graduate students, and she was awarded the Danforth Prize for Teaching. *Id.*at p. 6 (PageID.4955).

Since 1991 through the present, Dr. Martin has held several positions with NERA Economic Consulting. *Id.* at p. 1 of curriculum vitae, attached as Exhibit A to Martin Rpt. (PageID.4973). She has been a Senior Managing Director with NERA for the last 20+ years. *Id.* At NERA, she has been retained as an economic expert in more than 200 consumer, securities, and employment class actions. *Id.*at p. 6 (PageID.4955).

## B.    Plaintiffs' Claims And Dr. Martin's Rebuttal Opinions.

In February 2022, FCA US initiated a voluntary safety recall, known and numbered as NHTSA Recall No. 22V-077, to address the potential for a fire in the subject vehicles, advising owners to temporarily refrain from recharging their vehicles' high-voltage battery or parking near structures until the remedy was identified and developed.[3] In October 2022, the remedy was finalized, and FCA US

---

[3]*See* Exhibit 3 to CMC (PageID.6525); *see also* Recall 22V-077 Part 573 Safety Recall Report, pp. 1-3, *available at* https://static.nhtsa.gov/odi/rcl/2022/ RCLRPT-22V077-3486.PDF; Recall 22V-077 Interim Notification Letter, *available at* https://static.nhtsa. gov/odi/rcl/2022/RIONL-22V077-8347.pdf.

notified owners that a free recall repair was available and that they could resume charging their vehicles normally after it was performed.[4]

*After* the recall was announced, Plaintiffs filed this lawsuit, alleging that FCA US violated a host of state consumer protection, tort, and warranty laws by knowingly selling defective model-year 2017-2018 Chrysler Pacifica Plug-In Hybrid Electric Vehicles ("PHEVs").[5]  Specifically, Plaintiffs allege the subject vehicles were defective at the point of sale, and that Plaintiffs and the putative class members incurred damages because "they would not have purchased or leased those vehicles, or would have paid substantially less for them, or would have purchased non-hybrid versions of the vehicles, which cost at least $6,000 less."  *See* CMC, ¶ 22 (PageID.5642).

Plaintiffs have now proffered a report by economist Edward Stockton with a proposed "benefit of the bargain" model for proving and calculating class-wide "overpayment" damages, and separately, three "idled asset" models for proving and calculating "loss of use" damages for the period between February and October 2022, when the initial recall notice was issued and a repair performed.

---

[4]*See, e.g.*, dealer service instructions, *available at* https://static.nhtsa.gov/odi/rcl/2022/RCRIT-22V077-1792.pdf; *see also* owner notification letter, *available at* https://static.nhtsa.gov/odi/rcl/ 2022/RCONL-22V077-4454.pdf.

[5]*See, e.g.*, Amended Consolidated Master Complaint, ECF #138 ("CMC"), ¶¶ 198, 248-2319 (PageID.5746, 5768-6252).

FCA US, in turn designated Dr. Martin as its rebuttal expert, and she opines that Stockton's benefit of the bargain damages methods would yield an economic *windfall* to virtually all putative class members.  *See*, *e.g.*, Martin Rpt., pp. 6-10 (PageID.4955-4959).  She also opines that Stockton's idled asset models are not tied to any associated loss in value and that any proper measure of these types of damages would require individualized review.  *Id.* at pp. 11-16 (PageID.4960-4965).

### 1.   Benefit Of The Bargain Damages.

Dr. Martin's first opinion is offered in response to Stockton's opinion that classwide damages can be estimated by determining the cost that would have been necessary to remedy the alleged defect fully at the time of original sale.  *Id.* at pp. 6-7 (PageID.4955-4956).  Essentially, while Stockton purports to rely on the theory of expected value, his proposed benefit of the bargain method "does not take the probability that the alleged defect will manifest into account."  *Id.* at p. 8 (PageID.4957).  Dr. Martin *does* take that probability—less than 1%—into account, and therefore opines that a damages award equal to Stockton's proposed repair or replacement costs would give virtually all putative class members a significant and unwarranted economic windfall.  *Id.* at p. 9 (PageID.4958).

### 2.   Idled Asset Damages.

Dr. Martin's second opinion addresses Stockton's opinion that putative class members suffered an economic injury and are entitled to damages due to FCA US's

direction that vehicle owners refrain from charging their Pacifica vehicles for a few-month period. *Id.* at p. 11 (PageID.4960). Specifically, Dr. Martin opines, based on empirical evidence, that use of a vehicle's plug-in hybrid system is neither constant nor consistent across all hybrid vehicle owners; thus, individual analysis is necessary to determine whether a putative class member suffered any economic damages based on FCA US's instruction not to charge their vehicle. *Id.* at pp. 11-12 (PageID.4960-4961). This opinion is consistent with the evidence that has developed in this case, where different vehicle owners had different charging practices during the time between FCA US announcing a recall and the time the repair became available.[6]

## III.  ARGUMENT

### A.    Governing Legal Standard.

The legal standard governing the admissibility of expert testimony is well-known. From the outset, the proffered witness must be qualified "by knowledge, skill, experience, training, or education." *See* Fed. R. Evid. 702. And the district court must ensure the witness's testimony is (i) helpful to the trier of fact, (ii) based on sufficient facts or data, and is (iii) the product of reliable principles and methods

---

[6]Just by way of example, Plaintiff Huntington resumed charging her vehicle in "late summer" 2022, *see* excerpts of the May 21, 2024 Deposition of Lauren Huntington, attached as Exhibit A, pp. 24:21-25:16, and Plaintiff Olson charged his battery approximately "once a month" even after receiving recall notice, *see* excerpts of the May 20, 2024 Deposition of Javin Olson, attached as Exhibit B, pp. 41:23-42:9.

that (iv) have been reliably applied to the facts of the case. *Id.*; *see also*, *e.g.*, *In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Products Liability Litig.*, 93 F.4th 339, 345 (6th Cir. 2024). The testimony must also "stay within the bounds of what can be concluded from a reliable applicable application of the expert's basis and methodology." *See* Fed. R. Evid. 702, advisory committee note to 2023 Amendment.

**B.     Dr. Martin's Benefit Of The Bargain Opinions Are Admissible.**

Plaintiffs' main argument against Dr. Martin's benefit of the bargain damages opinions rests on the assumption that their allegations of injury are sacrosanct. That, of course, is not true. Plaintiffs must prove they suffered injury caused by FCA US's alleged concealment of the alleged defect in the Pacifica vehicles. And, Dr. Martin's opinions bear directly on that point: she opines that individuals who have not had a manifestation of a defect have not suffered an injury caused by FCA US. And, these opinions are based on a sound methodology and fully admissible.

**1.     Dr. Martin's Manifestation Opinions Are Directly Relevant To FCA US's Defense Against Plaintiffs' Claims.**

Dr. Martin's opinions are relevant to the case at hand and to FCA US's central defense in this case. Plaintiffs simply misconstrue those opinions when saying she "ignores Plaintiffs' allegations and Mr. Stockton's opinions and instead ties the defect to the 'risk of manifestation.'" *See* Pl. Mtn., p. 8 (PageID.4931). But Dr. Martin does not tie the alleged *defect* to the risk of manifestation; rather, the issue

at hand is the purported economic harm from the alleged defect as tied to the risk of manifestation.  *See*, *e.g.*, Martin Rpt., pp. 6-10 (PageID.4955-4959).

Thus, Dr. Martin's opinion that there has been no economic injury without a fire is plainly relevant to Plaintiffs' claims and the inherent elements, *i.e.*, causation, that they must prove at trial.  Indeed, certified classes alleging the exact same type of omissions-based claims have lost at trial precisely because those classes could not prove an economic injury that was caused by the alleged omission of a known defect. *See Costa v. FCA US LLC*, Case No. 1:20-cv-11810 (D.Mass) (jury verdict for defendant when class could not prove causation of damages at trial); *Nuwer v. FCA US LLC*, Case No. 20-cv-60432 (S.D.Fla) (same).

Plaintiffs' argument, taken to its logical conclusion, treats their allegations that FCA US violated certain consumer protection statutes, committed common law fraud, and breached express and implied warranties as foregone conclusions requiring no proof.  But, obviously, that is not the case.  Dr. Martin's opinions are tied to FCA US's defenses—specifically FCA US's argument that economic damages do not exist without manifestation, and that absent manifestation FCA US's actions cannot have caused damages.  As such, they are relevant and admissible. *See*, *e.g.*, *Madej v. Maiden*, 951 F.3d 364, 370 (6th Cir. 2020) ("Whether an opinion relates to an issue in the case or helps a jury answer a specific question depends on

7

the claims before the court.  Thus, when analyzing the relevancy of expert testimony, a court should consider the elements that a plaintiff must prove.").

**2.     Dr. Martin Is Qualified To Offer Her Manifestation Rate Opinions, And The Manifestation Rate Is The Product Of A Reliable Methodology.**

Dr. Martin calculated a likely manifestation rate of 0.1% in the subject vehicles by dividing the number of fires by the number of subject vehicles sold.  *See* Martin Rpt., p. 8 (PageID.4957).  Plaintiffs now challenge that rate based on a series of "what-ifs," but do not actually indicate that there is any data or evidence to substantiate their baseless critiques.  *See* Pl. Mtn., pp. 10-11 (PageID.4933-4934).

And, *even if* Plaintiffs had evidence that the manifestation rate was wrong, her critique of Stockton for failing to factor into his analysis *any* manifestation rate at all still stands.  *Id.* at p. 9 (PageID.4932); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 582 (1993) (focus on the court's gatekeeper analysis "must be solely on principles and methodology, not on the conclusions that they generate"); *AFT Mich. v. Project Veritas*, 2024 WL 1344642, *3 (E.D.Mich. 2024) (reliability of an expert's opinion rests "on the data on which it is based").

At bottom, Plaintiffs suggest that Dr. Martin's manifestation rate is incorrect solely based on their claim there have been some number of uncounted and unknown

fires exceeding sixteen.[7]   *See* Pl. Mtn., pp. 10-11 (PageID.4933-4934).  But, *even if* such evidence existed, the rate of manifestation in the subject vehicles is so low that even a ten-fold increase in fires, from sixteen to 160, would still equate to a manifestation rate below 1%.  And, there too, *even if* there were a ten-fold increase in fires, Dr. Martin's opinions that "over 99% of putative class members were unaffected by the alleged defect" would still hold true.   *See* Martin Rpt., p. 9 (PageID.5013).

Moreover, Plaintiffs' quibble with the potential number of fires that may have occurred shows they have missed the forest for the trees.  Dr. Martin criticizes Stockton's model for failing to "take the magnitude of this risk into account."  *See* Martin Rpt., p. 8 (PageID.5012).  Stockton's model does not do that, regardless of whether the manifestation rate is 0.1%, 1%, or 10%.

Nonetheless, Plaintiffs' critique of Dr. Martin's manifestation rate calculation is ultimately immaterial, because the reliability and admissibility of an expert's opinion turns on her methodology *not* her conclusions.   *In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Products Liability Litig.*, 93 F.4th 339,

---

[7]Plaintiffs argue that vehicle fires *will* increase because "the recall remedy fails to prevent a vehicle fire."  *See* Pl. Mtn., p. 12 (PageID.4935).  This is just another instance of Plaintiffs treating their allegations in this case as foregone conclusions.  Neither NHTSA nor any judicial finder of fact has concluded that FCA US's recall fix is ineffective.

345 (6th Cir. 2024) ("[t]he task for the district court in deciding whether an expert's opinion is reliable is … to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation"); *Rose v. Truck Ctrs., Inc*, 388 F.Appx. 528, 535 (6th Cir. 2010) ("As the district court correctly noted, the reliability inquiry focuses 'solely on the principles and methodology, not on the conclusions they generate.'") (quoting *Daubert*, 509 U.S. at 594-95).

Plaintiffs seek to paint Dr. Martin's methodology for calculating a manifestation rate as the unreliable product of "anecdotal evidence." *See* Pl. Mtn., p. 13 (PageID.4936). But, plainly, that is not it. *See*, *e.g.*, Martin Rpt., p. 8 (PageID.4957); *see also AFT Mich.*, 2024 WL 1344642 at *4 (expert collected and analyzed data and organized the results in a manner that will aid the jury in understanding the [issues at hand]"); *MGE UPS Sys., Inc. v. Power Maintenance Int'l, Inc.*, 2007 WL 9711470, *5 (N.D.Tex. 2007) (admitting expert report and testimony "based in large part upon fairly simple mathematics" because it would help the jury). Dr. Martin's manifestation rate opinions are the product of a reliable methodology and are admissible.

### 3. Plaintiffs' Argument That Manifestation Is Not Required Is Based On A Misreading Of Cases Addressing Article III Standing, Not The Elements Of Their Claims.

Plaintiffs baldly state that Dr. Martin's opinion regarding manifestation must be excluded because "it is well established … that a consumer suffers economic

harm when they unknowingly overpay for a defective product regardless of manifestation of a defect." *See* Pl. Mtn., p. 15 (PageID.4938). This is a misstatement of the law, which, if true, would remove the causation element from every one of Plaintiffs' claims. This is clearly not the case, as evidenced even by the authority Plaintiffs rely on. *Id.* Nearly every single case addresses injury in fact— which is an Article III standing issue, not a damages causation issue. As such, none of the cases Plaintiffs cite stands for the proposition that a consumer is automatically entitled to damages if he or she buys a product with a defect. *Id.*

Indeed, the opposite is true, and Plaintiffs must prove that FCA US caused them damages to prevail on each of their claims. *See, e.g.*, *Chapman v. GM LLC*, 531 F.Supp.3d 1257, 1300 (E.D.Mich. 2021) ("Although each states' consumer protection statutes are different, the Court can resolve this claim because they all at a minimum require deceptive conduct, reliance, and causation … ."); *Kertesz v. Net Transactions, Ltd.*, 635 F.Supp.2d 1339, 1348 (S.D.Fla. 2009) (for consumer protection claim, requiring "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages"); *Hershenow v. Enter. Rent-A-Car Co. of Bos.*, 445 Mass. 790, 798 (2006) (same); *Pardini v. Unilever United States, Inc.*, 2021 WL 8153616, *3 (N.D.Cal. 2021) ("Plaintiffs have still not provided any evidence to demonstrate reliance, materiality, or causation. These are required elements of their remaining

claims as individuals for fraudulent concealment, intentional misrepresentation, express warranty, as well as their claims under the CLRA, UCL, and the MMPA.").

And, further, "Sixth Circuit cases ... plainly have held that the complete repair of an alleged defect forecloses recovery on a benefit-of-the-bargain theory." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2022 WL 4211149, *4 (E.D.Mich. 2022) (citing *Hadley v. Chrysler Grp., LLC*, 624 F. Appx. 374, 378 (6th Cir. 2015)). Thus, opinions regarding manifestation are clearly relevant to Plaintiffs' claims.

Dr. Martin's opinion that the alleged defect can only have caused damages if it manifested is consistent with the law and FCA US's defense in this case.  Plaintiffs argue that existence of an alleged defect, which persists despite FCA US's NHTSA-sanctioned safety recall, is sufficient to entitle each putative class member to damages, but that is a position without legal or factual support.  FCA US is entitled to rebut Plaintiffs' allegations and to introduce expert testimony showing that an alleged defect that does not manifest will not cause economic damages.

## C.    Dr. Martin's Idled Asset Period Opinions Are Admissible.

Plaintiffs' argument to exclude Dr. Martin's idled asset period opinions can only be described as an impossible "Hail Mary" pass.  *See* Pl. Mtn., pp. 16-18 (PageID.4939-4941).  They assert Dr. Martin has "zero support" for her opinion that "any loss in value associated with being unable to charge the hybrid battery would depend on individualized factors."  *See* Pl. Mtn., p. 17 (PageID.4940).  But, in *the*

*very next sentence* Plaintiffs correctly admit that Dr. Martin bases her opinion on two peer reviewed studies.  *Id.*  On top of this, Plaintiffs clearly did not bother to read the articles Dr. Martin cites, because they do actually "bear … relevance to the specific vehicles … in this case."  *Id.*  The Chakraborty article, for instance, specifically studied Chrysler Pacifica owners.  *See* Martin Rpt., p. 11 n.27, (PageID.4960).[8]

Plaintiffs also critique Dr. Martin for not relying on "Plaintiff deposition testimony," *see* Pl. Mtn., p. 17 (PageID.4940), knowing full well that class certification expert reports were served prior to the parties completing named plaintiff depositions.  That notwithstanding, the depositions taken to date confirm there is a wide variety of individualized behaviors associated with vehicle charging in the period between FCA US's Z11 recall interim letter in February 2022 and the issuance of the final Z11 recall fix in October 2022.  *See, e.g.*, § II.B.2, *supra*.

Taken together, the studies Dr. Martin relied on and the deposition testimony in this case conclusively demonstrate that her idled asset period opinions are based "upon a reliable foundation, as opposed to … unsupported speculation."  *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529–30 (6th Cir. 2008); *see also AFT Mich.*,

---

[8]A copy of the article is attached as Exhibit C.

2024 WL 1344642 at *3 (reliability of an expert's opinion rests "on the data on which it is based").

## IV.  CONCLUSION

The Court should deny Plaintiffs' motion to exclude Dr. Martin's opinions and testimony.

**KLEIN THOMAS LEE & FRESARD**

By:  _/s/ Stephen A. D'Aunoy_
     Stephen A. D'Aunoy
     Thomas L. Azar, Jr.
     Scott H. Morgan
     100 N. Broadway, Ste. 1600
     St. Louis, Missouri 63102
     T: (314) 888-2970
     steve.daunoy@kleinthomaslaw.com
     tom.azar@kleinthomaslaw.com
     scott.morgan@kleinthomaslaw.com

     Fred J. Fresard (P43694)
     Ian K. Edwards (P82021)
     101 W. Big Beaver Rd., Ste. 1400
     Troy, Michigan 48084
     T: (602) 935-8300
     fred.fresard@kleinthomaslaw.com
     ian.edwards@kleinthomaslaw.com

     Brandon L. Boxler
     919 E. Main St., Ste. 1000
     Richmond, Virginia 23219
     T: (703) 621-2109
     brandon.boxler@kleinthomaslaw.com

     *Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Stephen A. D'Aunoy*