## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to: ALL CASES* | Case No. 2:22-cv-03040-DML-EAS<br><br>Honorable David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

## DEFENDANT FCA US LLC'S MOTION TO PARTIALLY DISMISS PLAINTIFFS' AMENDED CONSOLIDATED MASTER COMPLAINT

FCA US LLC ("FCA US") moves to partially dismiss Plaintiffs' Amended Consolidated Master Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief.  In support, FCA US relies on the attached brief.

On July 8, 2024, pursuant to E.D. Mich. LR 7.1(a), defense counsel had a telephone conference with Plaintiffs' counsel, during which FCA US explained the nature and legal bases of the motion and requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, FCA US respectfully requests that the Court grant its motion and dismiss certain of Plaintiffs' previously-pleaded claims and all of the new claims in Plaintiffs' Amended Consolidated Master Complaint with prejudice.

Dated:  July 10, 2024

Respectfully submitted,

**KLEIN THOMAS LEE & FRESARD**

By: */s/ Stephen A. D'Aunoy*          Fred J. Fresard (P43694)
    Stephen A. D'Aunoy (MO/54961)    Ian K. Edwards (P82021)
    Thomas L. Azar, Jr. (MO/56634)    101 W. Big Beaver Rd., Ste. 1400
    Scott H. Morgan (MO/61853)    Troy, Michigan 48084
    100 N. Broadway, Ste. 1600    T:  (602) 935-8300
    St. Louis, Missouri 63102    Fred.Fresard@kleinthomaslaw.com
    T:  (314) 888-2970    Ian.Edwards@kleinthomaslaw.com
    Steve.Daunoy@kleinthomaslaw.com
    Tom.Azar@kleinthomaslaw.com    Brandon L. Boxler
    Scott.Morgan@kleinthomaslaw.com    919 E. Main St., Ste. 1000
    Richmond, Virginia 23219
    T:  (703) 621-2109
    Brandon.Boxler@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

          */s/ Stephen A. D'Aunoy*

- 2 -

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE:  CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040<br><br>*This Document Relates to: ALL CASES* | Case No. 2:22-cv-03040-DML-EAS<br><br>Honorable David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

---

## DEFENDANT FCA US LLC'S BRIEF IN SUPPORT OF ITS MOTION TO PARTIALLY DISMISS PLAINTIFFS' AMENDED CONSOLIDATED MASTER COMPLAINT

---

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
KLEIN THOMAS LEE & FRESARD
101 W. Big Beaver Rd., Ste. 1400
Troy, Michigan 48084
T:  (602) 935-8300
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com

Brandon L. Boxler
KLEIN THOMAS LEE & FRESARD
919 E. Main St., Ste. 1000
Richmond, Virginia 23219
T:  (703) 621-2109
Brandon.Boxler@kleinthomaslaw.com

Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
KLEIN THOMAS LEE & FRESARD
100 N. Broadway, Ste. 1600
St. Louis, Missouri 63102
T:  (314) 888-2970
Steve.Daunoy@kleinthomaslaw.com
Tom.Azar@kleinthomaslaw.com
Scott.Morgan@kleinthomaslaw.com

*Attorneys for FCA US LLC*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF ISSUES PRESENTED ............................................. xv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........................ xviii

I.    INTRODUCTION ...........................................................................1

II.   RELEVANT PLEADED FACTS ....................................................2

      A.    The Alleged Defect. ...........................................................2

      B.    Allegations About The Named Plaintiffs' Experiences. ......................2

      C.    The Proposed Classes, Claims, and Relief Sought. ............................3

III.  ARGUMENT ...................................................................................5

      A.    The Legal Standards Governing FCA US's Motion To Dismiss. .........5

      B.    The Statute of Limitations Bars Many of the Claims. ........................5

            1.    The Fraudulent Concealment and Omission Claims Are
                  Untimely. ..................................................................6

            2.    The Unjust Enrichment Claims Are Untimely. ........................10

            3.    No Tolling Doctrine Saves the Untimely Claims. ...................11

      C.    The Fraud-Based Claims Fail For Multiple, Independent
            Reasons. ...................................................................................12

            1.    Fraudulent Concealment Is Not A Standalone Cause of
                  Action. ....................................................................12

            2.    Lack of Manifestation Warrants Dismissal of Many of
                  the Claims. ................................................................13

            3.    Failure to Plead Actual Reliance Warrants Dismissal of
                  Many of the Claims. ...................................................14

4.      The Economic Loss Doctrine Bars Many of the Claims. .........15

D.    The Unjust Enrichment Claims Fail For Multiple, Independent
      Reasons. ...............................................................................................20

E.    Some Reasserted Claims Fail For Reasons Not Previously
      Considered. ..........................................................................................24

IV.  CONCLUSION ...............................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ADA Cnty. Highway Dist. v. Rhythm Eng'g, LLC,*
  2016 WL 4582045 (D.Idaho 2016) ............................................................ 21, 22

*Allstate Ins. Co. v. Lighthouse Law P.S. Inc.,*
  2016 WL 4041198 (W.D.Wash. 2016)............................................................24

*Amos v. Brew Dr. Kombucha, LLC,*
  2020 WL 9889190 (D.Or. 2020) ...................................................................24

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)........................................................................................5

*Auslender v. Energy Mgmt. Corp.,*
  832 F.2d 354 (6th Cir. 1987)..........................................................................12

*Austin v. Ettl,*
  286 P.3d 85 (Wash.App. 2012........................................................................24

*Baker v. Trans Union LLC,*
  2008 WL 2329099 (D.Ariz. 2008) ..................................................................23

*Baloise Ins. Co. v. Harring,*
  2006 WL 1310792 (M.D.Pa. 2006) .................................................................19

*Banks v. Nationwide Mut. Fire Ins. Co.,*
  2000 WL 1742064 (Ohio App. 2000)...............................................................23

*Bass v. Bowmar Nutrition, L.L.C.,*
  2022 WL 18781203 (S.D.Iowa 2022) ..............................................................22

*Bassi & Bellotti S.p.A. v. Transcon. Granite, Inc.,*
  2011 WL 856366 (D.Md. 2011) ......................................................................23

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................................5

*Besley v. FCA US, LLC,*
  2016 WL 109887 (D.S.C. 2016).......................................................................18

*Bishop v. Lucent Techs., Inc.*,
520 F.3d 516 (6th Cir. 2008) ..............................................................................7

*Bixby v. KBR, Inc.*,
895 F.Supp.2d 1075 (D.Or. 2012) .......................................................................9

*Bo v. Ruitang*,
2023 WL 5615994 (E.D.Va. 2023) ...................................................................20

*Brame v. Gen. Motors LLC*,
535 F.Supp.3d 832 (E.D.Wis. 2021) ................................................................23

*Bryant v. Koppers, Inc.*,
627 F.Supp.3d 466 (D.Md. 2022).......................................................................19

*Budgetel Inns, Inc. v. Micros Sys., Inc.*,
8 F.Supp.2d 1137 (E.D.Wis. 1998) ..................................................................17

*Cataldo v. U.S. Steel Corp.*,
676 F.3d 542 (6th Cir. 2012)...............................................................................6

*Cavan v. Maron*,
182 F.Supp.3d 954 (D.Ariz. 2016) .....................................................................8

*Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*,
537 N.E.2d 624 (Ohio 1989)..............................................................................20

*Chi v. N. Riverfront Marina & Hotel LLP*,
2023 WL 4843042 (N.C.Sup. 2023).................................................................10

*Cho v. Hyundai Motor Co., Ltd.*,
636 F.Supp.3d 1149 (C.D.Cal. 2022) ...............................................................19

*Chosnek v. Rolley*,
688 N.E.2d 202 (Ind.App. 1997) ......................................................................23

*Cleveland v. Whirlpool Corp.*,
550 F.Supp.3d 660 (D.Minn. 2021)...................................................................21

*Coleman v. Bank of Am., N.A.*,
2020 WL 3964808 (D.S.C. 2020).......................................................................21

*Confederated Tribes of Warm Springs Rsrv. of Oregon v. Ambac Assur. Corp.*,
2010 WL 4875657 (D.Or. 2010) .......................................................................21

*Conn. Light and Power Co. v. Proctor*,
    118 A.3d 702 (Conn.App. 2015) ........................................................21

*Cont'l Materials Corp. v. Valco, Inc.*,
    2019 WL 13167109 (D.Colo. 2019)..................................................17

*Cordes v. Holt & Anderson, Ltd.*,
    2009 WL 2016613 (Minn.App. 2009)..............................................10

*Cox House Moving, Inc. v. Ford Motor Co.*,
    2006 WL 2303182 (D.S.C. 2006).....................................................19

*Cruz v. Kate Spade & Co., LLC*,
    2020 WL 5848095 (D.Nev. 2020).....................................................23

*Dairy, LLC v. Milk Moovement, Inc.*,
    2022 WL 2392622 (E.D.Cal. 2022)..................................................21

*Dean Snyder Constr. Co. v. Travelers Prop. Cas. Co. of Am.*,
    173 F.Supp.3d 837 (S.D.Iowa 2016) ................................................21

*Dish Network Corp. v. Pompa*,
    2019 WL 1428684 (D.Nev. 2019)......................................................8

*Doering v. JP Morgan Chase Bank, N.A.*,
    2015 WL 3403933 (E.D.Mich. 2015).................................................17

*Dorgan v. Ethicon, Inc.*,
    2020 WL 5372134 (W.D.Mo. 2020) ................................................13

*Doug Volz v. Provider Plus, Inc., Jeff Serafin*,
    2015 WL 3621113 (E.D.Mo. 2015)...................................................21

*Drexel v. Gen. Motors Corp.*,
    2009 WL 275682 (D.Kan. 2009).......................................................8

*EA Designs & Co. v. Coastal Accents, LLC*,
    2020 WL 1965682 (E.D.Va. 2020) ..................................................24

*Elson v. Deutsche Bank Nat. Tr. Co.*,
    2012 WL 1902916 (E.D.Mich. 2012) .................................................6

*Est. of Pilgrim v. Gen. Motors LLC*,
    596 F.Supp.3d 808 (E.D.Mich. 2022)..............................................16

*Fin. Res. Network, Inc. v. Brown & Brown, Inc.*,
  754 F.Supp.2d 128 (D.Mass. 2010) ...................................................................8

*Fischler Kapel Holdings, LLC v. Flavor Producers, LLC*,
  2020 WL 6939887 (C.D.Cal. 2020) .................................................................17

*Flores v. FCA US LLC*,
  2021 WL 1122216 (E.D.Mich. 2021) ...............................................................23

*Flores v. OneWest Bank*,
  172 F.Supp.3d 391 (D.Mass. 2016) ..................................................................21

*Francis v. Mead Johnson & Co.*,
  2010 WL 5313540 (D.Colo. 2010) ...................................................................22

*Frisch v. Nationwide Mut. Ins. Co.*,
  553 Fed.App'x 477 (6th Cir. 2014) .....................................................................8

*Gant v. Ford Motor Co.*,
  517 F.Supp.3d 707 (E.D.Mich. 2021) ..............................................................21

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
  53 F.Supp.3d 943 (S.D.Tex. 2014) ...................................................................21

*Gen. Insulation Co. v. Eckman Const.*,
  992 A.2d 613 (N.H. 2010) .................................................................................21

*Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*,
  2005 WL 6778678 (N.D.Ohio 2005) ................................................................13

*Geranios v. Annex Invs.*,
  273 P.2d 793 (Wash. 1954) ...............................................................................10

*Gordon v. Sig Sauer, Inc.*,
  2019 WL 4572799 (S.D.Tex. 2019) ..................................................................13

*Granito v. IBM*,
  2003 WL 1963161 (Conn.Super.Ct. 2003) ........................................................23

*Gravina Siding & Windows Co. v. Gravina*,
  2022 WL 1417336 (Colo.App. 2022) ................................................................21

*Great Am. Emu Co., LLC v. E.J. McKernan Co.*,
  509 F.Supp.3d 528 (E.D.N.C. 2020) .................................................................21

*H.G. v. Inter-Cont'l Hotels Corp.*,
    489 F.Supp.3d 697 (E.D.Mich. 2020) ...................................................................7

*Hadidi v. Intracoastal Land Sales, Inc.*,
    2014 WL 2881875 (D.S.C. 2014) ......................................................................11

*Hall v. Gascard*,
    2017 WL 2543901 (D.N.H. 2017) .....................................................................17

*Ham Broad. Co., Inc. v. Cumulus Media, Inc.*,
    2011 WL 13232371 (W.D.Ky. 2011) ................................................................21

*Hanover Ins. Co. v. Hermosa Const. Grp., LLC*,
    57 F.Supp.3d 1389 (N.D.Ga. 2014) ..................................................................22

*Harmon v. Shehata*,
    1987 WL 17765 (Ohio App. 1987) ....................................................................13

*Hartford Fire Ins. Co. v. Schneider*,
    2006 WL 8432215 (N.D.Ga. 2006) ..................................................................20

*Holland v. Transamerica Life Ins. Co.*,
    2024 WL 1076253 (D.Md. 2024) .....................................................................10

*Hollenshead v. New Penn Fin., LLC*,
    447 F.Supp.3d 283 (E.D.Pa. 2020) ...................................................................23

*Holman v. Ali Indus., LLC*,
    654 F.Supp.3d 871 (W.D.Mo. 2023) .................................................................24

*Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharm., Inc.*,
    353 F.Supp.3d 678 (M.D.Tenn. 2018) ..............................................................23

*Hummel v. Nw. Tr. Servs., Inc.*,
    180 F.Supp.3d 798 (W.D.Wash. 2016) ...............................................................8

*Ice Corp. v. Hamilton Sundstrand Inc.*,
    444 F.Supp.2d 1165 (D.Kan. 2006) ..................................................................22

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    295 F.Supp.3d 927 (N.D.Cal. 2018) .................................................................15

*In re Ford Tailgate Litig.*,
    2014 WL 1007066 (N.D.Cal. 2014) ..................................................................20

*In re Gen. Motors LLC Ignition Switch Litig.*,
   257 F.Supp.3d 372 (S.D.N.Y. 2017) ....................................................13

*In re Gen. Motors LLC Ignition Switch Litig.*,
   339 F.Supp.3d 262 (S.D.N.Y. 2018) ....................................................23

*In re MI Windows & Doors, Inc. Prods. Liab. Litig.*,
   2012 WL 5408563 (D.S.C. 2012) ........................................................24

*In re Nickelodeon Consumer Priv. Litig.*,
   2014 WL 3012873 (D.N.J. 2014) ........................................................21

*In re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*,
   364 F.Supp.3d 976 (D.Minn. 2019)......................................................13

*In re Refrigerant Compressors Antitrust Litig.*,
   2013 WL 1431756 (E.D.Mich. 2013) ...................................................24

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
   2017 WL 1902160 (D.N.J. 2017)................................................... 17, 20

*Info. Applications Grp., Inc. v. Shkolnikov*,
   836 F.Supp.2d 400 (E.D.Va. 2011) .......................................................9

*Inglis v. Am. Motors Corp.*,
   209 N.E.2d 583 (Ohio 1965).................................................................20

*Inman v. Klockner-Pentaplast of Am., Inc.*,
   467 F.Supp.2d 642 (W.D.Va. 2006) .....................................................22

Interboro Packaging Corp. v. City of Minneapolis,
   2009 WL 2928755 (Minn.App. 2009)..................................................23

*Int'l Star Registry of Ill. v. Omnipoint Mktg., LLC*,
   510 F.Supp.2d 1015 (S.D.Fla. 2007) ...................................................17

*Jack Tyler Eng'g Co. v. TLV Corp.*,
   2008 WL 2998840 (W.D.Tenn. 2008)..................................................22

*Jasper v. Abbott Lab'ys, Inc.*,
   834 F.Supp.2d 766 (N.D.Ill. 2011) ......................................................22

*Johnson v. KB Home*,
   720 F.Supp,2d 1109 (D.Ariz. 2010) ....................................................21

*Kapur v. IMW EMR, LLC*,
  2020 WL 7480541 (N.C.Super. 2020)...............................................................17

*Kondash v. Kia Motors Am., Inc.*,
  2016 WL 11246421 (S.D.Ohio 2016) ...............................................................21

*Kopel v. Kopel*, 229 So.3d 812 (Fla. 2017)......................................................23

*Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*,
  541 S.E.2d 699 (Ga.App 2000) ..........................................................................21

*Laws. Title Ins. Corp. v. United Am. Bank of Memphis*,
  21 F.Supp.2d 785 (W.D.Tenn. 1998) ................................................................24

*Lewis v. Mercedes-Benz USA, LLC*,
  530 F.Supp.3d 1183 (S.D.Fla. 2021) ................................................................22

*Lincoln Land Co., LLC v. LP Broadband, Inc.*,
  408 P.3d 465 (Idaho 2017) ................................................................................23

*Loeb v. Champion Petfoods*,
  359 F.Supp.3d 597 (E.D.Wis. 2019) .................................................................24

*Mandelbaum v. Fiserv, Inc.*,
  787 F.Supp.2d 1226 (D.Colo. 2011)..................................................................23

*Marlowe v. Nature's Bounty Co.*,
  2017 WL 2291683 (D.Ohio 2017).....................................................................24

*Martis v. Grinnell Mut. Reinsurance Co.*,
  905 N.E.2d 920 (Ill.App. 2009) ........................................................................21

*Matanky v. Gen. Motors LLC*,
  370 F. Supp. 3d 772 (E.D.Mich. 2019) .............................................................25

Mays-Maune & Assocs., Inc. v. Werner Bros., Inc.,
  139 S.W.3d 201 (Mo.App. 2004) ......................................................................23

*McClaflin v. Sanofi-Aventis U.S. LLC*,
  2024 WL 1538012 (D.Colo. 2024)......................................................................8

*McGrain v. C.R. Bard, Inc.*,
  551 F.Supp.3d 529 (E.D.Pa. 2021) ...................................................................13

*Melkus v. Visionary Accessories, Inc.*,
    1999 WL 33451710 (Mich.App. 1999) ........................................................... 19

*Merino v. Ethicon Inc.*,
    536 F.Supp.3d 1271 (S.D.Fla. 2021) ........................................................... 12

*Mezibov v. Allen*,
    411 F.3d 712 (6th Cir. 2005) ....................................................................... 5

*Miller v. Gen. Motors, LLC*,
    2018 WL 2740240 (E.D.Mich. 2018) ........................................................... 22

*Moore v. Metro. Grp. Prop. & Cas. Ins. Co.*,
    2010 WL 5069856 (D.R.I. 2010) ................................................................. 10

*N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*,
    526 F.3d 626 (10th Cir. 2008) ................................................................... 10

*N. Tankers Ltd. v. Backstrom*,
    934 F.Supp. 33 (D.Conn. 1996)) ................................................................... 8

*Naiman v. Alle Processing Corp.*,
    2020 WL 6869412 (D.Ariz. 2020) ............................................................... 22

*Nanyah Vegas LLC v. Rogich*,
    2016 WL 606896 (Nev. 2016) ..................................................................... 10

*Nauman v. Gen. Motors LLC*,
    2021 WL 4502666 (W.D.Wash. 2021) ......................................................... 22

*New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*,
    2019 WL 5107105 (E.D.Ky. 2019) ............................................................. 17

*O'Connor v. Ford Motor Co.*,
    567 F.Supp.3d 915, 954 (N.D.Ill. 2021) ....................................................... 18

*Pacheco v. Boar's Head Provisions Co.*,
    2010 WL 1323785 (W.D.Mich. 2010) ......................................................... 22

*Perkins v. Bennett*,
    2015 WL 1313247 (D.S.C. 2015) ................................................................. 8

*Pickett v. Ditech Fin., LLC*,
    322 F.Supp.3d 287 (D.R.I. 2018) ............................................................... 21

*Piper v. Talbots, Inc.*,
      507 F.Supp.3d 339 (D.Mass. 2020) ....................................................23

*Pixler v. Huff,*
      2011 WL 5597327 (W.D.Ky. 2011) ..................................................23

*Precision Tracking Sols., Inc. v. Spireon, Inc.*,
      2014 WL 3058396 (E.D.Tenn. 2014) ................................................10

*Rautu v. U.S. Bank*,
      557 Fed.App'x 411 (6th Cir. 2014) ..................................................12

*Reid v. Baker,*
      499 Fed.App'x 520 (6th Cir. 2012) ............................................. 7, 11

*Remigio v. Eagle Rock Res., Co.*,
      2024 WL 1890365 (M.D.Pa. 2024) ....................................................9

*Samson Lift Techs., LLC v. Jerr-Dan, Corp.*,
      2010 WL 1052932 (M.D.Pa. 2010) ..................................................17

*Sapp v. Ford Motor Co.*,
      687 S.E.2d 47 (S.C. 2009) ..............................................................17

*Schechner v. Whirlpool Corp.*,
      237 F.Supp.3d 601 (E.D.Mich. 2017) .............................................23

*Scott v. Mamari Corp.*,
      530 S.E.2d 208 (Ga.App. 2000) ......................................................23

*Serrano v. Serrano,*
      2012 WL 75639 (Ariz.App. 2012) ...................................................11

*Smith v. Buck,*
      2022 WL 3716529 (S.D.Ind. 2022) .................................................13

*SonicSolutions Algae Control, LLC v. Diversified Power Int'l, LLC*,
      2024 WL 1043001 (D.Mass. 2024) ..................................................13

*Southwood v. Credit Card Sol.*,
      2016 WL 8710985 (E.D.N.C. 2016)..................................................24

*Speier-Roche v. Volkswagen Grp. of Am. Inc.*,
      2014 WL 1745050 (S.D.Fla. 2014) ..................................................21

xi

*State v. Philip Morris Inc.*,
  1997 WL 540913 (Md.Cir.Ct. 1997) ...................................................................22

*Steak n Shake Enterprises, Inc. v. Varnson Grp.*,
  2011 WL 5075135 (S.D.Ind. 2011) ...................................................................21

*Storto Enter., Inc. v. Exxonmobil Oil Corp.*,
  2011 WL 231877 (D.Md. 2011) ...........................................................................8

*Stuhmer v. Girdner*,
  2021 WL 5384406 (D.Colo. 2021) ...................................................................11

*Summerhill v. Terminix, Inc.*,
  637 F.3d 877 (8th Cir. 2011)..............................................................................12

*Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*,
  309 F.Supp.3d 1022 (D.Kan. 2018) .................................................................21

*Tessemae's, LLC v. McDevitt*,
  2021 WL 1216669 (D.Md. 2021) ......................................................................21

*Thomas v. Ocwen Fin. Corp.*,
  2020 WL 13413468 (S.D.Tex. 2020) ...............................................................19

*Thornberg v. State Farm Fire & Cas. Co.*,
  2015 WL 3612550 (D.Minn. 2015)...................................................................13

*Thorne v. Wagner*,
  2007 WL 496373 (D.Nev. 2007).......................................................................21

*Tietsworth v. Harley-Davidson, Inc.*,
  677 N.W.2d 233 (Wis. 2004) ............................................................................14

*Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*,
  203 F.Supp.3d 608 (M.D.N.C. 2016) .................................................................8

*Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc.*,
  187 A.3d 1174 (Conn.App. 2018) ....................................................................22

*Training Inst., Inc. v. City of Chicago*,
  937 F.Supp. 743 (N.D.Ill. 1996) ......................................................................12

*Traylor v. Awwa*,
  899 F.Supp.2d 216 (D.Conn. 2012)..................................................................12

*True v. Seppala*,
    2015 WL 13870885 (D.N.H. 2015).......................................................................8

*Tucker v. Gen. Motors LLC*,
    2021 WL 2665761 (E.D.Mo. 2021)...................................................................19

*U.S. Bank, Nat'l Ass'n v. Cent. Bank & Tr. Co.*,
    2024 WL 947277 (E.D.Ky. 2024) ....................................................................22

*United Heritage Life Ins. Co. v. First Matrix Inv. Servs. Corp.*,
    2009 WL 3229374 (D.Idaho  2009) ....................................................................8

*Universal Bearing Co. v. Baker Bearing Co.*,
    2013 WL 1211463 (E.D.Mich. 2013)................................................................13

*Vance v. Schulder*,
    547 S.W.2d 927 (Tenn. 1997) .............................................................................8

*Vantage Learning (USA), LLC v. Edgenuity, Inc.*,
    246 F.Supp.3d 1097 (E.D.Pa. 2017)..................................................................21

*Wackett v. City of Beaver Dam*,
    2014 WL 519217 (Wis.App. 2014) ...................................................................22

*Weinstein v. JP Morgan Chase*,
    2013 WL 1951993 (E.D.Pa. 2013) ...................................................................24

*Wheeler v. BMW of N. Am. LLC*,
    534 F.Supp.3d 527 (W.D.N.C. 2021) ...............................................................18

*Wheeler v. Subaru of Am., Inc.*,
    451 F.Supp.3d 1034 (D.Minn. 2020).................................................................22

*William Insulation Co. Inc. v. JH Kelly LLC*,
    2021 WL 1894092 (W.D.Wash. 2021)..............................................................23

*Williams v. Jet One Jets, Inc.*,
    2011 WL 13214061 (N.D.Ga. 2011) .................................................................20

*Wilson v. Style Crest Prods., Inc.*,
    627 S.E.2d 733 (S.C. 2006) ..............................................................................14

*Yetter v. Ford Motor Co.*
    2019 WL 3254249 (N.D.Cal. 2019)....................................................................8

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................5, 6

## STATEMENT OF ISSUES PRESENTED

1.  Should Plaintiffs' fraudulent concealment and fraudulent omission claims
    under Arizona, California, Colorado, Connecticut, Idaho, Kansas, Maryland,
    Massachusetts, Nevada, New Hampshire, North Carolina, Oregon,
    Pennsylvania, South Carolina, Tennessee, Virginia, and Washington law be
    dismissed as time-barred under their respective statutes of limitations, where
    Plaintiffs fail to plead any ***facts*** regarding their respective discoveries of their
    injuries, or FCA US's purported fraudulent concealment of these causes of
    action?

    The Court should respond "Yes."

2.  Should Plaintiffs' unjust enrichment claims under Arizona, Colorado, Kansas,
    Maryland, Minnesota, Nevada, North Carolina, Rhode Island, Tennessee,
    South Carolina, and Washington law be dismissed as time-barred under their
    respective statutes of limitations, where Plaintiffs fail to plead any ***facts***
    regarding their respective discoveries of their injuries, or FCA US's purported
    fraudulent concealment of these causes of action?

    The Court should respond "Yes."

3.  Should Plaintiffs' fraudulent concealment claims under Connecticut, Florida,
    Indiana, Massachusetts, Michigan, Minnesota, Missouri, Ohio, Pennsylvania,
    and Texas law be dismissed because none of these states recognizes fraudulent
    concealment as a standalone cause of action?

    The Court should respond "Yes."

4.  Should Plaintiffs' fraudulent concealment and fraudulent omission claims
    under Georgia, Minnesota, North Carolina, Ohio, Pennsylvania, South Carolina,
    Texas, and Wisconsin law be dismissed where the purported defect has not
    manifested in the vehicles of any Named Plaintiffs from these states?

    The Court should respond "Yes."

5.  Should Plaintiffs' fraudulent concealment and fraudulent omission claims be
    dismissed for failure to allege actual reliance?

    The Court should respond "Yes."

6.     Should Plaintiffs' fraudulent concealment and fraudulent omission claims under California, Colorado, Florida, Georgia, Kentucky, Maryland, Michigan, Minnesota, Missouri, New Hampshire North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin law be dismissed pursuant to the economic loss rule where Plaintiffs allege only economic losses?

> The Court should respond "Yes."

7.     Should Plaintiffs' unjust enrichment claims under California, Illinois, Massachusetts, New Hampshire, New Jersey and Texas law be dismissed because none of these states recognizes unjust enrichment as a standalone cause of action?

> The Court should respond "Yes."

8.     Should Plaintiffs' unjust enrichment claims be dismissed where Plaintiffs allege FCA US issued a written, express warranty that fully allocates the parties' rights and obligations relating to potential vehicle defects?

> The Court should respond "Yes."

9.     Should Plaintiffs' unjust enrichment claims (except for those under Missouri, Rhode Island, and South Carolina law) be dismissed where Plaintiffs fail to allege facts showing lack of an adequate remedy at law?

> The Court should respond "Yes."

10.    Should Plaintiffs' unjust enrichment claims (except for those under Iowa, Kansas, and Nevada law) be dismissed where Plaintiffs fail to allege facts showing they conferred a direct benefit upon FCA US?

> The Court should respond "Yes."

11.    Should Plaintiffs' Missouri and Washington unjust enrichment claims be dismissed pursuant to the economic loss rule where Plaintiffs allege only economic losses?

> The Court should respond "Yes."

12.   Should Plaintiffs' Massachusetts breach of express warranty claim be dismissed where the Massachusetts Named Plaintiffs are not part of the alleged Massachusetts express warranty subclass?

     The Court should respond "Yes."

13.   Should Plaintiffs' Iowa consumer protection claim be dismissed where Plaintiffs fail to allege they received the requisite approval from the Iowa Attorney General before filing?

     The Court should respond "Yes."

14.   Should Plaintiffs' Kentucky consumer protection claim be dismissed where Plaintiffs fail to allege vertical privity with FCA US?

     The Court should respond "Yes."

15.   Should Plaintiffs' CLRA, UCL, and FAL claims be dismissed for lack of statutory standing, due to Plaintiffs' failure to allege actual reliance?

     The Court should respond "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542 (6th Cir. 2012)

*Reid v. Baker,* 499 Fed.App'x 520 (6th Cir. 2012)

*Auslender v. Energy Mgmt. Corp.*, 832 F.2d 354 (6th Cir. 1987)

*In re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*, 364 F.Supp.3d 976 (D.Minn. 2019)

*In re Gen. Motors LLC Ignition Switch Litig.*, 257 F.Supp.3d 372 (S.D.N.Y. 2017)

*Wilson v. Style Crest Prods., Inc.,* 627 S.E.2d 733 (S.C. 2006)

*Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233 (Wis. 2004)

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F.Supp.3d 927 (N.D.Cal. 2018)

## I.   **INTRODUCTION**

These consolidated cases were filed after FCA US LLC announced a voluntary recall to address a potential trend of fires in certain model-year 2017-2018 Chrysler Pacifica Hybrid minivans.  Plaintiffs do not dispute FCA US has implemented a free remedy under the supervision of the National Highway Traffic Safety Administration ("NHTSA") to address the condition.[1]  And, notably, the pleaded facts indicate nearly half of the Named Plaintiffs have now received the free recall repair, and *none* alleges experiencing any issues with *their* vehicles thereafter.[2]

FCA US previously moved for dismissal of Plaintiffs' Consolidated Master Complaint, and the Court dismissed Plaintiffs' nationwide claims and certain of their state law claims.  *See* ECF #67, p. 60 (PgID.2101).  The Court granted Plaintiffs leave to replead the nationwide claims as state-specific causes of action, and allowed FCA US to file a subsequent motion to dismiss.  ECF #135, pp. 1, 7 (PgID.5588, 5594).[3]  For the reasons set forth herein, ***all*** of Plaintiffs' new claims and certain of

---

[1]*See*, *generally*, ECF #138, Amended Consolidated Master Complaint, ("ACMC"), ¶ 15 & n.4 (PgID.5635).

[2]*Id.* at ¶¶ 29, 31, 35, 37, 46, 57, 60, 64, 66, 70, 78, 81, 86, 88, 90, 92, 103, 106, 110, 115, 119, 121, 123 (PgID.5645, 5647, 5651-52, 5655, 5660, 5663, 5667-68, 5673, 5680-81, 5683, 5688, 5690-92, 5702, 5704, 5706, 5711, 5715-17).

[3]Per the Court's Order, FCA US limits this Motion to arguments on Plaintiffs' newly added claims and arguments not previously considered.  FCA US does not waive any argument not raised.  Furthermore, the parties have agreed that the time for FCA US to file an Answer as to claims not addressed herein is extended until after this Motion is decided.

Plaintiffs' previously-pleaded claims should be dismissed.

## II.    RELEVANT PLEADED FACTS

### A.    The Alleged Defect.

In February 2022, FCA US announced a voluntary recall of certain model-year 2017-2018 Chrysler Pacifica Plug-In Hybrid Electric Vehicles after detecting a potential trend in fires for certain of the vehicles. ACMC, ¶ 144 (PgID.5725). In October 2022, FCA US advised each owner that it "will repair your vehicle free of charge." *Id.* at ¶ 15 (PgID.5635); *id.* at Ex. 3 (PgID.6526). For each vehicle, the repair consists of updating the "High Voltage Battery Pack Control Module (BPCM) software" as well as an inspection and, if necessary, replacement of the "battery pack assembly." *Id.* According to Plaintiffs, the root cause of the fires is unknown to FCA US, but they believe the defect is related to "thermal runaway" in battery cells. *Id.* at ¶¶ 16, n.5, 175-78 (PgID.5636, 5736-38).

### B.    Allegations About The Named Plaintiffs' Experiences.

The sixty-three remaining Named Plaintiffs[4] each allege purchasing a Chrysler Pacifica Hybrid sometime between April 2017 and February 2022. *Id.* at

---

[4]Alicia Maltz, David Maltz, David Lawrence, Elias Ramirez and Michelle Tinio have voluntarily dismissed their claims. *See* ECF ##72, 122, 125, 134. In addition, FCA US moved to compel arbitration as to eighteen of the Named Plaintiffs. While the Court denied FCA US's motion to compel and those claims remain pending, FCA US has filed an appeal and the claims are stayed. Since the deadline for this Motion falls before the appeal is decided, FCA US moves to dismiss the claims of those Plaintiffs only *if* they are not compelled to arbitrate their claims.

¶¶ 27-122 (PgID.5643-5720).[5]   Some allege purchasing from authorized dealers, others from third parties. *Id.*  Some allege purchasing new, others allege purchasing used, and many fail to specify.  *Id.*  Every single Plaintiff proffers the same rote allegation that he had "exposure" to "marketing messages of dependability and safety and the benefits of being able to drive the vehicle in electric mode," but no Plaintiff identifies any actual "marketing" he saw or heard, or when he saw or heard it.  *Id.* Nearly all allege "it is impossible [or often impossible] … to park [their vehicles] … away from [structures or other vehicles]."  *Id.*  And, most allege they are "concerned about driving [their vehicles] due to the dangers," but only ***four*** allege they actually stopped driving their vehicles, and only one has actually experienced any issues with his vehicle.  *Id.* at ¶¶ 52, 55, 68 82, 117 (PgID.5658-59, 5669, 5684-85, 5713-14).

Despite the recall repair being available to ***all*** Class Vehicle owners/lessees for over 2 years now, fewer than half the Named Plaintiffs have received it, and none who did alleges experiencing any issues with their vehicle post-repair.  *See* Note 3, *supra.*

## C.   The Proposed Classes, Claims, and Relief Sought.

Plaintiffs plead claims on behalf of a Nationwide Class of "[a]ll persons or entities who purchased or leased one or more model year 2017-2018 Chrysler Pacifica Hybrid minivans"; 31 state subclasses of "[a]ll persons or entities who purchased or

---

[5]The Davidsons, Niemioja, Ventura, and Murphy plead no purchase date.  *Id.* at ¶¶ 79, 87-88, 98-101, 122-23 (PgID.5681, 5688-89, 5699-5700, 5716-17).

leased one or more of the [Class] Vehicles in [each of the states]"; and 16 express warranty state subclasses of "[a]ll persons or entities who purchased or leased one or more of the [Class]Vehicles in [each of the] [s]tate[s] … who presented their vehicle to an FCA dealer for the 'Z11 recall repair.'"  ACMC, ¶ 238 (PgID.5759-64).

On behalf of the nationwide class, Plaintiffs reassert their claim for violation of the MMWA (Count 1).  On behalf of all 31 state subclasses, Plaintiffs assert ***new*** claims for fraudulent concealment,[6] fraudulent omission,[7] and unjust enrichment.[8] On behalf of 29 state subclasses, Plaintiffs reassert consumer protection claims;[9] on behalf of 25 state subclasses, they reassert implied warranty claims;[10] and on behalf of the 16 state express warranty subclasses, they reassert express warranty claims.[11]

---

[6]Counts III, XI, XVII, XXII, XXVIII, XXXIV, XXXIX, XLV, XLVIII, LIII, LVIII, LXIII, LXVIII, LXXIV, LXXIX, LXXXVI, XCI, XCVII, CII, CVII, CXII, CXVI, CXXII, CXXVIII, CXXXIII, CXXXVIII, CXLIII, CXLVIII, CLIV, CLIX, CLXII.

[7]Counts IV, XII, XVIII, XXIII, XXIX, XXXV, XL, XLVI, XLIX, LIV, LIX, LXIV, LXIX, LXXV, LXXX, LXXXVII, XCII, XCVIII, CIII, CVIII, CXIII, CXVII, CXXIII, CXXIX, CXXXIV, CXXXIX, CXLIV, CXLIX, CLV, CLX, CLXIII.

[8]Counts V, XIII, XIX, XXIV, XXX, XXXVI, XLI, XLVII, L, LV, LX, LXV, LXX, LXXVI, LXXXI, LXXXVIII, XCIII, XCIX, CIV, CIX, CXIV, CXVIII, CXXIV, CXXX, CXXXV, CXL, CXLV, CL, CLVI, CLXI, CLXIV.

[9]Counts II, XIV, VI, XX, CXXXVI, VIII, XXV, XXXI, XXXVII, XLII, LI, LVI, LXI, LXXI, LXVI, LXXXIX, LXXXII, LXXXIII, CX, XCIV, C, CV, CXIX, CXXV, CXXXI, CXLI, VII, CLI, CLVII.

[10]Counts IX, XV, XXI, XXVI, XXXII, XLIII, LII, LVII, LXII, LXVII, LXXII, LXXVII, LXXXIV, XCV, CI, CVI, CXI, CXV, CXX, CXXVI, CXXXII, CXXXVII, CXLVI, CLII, CLVIII.

[11]Counts X, XVI, XXVII, XXXIII, XXXVIII, XLIV, LXXIII, LXXVIII, LXXXV, XC, XCVI, CXXI, CXXVII, CXLII, CXLVII, CLIII.

For relief, Plaintiffs seek, among other things, "[r]estitution," "[d]amages," "disgorgement," "pre- and post-judgment interest," and attorneys' fees and costs. ACMC, "Request for Relief," at p. 625 (PgID.6252).

## III.   ARGUMENT

### A.   The Legal Standards Governing FCA US's Motion To Dismiss.

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Applying these settled legal standards, dismissal is required here.

### B.   The Statute of Limitations Bars Many of the Claims.

The Court previously observed that "the statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." ECF #67, p. 35 (PgID.2076). ***But***, "sometimes the allegations in the complaint ***affirmatively show*** that the claim is time-barred," and, ***"[w]hen that***

5

*is the case*, … dismissing the claim under Rule 12(b)(6) *__is__* appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (emphases added, citations omitted) (cited in ECF #67, p. 35 (PgID.2076)).

### 1.    Untimely Fraudulent Concealment and Omission Claims.[12]

Plaintiffs' common law fraud claims accrue on the earlier of when Named Plaintiffs discovered—or with reasonable diligence *should* have discovered—the purported fraud. *See infra.* To this end, Plaintiffs allege that:

> Within the period of any applicable statutes of limitation, [they]… could not have discovered [the fraud] through the exercise of reasonable diligence … [and that they] discovered [the fraud] … only shortly before this action was filed.

ACMC, ¶¶ 231-32 (PgID.5643-5720, 5758). This is not enough. Such "allegations [are] conclusory[,] as [they] plead[] no *__facts__* [to] … demonstrate[] that, despite exercising due diligence, the cause of action could not have been discovered." *Elson v. Deutsche Bank Nat. Tr. Co.*, 2012 WL 1902916, *7 (E.D.Mich. 2012) (emphasis added). Plaintiffs also "fail to allege the *__specific circumstances and date__* of their actual discovery" and have thus "not provided the Court any basis upon which to conclude that [their] … claims are timely"; in fact, the ACMC "nowhere … allege[s] when [Plaintiffs] first learned about or discovered [their] injuries." *H.G. v. Inter-Cont'l*

---

[12]Counts III, IV, XI, XII, XVII, XVIII, XXII, XXIII, XXXIX, XL, LVIII, LIX, LXVIII, LXIX, LXXIV, LXXV, XCVII, XCVIII, CII, CIII, CXII, CXIII, CXXII, CXXIII, CXXVIII, CXXIX, CXXXVIII, CXXXIX, CXLIII, CXLIV, CLIV, CLV, CLIX, and CLX.

*Hotels Corp.*, 489 F.Supp.3d 697, 711 & n.8 (E.D.Mich. 2020) (emphasis added). And, "[w]hen it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, [a] plaintiff 'cannot escape the statute by saying nothing'" and "remaining 'silent as to when they first acquired actual knowledge." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (citations omitted).

Indeed, the ***facts*** Plaintiffs ***do*** allege "affirmatively show" that, "[n]o later than **_Fall 2018_**, Pacifica owners and lessees began complaining"—***publicly***, to NHTSA— "that their Fire Risk Vehicles suddenly caught fire."  ACMC, ¶¶ 194-97 (PgID.5742-46) (emphases added) (complaints early as September 20, 2018).[13]  Thus, the causes of action that accrue upon the earlier of actual discovery, or when a reasonable person exercising diligence should have discovered the purported fraud, accrued then.  If Plaintiffs wish to suggest otherwise, they must plead ***facts*** (1) regarding the specific circumstances and date of their actual discovery, *and* (2) explaining why they could not have discovered their claims earlier despite exercising due diligence.  *See supra.* They do not.  Thus, "the face of [the] complaint makes it apparent that the time limit for bringing the[se] claim[s] has expired."  *Reid v. Baker,* 499 Fed.App'x 520, 524 (6th Cir. 2012).

Thus, the  Arizona,  California,  Colorado,  Connecticut,  Idaho,  Maryland,

---

[13]Plaintiffs need not have full access to the facts in order for a court to find they should have been aware of their cause of action. *Reid v. Baker,* 499 Fed.App'x 520, 523 (6th Cir. 2012).

Massachusetts, Nevada, New Hampshire, North Carolina, South Carolina, Tennessee, and Washington common law fraud claims are time-barred. The discovery rules discussed above apply, meaning all claims accrued in **Fall 2018**[14] and expired **3-years later**,[15] before the below Named Plaintiffs filed suit:

| PLTF | JX | ACCRUE | SOL | FILING DATE |
|------|----|--------|-----|-------------|
| Kappes | AZ | Fall 2018 | 3 yrs | 11/4/22 - ECF #24 |
| Olsen | CA | Fall 2018 | 3 yrs | 3/21/22 - *Olsen v. FCA US LLC*, 3:22-cv-368 (S.D.Cal. 2022) |
| Carney | CA | Fall 2018 | 3 yrs | 3/25/22 - ECF #8, *Huntington v. FCA US LLC*, 4:22-cv-10508 (E.D.Mich. 2022) |
| Gomez | CA | Fall 2018 | 3 yrs | 4/6/22 - ECF #1, *Gomez v. FCA US LLC*, 5:22-cv-2171 (N.D.Cal. 2022) |
| Schumann | CA | Fall 2018 | 3 yrs | 4/8/22 - ECF #1, *Schumann v. FCA US LLC*, 4:22-cv-10771 (E.D.Mich. 2022) |
| Reilman | CA | Fall 2018 | 3 yrs | 4/13/22 - ECF #1, *Reilman v. FCA US LLC*, 8:22-cv-811 (C.D.Cal. 2022) |
| Maciases | CA | Fall 2018 | 3 yrs | 5/24/22 - ECF #1, *Macias, v. Tuttle-Click* |

---

[14]*Frisch v. Nationwide Mut. Ins. Co.*, 553 Fed.App'x 477, 483 (6th Cir. 2014) (where "Plaintiff [does] not plead when he discovered the fraud, [a] … court [may determine] the latest possible accrual date [based on the facts alleged].").

[15]**AZ**: *Cavan v. Maron*, 182 F.Supp.3d 954, 962-63 (D.Ariz. 2016).  **CA**: *Yetter v. Ford Motor Co.* 2019 WL 3254249, *4 (N.D.Cal. 2019). **CO**: *McClaflin v. Sanofi-Aventis U.S. LLC*, 2024 WL 1538012, *6 (D.Colo. 2024). **CT**: *N. Tankers Ltd. v. Backstrom*, 934 F.Supp. 33, 41 (D.Conn. 1996). **ID**: *United Heritage Life Ins. Co. v. First Matrix Inv. Servs. Corp.*, 2009 WL 3229374, *6 (D.Idaho 2009). **KS**: *Drexel v. Gen. Motors Corp.*, 2009 WL 275682, *3 (D.Kan. 2009). **MD**: *Storto Enter., Inc. v. Exxonmobil Oil Corp.*, 2011 WL 231877, *6 (D.Md. 2011). **MA**: *Fin. Res. Network, Inc. v. Brown & Brown, Inc.*, 754 F.Supp.2d 128, 157 (D.Mass. 2010). **NV**: *Dish Network Corp. v. Pompa*, 2019 WL 1428684, *2 (D.Nev. 2019). **NH**: *True v. Seppala*, 2015 WL 13870885, *2 (D.N.H. 2015). **NC**: *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 203 F.Supp.3d 608, 614 (M.D.N.C. 2016). **SC**: *Perkins v. Bennett*, 2015 WL 1313247, *3-4 (D.S.C. 2015) . **TN**: *Vance v. Schulder*, 547 S.W.2d 927, 932 (Tenn. 1997). **WA**: *Hummel v. Nw. Tr. Servs., Inc.*, 180 F.Supp.3d 798, 807 (W.D.Wash. 2016).

| | | | | |
|---|---|---|---|---|
| | | | | *Tunstin Inc.*, 2:22-cv-11893 (E.D.Mich. 2022) |
| Shusta, Clancy, Bryan | CA | Fall 2018 | 3 yrs | 5/3/22 - ECF #10, *Schumann* |
| Berzanskis/ Wilensky | CO | Fall 2018 | 3 yrs | 3/8/22 - ECF #1, *Huntington* |
| The Keefes | CT | Fall 2018 | 3 yrs | 11/2/22 - ECF #24 |
| Keeth | ID | Fall 2018 | 3 yrs | 3/8/22 - ECF #1, *Huntington* |
| Vu | KS | Fall 2018 | 3 yrs | 5/27/22 - ECF #12, *Schumann* |
| Davidsons | MD | Fall 2018 | 3 yrs | 3/25/22 - ECF #8, *Huntington* |
| Hoffman | MD | Fall 2018 | 3 yrs | 5/3/22 - ECF #10 |
| Olson | MA | Fall 2018 | 3 yrs | 4/6/22 - ECF #1, *Ramirez v. FCA US LLC*, 4:22-cv-10734 (E.D.Mich. 2022 |
| Natale | MA | Fall 2018 | 3 yrs | 5/3/22 - ECF #10, *Schumann* |
| Lewandowski | NV | Fall 2018 | 3 yrs | 4/8/22 - ECF #1, *Schumann* |
| Bergantino | NH | Fall 2018 | 3 yrs | 5/3/22 - ECF #10, *Schumann* |
| Costas | NH | Fall 2018 | 3 yrs | 3/25/22 - ECF #8, *Huntington* |
| Fong | NC | Fall 2018 | 3 yrs | 5/27/22 - ECF #12, *Schumann* |
| Carbajales-Dale | SC | Fall 2018 | 3 yrs | 11/4/22 - ECF #24 |
| Pedroza | SC | Fall 2018 | 3 yrs | 11/4/22 - ECF #24 |
| Butler | TN | Fall 2018 | 3 yrs | 11/4/22 - ECF #24 |
| Benzur | WA | Fall 2018 | 3 yrs | 5/3/22 - ECF #10, *Schumann* |

The Oregon, Pennsylvania, and Virginia claims are also time-barred. They accrued in Fall 2018 and expired **2-years later**,[16] before the below Plaintiffs sued:

| PLAINTIFF | JX | ACCRUE | SOL | FILING DATE |
|---|---|---|---|---|
| Van Tols | OR | Fall 2018 | 2 yrs | 4/21/22 - ECF #1, *Findeiss v. FCA US LLC*, 4:22-cv-10850 (E.D.Mich. 2022) |
| Christie | OR | Fall 2018 | 2 yrs | 3/8/22 - ECF #1, *Huntington* |
| Bagleys | PA | Fall 2018 | 2 yrs | 5/10/22 - ECF #1, *Bagley v. FCA US LLC*, 5:22-cv-1797 (E.D.Pa. 2022) |
| Ohodnicki | PA | Fall 2018 | 2 yrs | 11/4/22 - ECF #24 |
| Ventura | VA | Fall 2018 | 2 yrs | 3/25/22 - ECF #8, *Huntington* |
| Golland | VA | Fall 2018 | 2 yrs | 5/3/22 - ECF #10, *Schumann* |

---

[16]**OR**: *Bixby v. KBR, Inc.*, 895 F.Supp.2d 1075, 1090 (D.Or. 2012).   **PA**: *Remigio v. Eagle Rock Res., Co.*, 2024 WL 1890365, *5 (M.D.Pa. 2024).   **VA**: *Info. Applications Grp., Inc. v. Shkolnikov*, 836 F.Supp.2d 400, 425 (E.D.Va. 2011).

Thus, these common law fraud claims should be dismissed as untimely.

### 2.     The Unjust Enrichment Claims Are Untimely.

The face of the complaint shows 11 of the 31 unjust enrichment claims are

untimely.  This includes the eight claims that accrued **at purchase** and expired

before the below Plaintiffs sued:

| PL. | JX | ACCRUAL DATE | SOL[17] | FILING DATE |
|---|---|---|---|---|
| Vu | KS | 9/9/19 - ¶ 76 (PgID.5678) | 3 yrs | 11/4/22 - ECF #24 |
| Davidsons | MD | ??? - ¶ 79 (PgID.5681) | 3 yrs | 3/25/22 - ECF #8, *Huntington* |
| Hoffman | MD | 4/27/17 - ¶ 90 (PgID.5682) | 3 yrs | 4/8/22 - ECF #1, *Schumann* |
| Niemioja | MN | ??? - ¶ 87 (PgID.5688) | 6 yrs | 3/25/22 - ECF #8, *Huntington* |
| Lewandoski | NV | 4/3/18 - ¶ 91 (PgID.5691) | 4 yrs | 4/8/22 - ECF #1, *Schumann* |
| Fong | NC | 1/9/19 - ¶ 96 (PgID.5696) | 3 yrs | 5/27/22 - ECF #12, *Schumann* |
| Bartek | RI | 1/12/19 - ¶ 111 (PgID.5706) | 3 yrs | 5/3/22 - ECF #10, *Schumann* |
| Butler | TN | 10/18/19 - ¶ 114 (PgID.5706) | 3 yrs | 11/4/22  - ECF #24 |
| Benzur | WA | 9/1/18 - ¶ 124 (PgID.5718) | 3 yrs | 5/3/22 - ECF #10, *Schumann* |

It also includes the three claims that accrued in **Fall 2018** (and as early as

September 20, 2018) per the discovery rules discussed above (§ III.B.1, *supra*), all

---

[17]**KS**: *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 630 (10th Cir. 2008).  **MD**: *Holland v. Transamerica Life Ins. Co.*, 2024 WL 1076253, *3 (D.Md. 2024).  **MN**: *Cordes v. Holt & Anderson, Ltd.*, 2009 WL 2016613, *2 (Minn.App. 2009).  **NV**: *Nanyah Vegas LLC v. Rogich*, 2016 WL 606896, *1 (Nev. 2016).  **NC**: *Chi v. N. Riverfront Marina & Hotel LLP*, 2023 WL 4843042, *8 (N.C.Sup. 2023). **RI**: *Moore v. Metro. Grp. Prop. & Cas. Ins. Co.*, 2010 WL 5069856, *8 (D.R.I. 2010).  **TN**: *Precision Tracking Sols., Inc. v. Spireon, Inc.*, 2014 WL 3058396, *5 (E.D.Tenn. 2014).  **WA**: *Geranios v. Annex Invs.*, 273 P.2d 793, 794 (Wash. 1954).

of which expired **3-years later**,[18] before the below Plaintiffs sued:

| PLAINTIFF | JX | ACCRUE | SOL | FILING DATE |
|-----------|-----|--------|-----|-------------|
| Kappes | AZ | Fall 2018 | 3 yrs | 11/4/22 - ECF #24 |
| Berzanskis & Wilensky | CO | Fall 2018 | 3 yrs | 3/8/22 - ECF #1, *Huntington*, 4:22-cv-10508 |
| Carbajales-Dale | SC | Fall 2018 | 3 yrs | 11/4/22  - ECF #24 |
| Pedroza | SC | Fall 2018 | 3 yrs | 11/4/22  - ECF #24 |

Thus, the ACMC "affirmatively shows" Counts V, XIX, LIX, LXIX, LXXXVIII, XCLI, CXIV, CXXXV, CXL, CXLV, and CLXI should be dismissed as untimely.

### 3.    No Tolling Doctrine Saves the Untimely Claims.

The Court previously declined to dismiss certain claims because "adjudication of a limitations defense at the pleading stage [was] … inappropriate," as "factual issues relating to concealment" may raise "viable arguments for tolling."  ECF #67, pp. 35, 43 (PgID.2076, 2084).  But because "***the face of a complaint*** makes it apparent that the time limit for bringing the claim has expired, ***[P]laintiff[s]*** [were required to] ***affirmatively plead*** why the violations were not discovered earlier and why the statute should be tolled."  *Reid v. Baker,* 499 Fed.App'x 520, 524-25 (6th Cir. 2012) (emphases added) (citations marks omitted).  They have not.

The discovery rule does not save the fraud/unjust enrichment claims for the same reasons that the fraud/unjust enrichment claims which accrue upon discovery

---

[18]**AZ**:  *Serrano v. Serrano*, 2012 WL 75639, *7 (Ariz.App. 2012).  **CO**: *Stuhmer v. Girdner*, 2021 WL 5384406, *1 (D.Colo. 2021).  **SC**: *Hadidi v. Intracoastal Land Sales, Inc*., 2014 WL 2881875, *5 (D.S.C. 2014).

are untimely on their face—Plaintiffs plead no ***facts*** regarding discovery.  *See* §§ III.B.1-2, *supra.*  As for tolling, it *could* apply, but it requires a plaintiff plead ***the date*** and ***circumstances*** of how he eventually discovered the purported fraud.  *See Rautu v. U.S. Bank*, 557 Fed.App'x 411, 416 (6th Cir. 2014)  (rejecting tolling arguments where plaintiff "ha[d] not alleged when he discovered [the fraud]" or "what precluded him from discovering [the fraud earlier].").[19]  Plaintiffs have not pleaded such facts, and calculated silence does not suffice.  *See* § III.B.1, *supra.*

## C.    The Fraud-Based Claims Fail For Multiple, Independent Reasons.

### 1.    Fraudulent Concealment Is Not A Standalone Cause of Action.[20]

Fraudulent concealment is not a standalone cause of action in Connecticut, Florida, Indiana, Massachusetts, Michigan, Minnesota, Missouri, Ohio, Pennsylvania, and Texas.[21]  These counts must therefore be dismissed.

---

[19]*See also Summerhill v. Terminix, Inc.*, 637 F.3d 877, 881 (8th Cir. 2011) ("By failing to allege ***when*** and ***how*** he discovered [the] alleged fraud, [plaintiff] has failed to … sufficiently plead[] … fraudulent concealment [tolling]."; *Auslender v. Energy Mgmt. Corp.*, 832 F.2d 354, 356 (6th Cir. 1987) (complaint "inadequate to show tolling is proper" where  plaintiff "gives no explanation of his failure to investigate"); *Training Inst., Inc. v. City of Chicago*, 937 F.Supp. 743, 751-52 (N.D.Ill. 1996) ("complaint does not adequately plead fraudulent concealment when it fails to plead the ***date of discovery***").  (Emphases added; citations, quotation marks omitted.).

[20]Counts XXII, XXVIII, XLVIII, LXXIV, LXXIX, LXXXVI, XCI, CXVI, CXXVIII, CXLVIII.

[21]**CT**: *Traylor v. Awwa*, 899 F.Supp.2d 216, 224 (D.Conn. 2012).  **FL**: *Merino v. Ethicon Inc.*, 536 F.Supp.3d 1271, 1288 (S.D.Fla. 2021).  **IN**: *Smith v. Buck*, 2022

## 2.    Lack of Manifestation Warrants Dismissal of Many of the Claims.[22]

Georgia, Minnesota, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, and Wisconsin all explicitly require allegations that the purported defect **actually manifest** in a **Named Plaintiff's** product to state a fraud-based claim seeking economic damages.[23]   No Named Plaintiff from these states so alleges.   ACMC, ¶¶

---

WL 3716529, *5 n.7 (S.D.Ind. 2022).   **MA**: *SonicSolutions Algae Control, LLC v. Diversified Power Int'l, LLC*, 2024 WL 1043001, *18 (D.Mass. 2024).   **MI**: *Universal Bearing Co. v. Baker Bearing Co.*, 2013 WL 1211463, *3 (E.D.Mich. 2013).   **MN**: *Thornberg v. State Farm Fire & Cas. Co.*, 2015 WL 3612550, *5 (D.Minn. 2015).   **MO**: *Dorgan v. Ethicon, Inc.*, 2020 WL 5372134, *3 (W.D.Mo. 2020).   **OH**: *Harmon v. Shehata*, 1987 WL 17765, *2 (Ohio App. 1987).   **PA**: *McGrain v. C.R. Bard, Inc.*, 551 F.Supp.3d 529, 544 (E.D.Pa. 2021).   **TX**: *Gordon v. Sig Sauer, Inc.*, 2019 WL 4572799, *16 (S.D.Tex. 2019).

[22]Counts VI, VII, VIII, XI, XII, IX, XXXI, XXXVII, LXIII, LXXIX, LXXX, LXXXII, LXXXIII,LXXXVI, LXXXVII, LXXXIV, C, CI, CII, CV, CVI, CVII, CVIII, CX, CXI, CXII, CXVI, CXXXVI, CXXXVII, CXXXVIII, CXLVIII, CXLIX.

[23]**GA/MN/NC/OH/TX**: *In re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*, 364 F.Supp.3d 976, 983 (D.Minn. 2019) (no standing to bring *any* claims under Georgia, Minnesota, North Carolina, Ohio, and Texas law where "[t]here are no allegations that their vehicles ever overheated, caught fire, or otherwise failed to perform as intended" and complaint merely "reference[d] the 'risk' or 'propensity' of malfunctions … that 'could' or 'may' occur in some vehicles."); *see id.* at ECF #35, No. 18-cv-939, ¶¶ 378-67, 524-719 (showing counts dismissed include Georgia, Illinois, Minnesota, North Carolina, Ohio, and Texas fraud/unjust enrichment claims).   **OH**: *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 2005 WL 6778678, **11-12 (N.D.Ohio 2005) ("The great weight of authority … indicates that a plaintiff has not suffered a present injury compensable in … tort until the very product in question has caused some harm to person or property, even if the product in question contains a latent defect that has manifested in other, identical products …).   **PA**: *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F.Supp.3d 372, 438 (S.D.N.Y. 2017) ("In the absence of Pennsylvania case law to the contrary, the Court is persuaded by the ample precedent holding that injury (and, relatedly, actual damages)

63-64, 88-88, 96-101, 105-10, 112-13, 116-19, 125-27 (PgID.5666-67, 5688-90, 5696-5701, 5703-09, 5711-15, 5719-20).[24]  Thus, these counts must be dismissed.

### 3. Failure to Plead Actual Reliance Warrants Dismissal of Many of the Claims.[25]

Plaintiffs' common law fraud claims all require alleging *facts* showing *each Named Plaintiff* encountered and relied upon a *specific communication* from FCA US that either (1) contained an affirmative misrepresentation or (2) omitted a material fact.  The ACMC does not do this.  Instead, it offers only the same verbatim, boilerplate allegation for every Named Plaintiff that each was "aware of [FCA US's] … uniform and pervasive marketing messages.'" ACMC, ¶¶ 27-122 (PgID.5643-5720).  "The problem [with this] is that [the Named Plaintiffs] … fail[] to identify *what* advertising *they* saw that promised [the safety/benefits of being able to drive the vehicle in electric mode] …" *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales*

---

for common law purposes requires the manifestation of a defect.") **SC**: *Wilson v. Style Crest Prods., Inc.,* 627 S.E.2d 733, 736–37 (S.C. 2006) (purchasers of an allegedly defective product could not recover on tort claims without a showing "that the product delivered was not, in fact, what was promised."). **WI**: *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 240 (Wis. 2004) ("The amended complaint alleges only that the motorcycles have diminished value … because [the] motorcycles equipped with [purportedly defective] engines have demonstrated a 'propensity' for premature engine failure and/or will fail as a result of the … defect.  This is insufficient to state a legally cognizable injury for purposes of a fraud claim.").

[24]In another case, **Plaintiffs' own counsel** agreed Kentucky, New Hampshire, North Carolina, Ohio, and South Carolina fraudulent concealment claims require manifestation of the defect in *Named Plaintiffs*' vehicles.  *See* ECF #5099 & 5099-1, *In re Gen. Motors LLC Ignition Siwtch Litig.*, No. 14-MD-2543 (S.D.N.Y. 2018).

[25]*See* Notes 9 & 10 (common law fraud counts).

*Pracs., & Prod. Liab. Litig.*, 295 F.Supp.3d 927, 987 (N.D.Cal. 2018) ("*In re Ecodiesel Litig.*") (quotations omitted).  Indeed, "[w]hile the [ACMC] does refer to FCA U.S.'s [brochures]"—*see* ACMC, ¶¶ 138-43 (PgID.5724-26))—*"there is no allegation that **any *underline*named plaintiff* actually saw the [brochures]***, or any promises contained therein, regarding [the Class Vehicles' electric-mode performance/safety] … [n]or is there any allegation about [the same] being displayed on the Class Vehicles." *In re Ecodiesel Litig.*, 295 F.Supp.3d at 987 (emphases added) (citations omitted).  Accordingly, because Plaintiffs' fraudulent concealment and omission claims are predicated on a partial representation theory[26] and Plaintiffs fail to sufficiently plead ***facts*** showing they encountered and relied upon a ***specific*** representation, these claims fail.  *See In re Ecodiesel Litig.*, 295 F.Supp.3d at 987 (dismissing omission/concealment claims under multiple states' laws where predicated upon a partial misrepresentation theory).

### 4. The Economic Loss Doctrine Bars Many of the Claims.[27]

The economic loss doctrine, which precludes liability when damages are purely economic and without accompanying personal injury or property damage, bars

---

[26]As this Court itself recognized.  *See* ECF #67, p. 36 (PgID.2077 ("[P]laintiffs present a … case … of partial disclosures lacking fully complete and accurate information about the safety hazards of the class vehicles.").

[27]**Concealment**: Counts XI, XVII, XXVIII, XXXIV, LXIII, LXVIII, LXXIX, LXXXVI, XCI, CII, CXII, CXVI, CXXVIII, CXXXVIII, CXLVIII, CLIV, CLXII. **Omission**: Counts XII, XVIII, XXIX, XXXV, LXIV, LXIX, LXXX, LXXXVII, XCII, CIII, CXIII, CXVII, CXXIX, CXXXIX, CXLIX, CLV, CLXIII.

Plaintiffs' California, Colorado, Florida, Georgia, Kentucky, Maryland, Michigan, Minnesota, Missouri, New Hampshire North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin common law fraud claims (*see* ECF #30, pp. 14-15 (PgID.1186-87)), as Plaintiffs from these states allege purely economic damages.  ACMC, ¶¶ 28-57, 59-64, 77-81, 84-90, 93-94, 96-101, 105-10, 112-13, 116-123, 125-27 (PgID.5644-60, 5662-67, 5679-83, 5686-91, 5693-5700, 5703-09, 5711-17, 1519-20).  The Court never found that the economic loss doctrine did ***not*** apply to these claims; rather, it implied only that certain "exceptions" ***would*** save other claims.  ECF #67, pp. 12-15, 22 (PgID.2053-56, 2063).  But these exceptions do not exist, or else do not apply, to the claims currently at issue.

*No Fraudulent Inducement Exception*:   The Court found a fraudulent inducement exception applied in California, Colorado, Florida, Kentucky, New Hampshire, Michigan, North Carolina, Pennsylvania, South Carolina, and Wisconsin. *Id.* at pp. 22-25, 28 (PgID.2063-66, 2069) (citing cases).  But, as has been observed, ***only*** "fraud in the inducement ***claims*** create an exception to the economic loss doctrine," and "fraudulent omission … is distinct from fraud in the inducement." *Est. of Pilgrim v. Gen. Motors LLC*, 596 F.Supp.3d 808, 831 (E.D.Mich. 2022) (emphasis added) (holding that, "[b]ased on this analysis, [certain] fraudulent concealment claims … will be dismissed.").  And, even if Plaintiffs had brought standalone fraudulent inducement claims, this requires alleging "fraud that is ***extrinsic*** to the contractual

dispute." *Doering v. JP Morgan Chase Bank, N.A.*, 2015 WL 3403933, *1 n.1

(E.D.Mich. 2015).[28]   Here, in contrast, the very same purported acts underlie both

---

[28]*See also* **CA**: *Fischler Kapel Holdings, LLC v. Flavor Producers, LLC*, 2020 WL 6939887, *8 (C.D.Cal. 2020) ("A plaintiff must base a fraudulent inducement claim on something other than simply an allegation that the plaintiff was induced to enter into a contract by a promise that the defendant would perform its contractual obligations."). **CO**: *Cont'l Materials Corp. v. Valco, Inc.*, 2019 WL 13167109, *5 (D.Colo. 2019) (no inducement exception where "allegation underlying [plaintiff]'s nondisclosure/concealment claim is that [defendant] violated a duty to disclose … [and] [t]hat same duty was memorialized in contract after negotiations" as "terms of the parties' agreement are controlling"). **FL**: *Int'l Star Registry of Ill. v. Omnipoint Mktg., LLC*, 510 F.Supp.2d 1015, 1025 (S.D.Fla. 2007) ("[O]ne cannot avoid the economic loss rule by merely labeling a claim as fraud in the inducement, the fraud must be separate and distinct from the breach party's performance of the contract."). **KY**: *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 2019 WL 5107105, *17 (E.D.Ky. 2019) ("A fraudulent inducement claim involves a breach of a duty that existed prior to and independent from the contract duties."). **NH**: *Hall v. Gascard*, 2017 WL 2543901, *4 (D.N.H. 2017) ("[A]n exception to the economic loss doctrine that permits a plaintiff to recover in tort for ***misrepresentations, unrelated to any material terms of the contract***, that induced him or her to enter into the agreement."). **NC**: *Kapur v. IMW EMR, LLC*, 2020 WL 7480541, *9 (N.C.Super. 2020) (rejecting argument that contracting party's "separate and distinct duty not to provide false information to induce the execution of the contract" saves claim from economic loss doctrine where essence of "claim is that Defendants failed to perform as promised"). **PA**: *Samson Lift Techs., LLC v. Jerr-Dan, Corp.*, 2010 WL 1052932, *6 (M.D.Pa. 2010) ("[T]he fraudulent inducement must be shown to be separate and distinct from the terms of the contract, otherwise … it will fail … under the economic loss doctrine."). **SC**: This Court's South Carolina authority, *Sapp v. Ford Motor Co.*, 687 S.E.2d 47, 49 (S.C. 2009) (cited in *Volkswagen*), recognized no fraudulent inducement exception and "overrul[ed] [prior authority] to the extent it expand[ed] the narrow exception to the economic loss rule beyond the residential builder context"). **WI**: *Budgetel Inns, Inc. v. Micros Sys., Inc.*, 8 F.Supp.2d 1137, 1149 (E.D.Wis. 1998) (where a "misrepresentation concerns solely defendants' performance under the agreements and relates to duties set forth therein," it "is not independent of the contractual obligations and thus [the claim] indeed is barred by the economic loss doctrine"). (All citations, subsequent proceedings omitted; all emphases added.)

the alleged breach and fraud claims—FCA US's purported concealment of the defect. *Compare, e.g.*, ACMC, ¶ 595 (PgID.5850), *with id.* at ¶ 610 (PgID.5855).

*No Extrinsic Duty Exception*: The Court likewise found that an "extrinsic duty" exception applies in Florida, Pennsylvania, and South Carolina, though it did not articulate what that "extrinsic duty" is. *See* ECF #67, pp. 23-24 (PgID.2064-65). While this exception does certainly exist, Plaintiffs plead no facts to invoke it. The duty must be "an independent duty that is 'identifiable' and 'distinct' from the breach of [warranty] claim." *Wheeler v. BMW of N. Am. LLC*, 534 F.Supp.3d 527, 534 (W.D.N.C. 2021) (citations, quotations omitted). That is ***not*** the case here. Rather, "the duty of care being sued upon [in the tort claims] was memorialized in the warranty," thus "the economic loss rule bars [ ] Plaintiff[s'] [tort] claims." *Id*. Indeed, courts have ***rejected*** an "extrinsic duty" exception when predicated upon a manufacturer's purported "duty to design and manufacture a product that would be safe for its intended and foreseeable uses and users"; "duty to provide thorough notice of known safety defects"; and "duty not to engage in fraudulent or deceptive conduct … independent of any contractual duties … owe[d]." *O'Connor v. Ford Motor Co.*, 567 F.Supp.3d 915, 954 (N.D.Ill. 2021) (applying Pennsylvania law); *see also Besley v. FCA US, LLC*, 2016 WL 109887, *4-5 (D.S.C. 2016).

*No Safety Exception*: The Court found that a "safety" exception applies in Kentucky, Maryland, Michigan, Pennsylvania, and South Carolina. ECF #67, pp.

23-25 (PgID.2064-66).   But the Court's Kentucky authority says nothing about a safety exception.  *Id.*   Indeed, the state does not recognize it.[29]   As to the rest, Plaintiffs plead insufficient facts to invoke the exception, which requires a Named Plaintiff allege **_he_** actually suffered physical injury from the purported fraud.[30]

*No Intentional Tort Exception*: The Court found an "intentional tort" exception applies in Georgia, Minnesota, Missouri, Texas, and Virginia.  *See* ECF #67, pp. 25-29 (PgID.2066-70).   But, the case law demonstrates there is no such exception in Missouri, Texas, and Virginia.[31]   And, while Georgia recognizes the

---

[29]*See Cho v. Hyundai Motor Co., Ltd.*, 636 F.Supp.3d 1149, 1156 1164 (C.D.Cal. 2022) (where complaint alleged risk of "catastrophic engine failure," *i.e.* safety-related defect, court held "Plaintiffs' fraudulent concealment claims under Kentucky law do not survive the economic loss rule").

[30]**MD**: *Bryant v. Koppers, Inc.*, 627 F.Supp.3d 466, 476-77 (D.Md. 2022) (no safety exception where" the [c]omplaint … does not claim any serious injury to [plaintiff]").   **MI**: *Melkus v. Visionary Accessories, Inc.,* 1999 WL 33451710, *4 (Mich.App. 1999) ("[W]e do not agree that the [Michigan Supreme Court] left open the question of whether tort recovery for physical damage to the product itself caused by a defect that was a safety hazard would be allowed.").   **PA**: *Baloise Ins. Co. v. Harring*, 2006 WL 1310792, *2 (M.D.Pa. 2006) (recognizing exception "where the plaintiff **_has_** sustained personal injury or property damage resulting from a 'sudden or dangerous' occurrence").   **SC**: *Cox House Moving, Inc. v. Ford Motor Co.*, 2006 WL 2303182, *7 (D.S.C. 2006) ("There is no allegation that the [product] is **_inherently harmful_** or that the defect **_has_** caused any personal injuries.   As such, the Plaintiff cannot proceed with its [tort] claim[s] on the theory that the alleged product defect has the **_potential_** to cause physical injury.") (All emphases added.)

[31]**MO**: *Tucker v. Gen. Motors LLC*, 2021 WL 2665761, *6 (E.D.Mo. 2021) ("**_fraudulent concealmen_**t claim is thus barred by the economic loss doctrine ...").   **TX**: *Thomas v. Ocwen Fin. Corp.*, 2020 WL 13413468, *3 (S.D.Tex. 2020)

exception, it also requires *specific* allegations that "*[plaintiff]* reasonably relied upon the false information" (*Williams v. Jet One Jets, Inc.*, 2011 WL 13214061, *4 (N.D.Ga. 2011) (emphasis added)), which is not the case here.  *Compare* ACMC, ¶ 53 (PgID.5666), *with Hartford Fire Ins. Co. v. Schneider*, 2006 WL 8432215, *3 (N.D.Ga. 2006) ("[Plaintiff] makes a conclusory statement that it justifiably relied upon the defendant's statement.  [Plaintiff] fails, however, to allege any *facts* to support this conclusion." (emphasis added)).

*No Lack-of-Privity Exception*: The Court found a lack-of-privity exception applies in Michigan and Ohio.  ECF #67, p. 24 (PgID.2065).   But the Court's authority, *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160 (D.N.J. 2017), relies on *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 630 (Ohio 1989), which does *not* apply the exception in the consumer context.  Rather, *Inglis v. Am. Motors Corp.*, 209 N.E.2d 583 (Ohio 1965) controls, and provides no such exception in this context.  *Id.*; *see also In re Ford Tailgate Litig.*, 2014 WL 1007066, *6 (N.D.Cal. 2014).

Thus, these common law fraud claims must be dismissed (*see* Note 29, *supra*).

**D.    The Unjust Enrichment Claims Fail For Multiple, Independent Reasons.**

*No Standalone Claim (Counts XIII, LXXVI, CIV, CIX, and CL)*:  California,

---

("*[fraud]* claim is barred by the economic loss rule …").  **VA**: *Bo v. Ruitang*, 2023 WL 5615994, *6 (E.D.Va. 2023) ("*fraud* claims are barred by the economic loss rule.").  (Emphases added; quotations, subsequent proceedings omitted.)

Illinois, Massachusetts, New Hampshire, New Jersey, and Texas do not recognize

unjust enrichment as a standalone claim.[32]

    *Express Contract Bars Claims (All Counts)*:   Unjust enrichment claims fail

where parties have expressly allocated their rights and responsibilities in a writing.[33]

---

[32]**CA**: *Dairy, LLC v. Milk Moovement, Inc.*, 2022 WL 2392622, *8 (E.D.Cal. 2022). **IL**: *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920 (Ill.App. 2009). **MA**: *Flores v. OneWest Bank*, 172 F.Supp.3d 391, 396 (D.Mass. 2016). **NH**: *Gen. Insulation Co. v. Eckman Const.*, 992 A.2d 613, 620–21 (N.H. 2010) . **NJ**: *In re Nickelodeon Consumer Priv. Litig.*, 2014 WL 3012873, *19 (D.N.J. 2014). **TX**: *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F.Supp.3d 943, 961 (S.D.Tex. 2014).

[33]**AZ**: *Johnson v. KB Home*, 720 F.Supp,2d 1109, 1122 (D.Ariz. 2010). **CO**: *Gravina Siding & Windows Co. v. Gravina*, 2022 WL 1417336, *45-46 (Colo.App. 2022). **CT**: *Conn. Light and Power Co. v. Proctor*, 118 A.3d 702, 705 n.7 (Conn.App. 2015). **FL**: *Speier-Roche v. Volkswagen Grp. of Am. Inc.*, 2014 WL 1745050, *8 (S.D.Fla. 2014). **GA**: *Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*, 541 S.E.2d 699, 700 (Ga.App 2000). **ID**: *ADA Cnty. Highway Dist. v. Rhythm Eng'g, LLC*, 2016 WL 4582045, *3 (D.Idaho 2016). **IN**: *Steak n Shake Enterprises, Inc. v. Varnson Grp.*, 2011 WL 5075135, *2 (S.D.Ind. 2011). **IA**: *Dean Snyder Constr. Co. v. Travelers Prop. Cas. Co. of Am.*, 173 F.Supp.3d 837, 855 (S.D.Iowa 2016). **KS**: *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F.Supp.3d 1022, 1037-38 (D.Kan. 2018). **KY**: *Ham Broad. Co., Inc. v. Cumulus Media, Inc.*, 2011 WL 13232371, *4 (W.D.Ky. 2011). **MD**: *Tessemae's, LLC v. McDevitt*, 2021 WL 1216669, *12 (D.Md. 2021). **MI**: *Gant v. Ford Motor Co*., 517 F.Supp.3d 707, 723 (E.D.Mich. 2021). **MN**: *Cleveland v. Whirlpool Corp.*, 550 F.Supp.3d 660, 671 (D.Minn. 2021). **MO**: *Doug Volz v. Provider Plus, Inc., Jeff Serafin*, 2015 WL 3621113, *3 (E.D.Mo. 2015). **NV**: *Thorne v. Wagner*, 2007 WL 496373, *4 (D.Nev. 2007). **NC**: *Great Am. Emu Co., LLC v. E.J. McKernan Co*., 509 F.Supp.3d 528, 538 (E.D.N.C. 2020). **OH**: *Kondash v. Kia Motors Am., Inc*., 2016 WL 11246421, *12 (S.D.Ohio 2016). **OR**: *Confederated Tribes of Warm Springs Rsrv. of Oregon v. Ambac Assur. Corp*., 2010 WL 4875657, *7 (D.Or. 2010). **PA**: *Vantage Learning (USA), LLC v. Edgenuity, Inc*., 246 F.Supp.3d 1097, 1100 (E.D.Pa. 2017). **RI**: *Pickett v. Ditech Fin., LLC*, 322 F.Supp.3d 287, 293 (D.R.I. 2018). **SC**: *Coleman v. Bank of Am., N.A.*, 2020 WL 3964808, *6-7 (D.S.C. 2020). **TN**: *Jack Tyler Eng'g*

This includes unjust enrichment claims involving a plaintiff asserting the claims for the sole purpose of attempting to obtain more benefits than he actually bargained for in the written contract he entered into.  *See Miller*, 2018 WL 2740240, *15  (noting it is irrelevant that the express warranty claim also fails).  Such is the case here.[34]

   *No Lack of Adequate Remedy at Law:*[35]  All states but Missouri, Rhode Island, and South Carolina hold that, where allegations do not show the absence of an adequate remedy at law, an unjust enrichment claim should be dismissed.[36]  Here,

---

*Co. v. TLV Corp.*, 2008 WL 2998840, *1 (W.D.Tenn. 2008).  **VA**: *Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F.Supp.2d 642, 655 (W.D.Va. 2006).  **WA**: *Nauman v. Gen. Motors LLC*, 2021 WL 4502666, *6 (W.D.Wash. 2021).  **WI**: *Wackett v. City of Beaver Dam*, 2014 WL 519217, *4 (Wis.App. 2014).

   [34]*See* ACMC, ¶¶ 375, 465, 594, 671, 743, 821, 1166, 1223, 1326, 1398, 1477, 1767, 1844, 2037, 2100, 2183 (PgID.5798, 5818, 5849, 5868, 5885, 5904, 5981, 5995, 6019, 6036, 6056, 6122, 6140, 6185, 6200, 6220); *see also* § II.C, *supra.*

   [35]All unjust enrichment counts ***except*** Counts XCIII, CXXXV, and CXL.

   [36]**AZ**: *Naiman v. Alle Processing Corp.*, 2020 WL 6869412, *4 n.3 (D.Ariz. 2020).  **CO**: *Francis v. Mead Johnson & Co*., 2010 WL 5313540, *9 (D.Colo. 2010).  **CT**: *Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc*., 187 A.3d 1174, 1183 (Conn.App. 2018).  **FL**: *Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183, 1235 (S.D.Fla. 2021).  **GA**: *Hanover Ins. Co. v. Hermosa Const. Grp., LLC*, 57 F.Supp.3d 1389, 1398 (N.D.Ga. 2014).  **ID**: *ADA Cnty. Highway Dist.*, 2016 WL 4582045, *3.  **IN**: *Jasper v. Abbott Lab'ys, Inc.*, 834 F.Supp.2d 766, 774 (N.D.Ill. 2011).  **IA**: *Bass v. Bowmar Nutrition, L.L.C.*, 2022 WL 18781203, *10 (S.D.Iowa 2022).  **KS**: *Ice Corp. v. Hamilton Sundstrand Inc*., 444 F.Supp.2d 1165, 1170-71 (D.Kan. 2006).  **KY**: *U.S. Bank, Nat'l Ass'n v. Cent. Bank & Tr. Co*., 2024 WL 947277, *3-4 (E.D.Ky. 2024).  **MD**: *State v. Philip Morris Inc*., 1997 WL 540913, *15 (Md.Cir.Ct. 1997).  **MI**: *Pacheco v. Boar's Head Provisions Co.*, 2010 WL 1323785, *4-5 (W.D.Mich. 2010).  **MN**: *Wheeler v. Subaru of Am., Inc*., 451 F.Supp.3d 1034, 1039 (D.Minn. 2020).  **NV**: *Cruz v. Kate Spade & Co., LLC*, 2020

the ACMC makes clear that an adequate legal remedy (damages) exists, if Plaintiffs

could plead a viable claim. [37]  Indeed, Plaintiffs assert myriad claims for violation of

the MMWA, fraudulent concealment, fraudulent omission, violation of consumer

protection statutes, and breach of warranties.  *See, generally*, ACMC.

_No Direct Benefit Conferred_:[38]   All states but Iowa, Kansas, and Nevada

require a plaintiff plead ***facts*** showing he conferred a direct benefit upon defendant.[39]

---

WL 5848095, *4 (D.Nev. 2020). **NC**: *United States v. Jurik*, 943 F.Supp.2d 602, 613 (E.D.N.C. 2013).  **OH**: *Banks v. Nationwide Mut. Fire Ins. Co.*, 2000 WL 1742064, *5 (Ohio App. 2000).  **OR**: *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F.Supp.3d 262, 339 (S.D.N.Y. 2018).  **PA**: *Hollenshead v. New Penn Fin., LLC*, 447 F.Supp.3d 283, 293 (E.D.Pa. 2020).  **TN**: *Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharm., Inc*., 353 F.Supp.3d 678, 697 (M.D.Tenn. 2018). **VA**: *Piper v. Talbots, Inc.*, 507 F.Supp.3d 339, 344 (D.Mass. 2020).  **WA**: *William Insulation Co. Inc. v. JH Kelly LLC*, 2021 WL 1894092, *6-7 (W.D.Wash. 2021). **WI**: *Brame v. Gen. Motors LLC*, 535 F.Supp.3d 832, 843 (E.D.Wis. 2021).

[37]***Plaintiffs*** bear this pleading burden.  *See Flores v. FCA US LLC*, 2021 WL 1122216, *15 (E.D.Mich. 2021).

[38]All unjust enrichment counts ***except*** Counts LV, LX, and XCIX.

[39]**AZ**: *Baker v. Trans Union LLC*, 2008 WL 2329099, *2 (D.Ariz. 2008). **CO**: *Mandelbaum v. Fiserv, Inc.*, 787 F.Supp.2d 1226, 1244 (D.Colo. 2011).  **CT**: *Granito v. IBM*, 2003 WL 1963161, *2 (Conn.Super.Ct. 2003).  **FL**: *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017).  **GA**: *Scott v. Mamari Corp*., 530 S.E.2d 208, 212 (Ga.App. 2000).  **ID**: *Lincoln Land Co., LLC v. LP Broadband, Inc.*, 408 P.3d 465, 469 (Idaho 2017).  **IN**: *Chosnek v. Rolley*, 688 N.E.2d 202, 211 (Ind.App. 1997). **KY**: *Pixler v. Huff*, 2011 WL 5597327, *11 (W.D.Ky. 2011).  **MD**: *Bassi & Bellotti S.p.A. v. Transcon. Granite, Inc*., 2011 WL 856366,*11 (D.Md. 2011).  **MI**: *Schechner v. Whirlpool Corp*., 237 F.Supp.3d 601, 618 (E.D.Mich. 2017).  **MN**: *Interboro Packaging Corp. v. City of Minneapolis,* 2009 WL 2928755, *8 (Minn.App. 2009).  **MO**: *Mays-Maune & Assocs., Inc. v. Werner Bros., Inc.*, 139 S.W.3d 201, 205 (Mo.App. 2004).  **NC**: *Southwood v. Credit Card Sol.*, 2016 WL

Here, Plaintiffs allege only that they "conferred a benefit" on FCA US because it "has benefitted from selling, leasing, and distributing" the subject vehicles."[40]  But Plaintiffs nowhere plead they conferred a ***direct*** benefit on FCA US.  *See, generally*, ACMC.  Indeed, Plaintiffs had no dealings at all with FCA US, and all confirm they purchased their vehicles from third parties.  *Id.* at ¶¶ 27-127 (PgID.5643-5720).

*Economic Loss Doctrine (Counts XCIII and CLXI)*:  The economic loss doctrine applies to the Missouri and Washington claims and bars them for reasons discussed above, as the Plaintiffs from these states allege purely economic damages.[41]  *See ACMC*, ¶¶ 89-90, 134 (PgID.5690-91, 5718-19).

## E.   Reasserted Claim That Fails For Reason Not Previously Considered.

---

8710985, *15 (E.D.N.C. 2016).  **OH**: *Marlowe v. Nature's Bounty Co.,* 2017 WL 2291683, *3 (D.Ohio 2017).  **OR**: *Amos v. Brew Dr. Kombucha, LLC*, 2020 WL 9889190, *4 n.2 (D.Or. 2020).  **PA**: *Weinstein v. JP Morgan Chase*, 2013 WL 1951993, *5 (E.D.Pa. 2013).  **RI**: *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, *25-26 (E.D.Mich. 2013).  **SC**: *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, 2012 WL 5408563, **6-7 (D.S.C. 2012).  **TN**: *Laws. Title Ins. Corp. v. United Am. Bank of Memphis*, 21 F.Supp.2d 785, 806 (W.D.Tenn. 1998).  **VA**: *EA Designs & Co. v. Coastal Accents, LLC*, 2020 WL 1965682, *8 (E.D.Va. 2020).  **WA**: *Allstate Ins. Co. v. Lighthouse Law P.S. Inc.*, 2016 WL 4041198, *6 (W.D.Wash. 2016).  **WI**: *Loeb v. Champion Petfoods*, 359 F.Supp.3d 597, 605 (E.D.Wis. 2019).

[40]ACMC, ¶¶ 313-14, 496-97, 554-55, 634-35, 711-12, 783-84 , 893-94, 1064-65, 1122-23, 1263-64, 1366-67, 1438-39, 1686-87, 1726-27, 1807-08, 1884-85, 1943-44, 2005-06, 2077-78, 2223-24, 2282-83, 2314-15 (PgID.5783-84, 5830, 5842, 5861, 5879, 5896-97, 5922-23, 5959-60, 5972, 6007, 6047, 6104, 6113-14, 6133, 6152, 6165, 6179, 6196, 6231, 6244, 6251).

[41]**MO**: *Holman v. Ali Indus., LLC*, 654 F.Supp.3d 871, 881-82 (W.D.Mo. 2023).  **WA**: *Austin v. Ettl*, 286 P.3d 85, 88 (Wash.App. 2012).

*Massachusetts Express Warranty (Count LXXIII)*: The Massachusetts express warranty state subclass is defined as those who leased/purchased Class Vehicles in Massachusetts and "presented their vehicle to an FCA dealer for the … recall repair." *See* ACMC, ¶ 238 (PgID.5762).   Yet, no Massachusetts Plaintiff alleges such presentment.  *See* ACMC, ¶¶ 82-83 (PgID.5883-86).  Thus, these Named Plaintiffs do "not fall within the [ ] class definition and do[] not have standing to represent the proposed … class."  *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 784 (E.D.Mich. 2019).  Count LXXII must therefore be dismissed (*id.*).

## IV.   CONCLUSION

For these reasons, Defendant FCA US LLC requests that this Court grant its Motion to Partially Dismiss the Amended Consolidated Master Complaint.

Dated: July 10, 2024                    Respectfully submitted,

**KLEIN THOMAS LEE & FRESARD**

By: */s/ Stephen A. D'Aunoy*
    Stephen A. D'Aunoy (MO/54961)
    Thomas L. Azar, Jr. (MO/56634)
    Scott H. Morgan (MO/61853)
    100 N. Broadway, Ste. 1600
    St. Louis, Missouri 63102
    T:  (314) 888-2970
    Steve.Daunoy@kleinthomaslaw.com
    Tom.Azar@kleinthomaslaw.com
    Scott.Morgan@kleinthomaslaw.com

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste. 1400
Troy, Michigan 48084
T:  (602) 935-8300
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com

Brandon L. Boxler
919 E. Main St., Ste. 1000
Richmond, Virginia 23219
T:  (703) 621-2109
Brandon.Boxler@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*