# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML<br><br>Hon. David M. Lawson |

# REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DEFENDANT'S EXPERT DR. DENISE MARTIN

On July 18, 2024, FCA issued a second recall of the Class Vehicles due to the Defect. *See* Ex. 1, *Statement: Customer Advisory*, Stellantis, July 18, 2024, https://media.stellantisnorthamerica.com/newsrelease.do?id=26007&mid=431; Ex. 2, *Chrysler recalls more than 24,000 hybrid minivans, tells owners to stop charging them*, USA TODAY, July 19, 2024, https://www.usatoday.com/story/money/cars/recalls/2024/07/19/chrysler-pacifica-hybrid-recall/74466629007/. As detailed in FCA's press release and in FCA's recently served discovery responses, seven fires have occurred thus far in Class Vehicles that had previously received the 2022 recall remedy. *See* Ex. 3, FCA's July 18, 2024 Supplemental Interrogatory Responses.

Reminiscent of the 2022 recall, FCA is again instructing Plaintiffs and Class Members to "refrain from recharging" their hybrid batteries and to "park away from structures or other vehicles until the remedy is obtained." Ex. 1. And this time, the recall also includes 2019-2021 Pacificas which were not included in the 2022 recall.

The issuance of this new recall confirms the following: (1) the Class Vehicles are defective; (2) the Defect was not remedied by the 2022 recall; (3) additional post-recall fires have occurred; and (4) Mr. Stockton's *Proposed Repair* methodology, in which he assumes a competent repair has not been provided, is an appropriate method to measure benefit of the bargain damages. To the contrary, the new recall severely undercuts Dr. Martin's manifestation rate opinions that serve as the foundation of her

report. As explained below, both Dr. Martin's benefit of the bargain and idled asset opinions should be excluded as irrelevant, unreliable, non-scientific, and contrary to law.

## I. DR. MARTIN'S BENEFIT OF THE BARGAIN OPINIONS SHOULD BE EXCLUDED

### A. Dr. Martin's Defect Assumptions are Irrelevant to Plaintiffs' Allegations and Mr. Stockton's Opinions

Plaintiffs' allegations, which Mr. Stockton relies on, have always been that "[t][he Spontaneous Fire Risk exposes putative class members to an unreasonable risk of accident, injury, death, or property damage if their vehicle catches fire…" ACMC ¶ 4. "Not only did FCA conceal the risk from consumers both before and after their purchases of the Fire Risk Vehicles, but it also concealed its consequences, including the serious safety hazards and monetary harm caused by the Spontaneous Fire Risk…". *Id.* at ¶ 6. In sum, The Defect does not just exist in vehicles that *have* caught fire, the Defect is present in all Class Vehicles because they have an increased risk of fire. *See* ECF No. 131-5 (NHTSA report identifying an estimated 100% of Class Vehicles have the Defect).

Dr. Martin fails to acknowledge Plaintiffs' allegations or Mr. Stockton's opinions and claims without support that "virtually all putative class members have received and, for those who continue to operate their vehicles, will continue to receive the value for their hybrid vehicle that they expected." ECF No. 131-2, Martin Rpt., at

¶ 15. But Plaintiffs and Class Members did not just expect to receive a vehicle that does not catch fire, they also did not expect to receive a vehicle with an increased, unreasonable risk of fire. Dr. Martin's own testimony confirms that she did not consider the increased risk of fire to be the "defect" at issue in this case:

> Q: Would you agree that a defect could simply be an increased risk of a fire?
> …
> A: Again, I'm not a technical expert in engineering and things like that. I mean, if it was – I don't know. I feel like that's something outside the scope of what I'm testifying about.

ECF No. 131-3, Martin Dep. Tr., 48:3-10.

Thus, Dr. Martin's opinions should be excluded as irrelevant. *See Madej v. Maiden*, 951 F.3d 364, 370 (6th Cir. 2020) ("Whether an opinion relates to an issue in the case or helps a jury answer a specific question *depends on the claims before the court*. Thus, when analyzing the relevancy of expert testimony, a court should consider the elements that a plaintiff must prove.").

**B.     Dr. Martin's "Manifestation Rate" is Unreliable and Simply Incorrect as Fires Continue to Occur**

FCA's opposition states that "Plaintiffs now challenge [Dr. Martin's manifestation rate] based on a series of 'what-ifs,' but do not actually indicate that there is any data or evidence to substantiate their baseless critiques." ECF No. 146, PageID.7060. Yet, less than three weeks after FCA's brief was filed, Plaintiffs' arguments have been proven true.

- 3 -

FCA's press release and recent discovery responses (Exs. 1 & 3) confirm that there have been seven post-recall fires thus far, including fires that Dr. Martin did not include in her manifestation rate calculation (either because she was not provided that information or chose to ignore it). As Plaintiffs argued in their Motion, this shows that Dr. Martin's calculation is unscientific and unreliable as it fails to consider: (1) vehicle fires that may have occurred but not been reported to NHTSA, (2) vehicle fires that have occurred since the issuance of those documents, (3) internal FCA studies concerning the risk of fire or manifestation rate, (4) any technical opinions by Plaintiffs' or FCA's liability experts, or (5) the increase in the number of vehicle fires over time.

The issuance of the new recall also makes clear that a remedy has not yet been provided to Class Members and is not yet available for Class Members to obtain. Thus, large portions of FCA's brief are baseless:

> Plaintiffs argue that vehicle fires *will* increase because "the recall remedy fails to prevent a vehicle fire."…This is just another instance of Plaintiffs treating their allegations in this case as foregone conclusions. Neither NHTSA nor any judicial finder of fact has concluded that FCA US's recall fix is ineffective.

ECF No. 146, PageID.7061, n. 7.

Either Dr. Martin failed to consider the possibility that additional fires could occur or ignored the evidence of additional post-recall fires. Either way, Dr. Martin's opinions are incorrect, non-scientific, and unreliable and they should be excluded.

*Smelser v. Norfolk S. Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, (on Remand), 43 F.3d 1311, 1316 (9th Cir. 1995)) ("The party seeking to have the testimony admitted bears the burden of showing 'that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology'; 'the expert's bald assurance of validity is not enough.'"). *See also Greenwell v. Boatright*, 184 F.3d 492, 497-98 (6th Cir. 1999) (recognizing that expert testimony is inadmissible when it is based upon assumption of facts that contradict the evidence); *United States v. Lang*, 717 F. App'x 523, 532-36 (6th Cir. 2017) (same).

      C.    **Dr. Martin's Opinions That a Defect Must Manifest for Economic Damages to Exist Is Contrary to Law**

FCA's argument, and Dr. Martin's opinions, that "the alleged defect can only have caused damages if it manifested" (ECF No. 146, PageID.7064) is unfounded. Similarly, FCA's contention that "economic damages do not exist without manifestation, and that absent manifestation FCA's actions cannot have caused damages," (ECF No. 146, PageID.7059) is simply incorrect.

None of the case law in FCA's brief supports this extreme position. In fact, those cases only generally explain that causation is required to prove certain legal claims or that the mootness doctrine (which is irrelevant here) may be considered by a court if a defect is remedied. But causation can exist without manifestation of a defect and, as a result, a jury could award damages if all elements of the legal claims have

- 5 -

been satisfied. *See, e.g.*, *In re General Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262 (S.D.N.Y. 2018) (concluding that manifestation of a defect is not required under at least 14 states' consumer fraud statutes, fraudulent concealment under 23 state laws, or the implied warranty statutes for 16 states); *Carriulo v. General Motors Co.*, 823 F.3d 977, 986 (11th Cir. 2016) (explaining that the benefit of the bargain model provides a standardized class-wide damages figure because the plaintiff's out-of-pocket payment is immaterial"); *Victorino v. FCA US LLC*, 2022 WL 3691642, at *3 (S.D. Cal. Aug. 25, 2022) (holding that "any post-purchase events, such as manifestation of the defect, are not relevant in calculating damages" under a benefit of the bargain theory).

Thus, allowing Dr. Martin to testify that individuals who have not experienced a fire are "necessarily undamaged" (Martin Rpt., ¶ 4(a)) will improperly confuse, and fail to assist, the jury. *See, e.g.*, *Superior Prod. P'ship v. Gordon Auto Body Parts Co., Ltd.*, 784 F.3d 311, 324-25 (6th Cir. 2015) (finding expert's "analysis of putative losses . . . inadmissible" where expert's opinion was "flatly contrary to law"); *MSC Software Corp. v. Altair Eng'g, Inc.*, 2015 WL 13273227, at *20 (E.D. Mich. Nov. 9, 2015) (concluding that damages expert's report was "not 'the product of reliable principles and methods'" where he "failed to follow the applicable law requiring apportionment of damages").

## II.  DR. MARTIN'S IDLED ASSET PERIOD OPINIONS SHOULD BE EXCLUDED

Lastly, FCA attempts to save Dr. Martin's Idled Asset opinions from exclusion by arguing that a single article that included 113 Pacifica survey respondents, only 5 of which reported not charging their batteries, defeats Mr. Stockton's opinion that the Idled Asset Period methodology could be applied on a classwide basis. As for the few Plaintiffs who continued to charge their vehicles despite FCA's instructions not to, those facts go to mitigation of damages for those few Plaintiffs, not whether they suffered damages altogether. Dr. Martin's opinions do not negate the simple fact that Plaintiffs purchased the hybrid feature at a premium and then later were told by FCA not to use that feature for approximately 8 months (and are now being told, with the new recall, to again not to use it). Plaintiffs have clearly been economically harmed.

For the reasons set forth in Plaintiffs' Motion (ECF No. 131) and in this Reply, Dr. Martin's opinions should be excluded.

Dated: July 22, 2024

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com

def@millerlawpc.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rachel E. Fitzpatrick
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 224-2626
rachelf@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**BARRACK RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
600 W Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
sbasser@barrack.com

**COTCHETT, PITRE & McCARTHY**
Niall McCarthy
Karin Swope
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
NMcCarthy@cpmlegal.com
Kswope@cpmlegal.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
Gayle Blatt

Camille Guerra
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
gmb@cglaw.com

*Interim Plaintiffs' Steering Committee for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                        */s/ Dennis A. Lienhardt*
                        Dennis A. Lienhardt