# Exhibit D

**Woody's Automotive Group**

**RETAIL BUYERS ORDER**

Stock No. 17GW75
Date 2/5/2019
Salesman Polly Applebury

Purchaser: R Scott Perry, Karen E Perry
St. Address: PII
City: PII   State: MA   County: Worcester   Zip: PII   Telephone: ___

I hereby agree to purchase from you under the terms and conditions specified, the following: ☐ New  ☒ Used   Year 2017
Make CHRYSLER   Body FWD   Model PACFCA HYB   Color SILVER   Upholstery ___
VIN 2C4RC1H77HR500731   Ign. Key No. ___   R. D. Key No. ___   Mileage 41,329

| | |
|---|---|
| BANK: | |
| ADDRESS: | |
| ACCOUNT NO.: | |
| PAYOFF DATE: | |
| AMOUNT: | |
| PER DIEM: | |

| | |
|---|---|
| Selling Price | 25,195.00 |
| Admin & Environmental Fee | 456.00 |
| TOTAL CASH DELIVERED PRICE | 25,651.00 |
| PROCESSING FEES | |
| NET SELLING PRICE | 25,651.00 |
| LESS TRADE-IN ALLOWANCE | |
| FACTORY INCENTIVE | |
| NET TRADE DIFFERENCE | 25,651.00 |
| BALANCE OWED ON TRADE-IN* | |
| TOTAL | 25,651.00 |
| TOTAL CASH DUE ON SALE | |
| BALANCE DUE | 25,651.00 |
| *BALANCE OWED TO | |
| ADDRESS | |
| CASH DEPOSIT WITH ORDER (REC'T. NO.) | |
| CASH TO BE PAID AT TIME OF DELIVERY | |

UNLESS THE MANUFACTURER OR THE DEALER HAS ISSUED SPECIFIC WARRANTY ON THIS VEHICLE SEE THE DISCLAIMER OF WARRANTY ON THE BACK OF THIS CONTRACT. (SEE SECTIONS 3, 6, 7 ON REVERSE).

**PURCHASER'S CERTIFICATION**

1. I hereby certify that this order includes all of the terms and conditions on both the face and reverse side hereof, that this order cancels and supersedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby, and that THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE; AND

2. I have reviewed this order and fully understand that my new unit will be equipped only with the optional equipment specifically listed on the face of this order plus all standard equipment as designated by the manufacturer at time of delivery; AND

**TRANSIT DAMAGE**
3. Purchaser acknowledges that there may have been certain transit and/or storage damage to the vehicle sold by the Seller herein, and Purchaser hereby releases the Seller for any and all claims arising out of such transit and/or storage damage.

**KNOWN DEFECTS**
4. All equipment (including tires) as appraised on my trade in will remain, and the only existing material defects known to me on the motor vehicle that is being traded in to the dealer are:
___ ; AND ___
**IF NONE, SO STATE**

5. THIS IS A CASH SALE
6. NOTICE: IF YOU AR BUYING A USED VEHICLE, SEE THE REVERSE SIDE UNDER "PROVISIONS APPLICABLE ON SALE OF A USED VEHICLE" BECAUSE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ARE DISCLAIMED AND CERTAIN STATEMENTS ARE MADE CONCERNING THE ODOMETER READING.

7. I certify that I am 18 years of age, or older; and that I have read the printed matter on the front and back hereof, and agree to it as a part of this order the same as if it were printed above my signature. I/we authorize you to check my/our credit and employment history and to provide and/or obtain information about credit experience with me/us.

"THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

X _[signature]_
X ___

8. ARBITRATION  The parties shall first seek to resolve any controversy between them by promptly negotiating with each other in good faith and if such negotiations are unsuccessful then any and all claims or disputes arising between the parties to this Agreement (but excluding controversies between Customer and third parties arising out of any retail installment contract, promissory note or instrument securing performance thereof, all collection claims by Dealer and also excluding Customers warranty disputes with third parties) shall be settled by claims by binding arbitration and the award of an arbitration shall be final and binding and there shall be no appeal therefrom; and a judgment on such award may be entered in the U.S. District Court for the district in which the Dealer is located. Either party may demand arbitration by providing the other party with written notice of such demand and thereupon the matter will be deemed to be submitted to arbitration as of the day the written demand is personally delivered to the other party or as of the second business day after the written notice is placed in the U.S. mail, postage prepaid, certified or registered mail. All such matters shall be submitted to arbitration in the county in which the dealer is located and all arbitration proceedings shall be held in that county. If the parties cannot agree on one arbitrator within 15 days from the demand for arbitration then each party shall pay the cost of the arbitrator selected (or which is selected for arbitration and the two parties as so selected shall within 15 days after they are selected select a third arbitrator. If either party fails to select their arbitrator within 30 days of the demand for arbitration or if the two arbitrators as selected under the preceding sentence fail to select a third arbitrator within 15 days of their selection, then the respective arbitrator shall be selected by a Circuit Court judge serving in the county in which the dealer is located. All arbitrators shall be selected from members of the Missouri Bar who are located in the Missouri Circuit Court circuit in which the dealer is located. Once a single arbitrator or arbitration panel has been selected, an arbitration hearing shall be promptly scheduled, in no event later than 15 days from the date such single arbitrator has been agreed upon or the three member panel has been selected. The arbitration award shall be rendered within 10 days after such arbitration hearing. The arbitration shall be governed by the American Arbitration Association's Commercial Arbitration Rules unless otherwise expressly agreed by the parties. The Federal Arbitration Act shall govern issues of arbitration. To the extent arbitration is not available or the remedy required is not capable of being encompassed in an arbitration award (for example, injunctive relief, temporary restraining orders, etc.) then the parties may pursue their remedies and sole and exclusive jurisdiction and venue for such action shall be in the U.S. District Court for the district in which the Dealer is located. Each party shall pay the cost of the arbitrator which it selected (or which is selected on their behalf by the Court) and one-half the cost of the third arbitrator or if a single arbitrator is agreed upon by the parties, then one-half of such single arbitrator. In consideration of the

ACCEPTED DEALER: Woody's Automotive Group, LLC
BY: _[signature]_ Sara McClaskey CSR

A PROCESSING FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO A BUYER FOR THE HANDLING OF DOCUMENTS AND THE PERFORMING OF SERVICES RELATED TO THE CLOSING OF A SALE.

prompt resolution which is occasioned by the parties' joint agreement to use arbitration to resolve their disagreements hereunder, they jointly: (i) waive the right to the award of punitive or exemplary damages in excess of $5000; (ii) waive any and all claims of wrongful conversion; (iii) appoint and nominate the person then serving as sheriff of the county in which the Dealer is located to accept service of process or notices on their behalf in the event that the address listed at the top front page of this Agreement becomes ineffective or stale-dated for purposes of notice; and (iv) agree that any and all claims for arbitration must be made within one year from the date the claim or cause of action first arises. The parties agree that, at least in part, they have agreed to arbitration in order to expedite the hearing and resolution of the subject disagreement and for this reason, the arbitrator(s) are expressly authorized to assess the costs (including attorneys fees and arbitration fees) which are attributable to any delay which is occasioned by a party's failure to fully and completely cooperate with the scheduling of hearings or selection of arbitrators against such party. A party's failure to cooperate shall include any and all reasons, conflicts or matters except for legitimate and material reasons which are solely outside the party's control.

**DESCRIPTION OF TRADE-IN:**   MILEAGE ___
VIN ___
YEAR ___ MAKE ___ MODEL ___ COLOR ___ BODY ___

X _[signature]_   Date: 2/5/2019