# Exhibit 3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF RODRIGO NIETO GOMEZ'S RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:      Defendant FCA US LLC
RESPONDING PARTY:       Plaintiff Rodrigo Nieto Gomez
SET NUMBER:             First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Rodrigo Nieto Gomez ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.      GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

- 1 -

passenger door, back quarter panel, and right back wheel. Plaintiff's wife, Sandra Steffen, was inside the store when the damage occurred. Plaintiff filed a claim with Geico, P.O. Box 509090, San Diego, CA 92150, and phone number (800) 841-3000. The repair was performed by Spectrum Auto Collision located at 225 West Market Street, Salinas, CA 93901 and phone number (831) 424-8500. The estimator was Elias Nunez.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to

- 31 -

this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to

- 32 -

Defendant's First Set of Requests for Production and also responds as follows: Plaintiff believes he first learned of the alleged defect from a post on a Chrysler Pacifica Facebook group. Within the same week, Plaintiff received the notice of defect from Defendant. Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory as it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case with respect to such claims and defenses. Plaintiff also objects to this

- 33 -

## **VERIFICATION**

I, Rodrigo Nieto Gomez, hereby state that I have reviewed the following document:

### **PLAINTIFF RODRIGO NIETO GOMEZ'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on  <u>Mar 15, 2024</u>  ,
[date]

at <u>monterey</u> , <u>ca</u> .
[city]       [state]

<u>Rodrigo Nieto Gomez</u>
Rodrigo Nieto Gomez

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF JOSEPH OHODNICKI'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:     Plaintiff Joseph Ohodnicki
SET NUMBER:           First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Joseph Ohodnicki ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

DocuSign Envelope ID: 5B6D86CB-C13A-45D2-AB73-6EE0C42F8004

incident"; (6) "the name, address, and telephone number of every insurer with whom YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

 Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff responds as follows: None.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also

DocuSign Envelope ID: 5B6D86CB-C13A-45D2-AB73-8EE0C42F8004

objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine,

or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff first became aware of the safety risk arising from the alleged defect when he received the original Z11 recall notice.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

DocuSign Envelope ID: 5B6D86CB-C13A-45D2-AB73-5EE0C43E8094

## <u>VERIFICATION</u>

I, Joseph Ohodnicki, hereby state that I have reviewed the following document:

**PLAINTIFF JOSEPH OHODNICKI'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____4/25/2024_____,
                  [date]

at __Pittsburgh_____, __PA_____.
      [city]                  [state]

Joseph Ohodnicki

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF AMI BENZUR'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:     Defendant FCA US LLC
RESPONDING PARTY:      Plaintiff Ami Benzur
SET NUMBER:            First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Ami Benzur ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.     GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

address, and telephone number of other PERSONS who were at the scene of the incident"; (6) "the name, address, and telephone number of every insurer with whom YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

None.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff

DocuSign Envelope ID: 15C5D149-AEA4-49D6-BZ4A-B5DA4B40RF0

objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly

calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff initially became aware of the alleged defect and the safety risk it posed when she received the Z11 recall notice. Thereafter, she did some internet research to better understand it.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS

DocuSign Envelope ID: 15C5D449-AEA4-49D6-B74A-B5DAB4B40RF0

## <u>VERIFICATION</u>

I, Ami Benzur, hereby state that I have reviewed the following document:

**PLAINTIFF AMI BENZUR'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on   5/1/2024                   ,
              [date]


at   Bellevue                    ,   WA                        .
     [city]                          [state]


Ami Benzur
A768017C9678410...

Ami Benzur

- 50 -

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF SEAN CLANCY'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiff Sean Clancy
SET NUMBER:    First Supplemental Responses to Set One

## TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Sean Clancy ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

Plaintiff had Allstate Insurance at the time. Plaintiff does not have any paperwork as he lost the vehicle file in a move.

**SUPPLEMENTAL ANSWER:**

Within the first year of ownership, Plaintiff was involved in a small side-swipe accident that damaged the vehicle's exterior side door and panel. The accident occurred in Sacramento on the J Street exit off the I-5 freeway. Plaintiff's insurance paid to repair the damage to the other vehicle. Plaintiff does not know the name of the driver of the other vehicle. Plaintiff filed a claim with Allstate Insurance. Plaintiff got an estimate from the place that Allstate recommended. Plaintiff does not recall the name of the place where the estimate was from and repairs were done.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly

burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered

- 32 -

only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff became aware of the safety issues from the Chrysler Pacifica Plug-In Hybrid 2017 and beyond Facebook page. Plaintiff's local Sacramento EV Club, Sacramento Electric Vehicle Association, also made him aware of the issue. Plaintiff recalls seeing a picture of someone's garage burned up and the person warned Chrysler Pacifica Plug-In Hybrid owners not to park the vehicle in their garage, said do not drive them, and that they were not sure when a fix will be available. Plaintiff later read that the safety hazard was related to charging, so as long as you are using gas you don't have worry about the vehicle catching fire. Several months later

Plaintiff received a letter from FCA saying that FCA was aware of the issue and working on it. Plaintiff does not personally know anyone who had a fire.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory as it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case with respect to such claims and defenses. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This

- 34 -

DocuSign Envelope ID: 5A08BE89-D7B1-4B49-9A23-32B87657F34A

# <u>VERIFICATION</u>

I, Sean Clancy, hereby state that I have reviewed the following document:

**PLAINTIFF SEAN CLANCY'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on ___5/9/2024_____,
                          [date]

at __Sacramento_____, __CA_____.
        [city]                                    [state]

DocuSigned by:

**SEAN CLANCY**
FFFCE75F6CC445D...

Sean Clancy

011086-11/2484312 V1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF JAVIN OLSON'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:     Defendant FCA US LLC
RESPONDING PARTY:      Plaintiff Javin Olson
SET NUMBER:            First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Javin Olson ("Plaintiff") hereby supplements his responses and objections to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

### I.     GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this Interrogatory on the grounds and to the extent that it improperly seeks or calls for expert opinion which may be discovered only through expert reports or expert depositions, and which are not yet due to be completed pursuant to the Scheduling Order. Plaintiff further objects to this Interrogatory insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Plaintiff recalls the engine fan occasionally operating loudly when the Vehicle was plugged in, this was especially prevalent after long drives in the Vehicle.

Plaintiff states that the vehicle may have experienced other "conditions," "effects," or "symptoms" of which Plaintiff is unaware of at this time. Plaintiff reserves the right to supplement or modify this response after receiving expert analysis regarding the Defect.

**<u>INTERROGATORY NO. 9</u>:**

Describe each instance in which YOUR VEHICLE was presented for repair or service for the ALLEGED DEFECT, setting forth for each such instance: (a) the date on which YOUR VEHICLE was presented for the repair or service; (b) the mileage on YOUR VEHICLE at the time the repair or service was sought; (c) where YOUR VEHICLE was presented for the repair or service, including the name, address, employer, and telephone number of each PERSON who was asked to perform (or performed) any repair or service; (d) the circumstances surround each instance, including what you were told about the repair or service; (e) the nature of the repair or service that was performed or, alternatively, whether the sought-after repair was refused and why it was refused; (f) if the sought-after repair or service was refused, the steps that YOU subsequently took to have the repair or service performed on YOUR VEHICLE; (g)the amount, if anything, that YOU paid for the repair or service; (h)whether YOUR VEHICLE experienced the same condition, symptom or effect that YOU believe was caused by or related to the ALLEGED DEFECT after the repair or service was performed and, if so, after what period of time; and (i) any DOCUMENTS relating to each instance.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth above. Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous as well as overbroad and unduly burdensome. Plaintiff further

objects to the use of the term "repair" vague and ambiguous. Plaintiff also objects to this Interrogatory as it is compound and consists of multiple, distinct interrogatories. Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Plaintiff's Vehicle was scheduled to be serviced in relation to the Defect on January 10, 2023, however, the service appointment was cancelled by the dealer and has not been rescheduled.

**SUPPLEMENTAL ANSWER:**

Following the cancellation of Plaintiff's January 13, 2023 scheduled service, on March 13, 2023, Plaintiff's Vehicle was serviced in relation to the Defect.

**INTERROGATORY NO. 10:**

State whether YOUR VEHICLE has been in any accident or has been damaged in any way (whether through intentional acts, acts of God, or otherwise), and, if so, state: the date on which each such incident occurred; where it occurred; the nature of the damage to YOUR VEHICLE; the name, address, and telephone number of the police, towing company(ies), and other PERSONS who were at the scene of the incident; the name, address, and telephone number of every insurer with

telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff states that there are no such accidents or damage to Plaintiff's Vehicle to disclose.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record,

- 26 -

well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein. Plaintiff further states that Plaintiff heard about the Defect via news reports. Thereafter, Plaintiff received a notice regarding the Defect from Defendant via U.S. Mail.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory as it seeks information that

## <u>VERIFICATION</u>

I, Javin Olson, hereby state that I have reviewed the following document:

**PLAINTIFF JAVIN OLSON'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _May 10, 2024_
[date]

at _Concord_        _MA_
[city]        [state]

_Javin Olson_
Javin Olson

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF ROLANDO PEDROZA'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF <u>INTERROGATORIES</u>

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiff Rolando Pedroza
SET NUMBER:    First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Rolando Pedroza ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that

- 29 -

support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff first learned of the alleged defect and safety risk through a news article that he saw in a social media post. Soon after, Plaintiff received a notice in the mail.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory as it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case with respect to such claims and defenses. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-

- 31 -

DocuSign Envelope ID: 516B618B-D676-4DEA-A898-828DC1694DC8

# <u>VERIFICATION</u>

I, Rolando Pedroza, hereby state that I have reviewed the following document:

**PLAINTIFF ROLANDO PEDROZA'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC'S FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____5/25/2024_____,
[date]


at ___Greenville_____, ___South carolina_____.
  [city]                        [state]



DocuSigned by:

71CA55F3A0214AB...

ROLANDO PEDROZA

DocuSign Envelope ID: 1255F883-A355-48BB-8D25-E842227B29E5

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF SALYI VU'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiff Salyi Vu
SET NUMBER:    First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Salyi Vu ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

011086-11/2484310 V1

DocuSign Envelope ID: 4255F883-A365-48BB-8D25-E842207B29F5

telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

None.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also

- 30 -

DocuSign Envelope ID: 1255F883-1365-48BB-8D25-E842297B29F5

objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine,

or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

## SUPPLEMENTAL ANSWER:

Plaintiff first learned about the fire risk from the notice that was sent by FCA. Plaintiff does not specifically recall when she received the notice from FCA, but it was after she brought her vehicle to the dealership to complain that the vehicle was revving up when it was parked in the driveway. Plaintiff told the dealership that the vehicle was turning on by itself. In response, the dealership suggested to Plaintiff that maybe it was the fan coming on. Plaintiff complained about the vehicle revving up when it was in the driveway for approximately a year and the response was consistently that it was her imagination.

## INTERROGATORY NO. 12:

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property

## <u>VERIFICATION</u>

I, Salyi Vu, hereby state that I have reviewed the following document:

**PLAINTIFF SALYI VU'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____5/29/2024_____,
                                [date]

at _____Wichita_____, _____KANSAS_____.
              [city]                            [state]

DocuSigned by:

BB93D3E4033B4B5...

Salyi Vu

# UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

**PLAINTIFFS KELSEY AND PETER KEEFE'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiffs Kelsey and Peter Keefe
SET NUMBER:    First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United State District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiffs Kelsey and Peter Keefe ("Plaintiffs") hereby respond and object to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiffs make the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

DocuSign Envelope ID: 1BF487EA-5F6F-4D3E-B7B5-E222E561810

because it is parked outside. Plaintiffs do not recall specific dates when the small

dents appeared but recall it beginning in the fall of 2022.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR

contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious

safety risk and/or safety hazard and describe how YOU became aware of the alleged

safety risk and/or safety hazard.

## ANSWER:

Plaintiffs incorporate each of the above General Objections as though fully

set forth herein. In addition to the General Objections set forth above, Plaintiffs

object to this Interrogatory as vague, ambiguous, overly broad, and unduly

burdensome. Plaintiffs further object to the words "serious safety risk" and/or

"safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiffs also

object to this interrogatory to the extent that the interrogatory seeks information

within Defendant's own possession, custody, or control, or are of public record,

well-known to, or readily obtainable by Defendant. Plaintiffs also further object to

this Interrogatory on the grounds that it is premature insofar as it seeks "contention"

discovery to which Defendant is not entitled at this time: the interests of judicial

economy and efficiency dictate that contention discovery is more appropriate after

a substantial amount of discovery has been conducted. Plaintiffs further object to

this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiffs] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiffs also object to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiffs further object to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiffs further object to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiffs refer Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also respond as follows:

DocuSign Envelope ID: 1BF487FA-6FCF-4D3E-B7B5-F222E561840

Defendant is referred to the allegations of Plaintiff's complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiffs became aware of the fire risk from the "Important Safety Recall" notice FCA sent to them in the mail.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

**ANSWER:**

Plaintiffs incorporate each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs further object to this interrogatory as it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case with respect to such claims and defenses. Plaintiffs also object to this

DocuSign Envelope ID: 1BF487FA-5FCF-4D3E-BZB5-F222E561818B

## VERIFICATION

I, Kelsey Keefe, hereby state that I have reviewed the following document:

**PLAINTIFFS KELSEY AND PETER KEEFE'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/6/2024_____ ,
[date]

at _____Mansfield Center_____ , _____CT_____ .
[city]                                    [state]

Kelsey Keefe

- 53 -

DocuSign Envelope ID: C799A182-560D-44A1-85ZD-CD35A1AB29EC

## <u>VERIFICATION</u>

I, Peter Keefe, hereby state that I have reviewed the following document:

**PLAINTIFFS KELSEY AND PETER KEEFE'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/6/2024_____,
                 [date]

at _____Mansfield Center_____, _____Connecticut_____.
     [city]               [state]

DocuSigned by:

*Peter G Keefe*

A50E7CB2F6DB437...

Peter Keefe

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF MATTHEW BERGANTINO'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's
## FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:      Defendant FCA US LLC
RESPONDING PARTY:       Plaintiff Matthew Bergantino
SET NUMBER:             First Supplemental Responses to Set One

## TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Matthew Bergantino ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.      GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

- 1 -

Service Rep: Due to [I don't recall what part they said, something related to undercarriage matting] that would not have helped.

Second, the Service Rep that told Plaintiff the corroded part replaced on the vehicle could have led to a fire event, but the replacement was not covered by any of the past or current recalls, or covered under warranty. Plaintiff recalls the conversation ending with the Service Rep saying: Perhaps if a recall is opened in the future, you could reach out to Chrysler at that time for reimbursement for your costs today.

**SUPPLEMENTAL ANSWER:**

As referenced in response to Interrogatory No. 7: the vehicle's paint was bubbling and rusting along the edges along the front edge of the hood in or around October 2017 and Chrysler replaced the hood at no cost to Plaintiff; the vehicle's rear passenger side window was replaced in or around June 1, 2018, after it shattered while garaged at Plaintiff's home.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

DocuSign Envelope ID: 1801D1CC-8ED5-4148-A6D8-8C6B6BEF94E1

**ANSWER:**

      Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

To the best of his recollection, Plaintiff first learned about the Z11 recall and accompanying fire risk through the news.

## <u>VERIFICATION</u>

I, Matthew Bergantino, hereby state that I have reviewed the following document:

**PLAINTIFF MATTHEW BERGANTINO'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/10/2024_____,
[date]

at _____Tampa_____, _____Florida_____.
[city]                      [state]

DocuSigned by:

*Matthew Bergantino*
EC7B270B3EC4424...

Matthew Bergantino

- 53 -

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF SCOTT CARNEY'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:      Plaintiff Scott Carney
SET NUMBER:             First Supplemental Responses to Set One

## TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Scott Carney ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.     GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff responds as follows:

None.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record,

well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff learned about the fire risk from the "Important Safety Recall" notice FCA sent to him. After he received the recall notice, Plaintiff joined the Chrysler Pacifica Plug-In Hybrid 2017 and beyond Facebook group and started learning more about incidences of fires or engine explosions that have occurred that were caused by the defect.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

## __VERIFICATION__

I, Scott Carney, hereby state that I have reviewed the following document:

**PLAINTIFF SCOTT CARNEY'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/10/2024_____,
                                 [date]


at _____Bakersfield_____, _____Ca_____.
                    [city]                              [state]


_____
Scott Carney

- 48 -

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF RICHARD GOLLAND'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:       Defendant FCA US LLC
RESPONDING PARTY:        Plaintiff Richard Golland
SET NUMBER:              First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Richard Golland ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

- 1 -

on December 29, 2022. No police report filed. Vehicle to be examined for insurance claim by Autobody dimensions of Bethesda, 5511 Dorsey Lane, 20816, on Friday, January 13, 2023.

**SUPPLEMENTAL ANSWER:**

In or around June 26, 2023, one of the vehicle's tires was repaired at Mr. Tire Auto Service Centers located at 708 Rockville Pike, Rockville, MD 20852, after it was punctured by a nail. In or around October 11, 2023, the vehicle's windshield was replaced due to cracks at Safelite AutoGlass located at 273 Derwood Cir., Rockville, MD 20850.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also

objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine,

or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff recalls receiving a notice from FCA stating that the car was unsafe, had a chance of spontaneously combusting due to a battery issue, and that there was no fix yet except to park away from structures and other vehicles to minimize damage to anything other than the car if the car should suddenly and unexpectedly explode. As referenced in response to Interrogatory No. 4, Plaintiff called FCA, using the number on the notice, because he was very concerned about the letter and the only answer FCA gave was that its techs were working on a fix.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance

DocuSign Envelope ID: 37126A33-859A-4DFF-A57B-2A50E848A92D

## VERIFICATION

I, Richard Golland, hereby state that I have reviewed the following document:

**PLAINTIFF RICHARD GOLLAND'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/11/2024_____ ,
                                      [date]

at _____washington_____ , _____DC_____ .
                        [city]                                    [state]

Richard Golland
613A96232E35412...
_____
Richard Golland

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF ELIZABETH NIEMIOJA'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiff Elizabeth Niemioja
SET NUMBER:    First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Elizabeth Niemioja ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

## II.    FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1:

With respect to YOUR VEHICLE state: its make, model, and year; its Vehicle Identification Number (VIN); whether it was sold to YOU as a new or used vehicle; where and how YOU acquired it; the amount YOU paid for it; whether YOU own(ed) and/or lease(d) it; the identity of all prior owner(s) known to YOU; and whether YOU still own it, and, if not, when, where, and how YOU disposed of it.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as it is compound. It includes at least thirteen discrete subparts: (1) "state its [Your Vehicle's] make"; (2) "state its … model"; (3) "state its … year"; (4) "state its … Vehicle Identification Number(VIN)"; (5) "whether it was sold to YOU [Plaintiff] as a new or used vehicle"; (6) "where you acquired it"; (7) "the amount YOU [Plaintiff] paid for it"; (8) "whether YOU [Plaintiff] own(ed) and/or lease(d) it"; (9) "the identity of all prior owner(s) known to YOU [Plaintiff]"; (10) "whether YOU [Plaintiff] still own it"; (11) "if not, when … You [Plaintiff] disposed of it"; (12) "where … YOU [Plaintiff] disposed of it"; and (13) "how YOU [Plaintiff] disposed of it." Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody,

DocuSign Envelope ID: 203AFB7A-F405-416E-AA4B-92A225A4FF88

or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff responds as follows:

Vehicle: 2017 Chrysler Pacifica Hybrid Platinum Limited

VIN: 2C4RC1N77HR748868

On or around December 14, 2017, Plaintiff purchased the vehicle new at Bloomington Chrysler Jeep Dodge RAM, 8000 Penn Ave S, Bloomington, Minnesota 55431. According to the window sticker, the total price for the vehicle was $47,885. Plaintiff does not recall the exact payment structure, but she traded in her 2010 Toyota Siena and put the entire value toward the new purchase (she believes it was around $6000) as a down payment. The vehicle is now paid off. Plaintiff still owns the vehicle.

## INTERROGATORY NO. 2:

Describe the terms of each warranty, whether written or verbal, that YOU believe accompanied YOUR VEHICLE or any component part of YOUR VEHICLE, setting forth for each such warranty how it was conveyed to YOU, and the name, employer, address, and telephone number of each PERSON who gave YOU the information or DOCUMENTS conveying the warranty.

3921) the week of October 21, 2021. The insurance agent is State Farm, Steve Reibel, 12688 Bass Lake Rd., Maple Grove, MN 55369. There was no need for a tow, as the damage was aesthetic, and the police or other witnesses were not involved.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial

economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff first became aware of the safety risk posed by the alleged defect from a Facebook group. Thereafter, she received a recall notice, and she also saw articles about it online.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory as it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs

DocuSign Envelope ID: 203AFB7A-F405-416E-AA4B-02A225A4FF38

## __VERIFICATION__

I, Elizabeth Niemioja, hereby state that I have reviewed the following document:

### PLAINTIFF ELIZABETH NIEMIOJA'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/14/2024_____,
                        [date]

at _____Inver Grove Heights_____, _____Minnesota_____.
              [city]                  [state]

DocuSigned by:

58F24887A0754FA...

Elizabeth Niemioja

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF HELEN BARTEK'S RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:     Defendant FCA US LLC
RESPONDING PARTY:      Plaintiff Helen Bartek
SET NUMBER:            One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Helen Bartek ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.     GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

- 1 -

(1) "State whether YOUR VEHICLE [Plaintiff's Vehicle] has been in any accident or has been damaged in any way … occurred"; (2) "the nature of the damage to YOUR VEHICLE"; (3) "the name, address, and telephone number of the police"; (4) the name, address, and telephone number towing company(ies)"; (5) "the name, address, and telephone number of other PERSONS who were at the scene of the incident"; (6) "the name, address, and telephone number of every insurer with whom YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff responds as follows:

None.

**<u>INTERROGATORY NO. 11</u>:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

DocuSign Envelope ID: 5D15A6C6-BCCB-461C-9112-70D18C0D065C

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein. Plaintiff initially became aware of the defect when she received the Z11 recall notice. Plaintiff subsequently researched online to educate herself on the defect and safety risks.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property

## <u>VERIFICATION</u>

I, Helen Bartek, hereby state that I have reviewed the following document:

**PLAINTIFF HELEN BARTEK'S RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/14/2024_____,
                              [date]


at _____Guilford_____, _____Connecticut_____.
              [city]                              [state]


DocuSigned by:

7CBBE5D61FDB49E...
_____
Helen Bartek

- 49 -

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF MICHAEL CARBAJALES-DALE'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:      Defendant FCA US LLC
RESPONDING PARTY:       Plaintiff Michael Carbajales-Dale
SET NUMBER:             First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Michael Carbajales-Dale ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.      GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

- 1 -

incident"; (6) "the name, address, and telephone number of every insurer with whom YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff's vehicle has not been in any accident or been damaged in any way other than a scratch on the driver's side passenger door that has been repaired.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or

"safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as

Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff believes he first learned about the safety risk posed by the alleged defect from the recall notice, but he also saw internet posts about it around the same time.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

## <u>VERIFICATION</u>

I, Michael Carbajales-Dale, hereby state that I have reviewed the following document:

**PLAINTIFF MICHAEL CARBAJALES-DALE'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/18/2024_____,
                        [date]

at _____Seneca_____, _____SC_____.
        [city]                        [state]

_DocuSigned by:_
_Michael Carbajales-Dale_
8656357EA243427...

Michael Carbajales-Dale

DocuSign Envelope ID: AB77F699-6505-4775-8342-E387603624A8

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF MIKE NATALE'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiff Mike Natale
SET NUMBER:    First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Mike Natale ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

- 1 -

DocuSign Envelope ID: AB77F699-6505-4775-8342-F387603624A8

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

Plaintiff was in an accident in November 2021. Plaintiff's vehicle was side swiped in the back and his back driver side was hit.

**SUPPLEMENTAL ANSWER:**

In November 2021, someone illegally made a left-hand turn and smashed into Plaintiff's vehicle. Plaintiff was driving on 114 and Middleton near Best Bagel in Middleton, Massachusetts. Plaintiff was driving in the right-hand lane going straight when another driver made a turn into Plaintiff's vehicle. Middleton Police Department were called, and they came right away. All repairs to the vehicle were paid by the other driver's insurance company. Plaintiff took his vehicle to a repair shop that his insurance, Liberty Mutual Insurance, told him to go.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

011086-11/2484304 V1

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

DocuSign Envelope ID: AB77F699-6505-4775-8342-F387693624A8

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiff first learned about the fire risk when he received the recall notice from FCA. Plaintiff immediately started researching the fire risk and recall on the Internet. He did a Google search to see if the recall notice was legit. Plaintiff recalls reviewing information about the same recall having been done in Canada already.

DocuSign Envelope ID: AB77E699-6505-4775-8342-E287603624A8

Plaintiff went to the dealership to ask about the recall notice. He asked if it was true that there was no solution to the problem. The dealership confirmed that there was no solution available at that time. Plaintiff does not recall who he spoke with at the dealership.

## INTERROGATORY NO. 12:

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS relating to the incident; and state whether any lawsuits were filed as a result of the incident.

## ANSWER:

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory as it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case with respect to such claims and defenses. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-

# **VERIFICATION**

I, Mike Natale, hereby state that I have reviewed the following document:

## **PLAINTIFF MIKE NATALE'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____6/18/2024_____,
  [date]

at _____Boxford_____, _____Ma_____.
  [city]                    [state]

_____
Mike Natale

- 51 -

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFFS NICOLE AND STEPHEN COSTA'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiffs Nicole and Stephen Costa
SET NUMBER:    First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiffs Nicole and Stephen Costa ("Plaintiffs") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.    GENERAL OBJECTIONS

Plaintiffs make the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

DocuSign Envelope ID: 9544EC91-0515-4951-AC8A-F693EE84BA74

YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiffs also object to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiffs refer Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

None.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiffs incorporate each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs further object to the words "serious safety risk" and/or

DocuSign Envelope ID: 9544EC91-0515-4951-AC8A-F693EE84BA74

"safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiffs also object to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiffs also further object to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiffs further object to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiffs] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiffs also object to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiffs further object to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiffs further object to this request insofar as

Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiffs refer Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also respond as follows:

Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiffs first learned about the fire risk from the Chrysler Pacifica Plug-In Hybrid 2017 and beyond Facebook group where they read that people were starting to receive their recall notices. Plaintiffs also read about the safety risk/safety hazard in Pacifica forums. Plaintiffs also received the recall notice and by that time they had seen news stories as well.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance identify the PERSONS who witnessed the incident; identify all DOCUMENTS

DocuSign Envelope ID: 9544FC01-0515-4951-AC6A-F693EE84BA7A

# <u>VERIFICATION</u>

I, Nicole Costa, hereby state that I have reviewed the following document:

## PLAINTIFF NICOLE AND STEPHEN COSTA'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____7/2/2024_____,
[date]

at _____Marblehead_____, _____Ma_____.
[city] [state]

DocuSigned by:

712C0D3D0B2B43C...

Nicole Costa

- 50 -

DocuSign Envelope ID: 9544EC91-0515-4951-AC8A-F693EE84BA7J

## <u>VERIFICATION</u>

I, Stephen Costa, hereby state that I have reviewed the following document:

**PLAINTIFF NICOLE AND STEPHEN COSTA'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____7/7/2024_____,
                         [date]


at _____Marblehead_____, _____Ma_____.
              [city]                              [state]


DocuSigned by:

D1575419D738490...

Stephen Costa

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFFS DIANE AND DAVID DAVIDSON'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiffs Diane and David Davidson
SET NUMBER:    First Supplemental Responses to Set One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiffs Diane and David Davidson ("Plaintiffs") hereby respond and object to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

### I.    GENERAL OBJECTIONS

Plaintiffs make the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiffs also object to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiffs refer Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also respond as follows:

On May 26, 2021, Plaintiffs' vehicle suffered minor damage when a tree broke-off and fell on their vehicle, while parked at their previous residence, 246 Turnwood Drive, Glen Burnie, Maryland 21061. Plaintiff's vehicle was repaired by Caliber Collision, 10811 Paulbrook Blvd, Midlothian, Virginia 23112.

## INTERROGATORY NO. 11:

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

## ANSWER:

Plaintiffs incorporate each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiffs

object to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs further object to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiffs also object to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiffs also further object to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiffs further object to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiffs] contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiffs also object to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiffs further object to this interrogatory on the ground and to the extent that it improperly

calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiffs further object to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiffs refer Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also respond as follows:

Defendant is referred to the allegations of plaintiff's complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**SUPPLEMENTAL ANSWER:**

Plaintiffs personally and initially became aware that the defective battery posed a serious safety risk when they received the recall notice instructing them not to charge the Vehicle and to not park it in their garage. Plaintiffs also read about vehicle fires in the Chrysler Pacifica Plug-In Hybrid and beyond Facebook group.

**INTERROGATORY NO. 12:**

Describe all facts and circumstances of each and every instance known to YOU in which YOU or any other PERSON was hurt or injured, or their property was damaged, as a result of the ALLEGED DEFECT, and for each such instance

# <u>VERIFICATION</u>

I, Diane Davidson, hereby state that I have reviewed the following document:

**PLAINTIFFS DIANE AND DAVID DAVIDSON'S FIRST
SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's
FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____7/19/2024_____,
[date]

at _____Midlothian_____, _____Virginia_____.
[city]                              [state]

DocuSigned by:

*Diane Davidson*
8681B473727A43E
Diane Davidson

- 51 -

## **<u>VERIFICATION</u>**

I, David Davidson, hereby state that I have reviewed the following document:

**PLAINTIFFS DIANE AND DAVID DAVIDSON'S FIRST
SUPPLEMENTAL RESPONSES TO DEFENDANT FCA US LLC's
FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and

correct based on the information available to me, and to the best of my knowledge,

information, and belief. I reserve the right to supplement and/or revise my responses

to correct any errors or omissions, including on the basis of any subsequently

discovered documents or information.

Executed on _____7/19/2024_____,
                         [date]

at _____Midlothian_____, _____Virginia_____.
            [city]                  [state]

Signed by:

David Davidson

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

### PLAINTIFF MARIE MACIAS'S RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:    Defendant FCA US LLC
RESPONDING PARTY:    Plaintiff Marie Macias
SET NUMBER:    One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Marie Macias ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

### I.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

- 1 -

(4) the name, address, and telephone number towing company(ies)"; (5) "the name, address, and telephone number of other PERSONS who were at the scene of the incident"; (6) "the name, address, and telephone number of every insurer with whom YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

 Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

In or around February of 2019, the passenger side of the VEHICLE was damaged. Plaintiff has not obtained a quote for the repair and has not repaired the damages.

In or around April/May of 2021, the VEHICLE's windshield sustained damage. The windshield was replaced in or around June of 2021. A claim was filed with Farmer's Insurance, Claim # 7002973724.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**<u>ANSWER</u>:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in

- 29 -

YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Plaintiff received the recall letter outlining the risks and safety hazards. Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**INTERROGATORY NO. 12:**

## VERIFICATION

I, Marie Macias, hereby state that I have reviewed the following document:

## PLAINTIFF MARIE MACIAS'S RESPONSES TO
## DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on ___Jan. 30, 2023___,
                    [date]

at ___Chino___, ___California___.
        [city]            [state]


___Marie EMacias___
Marie Macias


- 1 -

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF MONTE MACIAS'S RESPONSES TO DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:     Defendant FCA US LLC
RESPONDING PARTY:      Plaintiff Monte Macias
SET NUMBER:            One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Monte Macias ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.     GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

(4) the name, address, and telephone number towing company(ies)"; (5) "the name, address, and telephone number of other PERSONS who were at the scene of the incident"; (6) "the name, address, and telephone number of every insurer with whom YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff refers Defendant to the documents produced in response to Defendant's First Set of Requests for Production and also responds as follows:

In or around February of 2019, the passenger side of the VEHICLE was damaged. Plaintiff has not obtained a quote for the repair and has not repaired the damages.

In or around April/May of 2021, the VEHICLE's windshield sustained damage. The windshield was replaced in or around June of 2021. A claim was filed with Farmer's Insurance, Claim # 7002973724.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**<u>ANSWER</u>:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in

YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Plaintiff received the recall letter outlining the risks and safety hazards. Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**INTERROGATORY NO. 12:**

## **VERIFICATION**

I, Monte Macias, hereby state that I have reviewed the following document:

**PLAINTIFF MONTE MACIAS'S RESPONSES TO
DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on ___January 30, 2023___,
                         [date]

at ___Chino___, ___California___.
       [city]                      [state]

_____
Monte Macias

- 1 -

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION | Case No. 2:22-cv-03040-DML |
| MDL No. 3040 | |

## PLAINTIFF ROBYN REILMAN'S RESPONSES TO
## DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:     Defendant FCA US LLC
RESPONDING PARTY:      Plaintiff Robyn Reilman
SET NUMBER:            One

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the applicable Civil Local Rules of the United States District Court Eastern District of Michigan, and the rules and orders of the Court, Plaintiff Robyn Reilman ("Plaintiff") hereby responds and objects to Defendant FCA US LLC's First Set of Interrogatories (the "Interrogatories").

## I.     GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case with respect to such claims or defenses.

Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has seven distinct subparts: (1) "State whether YOUR VEHICLE [Plaintiff's Vehicle] has been in any accident or has been damaged in any way … occurred"; (2) "the nature of the damage to YOUR VEHICLE"; (3) "the name, address, and telephone number of the police"; (4) the name, address, and telephone number towing company(ies)"; (5) "the name, address, and telephone number of other PERSONS who were at the scene of the incident"; (6) "the name, address, and telephone number of every insurer with whom YOU filed a claim for each accident/damage"; and (7) "the name, address, and telephone number of each PERSON or entity which provided estimates for, or repaired, the damage done to YOUR VEHICLE."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant.

Subject to and without waiving these objections, Plaintiff responds as follows: To the best of her knowledge, during the time Plaintiff owned the vehicle, the vehicle was not in an accident or damaged in any way.

**INTERROGATORY NO. 11:**

Describe all facts and circumstances that support or relate to YOUR contention that the ALLEGED DEFECT in YOUR VEHICLE constitutes a serious safety risk and/or safety hazard and describe how YOU became aware of the alleged safety risk and/or safety hazard.

**ANSWER:**

Plaintiff incorporates each of the above General Objections as though fully set forth herein. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the words "serious safety risk" and/or "safety hazard" as undefined, vague, ambiguous, and over broad. Plaintiff also objects to this interrogatory to the extent that the interrogatory seeks information within Defendant's own possession, custody, or control, or are of public record, well-known to, or readily obtainable by Defendant. Plaintiff also further objects to this Interrogatory on the grounds that it is premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time: the interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of discovery has been conducted. Plaintiff further objects to this Interrogatory as compound and counting multiple distinct interrogatories. This interrogatory has two distinct subparts: (1) "Describe all facts and circumstances that support or relate to YOUR [Plaintiff] contention that the ALLEGED DEFECT in

YOUR VEHICLE constitutes a serious safety risk and/or safety hazard", and (2) "describe how YOU became aware of the alleged safety risk and/or safety hazard."

Plaintiff also objects to this Interrogatory to the extent that the Interrogatory calls for information within Defendant's own possession, custody, or control, or that is of public record, well-known to, or readily obtainable by Defendant. Plaintiff further objects to this interrogatory on the ground and to the extent that it improperly calls for a legal conclusion or expert opinion, the latter of which may be discovered only through expert discovery. Plaintiff further objects to this request insofar as Defendant seeks information that is protected by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to the Consolidated Master Complaint and documents produced in response to Defendant's First Set of Requests for Production and also responds as follows: Plaintiff became aware of safety risks associate with the vehicle through the Recall Notice. Defendant is referred to the allegations of Plaintiffs' complaint that relate incidences of fires or engine explosions that have occurred and that are or have been caused by the defect alleged therein.

**INTERROGATORY NO. 12:**

DocuSign Envelope ID: A2DB583A-2CF5-416D-B298-B69029A7A2CF

# VERIFICATION

I, Robyn Reilman, hereby state that I have reviewed the following document:

## PLAINTIFF ROBYN REILMAN'S RESPONSES TO
## DEFENDANT FCA US LLC's FIRST SET OF INTERROGATORIES

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on _____,
                    2/1/2023 | 11:44 AM PST
                    [date]

at _____, _____.
        Valley Glen                        California
        [city]                               [state]


_____
Robyn Reilman
Robyn Reilman