UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-md-03040
Honorable David M. Lawson
Magistrate Judge Elizabeth S. Stafford

_____/

**PRETRIAL ORDER NO. 8: THIRD AMENDMENT
OF CASE MANAGEMENT BENCHMARKS**

On October 17, 2022, the Court issued Pretrial Order No. 1, which established certain case management benchmarks in this multidistrict litigation. On March 26, 2024, the Court entered Pretrial Order No. 7, which granted a joint request by the parties to extend certain deadlines. On July 31, 2024, the parties filed a stipulation in which they jointly requested that the Court again extend the outstanding case management benchmarks. The request is based on three grounds. First, on July 18, 2024, the defendant announced a new recall of the putative class vehicles to address many of the problems that are alleged by the plaintiffs in this case. Second, the parties are concerned that the ruling on the motion to dismiss the amended consolidated master complaint, which was filed recently, may impact their arguments on class certification. Third, the parties believe that their settlement discussions with the assigned mediator may yield a promising outcome.

On August 13, 2024, the Court held a status conference on the record with counsel for the parties. During the conference, defendant's counsel described in more detail the second recall based on reports that some vehicles had developed thermal runaway events after the first recall remedy was applied. The parties represented that the depositions of all named plaintiffs have been completed or are scheduled soon to be completed, and the parties' respective experts have been

deposed. The parties also stated that they participated in a facilitated mediation on July 11, 2024 in which they agreed on a structure for a potential settlement, and they believe that a settlement is possible with a second attempt at mediation following completion of supplemental discovery related to the second recall. The parties also jointly indicated that they hoped to avoid potential complications of the class certification process due to the pending appeal of the ruling on the defendant's motion to compel arbitration, and that they believe that the Court's ruling on the defendant's motion to dismiss may streamline or clarify the issues presented at the class certification phase.

The Court agrees that the developments announced by the parties constitute good cause to adjust the case management schedule as to class certification. The Court respects the parties' estimates of the time needed to complete tasks related to the new information. The Court is not convinced, however, that a major adjustment to the schedule to address merits issues is warranted, because the time remaining to complete those tasks should be sufficient to account for the new information described herein.

Accordingly, the following is **ORDERED**:

**I.** **Case Management Plan**. The case management plan is modified, and the following scheduling benchmarks now will govern:

> **Class Certification and Related Discovery.** All discovery on class issues must be completed **on or before October 1, 2024**. The plaintiffs must file their motion for class certification **on or before December 11, 2024**. The defendant's response to the class certification motion must be filed **on or before January 3, 2025**, and the plaintiffs' reply must be filed **on or before January 17, 2025**.
>
> **General Discovery.** Expert disclosures on merits issues relating to liability under Federal Rule of Civil Procedure 26(a)(2) must be served by the plaintiffs **on or before November 15, 2024**, and by the defendant **on or before December 27, 2024**. All discovery on merits issues related to liability must be completed **on or before January 31, 2025.** Expert disclosures on merits issues relating to damages under Federal Rule of Civil Procedure 26(a)(2) must be served by the plaintiffs **on or before March 3, 2025**, and by the defendant

on or before **March 24, 2025**. All discovery on merits issues related to damages must be completed **on or before April 21, 2025.** If the parties encounter discovery difficulties or disputes, including scheduling disputes, they promptly shall contact Magistrate Judge Elizabeth S. Stafford to schedule a telephone conference to address those disputes. If the dispute remains unresolved, the parties should file an appropriate motion promptly.

**Motions Challenging Expert Witnesses.** Supplemental expert disclosures concerning newly discovered issues only relating to class certification must be served by the plaintiffs **on or before October 15, 2024**, and by the defendant **on or before October 30, 2024**. Supplemental motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703, or 705 on class issues must be filed **on or before November 13, 2024**, and the respective oppositions must be filed **on or before November 27, 2024**. Motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703, or 705 on merits issues relating to liability must be filed **on or before April 14, 2025**. Motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703, or 705 on merits issues relating to damages must be filed **on or before May 12, 2025**.

Responses and replies to such motions will be governed by E.D. Mich. LR 7.1. If any motion challenging expert testimony requires a testimonial hearing, it should be filed within sufficient time to permit scheduling a hearing so as not to interfere with the trial date. All such motions must include specific references to the witness's deposition and attach pertinent excerpts of the depositions, and all other record material needed to establish the foundation for the motion.

**Dispositive Motions.** Dispositive motions must be filed **on or before May 12, 2025**. No party may file more than one motion for summary judgment without obtaining leave of Court. Challenges to multiple counts of a complaint must be brought in a single motion. Briefs in support of motions for summary judgment must contain a recitation of the undisputed facts with specific references to the record. If facts are disputed, the moving party must explain how the fact is not material to the dispute. Responses and replies for all dispositive motions will be governed by E.D. Mich. LR 7.1.

II.  Although separate deadlines have been established for completion of discovery relating to class certification and merits issues, the Court will not countenance objections to production of any discoverable material on the basis that the requested information relates to only one category of issues or the other.

III.   All provisions of Pretrial Order No. 1 and Pretrial Order No. 7 that have not been modified by this order remain in force.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  August 13, 2024