# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION,<br><br>MDL No. 3040 | Case No.: 22-cv-03040<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

### DEFENDANT FCA US LLC'S SUPPLEMENTAL MOTION TO EXCLUDE PLAINTIFFS' EXPERT BRADLEY ZIGLER'S SUPPLEMENTAL DECLARATION

Defendant FCA US LLC respectfully moves the Court for an order excluding the supplemental declaration of Plaintiffs' expert Bradley Zigler, Ph.D. In support of this motion, FCA US relies on the attached brief and accompanying exhibits, as well as its earlier briefing and exhibits submitted in support of its Motion to Exclude Plaintiffs' Expert Bradley Zigler's Declaration and Testimony. *See* ECF #130.

Pursuant to E.D. Mich. LR 7.1(a), counsel for FCA US has conferred with Plaintiffs' counsel, explained the nature and legal bases of its motions to exclude Zigler's declarations and testimony generally, and requested but did not obtain Plaintiffs' concurrence in the relief sought.

**KLEIN THOMAS LEE & FRESARD**

By:   *s/ Stephen A. D'Aunoy*
      Stephen A. D'Aunoy
      Thomas L. Azar, Jr.
      Scott H. Morgan
      100 N. Broadway, Ste. 1600
      St. Louis, Missouri 63102
      T: (314) 888-2970
      steve.daunoy@kleinthomaslaw.com
      tom.azar@kleinthomaslaw.com
      scott.morgan@kleinthomaslaw.com

      Fred J. Fresard (P43694)
      Ian K. Edwards (P82021)
      101 W. Big Beaver Rd., Ste. 1400
      Troy, Michigan 48084
      T: (602) 935-8300
      fred.fresard@kleinthomaslaw.com
      ian.edwards@kleinthomaslaw.com

      Brandon L. Boxler
      919 E. Main St., Ste. 1000
      Richmond, Virginia 23219
      T: (703) 621-2109
      brandon.boxler@kleinthomaslaw.com

      *Attorneys for Defendant FCA US LLC*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| STATEMENT OF ISSUES | iii |
| CONTROLLING OR MOST APPROPRIATE AUTHORITY | iv |
| INDEX OF EXHIBITS | v |
| I. INTRODUCTION | 1 |
| II. RELEVANT FACTS | 1 |
|     A. The Recalls. | 1 |
|     B. Zigler's "Commonality" Opinion. | 2 |
| III. ARGUMENT | 3 |
|     A. Governing Legal Standard. | 3 |
|     B. Zigler Is Not Qualified To Provide Opinions About Battery Systems. | 4 |
|     C. Zigler's Supplemental Declaration Does Not Meet Rule 702's Standards. | 6 |
|         1. The Purported "Knowledge" Remains Unhelpful. | 6 |
|         2. There Are Insufficient Facts And Data. | 7 |
|         3. The Testimony Is Not The Product Of Reliable Principles Or Methods. | 8 |
|         4. No Reliable Application To The Facts Of The Case. | 8 |
| IV. CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Zuzula v. ABB Power T&D Co.*,
  267 F.Supp.2d 703 (E.D.Mich. 2003)......................................................................6

*Amber Reineck House v. City of Howell*,
  2022 WL 3082537 (E.D.Mich. 2022)......................................................................4

*Berry v. City of Detroit,*
  25 F.3d 1342 (6th Cir. 1994)...................................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579, 592-95 (1993) ............................................................................8, 10

*In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin)
  Products Liability Litig.*, 93 F.4th 339 (6th Cir. 2024).........................................3, 4

*Neri v. Nissan N. Am., Inc.*,
  -- F. 4th --, 2024 WL 4864339 (6th Cir. 2024) ............................................ 4, 8, 10

*Rondigo, L.L.C. v. Casco Twp., Mich.*,
  537 F.Supp.2d 891 (E.D.Mich. 2008)......................................................................7

*Teenier v. Charter Comm., LLC*,
  2017 WL 3141051 (E.D.Mich. 2017).......................................................................7

*Thomas v. Novartis Pharms. Corp.*,
  443 Fed.Appx. 58 (6th Cir. 2011)............................................................................4

## STATEMENT OF ISSUES

1. Whether the Court should exclude Dr. Zigler's supplemental declaration on the grounds that he is unqualified to provide opinions on the high-voltage battery packs at issue?

    The Court should answer "yes."

2. Whether the Court should exclude Dr. Zigler's supplemental declaration on the grounds that his proffered opinions are not helpful for a jury in understanding the evidence and do not help answer any question of fact?

    The Court should answer "yes."

3. Whether the Court should exclude Dr. Zigler's supplemental declaration on the grounds that there are insufficient facts and data underlying his proffered opinions?

    The Court should answer "yes."

4. Whether the Court should exclude Dr. Zigler's supplemental declaration because it is not the result of reliable principles or methods (and are not based on any actual principle or method at all)?

    The Court should answer "yes."

5. Whether the Court should exclude Dr. Zigler's supplemental declaration because his opinions have not been applied in any reliable manner to the facts?

    The Court should answer "yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Evid. 702 (2023)

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)

*Neri v. Nissan N. Am., Inc.*, -- F. 4th --, 2024 WL 4864339 (6th Cir. 2024)

## INDEX OF EXHIBITS

| Exhibit | Description |
|:---:|---|
| A | Supplemental Declaration of Dr. Bradley Zigler, November 12, 2024 |
| B | Supplemental Declaration of Eldon Leaphart, November 27, 2024 |

## I. INTRODUCTION

After the parties completed their respective briefing on Defendant FCA US LLC's motion to exclude Plaintiffs' expert Dr. Zigler's declaration and testimony,[1] FCA US announced a second voluntary recall relating to the high-voltage batteries in the subject model-year 2017-2018 Chrysler Pacifica Hybrid vehicles, *i.e.*, NHTSA Recall No. 24V-536.[2]

The Court allowed Zigler to submit a supplemental declaration to take the second recall into account and opine on the impact, if any, that the second recall had on his original opinion that the subject vehicles "share a common HV [high voltage] battery pack."[3] Because the supplemental declaration carries the same deficiencies as the original, the Court should exclude it.

## II. RELEVANT FACTS

**A. The Recalls.**

FCA US's first voluntary recall addressed a potential for fire in the subject vehicles and advised vehicle owners to temporarily refrain from recharging their vehicles' high-voltage battery or parking near structures until the recall remedy had

---

[1] *See, e.g.*, ECF #132.

[2] *See* Recall 24V-536 Part 573 Safety Recall Report, *available at* https://static.nhtsa.gov/odi/rcl/ 2024/RCLRPT-24V536-8355.PDF.

[3] *See, e.g.*, ECF #180; *see also* Supplemental Declaration of Dr. Bradley Zigler, attached as Exhibit A, p. 1.

been performed.[4] After receiving reports of additional fires in vehicles that had the recall remedy performed, FCA US developed and announced in July 2024 a second voluntary recall, *i.e.*, NHTSA Recall No. 24V-536.[5]

The second recall contained additional information that had been learned since the time of the first. Where the original recall described the issue as "[a] vehicle may experience a fire, even with the ignition in the 'off' mode," *see* Recall 22V-077 Part 573 Safety Recall Report, pp. 1-3, the second recall confirms the issue is "[a] folded or torn anode tab may result in the generation of lithium by-product over time," which, "along with a second unidentified factor, may lead to an internal short within the pack and may result in a vehicle fire," *see* Recall 24V-536 Part 573 Recall Report, p. 1.

**B.     Zigler's "Commonality" Opinion.**

In Zigler's original declaration, he opined that the high-voltage battery pack is "common" to all the subject vehicles. *See* ECF #130-2, Zigler Decl., pp. 3-7 (PageID.4826-4830). And, while his supplemental declaration asserts the second recall "support[s] [his] opinion that the fire risk arises from the HV battery pack,"

---

[4]*See* Recall 22V-077 Part 573 Safety Recall Report, *available at* https://static.nhtsa.gov/odi/rcl/2022/RCLRPT-22V077-3486.PDF; *see also* Owner Notification Letter, *available at* https://static.nhtsa.gov/odi/rcl/ 2022/RCONL-22V077-4454.pdf.

[5]*See* Recall 24V-536 Part 573 Safety Recall Report, *available at* https://static.nhtsa.gov/odi/rcl/ 2024/RCLRPT-24V536-8355.PDF.

2

*see, e.g.*, Ex. A, p. 17, nowhere in either his original or supplemental declaration does he identify, or even suggest some same, or *common*, reason for the alleged fire risk in the batteries. Even if the batteries were "common" as Zigler opines (they're not), he still points to nothing that establishes the alleged *risk* of fire is *common* among the subject vehicles because of the same, systemic defect within those batteries.

### III.  ARGUMENT

A.  **Governing Legal Standard.**

The legal standard governing the admissibility of expert testimony is well-known. From the outset, the proffered witness must be qualified "by knowledge, skill, experience, training, or education." *See* Fed. R. Evid. 702. And the district court must ensure the witness's testimony is (i) helpful to the trier of fact, (ii) based on sufficient facts or data, and is (iii) the product of reliable principles and methods that (iv) have been reliably applied to the facts of the case. *Id.*; *see also, e.g., In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Products Liability Litig.*, 93 F.4th 339, 345 (6th Cir. 2024).

Recent amendments to Rule 702 further "*clarify* and *emphasize*" that the testimony may not be admitted "unless *the proponent* demonstrates … it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule," and the testimony must also "stay within the bounds of what can

be concluded from a reliable applicable application of the expert's basis and methodology." *See* Fed. R. Evid. 702, advisory committee note to 2023 Amendment (emphasis added); *see also Onglyza*, 93 F.4th at 345 n.4.

Further, under *Neri v. Nissan N. Am., Inc.*, "the district court must demonstrate the expert's credibility under *Daubert*" at the class certification stage "[i]f the challenged expert testimony is material to a class certification motion." -- F. 4th --, 2024 WL 4864339, *9 (6th Cir. 2024).

**B.     Zigler Is Not Qualified To Provide Opinions About Battery Systems.**

Zigler still points to no background or experience that connects his proffered expertise to the battery systems in the subject vehicles or otherwise. *See, e.g., Thomas v. Novartis Pharms. Corp.*, 443 Fed.Appx. 58, 62 (6th Cir. 2011) (excluding expert where he "failed to make the connection between [his] experience and [the subject matter at issue]"); *see also Berry v. City of Detroit,* 25 F.3d 1342, 1351 (6th Cir. 1994) ("issue … is not the qualifications of a witness in the abstract, but *whether those qualifications provide a foundation for a witness to answer a specific question*") (emphasis added); *Amber Reineck House v. City of Howell*, 2022 WL 3082537, *4 (E.D.Mich. 2022) ("courts will prevent a witness from testifying as an expert where the witness has specialized knowledge on one subject but offers to testify on a different subject").

4

Indeed, Zigler again premises much of his opinion on his work at Ford, *see, e.g.*, Ex. A, pp. 4-6, despite the facts that:

(i) Ford "did not even have hybrids at the time [he was there]," *see* ECF #130-3, p. 140:22-141:8 (PageID.4904-4905);

(ii) he was not "design[ing] and releasing batteries" at Ford, *id.* at p. 141:1-2 (PageID.4905);

(iii) he does not draw on his "design and release responsibility in [Ford's] transmission and chassis division," *id.* at pp. 144:24-145:5 (PageID.4908-4909);

(iv) this case does not involve any of the inline 4-cylinder engines, the "mechanical system design," or "mechanical upgrades" he worked on at Ford, *id.* at pp. 145:10-146:2 (PageID.4909-4910);[6]

(v) he has not done any sort of "design and release" work for an automotive component in the last twenty-two years, *id.* at p. 127:24-25 (PageID.4891);

(vi) he has never designed any cells that are used in a battery, *id.* at p. 110:10-12 (PageID.4874);

(vii) he has never taken on an engineering design role as it relates to a battery pack, *id.* at p. 124:10-12 (PageID.4888); and

---

[6]*See also* ECF #130-2 at PageID.4832.

5

  (viii) none of his design and release experience has anything to do with parts or components for a high-voltage battery pack, *id.* at p. 128-1:9 (PageID.4892).

**C. Zigler's Supplemental Declaration Does Not Meet Rule 702's Standards.**

  **1. The Purported "Knowledge" Remains Unhelpful.**

Based on a service part number and the first recall, Zigler previously opined that "The HV Battery Pack is Common To All the Class Vehicles" and has "a common design and [is an] interchangeable part." *See* Zigler Decl., pp. 3-4 (PageID.4826-4827). As stated before, neither the opinion nor its basis is beyond the ken of, or helpful to, a reasonable juror. *See, e.g.*, *Zuzula v. ABB Power T&D Co.*, 267 F.Supp.2d 703, 711-12 (E.D.Mich. 2003) (expert testimony "not admissible" when testimony "merely deals with a proposition that is not beyond the ken of common knowledge").

The supplemental declaration adds nothing helpful either. Most of it is still premised on the unsupported notion of shared service numbers signifying a common defect, *see* Ex. A, pp. 1-10, when less than one percent of those batteries with those service numbers have exhibited the defect Zigler claims, *see also* Supplemental Declaration of Eldon Leaphart, attached as Exhibit B, p. 2.

### 2. There Are Insufficient Facts And Data.

Here too, the supplemental declaration fails to provide facts or data to Zigler's opinion. *See*, *e.g.*, *Teenier v. Charter Comm., LLC*, 2017 WL 3141051, *2-3 (E.D.Mich. 2017) (excluding expert testimony where expert failed to explain assumptions or account for contrary factual data); *Rondigo, L.L.C. v. Casco Twp., Mich.*, 537 F.Supp.2d 891, 895 (E.D.Mich. 2008) ( "factual foundations and resulting extrapolations in Plaintiffs' expert's report [were] fundamentally flawed or unsupported").

Zigler dwells on shared part numbers and the simple *existence* of FCA US's recall, *see* Ex. A, while (i) wholly ignoring the supplier's "very large number" of changes to the battery packs that Zigler has no idea about, *see* ECF #130-3, pp. 119:22-121:19, 121:20-25, 125:9-14 (PageID.4883-4884, 4889); (ii) failing to take into account the manufacturing anomalies underlying the fires at issue, *id.* at pp. 108:22-110:16, 112:21-118:21 (PageID.4872-4874, 4876-4882); and (iii) stopping short of identifying any actual systemic defect, in every battery, for the subject vehicles, especially as the real data he ignores is that, again, less than one percent of the subject vehicles have experienced a fire, *id.* at pp. 75:2-8, 137:21-139:15 (PageID.4852, 4901-4903).

### 3. The Testimony Is Not The Product Of Reliable Principles Or Methods.

The (lack) of any actual methodology remains evident in the supplemental declaration, as it remains premised on a part number that FCA US assigns to a component, *id.* at pp. 119:22-121:19 (PageID.4883-4885), and a self-serving assertion about what a recall notice means (without any knowledge of the import of the contents to the governing regulatory body), *id.* at pp. 137:21-138:6 (PageID.4901-4902). For the reliability requisite, the proffered expert must show their opinion is based on a "scientifically valid" methodology and "supported by appropriate validation–*i.e.*, 'good grounds,' based on what is known." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-95 (1993). Zigler's unsupported observations, and his lack of any sort of clarifying explanation for the contradicting *facts*, fails to meet the reliability requirement to avoid exclusion.

### 4. No Reliable Application To The Facts Of The Case.

Zigler barely acknowledges the manufacturing anomaly underlying the fires that occurred in less than one percent of the subject vehicles, *see, e.g.*, Ex. A, p. 15; *see also* Ex. B, pp. 2-3), and reverts to reciting again the notion that shared service numbers and battery replacement as a recall remedy can be a surrogate for demonstrating an actual class-wide defect, *see, e.g.*, Ex. A, pp. 15-17. *See also Neri*, -- F. 4th --, 2024 WL 4864339 at *9.

8

And, as set forth in FCA US's original motion seeking to exclude Zigler's original declaration, there cannot be any reliable application of his supplemental declaration to the question of whether the defect Plaintiffs allege is "common" because Zigler has never:

(i) consulted as an expert in a matter involving something other than an internal combustion engine, *see* ECF #130-3, p. 41:18-22 (PageID.4844);

(ii) "looked at" the supplier's manufacturing process for the battery packs "in detail," *id.* at p. 98:3-7 (PageID.4862);

(iii) accounted for manufacturing anomalies, *id.* at pp. 98:20-100:4, 101:10-20 (PageID.4862-4865), and of the anomalies identified as root causes for the fires he could not describe the various different conditions the anomalies presented or their role in a fire event, *id.* at pp. 108:22-110:16, 112:21-118-21 (PageID.4872-4874, 4876-4882);

(iv) performed any sort of independent investigation to determine whether a systemic defect existed in the battery, *id.* at p. 102:10-105:22 (PageID.4866-4869); or

(v) found a root cause for a fire that was not linked to some manufacturing anomaly or another, p. 129:18-23 (PageID.4893).

9

For this reason too, Zigler's supplemental declaration should be excluded. *See, e.g., Neri*, -- F. 4th --, 2024 WL 4864339 at *9 ("… Loudon's proffered evidence does not suffice by itself to show a flaw in all of the cars. He did not test vehicles with the S2 software update. And his paper review of the software updates asserts without any evidentiary support that each version shares 'substantially similar software' and 'basic system architecture.' That bald statement alone does not inform whether the S2 upgrade created materially different braking systems, *let alone whether a common defect infiltrates each Class Vehicle*. In the end, the plaintiffs face at least two hurdles, not one, on this score. They need to establish that their expert satisfies *Daubert*, and their expert needs to offer an evidence-backed opinion on each material aspect of the commonality inquiry.") (emphasis added).

## IV. CONCLUSION

For the reasons set forth herein and its earlier briefing on these issues, the court should exclude both the original and supplemental declarations of Dr. Bradley Zigler.

10

**KLEIN THOMAS LEE & FRESARD**

By: <u>*/s/ Stephen A. D'Aunoy*</u>
Stephen A. D'Aunoy
Thomas L. Azar, Jr.
Scott H. Morgan
100 N. Broadway, Ste. 1600
St. Louis, Missouri 63102
T: (314) 888-2970
steve.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste. 1400
Troy, Michigan 48084
T: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

Brandon L. Boxler
919 E. Main St., Ste. 1000
Richmond, Virginia 23219
T: (703) 621-2109
brandon.boxler@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

I certify that on December 13, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Stephen A. D'Aunoy*
