UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION,<br><br>MDL No. 3040<br><br>This document relates to:<br><br>*Huntington et al. v. FCA US LLC*,<br>No. 2:22-cv-10508-DML-EAS | Case No. 2:22-cv-03040-DML-EAS<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

**PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF TRACY WHITMAN BRACE**

Pursuant to Local Rule 83.25(b)(2), Plaintiffs' Counsel move to withdraw as counsel for Plaintiff Tracy Whitman Brace in the MDL action, No. 2:22-cv-03040-DML-EAS, as well as the related action *Huntington et al. v. FCA US LLC*, No. 2:22-cv-10508-DML-EAS. As explained herein, professional considerations require that Plaintiffs' Counsel withdraw their representation under Michigan Rule of Professional Conduct 1.16. Plaintiffs' Counsel conferred with counsel for Defendant FCA in accordance with Local Rule 7.1(a) and FCA does not oppose this motion.

## I.    LEGAL STANDARD

Pursuant to E.D. Mich. LR 83.30(a), a lawyer may withdraw an appearance by motion with leave of court. *Flowers v. IDS Prop. Cas. Ins. Co.*, 2011 WL 13160341, at *1 (E.D. Mich Apr. 22, 2011). Pursuant to Michigan Rule of

Professional Conduct 1.16, "a lawyer may withdraw from representing a client if … the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." *See id.* at 1.16(b)(4). Counsel may also withdraw if "other good cause for withdrawal exists." *Id.* at 1.16(b)(6). That is the case here and the Court should permit Plaintiffs' Counsel to withdraw their representation of Ms. Whitman Brace.

The decision to grant or deny a motion to withdraw as counsel is within the discretion of the court. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). The Sixth Circuit considers four factors to determine the appropriateness of a motion to withdraw: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001). In *Brandon*, the Court added that "while these rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." 560 F.3d at 538.

Courts regularly grant motions to withdraw where parties fail to communicate with their counsel. *See, e.g.*, *Gen. Dynamics Land Sys., Inc. v. MDL Mfg. Indus.*,

*Inc.*, 2020 WL 13470818, at *1 (E.D. Mich. Jul. 23, 2020) (granting motion because of a breakdown in the attorney-client relationship); *Emmet v. Del Franco*, 2017 WL 3499311, at *1–2 (E.D. Mich. Aug. 10, 2017) (granting motion to withdraw because of a breakdown of trust within the attorney-client relationship because of failure to cooperate); *Evans v. Univ. of Michigan Hosp.*, 2017 WL 1382295, at *4 (E.D. Mich. Apr. 14, 2017) (granting motion to withdraw because of an irreconcilable breakdown in the attorney-client relationship); *Alliance Catholic Credit Union v. Allied Sols., LLC*, 2014 WL 12823753, at *2 (E.D. Mich. Oct. 7, 2014) (granting motion to withdraw because clients could not substantially fulfill their obligations to counsel). This is no surprise, as a lawyer cannot provide effective representation, let alone any representation, to clients who are unresponsive.

## II. ARGUMENT

Total lack of communication is the conflict here between attorney and client. Ms. Whitman Brace has been unresponsive to and uncooperative with Plaintiffs' Counsel in prosecuting her claims and meeting her litigation obligations. Because revealing the facts on which this motion is based would involve disclosure of client confidences, Plaintiffs' Counsel represents and certifies to the Court that grounds for withdrawal exist under one or more of the grounds specified in Mich. R. Prof. Conduct 1.16. If the Court would like more information, Plaintiffs' Counsel will provide the Court with an *ex parte*, *in camera* affidavit detailing the basis of this

Motion. Immediately after filing, Ms. Whitman Brace will be served with a file-stamped copy of this Motion by overnight courier to her last known address.

This motion is timely because it is filed after Plaintiffs' Counsel exhausted their efforts to resolve this conflict during the discovery period and informed Ms. Whitman Brace by email and letter that they intended to seek leave to withdraw as her counsel, and because Plaintiffs have yet to move for certification of the proposed class and subclasses in this MDL. Ms. Whitman Brace is a named plaintiff and proposed class representative for New Jersey in the litigation. She first appeared as a named plaintiff in the Consolidated Master Complaint ("CMC") filed on November 4, 2022. *See* ECF No. 24. Fact discovery closes on January 31, 2025, and motions for class certification must be filed by January 8, 2025. Plaintiffs' Counsel have complied with Ms. Whitman Brace's discovery obligations to the extent possible, but she has outstanding discovery responses. Because this motion comes more than a month before the close of discovery, and because much discovery has already taken place in the class case, Ms. Whitman Brace has sufficient time to either obtain new counsel or seek to proceed *pro se*. And although FCA may move to dismiss her claims, prior named plaintiffs in this litigation had their claims dismissed without prejudice, permitting them to participate as an ordinary class member in any recovery that may be achieved for the class. *See, e.g.*, ECF Nos. 125, 142, 159, 170, and 183.

Finally, permitting withdrawal here does not hamper the public's interest in the prompt and efficient administration of justice because the case schedule will remain unchanged. To date, more than thirty Plaintiffs have participated fully in discovery and seek to remain in the case, while twenty other Plaintiffs' claims are presently stayed pending FCA's appeal of the Court's arbitration order. ECF Nos. 101 and 178. These Plaintiffs will continue to prosecute this action regardless of Ms. Whitman Brace's participation. Accordingly, good cause exists for Plaintiffs' Counsel to withdraw from representing Ms. Whitman Brace.

## I. CONCLUSION

For these reasons, Plaintiffs' Counsel respectfully requests this Court grant their Motion to Withdraw as Counsel for Ms. Whitman Brace in the MDL action, No. 2:22-cv-03040-DML-EAS, as well as the related action *Huntington et al. v. FCA US LLC*, No. 2:22-cv-10508-DML-EAS.

DATED: December 19, 2024      Respectfully submitted,

*/s/ Steve W. Berman*
Steve W. Berman
Shelby Smith
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
shelby@hbsslaw.com

        Rachel E. Fitzpatrick
        **HAGENS BERMAN SOBOL SHAPIRO LLP**
        11 West Jefferson Street, Suite 1000
        Phoenix, AZ 85003
        Telephone: (602) 224-2626
        rachelf@hbsslaw.com

        E. Powell Miller (P39487)
        Dennis A. Lienhardt (P81118)
        Dana E. Fraser (P82873)
        **THE MILLER LAW FIRM PC**
        950 W. University Drive, Suite 300
        Rochester, MI 48307
        Telephone: (248) 841-2200
        epm@millerlawpc.com
        dal@millerlawpc.com
        def@millerlawpc.com

        *Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

        Stephen R. Basser
        Samuel M. Ward
        **BARRACK RODOS & BACINE**
        600 W Broadway, Suite 900
        San Diego, CA 92101
        Telephone: (619) 230-0800
        sbasser@barrack.com

        Niall McCarthy
        Karin Swope
        **COTCHETT, PITRE & MCCARTHY**
        840 Malcolm Road, Suite 200
        Burlingame, CA 94010
        Telephone: (650) 697-6000
        nmccarthy@cpmlegal.com
        kswope@cpmlegal.com

>Gayle Blatt
>Camille Guerra
>**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
>110 Laurel Street
>San Diego, CA 92101-1486
>Telephone: (619) 238-1811
>gmb@cglaw.com
>
>*Interim Plaintiffs' Steering Committee for Plaintiffs and the Proposed Class*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ *Steve W. Berman*
Steve W. Berman