## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION, | Case No.: 22-cv-03040 |
| | Hon. David M. Lawson |
| MDL No. 3040 | Magistrate Judge Elizabeth A. Stafford |

## DEFENDANT FCA US LLC'S MOTION TO DEFER CLASS CERTIFICATION BRIEFING DEADLINES

Defendant FCA US LLC respectfully moves the Court to enter an order deferring the briefing deadlines for Plaintiffs' anticipated motion for class certification, primarily considering (i) the Sixth Circuit's rehearing of *Speerly v. Gen. Motors, LLC*, No. 23-1940 (6th Cir.), (ii) FCA US's planned motion for summary judgment (to be filed within thirty days of the Court's January 22, 2025 order on FCA US's motion to dismiss), and (iii) the Sixth Circuit's determination of the pending appeal arising from FCA US's motion to compel arbitration. In support of this motion, FCA US relies on the following brief.

Pursuant to E.D. Mich. LR 7.1(a), FCA US's counsel conferred with Plaintiffs' counsel, explained the nature and legal bases of this motion, and requested but did not obtain Plaintiffs' concurrence in the relief sought.

**KLEIN THOMAS LEE & FRESARD**

By:  */s/ Stephen A. D'Aunoy*
       Stephen A. D'Aunoy (MO/54961)
       Thomas L. Azar, Jr. (MO/56634)
       Scott H. Morgan (MO/61853)
       100 N. Broadway, Ste. 1600
       St. Louis, Missouri 63102
       T: (314) 888-2970
       sdaunoy@thompsoncoburn.com
       tazar@thompsoncoburn.com
       smorgan@thompsoncoburn.com

       Fred J. Fresard (P43694)
       Ian K. Edwards (P82021)
       101 W. Big Beaver Rd., Ste. 1400
       Troy, Michigan 48084
       T: (602) 935-8300
       fred.fresard@kleinthomaslaw.com
       ian.edwards@kleinthomaslaw.com

       Brandon L. Boxler
       919 E. Main St., Ste. 1000
       Richmond, Virginia 23219
       T: (703) 621-2109
       brandon.boxler@kleinthomaslaw.com

       *Attorneys for Defendant FCA US LLC*

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................ i

TABLE OF AUTHORITIES ...................................................... ii

STATEMENT OF ISSUES PRESENTED.............................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................v

I. INTRODUCTION ....................................................................1

II. RELEVANT FACTS ...............................................................2

    A.    Background and Status of this Litigation................................2

    B.    *Speerly v. General Motors, LLC.* ........................................3

III. ARGUMENT .........................................................................5

    A.    The Governing Legal Standard. ...........................................6

    B.    *Speerly* Directly Affects the Class Certification Ruling Here. ............7

    C.    Efficiency and Judicial Economy Support Deferring Until *After* A Ruling On Summary Judgment. .......................................9

    D.    The Pending Arbitration Appeal Bears Heavily On Class Certification.................................................................13

    E.    Deferring Will Not Negatively Affect the Public Welfare or Pose Any Significant Hardship. .......................................14

IV. CONCLUSION.....................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barry v. Ally Fin., Inc.*,
  2021 WL 973079 (E.D.Mich. 2021) .............................................................8, 14

*Blake v. Fin. Mgmt. Sys, Inc.*,
  2011 WL 4361560 (N.D.Ill. 2011) ...................................................................12

*Choon's Design Inc. v. Tristar Prods., Inc.*,
  2018 WL 11351661 (E.D.Mich. 2018) ............................................................8, 9

*Clinton v. Jones*, 520 U.S. 681 (1997) .....................................................................6

*Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*,
  539 F. Supp. 2d 960 (E.D.Mich. 2008) ..............................................................10

*Davis v. Ret. Plan of Phibro Animal Health Corp. & Subsidiaries & Affiliates*,
  2011 WL 3793638 (S.D.Ill. 2011).....................................................................12

*F.T.C. v. E.M.A. Nationwide, Inc.*,
  767 F.3d 611 (6th Cir. 2014) ................................................................................7

*Faber v. Ciox Health, LLC*,
  944 F.3d 593 (6th Cir. 2019) ..............................................................................12

*Hillson v. Kelly Servs., Inc.*,
  2015 WL 4488493 (E.D.Mich. 2015) ...............................................................7, 8

*In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (Flsa) &
  Wage & Hour Litig.*, 2016 WL 8203223 (W.D.Ky. 2016) ................................10

*Intl. Union, United Auto. & Aerospace Agric. Implement Workers of Am., UAW v.
  Mahle Engine Components USA, Inc.*, 2013 WL 5726251 (W.D.Mich. 2013)...10

*Johannes v. Washington*,
  2015 WL 5634446 (E.D.Mich. 2015) ...................................................................9

*Lyngklip v. Icapital.Cash*,
  2017 WL 6539054 (E.D.Mich. 2017)...................................................................7

*Nishon v. Ford Motor Co.*,
  2024 WL 188371 (E.D.Mich. 2024).....................................................................7

ii

*S & M Homes, LLC v. Chicago Title Ins. Co.*,
   2014 WL 12634492 (W.D.Tenn. 2014) ............................................................10

*S & M Homes, LLC v. Chicago Title Ins. Co.*,
   623 F. Appx. 722 (6th Cir. 2015) ...................................................................10

*Speerly v. Gen. Motors, LLC*,
   115 F.4th 680 (6th Cir. 2024) ..........................................................................3

*Speerly v. Gen. Motors, LLC*,
   123 F.4th 840, 841 (6th Cir. 2024) ..................................................................5

*Speerly v. General Motors, LLC*,
   343 F.R.D. 493 (E.D.Mich. 2023) ....................................................................3

*Talley v. NCO Financial Systems, Inc.*,
   2006 WL 2927596 (N.D.Ind. 2006) ...............................................................11

*Thompson v. Cnty. of Medina, Ohio*,
   29 F.3d 238 (6th Cir. 1994) ..............................................................................9

*Wright v. Schock*,
   742 F.2d 541 (9th Cir. 1984) ............................................................................9

## Other Authorities

Fed. R. Civ. P. 23, Advisory Committee Notes to 2003 Amendment....................13

Newberg on Class Actions § 7:8 (5th ed.) ...............................................................10

## STATEMENT OF ISSUES PRESENTED

Whether the Court should defer the class certification briefing deadlines pending the (i) Sixth Circuit's forthcoming opinion from its rehearing *en banc* in *Speerly v. General Motors, LL*C, No. 23-1940 (6th Cir.), (ii) this Court's Order on FCA US's forthcoming motion for summary judgment, and/or (iii) the Sixth Circuit's decision on FCA US's pending arbitration-related appeal.

The Court should answer: "yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Barry v. Ally Fin., Inc*., 2021 WL 973079 (E.D.Mich. 2021)

*Choon's Design Inc. v. Tristar Prods., Inc*., 2018 WL 11351661 (E.D.Mich. 2018)

*Clinton v. Jones*, 520 U.S. 681 (1997)

*Hillson v. Kelly Servs*., *Inc*., 2015 WL 4488493 (E.D.Mich. 2015)

*Lyngklip v. Icapital.Cash*, 2017 WL 6539054 (E.D.Mich. 2017)

*Speerly v. Gen. Motors, LLC*, 115 F.4th 680 (6th Cir. 2024)

*Speerly v. Gen. Motors*, *LLC*, 123 F.4th 840 (6th Cir. 2024)

# I.  INTRODUCTION

Having vacated the panel's prior decision affirming certification in *Speerly v. General Motors*, *LLC*, No. 23-1940, and having ordered a rehearing *en banc* for this March, the Sixth Circuit is poised to give binding clarification on questions that may lie squarely at the heart of Plaintiffs' bid for class certification in this case.  For efficiency and judicial economy, Defendant FCA US LLC respectfully asks that this Court defer briefing on Plaintiffs' planned class certification motion until the Sixth Circuit resolves *Speerly*, and at such point that the claims at issue in this case are clarified through this Court's ruling on FCA US's forthcoming motion for summary judgment and the Sixth Circuit's determination on FCA US's pending appeal of the Court's order on arbitration.

Doing so prejudices neither Plaintiffs nor the public, while doing otherwise wastes scarce resources for the Court and for the parties—in money and even more time—should their briefing efforts or this Court's ruling end up at odds with the outcome of *Speerly*, FCA US's planned motion for summary judgment, or FCA US's pending arbitration appeal.  The Court should grant this motion and defer class certification briefing to such point as the claims at issue, and the law that applies to those claims and the class certification requisites, are clarified.

## II.  RELEVANT FACTS

**A.     Background and Status of this Litigation.**

On behalf of a putative nationwide class and many state subclasses consisting of model-year 2017-2018 Chrysler Pacifica hybrid vehicle purchasers and lessees, Plaintiffs assert fraud, consumer protection, breach of warranty, and unjust enrichment claims against FCA US premised on allegations of defective high-voltage battery packs in those vehicles.  *See* ECF #150, pp. 2-5 (PageID.7267-70).

Since the assignment of these MDL proceedings to this Court, the parties have conducted a significant amount of briefing and discovery, including briefing on motions to dismiss and compel arbitration, written discovery, expert discovery, and fifty+ depositions.[1]  Just hours before the instant filing, the Court entered its Order on FCA US's motion to dismiss directed at Plaintiffs' *amended* complaint, *see* ECF #197, and the Court presently has before it motions to exclude the class certification-related opinions of each side's respective experts, *see* ECF ##131-33, 145-47, 155-57.  Additional discovery efforts are ongoing, including depositions, the time for which closes at the end of January.   *See*  ECF #168, pp. 2-3 (PageID.7772-73).

---

[1] The Court denied FCA US's motion to compel arbitration, which FCA US appealed.  *See* ECF #87.  The Court granted the motion to stay proceedings pending the outcome of that appeal as to the Plaintiffs whose claims were implicated.  *Id.*; *see also* ECF #101.

Next steps are briefing summary judgment and class certification.  As to the former, now that the pleadings are settled, FCA US plans to move for summary judgment within thirty days.  As to the latter, Plaintiffs' motion for class certification is due by February 7, 2025; FCA US's response by March 3, 2025; and Plaintiffs' reply by March 17, 2025.  *See* ECF #189.  However, as set forth in more detail below, FCA US asks that the Court rule on its motion for summary judgment *before* ruling on class certification for efficiency reasons and the benefit of absent class members.

**B.**    ***Speerly v. General Motors, LLC.***

In *Speerly v. General Motors*, *LLC*, the plaintiffs sued General Motors ("GM") on behalf of a nationwide class and several state subclasses comprised of certain model-year 2015-2019 vehicle purchasers and lessees, bringing a host of fraud, consumer protection, breach of warranty, and unjust enrichment claims premised on allegations of latent defects in those vehicles' transmissions.   343 F.R.D. 493 (E.D.Mich. 2023).

This Court ultimately granted the motion for class certification, *id.* at 526-27, and the Sixth Circuit affirmed, *Speerly v. Gen. Motors, LLC*, 115 F.4th 680, 694 (6th Cir. 2024), upholding a number of rulings—later vacated—that are directly relevant to the issues in this *Pacifica* case, to include:

- at class certification, whether the subject vehicles need not manifest the alleged defect in order (i) to establish Article III standing *or* (ii) to satisfy

3

the "manifest defect" rule under certain states' substantive laws, as these issues are better addressed at summary judgment, *see id.* at 694-98;

- whether questions about whether misrepresentations or omissions are "material" should be analyzed under an "objectively reasonable consumer standard" and are thus "susceptible to class-wide proofs independent of the circumstances or preferences of individuals," *see id.* at 699-700;

- while individualized reliance and causation questions are required under certain states' laws, whether these issues predominate or not, *see id.* at 701-09;

- whether questions on the necessity of presentment, and the existence of any "futility" exception, preclude class certification or not; *see id.* at 700-01;[2]

- the question of whether a vehicle is merchantable turning on whether the plaintiff's particular vehicle "has been driven extensively without issue," or, rather, whether the subject vehicles provide safe transportation, and thereafter susceptible to class-wide proof, *see id.* at 709-10;

- class action prohibitions, like the Tennessee Consumer Protection Act's, applying in federal court and precluding certification of the claim; *see id.* at 710-11;

---

[2] Though the Sixth Circuit never explicitly addressed whether this is a merits issue that can be decided on a class-wide basis. *Id.*

- differences in damages suffered by current and former vehicle owners as a "merits question" not precluding class certification, *see id.* at 711; and

- whether certain of the defendant's filings "were thoroughly enmeshed with the merits of the case" and "inconsistent with its claim now that certifying the class impedes on its right to arbitration," and thus not "serv[ing] as a bar to class certification," *see id.* at 713-14.

The Sixth Circuit has since vacated the panel's opinion affirming class certification and ordered rehearing *en banc*. *See Speerly v. Gen. Motors*, *LLC*, 123 F.4th 840, 841 (6th Cir. 2024). Appellant's opening brief is due January 23, 2025; Appellee's response brief is due February 27, 2025; and Appellant's reply brief is due March 6, 2025. *See Speerly v. Gen. Motors*, *LLC*, No. 23-1940, ECF #88. The court has not yet scheduled oral argument but has indicated it will as soon as possible. *See Speerly*, 123 F.4th at 841.

## III. ARGUMENT

By its motion, FCA US seeks only to defer the deadlines for briefing class certification. As set forth above, the parties will have completed their fact discovery efforts by the scheduled deadline. *See* § II.A, *supra*. Further, expert discovery and briefing on the parties' respective expert challenges for class certification-related matters is finished, *id.*, and the parties will continue operating under the present schedule to complete the remaining merits-related expert discovery tasks.

The most orderly and efficient path forward is for FCA US to file a motion for summary judgment within thirty days of the Court's ruling on its pending motion to dismiss and for deferral of the class certification briefing until FCA US's motion for summary judgment is decided and the Sixth Circuit issues its rulings in FCA US's direct arbitration-related appeal and *Speerly v. General Motors, LLC*. This is the only way to ensure that class certification briefing is based on the actual claims at issue and analyzes the law that applies to those claims.

Alternatively, even deferring the briefing until the Sixth Circuit at least issues an opinion in *Speerly v. General Motors, LLC* minimizes some of the issues that will potentially need to be re-briefed through supplemental briefs or notices of supplemental authority.

For all these reasons, and for those below, FCA US asks that this Court defer the current class certification briefing deadlines.

## A.      The Governing Legal Standard.

This Court has broad discretion to defer class certification briefing as "incident to its power to control its own docket."  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This authority "is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests

with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014).

To that end, a court "may find it *efficient for its own docket* and the *fairest course for the parties* to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Lyngklip v. Icapital.Cash*, 2017 WL 6539054, *1 (E.D.Mich. 2017) (emphasis added) (noting this is true even where the outcome of the other matter's proceedings are not necessarily controlling); *see also Hillson v. Kelly Servs., Inc.*, 2015 WL 4488493, *1 (E.D.Mich. 2015) (stay of proceedings may be warranted where another court's ruling "has the high potential to directly impact this Court's anticipated class certification ruling[] because it would appear to bear upon [similar] issue[s]").

When a party premises its motion on the alleged significance of another matter's forthcoming disposition, courts have considered the (i) potential dispositive effect of the other case, (ii) judicial economy achieved by awaiting adjudication of the other case, (iii) public welfare, and (iv) relative hardships to the parties. *See, e.g., Nishon v. Ford Motor Co.*, 2024 WL 188371, *1 (E.D.Mich. 2024).

## B.   *Speerly* Directly Affects the Class Certification Ruling Here.

When the Sixth Circuit rehears the parties' class certification arguments *en banc* in *Speerly*, that decision has, to say the least, "the high potential to directly impact" this Court's anticipated class certification ruling because *Speerly* bears upon

7

many of the same issues, *Hillson*, 2015 WL 4488493 at *1 (staying proceedings), *e.g.*, the relevance of, and denying or granting certification based on, (i) the absence of any manifestation of a defect, (ii) the application of an objective materiality standard; (iii) the presence of individualized issues of reliance and causation; (iv) a failure to present a vehicle for repair, (v) a continued use of the subject vehicles without issue; and (vi) differences in damages purportedly sustained.  *See* §§ II.A-B, *supra*.  All of these issues are at issue in *Speerly*, and all of them are at issue *here*. *Id.*

Thus, regardless of the outcome, the Sixth Circuit's decision in *Speerly* "will, at a minimum, simplify the issues in this case, and it may narrow or eliminate certain issues."  *Choon's Design Inc. v. Tristar Prods., Inc.*, 2018 WL 11351661, *3 (E.D.Mich. 2018).  Therefore, "the potential dispositive effect of the appeal" favors deferring class certification through *Speerly*.  *Id.*

Similarly, "this Court has an interest in avoiding the unnecessary expenditure of judicial resources to … manage … motions practice while … [any] central issue is being decided."  *Barry v. Ally Fin., Inc.*, 2021 WL 973079, *4 (E.D.Mich. 2021). And, here, multiple issues central to class certification are being decided by an appellate court whose holdings are binding.

Thus, "it would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent

with precedent the [Sixth] Circuit creates shortly thereafter." *See Choon's Design*, 2018 WL 11351661 at \*3. Deferral simplifies, narrows, and may eliminate altogether certain issues in this case, all of which preserves scarce judicial resources and ensures efficiency.

## C.     Efficiency and Judicial Economy Support Deferring Until *After* A Ruling On Summary Judgment.

Now that the Court has settled which of the amended complaint's claims survive dismissal, *see* ECF #197, and with discovery to close at the end of the month, *see* ECF #168, FCA US plans to move for summary judgment on the claims for which it has meritorious arguments—except for those belonging to Plaintiffs whose claims are subject to arbitration—within thirty days. The Sixth Circuit has unequivocally recognized that it is appropriate to rule on a motion seeking summary judgment before deciding class certification issues. *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 241 (6th Cir. 1994) ("It is reasonable to consider a Rule 56 motion first (before ruling on a motion for class certification) when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation.") (quoting *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984)).

Indeed, for some time now the "emerging trend" has been "to decide dispositive motions prior to the certification motion." *Johannes v. Washington*, 2015 WL 5634446, \*10 (E.D.Mich. 2015) ("Most courts agree, and Rule 23(c)(1)(A)

9

reflects, that such precertification rulings on threshold dispositive motions are proper, and one study found a substantial rate of precertification rulings on motions to dismiss or for summary judgment.") (quoting Newberg on Class Actions § 7:8 (5th ed.)); *S & M Homes, LLC v. Chicago Title Ins. Co.*, 2014 WL 12634492, *3 (W.D.Tenn. 2014), *aff'd*, 623 F. Appx. 722 (6th Cir. 2015) (noting "other courts and commentators have noted that a district court may decide dispositive motions, including motions for summary judgment, prior to entertaining class certification.").

Courts considering the issue repeatedly find that ruling on a summary judgment motion before ruling on a class certification motion promotes efficiency and judicial economy. *See, e.g., In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (Flsa) & Wage & Hour Litig.*, 2016 WL 8203223, *1 (W.D.Ky. 2016) ("The Court concludes that it is more efficient to first determine whether the resolution of Defendants' motion for summary judgment renders Plaintiffs' motion for class certification moot."); *Intl. Union, United Auto. & Aerospace Agric. Implement Workers of Am., UAW v. Mahle Engine Components USA, Inc.*, 2013 WL 5726251, *3 n.1 (W.D.Mich. 2013) ("Deciding the parties' cross-motions for summary judgment before resolving a class certification motion from Plaintiffs is, in this Court's opinion, in the interest of overall efficiency."); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 960, 973-74 (E.D.Mich. 2008) ("Therefore, if it becomes apparent that the case cannot proceed

on the merits, it makes little sense to devote scarce judicial resources to a merely academic certification analysis.") (citations omitted) (subsequent proceedings omitted); *Talley v. NCO Financial Systems, Inc.*, 2006 WL 2927596, *2 (N.D.Ind. 2006) (concluding that "it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot").

Here, those same considerations of efficiency and judicial economy weigh heavily in favor of ruling on the summary judgment motions before ruling on the motion for class certification. If summary judgment is granted, the case is over and the Court will have to expend *no* resources on any class certification issues. If the Court devotes resources to class certification issues first, the Court will still have to address the summary judgment issues. And, if the Court later determines that summary judgment is appropriate, the Court's earlier efforts on the class certification issues will have been for naught.

Even if this case is not disposed of in its entirety on summary judgment, deciding those issues before class certification makes sense because the Court's analysis and resolution has the potential to affect its class certification analysis with respect to the claims that remain at issue. By way of example, if the Court were to grant summary judgment on fewer than all claims, then those claims for which the

Court granted summary judgment would be irrelevant to the class certification analysis. *See, e.g., Blake v. Fin. Mgmt. Sys, Inc.*, 2011 WL 4361560, *2 (N.D.Ill. 2011) ("A decision on the threshold issues raised in Defendant's motion for summary judgment also may assist the parties and the Court in considering the issue of class certification").

While ruling on the summary judgment motion before ruling on class certification will mean that only Plaintiffs are bound by the decision, that is a choice a defendant gets to make. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 602-03 (6th Cir. 2019) (indicating that a defendant can "assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members"). And it is beyond dispute that it is in the best interest of putative class members to have the summary judgment motions decided before class certification.

If the summary judgment motions are granted after a class is certified, putative class members' claims will be forever extinguished. A ruling on summary judgment before proceeding with class certification would protect these putative class members from this drastic effect. *See, e.g., Davis v. Ret. Plan of Phibro Animal Health Corp. & Subsidiaries & Affiliates*, 2011 WL 3793638, *2 (S.D.Ill. 2011) (noting that deciding summary judgment motion on named plaintiff's individual claims before class certification would "avoid any harm to putative class members because any adverse dispositive ruling will not legally bind them"); *see also* Fed. R.

12

Civ. P. 23, Advisory Committee Notes to 2003 Amendment (noting that disposing of claims on "dismissal or summary judgment as to the individual plaintiffs without certification" allows resolution "without binding the class that might have been certified").

Efficiency is best served by deferring briefing on class certification until after a ruling on summary judgment, so the class certification briefing can be focused on only those claims that survive, if any, and the impact of the summary judgment rulings can also be taken into consideration as part of the class certification analysis.

**D.    The Pending Arbitration Appeal Bears Heavily On Class Certification.**

As noted above, FCA US moved to compel arbitration, *see* § II.A, *supra*, which the Court denied on grounds that FCA US's motion, made at the time of its motion to dismiss and associated pursuit of litigation, was "inconsistent with any reliance on arbitration agreements" and thus constituted "a waiver of the right to arbitrate." *See* ECF #82, p. 1 (PageID.4248).  Oral argument on FCA US's appeal of that Order was held on December 10, 2024, and it is anticipated a decision will issue soon.  In addition, the Sixth Circuit may also speak to similar issues in *Speerly, i.e.*, when and whether a defendant's conduct constitutes a waiver of arbitration, and in the class certification context.  Having guidance from the Sixth Circuit on the arbitration issues in this case—both from the direct appeal and from *Speerly*—will

allow the parties to address, or not address, how the arbitration issues impact class certification.

**E.    Deferring Will Not Negatively Affect the Public Welfare or Pose Any Significant Hardship.**

Briefing on the *Speerly* appeal is set to conclude in less than two months, *i.e.*, by March 6, 2025, and the Sixth Circuit has made clear that it will schedule oral argument "as soon as possible" afterwards.  *See* § II.B, *supra*.  And FCA US does *not* ask to defer any deadlines in this case *other* than those for briefing Plaintiffs' motion for class certification.  *Id.*  Under FCA US's proposal, discovery and motion practice would continue under the operative scheduling order, and the Court would remain free to issue orders on outstanding motions as it sees fit.

Any deferral here would be modest in both duration and scope, posing no harm to Plaintiffs or the public.  *See*, *e.g.*, *Barry*, 2021 WL 973079 at *4 (finding stay "for a short period of time" of "at most, a few months" presented "no apparent harm").  As a matter of law then, "this short delay is not substantial enough to cause prejudice to Plaintiff[s]."[3]  *Id.*

---

[3] Prejudice *might* be found when a risk of evidence "disappear[ing]" is "likely." *Barry*, 2021 WL973079 at *4.  But, here, the parties have essentially completed their respective discovery efforts, so there is no such risk and no concomitant prejudice, just as there was none in *Barry*.

## IV.  CONCLUSION

For the above reasons, Defendant FCA US LLC respectfully requests that this Court defer all class certification briefing deadlines—and only such deadlines—until the Sixth Circuit reaches a decision on its rehearing *en banc* for the plaintiff's motion for class certification in *Speerly*, (ii) this Court rules on FCA US' forthcoming motion for summary judgment, and (iii) the Sixth Circuit's determination on the outcome of FCA US's pending arbitration appeal.   In the alternative, FCA US respectfully requests that the Court grant this motion and defer the class certification briefing deadlines until at least the Sixth Circuit decides *Speerly*.

Dated:  January 22, 2025          Respectfully submitted,

### KLEIN THOMAS LEE & FRESARD

By: */s/ Stephen A. D'Aunoy*

Fred J. Fresard (P43694)                   Stephen A. D'Aunoy (MO/54961)
Ian K. Edwards (P82021)                   Thomas L. Azar, Jr. (MO/56634)
101 W. Big Beaver Rd., Ste. 1400      Scott H. Morgan (MO/61853)
Troy, Michigan 48084                        100 N. Broadway, Ste. 1600
T:  (602) 935-8300                            St. Louis, Missouri 63102
fred.fresard@kleinthomaslaw.com      T:  (314) 888-2970
ian.edwards@kleinthomaslaw.com      steve.daunoy@kleinthomaslaw.com
                                                       tom.azar@kleinthomaslaw.com
Brandon L. Boxler                             scott.morgan@kleinthomaslaw.com
919 E. Main St., Ste. 1000
Richmond, Virginia 23219
T:  (703) 621-2109
brandon.boxler@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

15

## CERTIFICATE OF SERVICE

I certify that on January 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Stephen A. D'Aunoy*