UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

Case Number 22-3040
Honorable David M. Lawson

MDL No. 3040

_____/

**PRETRIAL ORDER NO. 10: SUSPENDING MOTION FILING DEADLINES**

Early in this litigation, the Court established a timeline for discovery and motion practice relating to class certification and the merits of the claims. The aim of the case management scheme was to allow ample time for the Court to settle matters relating to class certification before turning to motion practice on the merits. The case management benchmarks were revised several times at the parties' joint request, and the Court recently granted the defendant's request to suspend the deadlines relating to class certification pending the outcome of an *en banc* rehearing in the ongoing appeal of the Court's class certification ruling in a similar auto defect class action, *Speerly v. General Motors, LLC*, No. 19-11044. The class certification motion now is due 21 days after the conclusion of the *Speerly* appeal. The parties timely-filed motions addressing expert testimony relating to the class certification phase were resolved in a ruling issued by the Court on February 18, 2025.

The parties recently submitted a stipulation to adjourn the outstanding discovery and motion submission deadlines pending a ruling by the Court on the expert motions relating to class certification. The Court finds that the grounds asserted in the stipulation are moot, at last insofar as they concern the parties' desire to obtain a ruling on the earlier filed expert witness motions before proceeding with merits expert discovery and further motion practice. However, the Court observes that even on the most favorable timeline, it is unlikely that a ruling on the forthcoming

class certification motion will be issued in advance of the outstanding deadlines for merits phase expert and dispositive motions, and it is not possible presently to determine when the class certification phase of the case may be concluded, due to the indefinite delay associated with the *en banc* proceeding in the *Speerly* case. The Court finds that requiring the parties to engage in substantive motion practice addressing the merits before the question of class certification is settled would be counterproductive, and the Court therefore will suspend the outstanding motion filing deadlines. The existing discovery timeline will be left intact.

Accordingly, it is **ORDERED** that the deadlines for filing motions challenging experts and dispositive motions on merits issues are **SUSPENDED** until further order of the Court. All other provisions of Pretrial Orders No. 1, 7, 8, and 9 not modified by this order, and all other outstanding case management benchmarks, as previously amended, remain in full force and effect.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: February 18, 2025