**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML<br><br>Hon. David M. Lawson |
| JEVECHIUS BERNARDONI and BAHAR NAVAB, a married couple, individually and on behalf of their minor children, and JUSTIN BINDER and KATHERINE BINDER, a married couple, individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company,<br><br>Defendant. | No. 2:23-cv-12881<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

**PLAINTIFFS JUSTIN AND KATHERINE BINDER'S MOTION TO LIFT THE STAY OF THEIR CLAIMS**

Defendant FCA US LLC has waived its arbitration rights as to Plaintiffs Justin and Katherine Binder (the "Binders") by failing to pay the AAA administration fees requested by AAA on September 5, 2025. As detailed further in the accompanying Brief in Support, AAA has closed the arbitration case pursuant to California Code of Civil Procedure § 1281.97.

Pursuant to that statute and the general principles of contract law, Plaintiffs Justin and Katherine Binder respectfully ask this Court to lift the stay of their claims so that they may proceed in prosecuting their claims in this Court.

Pursuant to E.D. Mich. L.R. 7.1, counsel for Plaintiffs and Defendant met and conferred on October 22, 2025. Plaintiffs' counsel explained the basis for the relief sought herein but did not obtain FCA's consent.

Dated: October 22, 2025

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman

1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rachel E. Fitzpatrick
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 224-2626
rachelf@hbsslaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML<br><br>Hon. David M. Lawson |
| JEVECHIUS BERNARDONI and BAHAR NAVAB, a married couple, individually and on behalf of their minor children, and JUSTIN BINDER and KATHERINE BINDER, a married couple, individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company,<br><br>Defendant. | No. 2:23-cv-12881<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

**BRIEF IN SUPPORT OF PLAINTIFFS JUSTIN AND KATHERINE BINDER'S MOTION TO LIFT THE STAY OF THEIR CLAIMS**

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ....................................................... 1

LEGAL STANDARD ........................................................................................ 3

ARGUMENT .................................................................................................... 4

1. FCA Waived Any Arbitration Rights Under the California Code of Civil Procedure § 1281.97 ............................................................ 4

2. FCA Waived Any Arbitration Rights Under General Principles of Contract Law ....................................................................... 6

CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

## Cases

*Anoke v. Twitter, Inc.*,
105 Cal. App. 4th 153(2024) ....................................................... 5
*Brown v. Dillard's, Inc.*,
430 F.3d 1004 (9th Cir. 2004) ....................................................... 6
*Freeman v. SmartPay Leasing LLC*,
771 F. App'x 926 (11th Cir. 2019) ....................................................... 6
*Hill v. Xerox Bus. Servs., LLC*,
59 F.4th 457 (9th Cir. 2023) ....................................................... 6
*Hohenshelt v. Super. Ct. of Los Angeles Cnty.*,
18 Cal. 5th 310 (2025) ....................................................... 4
*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*,
143 F.4th 718 (6th Cir. 2025) ....................................................... 6
*O'Dell v. Aya Healthcare, Inc.*,
753 F. Supp. 3d 1155 (S.D. Cal. 2024) ....................................................... 5
*Rafique v. Premier Fin. Alliance, Inc.*,
2024 WL 5318837 (N.D. Cal. Dec. 27, 2024) ....................................................... 4, 6
*Sink v. Aden Enterprises, Inc.*,
352 F.3d 1197 (9th Cir. 2003) ....................................................... 7
*Solo v. UPS Co.*,
947 F.3d 968 (6th Cir. 2020) ....................................................... 6
*Waters v. Vroom, Inc.*,
2023 WL 187577 (S.D. Cal. Jan. 13, 2023) ....................................................... 5

## Statutes

CCCP § 1281.97 ....................................................... 2, 3, 4, 5
CCCP § 1281.99 ....................................................... 5

# TABLE OF MOST CONTROLLING AUTHORITIES

*Anoke v. Twitter, Inc.*,
105 Cal. App. 4th 153 (2024)

*Brown v. Dillard's, Inc.*,
430 F.3d 1004 (9th Cir. 2004)

*Hohenshelt v. Super. Ct. of Los Angeles Cnty.*,
18 Cal. 5th 310 (2025)

*O'Dell v. Aya Healthcare, Inc.*,
753 F. Supp. 3d 1155 (S.D. Cal. 2024)

*Rafique v. Premier Fin. Alliance, Inc.*,
2024 WL 5318837 (N.D. Cal. Dec. 27, 2024)

Cal. Code of Civ. Proc. § 1281.97

## TABLE OF QUESTIONS PRESENTED

1. Whether FCA has waived its right to arbitrate Justin and Katherine Binder's claims?

Plaintiffs answer: Yes

## INTRODUCTION AND BACKGROUND

On November 14, 2023, Plaintiffs Justin and Katherine Binder joined with Jevechius Bernardoni and Bahar Navab to file this tag-along case arising out of damage they suffered from their Chrysler Pacifica vehicles catching fire. The case was consolidated into the pending MDL by this Court on November 17, 2023. ECF No. 66.

On January 5, 2024, FCA filed an Answer to Plaintiffs' complaint (*Bernardoni, et al. v. FCA US LLC*, No. 23-cv-12881, ECF No. 12) and on February 29, 2024, FCA moved to compel the Binders' claims to arbitration based on an arbitration provision in the sales contract the Binders entered into with their dealership, Walnut Creek Chrysler Jeep Dodge Ram, for the purchase of their 2017 Chrysler Pacifica. *Id.*, ECF No. 16.

The Parties completed the briefing on the motion to compel arbitration (*id.*, ECF Nos. 20 & 23) and the Court heard oral argument on June 12, 2024. *Id.*, ECF No. 31. On June 20, 2024, the Court ruled that the contract in question "delegates to an arbitrator all questions of arbitrability, and the defendant has not waived its right to seek diversion to the alternative forum." *Id.*, ECF No. 29, PageID.864. The Court went on to state that,

> It is further **ORDERED** that the dispute concerning plaintiffs Justin Binder and Katherine Binder only shall be submitted to arbitration in accordance with the contract, and their case in this Court is **STAYED**.

> Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.
>
> It is further **ORDERED** that, after the arbitration has concluded, either party may apply to the Court to dissolve the stay and reopen proceedings relating to the Binder plaintiffs for the purpose of enforcing, confirming, or vacating, as appropriate, the arbitral award."

*Id.*, PageID.864.

On August 19, 2025, the Binders filed their "Statement of Claim to Determine the Arbitrability of Claimants' Underlying Claims" with AAA. *See* Exhibit 1. That same day, Plaintiffs' counsel emailed counsel for FCA a copy of the filing and the case number. *See* Exhibit 2.

On September 5, 2025, AAA emailed Plaintiffs' counsel and FCA Senior Staff Counsel James Sheridan a Business Payment Request (Exhibit 3) and an Invoice (Exhibit 4) for the filing fees of the Binder arbitration. Exhibit 5. As the Business Payment Request clearly states, the contract requires FCA to advance the consumer's portion of the filing fee in addition to the business' portion of the fee. Ex. 3. Thus, FCA was required to pay $600 in filing fees within 30 days. *Id.* The Business Payment Request states on the first page:

> As this arbitration is subject to the California Code of Civil Procedure ("CCCP") Section 1281.97, we are providing the enclosed invoice in accordance with that statute. Payment is due upon receipt and must be paid by 30 days from the Due Date provided on the enclosed invoice or the AAA will close the parties' case. If the payment deadline falls on a weekend or holiday, payment must be paid by the following business day under CCCP Section 12a. Pursuant to CCCP Section 1281.97, the AAA cannot extend this payment deadline.

*Id.* FCA did not pay the invoice or respond to the letter.

On October 14, 2025, AAA again emailed Plaintiffs' counsel and FCA's counsel and informed the Parties that FCA had failed to pay the required filing fee and, thus, failed to comply with CCCP § 1281.97. *See* Exhibits 6 & 7. As a result, AAA administratively closed the file. *Id.* The letter also states:

> Additionally, and because the business' failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving **FCA US LLC**. The AAA's consumer policies can be found on the AAA's website, www.adr.org. We request that the business remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.
>
> If the business advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward.

*Id.*

## **<u>LEGAL STANDARD</u>**

CCCP § 1281.97 states:

> (a)(1) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.

*Id.* Since FCA "materially breach[ed] the arbitration agreement and is in default under subdivision (a), [the Binders] may. . . (1) [w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." *Id.*at (b)(1).

A party may also waive arbitration rights if the party has knowledge of an existing right to compel arbitration and intentionally acts inconsistent with that existing right. *Rafique v. Premier Fin. Alliance, Inc.*, 2024 WL 5318837, at *3 (N.D. Cal. Dec. 27, 2024)

## ARGUMENT

FCA has waived its right to arbitrate the Binders' claims by failing to pay the AAA administration fees, resulting in AAA's closure of the case. FCA waived its right under both CCCP § 1281.97 and general principles of contract law.

### 1. FCA Waived Any Arbitration Rights Under the California Code of Civil Procedure § 1281.97

This California statutory scheme "aims to ensure that arbitration fees are paid in a timely manner so that parties to an arbitration agreement can move forward in arbitration." *Hohenshelt v. Super. Ct. of Los Angeles Cnty.*, 18 Cal. 5th 310, 323 (2025).

Despite being aware of the filed arbitration on August 19, 2025, and of the invoice and request for payment on September 5, 2025, FCA has willfully failed to pay the administrative fees pursuant to AAA's rules and CCCP § 1281.97. As a result, AAA closed the Binders' arbitration file. Ex. 7. In fact, because of FCA's

failure to pay, AAA's letter states that it "may decline to administer future consumer arbitrations involving FCA US LLC." *Id.*

Given that the AAA arbitration has been closed and FCA has violated CCCP § 1281.97, the stay of the Binders' claims should be lifted and they should be allowed to proceed in this Court. Numerous courts have held the same when faced with the same circumstances—a party failing to pay its arbitration fees. *See, e.g.*, *O'Dell v. Aya Healthcare, Inc.*, 753 F. Supp. 3d 1155, 1159-60 (S.D. Cal. 2024) (finding that defendant materially breached the arbitration agreement when it failed to timely pay the arbitration dues) (citing *Waters v. Vroom, Inc.*, 2023 WL 187577, at *3 (S.D. Cal. Jan. 13, 2023) ("Because Defendants expressly agreed to be bound by the AAA Consumer Arbitration Rules, they cannot not now complain of their enforcement.")); *Anoke v. Twitter, Inc.*, 105 Cal. App. 4th 153, 160 (2024) (holding that "if the fees are not paid—regardless of how or why—the drafting party bears the consequences"). [1]

It has now been *47 days* since FCA first received the invoice from AAA and FCA's willful failure to pay the fees (let alone respond to AAA's request) shows a disregard and violation of both the AAA rules and CCCP § 1281.97. This is exactly the type of conduct that the statute was enacted to prevent. Further, a denial of this

[1] Plaintiffs reserve their right, if this motion is granted, to seek monetary sanctions in the form of the reasonable expenses, including attorney's fees, and costs, incurred by FCA's breach pursuant to CCCP § 1281.99.

motion may leave the Binders with no appropriate venue to adjudicate their claims as AAA has closed their file and indicated it may not be willing to conduct arbitrations with FCA in the future. Ex. 7.

**2. FCA Waived Any Arbitration Rights Under General Principles of Contract Law**

The test for waiver of the right to compel arbitration under California law consists of two elements: "(1) knowledge of an existing right to compel arbitration, and (2) intentional acts inconsistent with that existing right." *Rafique*, 2024 WL 5318837, at *3 (citing *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023)). This is consistent with the test espoused by the Sixth Circuit. *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 143 F.4th 718, 723-24 (6th Cir. 2025) (citing *Solo v. UPS Co.*, 947 F.3d 968, 975 (6th Cir. 2020)).

There is no dispute that FCA knew of the right to compel arbitration, given that FCA filed the motion to compel the Binders' claims to arbitration. *Rafique*, 2024 WL 5318837, at *4 (holding that defendant could not dispute they knew of the right to compel arbitration after initially moving to compel).

Thus, the question here is whether FCA acted inconsistently with that right. Courts have consistently found nonpayment of filing fees to demonstrate an act inconsistent with arbitration. *Id.* (citing *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2004); *Freeman v. SmartPay Leasing LLC*, 771 F. App'x 926, 932 (11th Cir. 2019); *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1198-99 (9th Cir.

2003)). Not only did Plaintiffs' counsel provide a copy of the Statement of Claim and the case number to FCA's counsel on August 19, 2025, AAA emailed a letter to FCA's counsel on September 5, 2025, requesting payment and specifically citing the 30-day deadline pursuant to California statute. FCA has never provided a response or paid the fees, even after the October 14, 2025 letter from AAA informing the Parties that the case would be closed.

## CONCLUSION

For the reasons explained herein, Plaintiffs Justin and Katherine Binder move to lift the stay of their claims so they can proceed with their adjudication in this Court.

Dated: October 22, 2025

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101

Telephone: (206) 623-7292
steve@hbsslaw.com

Rachel E. Fitzpatrick
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 224-2626
rachelf@hbsslaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2025, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-amil address registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Dennis A. Lienhardt*
Dennis A. Lienhardt