# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION<br><br>MDL No. 3040 | Case No. 2:22-cv-03040-DML<br><br>Hon. David M. Lawson |
| JEVECHIUS BERNARDONI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company,<br><br>Defendant. | No. 2:23-cv-12881<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Elizabeth A. Stafford |

**PLAINTIFFS JUSTIN AND KATHERINE BINDER'S SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO LIFT <u>THE STAY OF THEIR CLAIMS</u>**

i

During the January 21, 2026 motion hearing, the Court asked for "an affidavit from Mr. Sheridan that provides a good reason for why he didn't pay the fee in this case." ECF No. 243, PageID.15521-15522. "If he can't provide a good reason, then . . . Chrysler knew about the arbitration, decided not to pursue it, didn't pay the fee, and intentionally relinquished that right." *Id.* at PageID.15522.

Two weeks have now passed and FCA's supplemental brief consists of nothing more than duplicative legal arguments and Mr. Sheridan's declaration stating that he assumed FCA's litigation counsel was also included on AAA's September 5, 2025 email. But a review of Mr. Sheridan's declaration makes clear that FCA has failed to satisfy its burden to show excusable neglect.

In **Paragraph 2**, Mr. Sheridan states, "My responsibilities include overseeing FCA's warranty litigation. A different group of in-house counsel oversee FCA's class action litigation. I am not involved with the company's class action cases." ECF No. 244-1, PageID.15532. But the Binders have not filed a class action. They filed individual claims seeking to recover damages resulting from the vehicle fire they experienced. Neither the invoice sent to Mr. Sheridan on September 5, 2025 (ECF No. 216-6) nor the Statement of Claim filed with AAA (ECF No. 216-2) labeled the arbitration as a class action. It is unclear from Mr. Sheridan's declaration whether the Binders' individual product liability claims would fall under his department's purview but, at a minimum, it can be assumed that different attorneys

1

within FCA's legal department interact regularly or can communicate with each other if necessary.

In **Paragraph 3**, Mr. Sheridan states, "I used my email address when creating the account—not because I am the point-of-contact at FCA for all AAA-related communications but because the online registration process required an email address." ECF No. 244-1, PageID.15533. This is directly contrary to AAA's statement that "FCA US LLC has listed James Sheridan, Sr. Staff Counsel on the registry with the American Arbitration Association to be added to every case filed with the AAA." ECF No. 220-3, PageID.8988. In any event, it does not excuse Mr. Sheridan's failure to pay or forward the invoice upon receiving it.

In **Paragraph 4**, Mr. Sheridan states that he "do[es] not specifically recall receiving the email from AAA on September 5, 2025," however, he recently "reviewed the email and noticed that AAA copied several well-known plaintiff class-action lawyers." ECF No. 244-1, PageID.15533. "Because plaintiff's counsel were copied on the email, I likely assumed FCA's outside class action counsel also were copied on the email and would handle whatever needed to be done, so there was nothing for me to do." *Id.*

This is the core of FCA's excusable neglect argument and simply makes no sense. There was no way Mr. Sheridan could have assumed from reading the email that this was a class action (it is not), that this Court had compelled the Binders to

2

arbitration, or that FCA had previously retained litigation counsel in this case. At the time of the email, Mr. Sheridan would have had to assume that this was an individual consumer arbitration being filed for the first time and that FCA had not yet retained outside counsel.

Mr. Sheridan's declaration asks the Court to believe that he received the email, reviewed it to identify Plaintiffs' counsel, somehow knew Plaintiffs' counsel were all class action lawyers despite not working in FCA's class action department, and then apparently did not realize that other counsel representing FCA were omitted from the email. The email is short and straightforward. It includes two Miller Law attorneys, two Hagens Berman attorneys, and Mr. Sheridan. ECF No. 216-6. Mr. Sheridan's excuses for failing to pay or forward the invoice do not come close to excusable neglect. FCA's own cases evidence this. *See, e.g.*, *Jarmaillo v. TXU Energy*, 2021 WL 1177888, at *2-3 (W.D. Tex. Mar. 29, 2021) (finding no waiver had occurred because defendant's sole point-of-contact with AAA had been hospitalized and AAA had failed to send the correspondence to anyone listed in her automatic reply message); *Ron Kingston Contracting Inc. v. Cahaba Disaster Recovery LLC*, 2015 WL 1345281, at *1-3 (E.D. Ark. Mar. 23, 2015) (finding no waiver had occurred because claimant only sent notices to attorneys who no longer represented the opposing party and who had informed claimant of the proper attorney to receive notice); *Huynh v. Allstate Northbrook Indemnity Co.*, 2025 WL

3

3171106, at *4 (E.D. Cal. Nov. 13, 2025) (finding no waiver occurred since Allstate had a mistaken understanding that uninsured motorist coverage was not at issue in plaintiff's claim and after learning that it was in plaintiff's complaint moved to compel arbitration shortly thereafter).

To the contrary, in cases where a party knew of an obligation and failed to act on it, courts have found waiver. *In re Thoennes*, 536 B.R. 680, 691-92 (D.S.C. Br. 2015) (finding waiver when party "knew or had the facts necessary" to take action); *Rafique v. Premier Fin. Alliance, Inc.*, 2024 WL 5318837, at *2-5 (N.D. Cal. Dec. 27, 2024) (finding waiver where defendant received notice of requested payment but failed to comply with the request); *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1198-99 (9th Cir. 2003) (affirming order lifting arbitration stay where the defendant failed to pay arbitration costs or inform the plaintiff of its inability pay before the payment deadline).

In **Paragraph 5**, Mr. Sheridan states that he "learned only recently that none of FCA's in-house counsel or outside counsel responsible for class actions was copied on that email." ECF No. 244-1, PageID.15533. "That is unusual. In my experience, communications from AAA involving class actions have always included FCA's outside class action counsel." *Id.* Setting aside, as discussed above, that this is not a class action, Mr. Sheridan's statement means that he also disregarded AAA's October 14, 2025 email closing the case for failure to pay the

4

invoice. It also means that Mr. Sheridan has received communications from AAA in the past so that AAA's email to him in this case was not unusual. It is difficult to believe that in all other cases where Mr. Sheridan has received emails from AAA, that FCA had already retained litigation counsel and that they were included in the initial correspondence from AAA.

FCA has failed to satisfy its burden to show excusable neglect and, thus, Plaintiffs' Motion to Lift the Stay of the Binders' Claims (ECF No. 216) should be granted.

Dated: February 9, 2026

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rachel E. Fitzpatrick

5

                              11 West Jefferson Street, Suite 1000
                              Phoenix, AZ 85003
                              Telephone: (602) 224-2626
                              rachelf@hbsslaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on February 9, 2026, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-amil address registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Dennis A. Lienhardt*
Dennis A. Lienhardt